# EXHIBIT A TO INDEX
# (LEAD CASE NO. 19CV343268)
# PART 1 OF 28

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
| --- | --- | --- |
| 000001 | 09/09/2019 | Transfer Receipt – file from San Francisco Superior Court to Santa Clara Superior Court |
| 000104 | 09/24/2019 | Substitution of Attorney (Rothenberg Venture 2015 Fund LLP) |
| 000107 | 09/24/2019 | Substitution of Attorney (Rothenberg Venture 2016 Accredited Fund LLP) |
| 000110 | 09/25/2019 | Notice of Transfer of Civil Matter |
| 000111 | 10/30/2019 | *Ex Parte* Application Seeking Order Granting Stipulation to Extend Time for Responsive Pleading |
| 000113 | 10/30/2019 | Declaration of Monica A. Hernandez in support of *Ex Parte* Application Seeking Order Granting Stipulation to Extend Time for Responsive Pleading |
| 000116 | 10/30/2019 | Notice of Stipulation and Stipulation to Extend Time for Responsive Pleading |
| 000120 | 10/30/2019 | Proposed Order Stipulation to Extend Time for Responsive Pleading |
| 000123 | 10/30/2019 | Proof of Service re *Ex Parte* Application |
| 000126 | 12/04/2019 | First Amended Complaint |
| 000160 | 12/04/2019 | Notice of Related Case |
| 000167 | 12/13/2019 | Notice of Stipulation and Stipulation to Extend Time for Defendant to Respond to the First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP |
| 000170 | 12/19/2019 | Order Granted Extend Time to Respond |
| 000174 | 1/24/2020 | Notice and Stipulation and Order to Extend Time for Responsive Pleadings |
| 000178 | 02/03/2020 | Plaintiffs RV 2015 Fund, LLC and RV 2015 Accredited Fund LP's Notice of Posting Jury Fees |
| 000183 | 02/03/2020 | Plaintiffs' Case Management Statement |
| 000203 | 02/03/2020 | SVB's Case Management Statement |
| 000209 | 02/10/2020 | Order Granted to Extend Time to Respond |
| 000211 | 02/19/2020 | Minute Order Granted Extension of Time to Respond |
| 000212 | 02/28/2020 | Notice and Stipulation to Extend Time |
| 000216 | 02/28/2020 | Proposed Order re Stipulation to Extend Time |
| 000218 | 02/28/2020 | Proof of Service re Notice and Stipulation to Extend Time |
| 000221 | 03/09/2020 | *Ex Parte* Application Seeking Order Granting Stipulation to Extend Time for Responsive Pleadings |

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|----------|-----------|-------------|
| 000224 | 03/09/2020 | Declaration of Laura Hurtado in support of *Ex Parte* Application Seeking Order Granting Stipulation to Extend Time for Responsive Pleadings |
| 000231 | 03/09/2020 | Proof of Service re *Ex Parte* Application Seeking Order Granting Stipulation to Extend Time for Responsive Pleadings |
| 000233 | 03/09/2020 | Order Granting Stipulation to Extend Time for Responsive Pleadings |
| 000235 | 03/11/2020 | Notice of Entry of Order Granting Stipulation to Extend Time for Responsive Pleadings |
| 000240 | 03/18/2020 | SVB's Notice of Hearing on Demurrers to Complaint |
| 000243 | 03/18/2020 | SVB's Demurrer to Complaint |
| 000247 | 03/18/2020 | SVB's Memo of Points and Authorities in support of Demurrer to Complaint |
| 000266 | 03/18/2020 | SVB's Request for Judicial Notice in support of Demurrer to Complaint |
| 000363 | 03/18/2020 | Declaration of Laura Hurtado in support of Demurrer to Complaint |
| 000366 | 03/18/2020 | Proof of Service re SVB's Demurrer to Complaint |
| 000369 | 03/18/2020 | SVB's Notice of Hearing on Demurrer to FAC |
| 000371 | 03/18/2020 | SVB's Demurrer to FAC |
| 000376 | 03/18/2020 | SVB's Memo of Points and Authorities in support of Demurrer to FAC |
| 000396 | 03/18/2020 | SVB's Request for Judicial Notice in support of Demurrer to FAC |
| 000491 | 03/18/2020 | Declaration of Laura Hurtado in support of Demurrer to FAC |
| 000494 | 03/18/2020 | Proof of Service re SVB's Demurrer to FAC |
| 000497 | 05/22/2020 | Notice of Motion and Motion for Leave to file Second Amended Complaint |
| 000500 | 05/22/2020 | Memo of Points and Authorities in support of Motion for Leave to file Second Amended Complaint |
| 000510 | 05/22/2020 | Declaration of Scott Raber in support of Motion for Leave to file Second Amended Complaint |
| 000516 | 06/02/2020 | (Corrected) Declaration of Scott Raber in support of Motion for Leave to File Second Amended Complaint and Exhibits A to G |
| 000645 | 06/04/2020 | Amended Notice of Motion and Motion for Leave to File Second Amended Complaint |
| 000651 | 06/24/2020 | SVB *Ex Parte* Application for Order Consolidating Hearing Dates on Plaintiff's Motion for Leave to Amend and SVB's Demurrers |

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|----------|------------|-------------|
| 000657 | 06/24/2020 | Proof of Service re *Ex Parte* Application for Order Consolidating Hearing Dates on Plaintiff's Motion for Leave to Amend and SVB's Demurrers |
| 000660 | 06/24/2020 | SVB's Notice of Intent to Appear by Phone for Hearing on *Ex Parte* Application for Order Consolidating Hearing Dates on Plaintiff's Motion for Leave to Amend and SVB's Demurrers |
| 000662 | 06/24/2020 | Declaration of Kenneth E. Keller in support of *Ex Parte* Application for Order Consolidating Hearing Dates on Plaintiff's Motion for Leave to Amend and SVB's Demurrers |
| 000665 | 06/25/2020 | Plaintiffs' Opposition to SVB *Ex Parte* Application for Order Consolidating Hearing Dates on Plaintiff's Motion for Leave to Amend and SVB's Demurrers |
| 000672 | 06/25/2020 | Plaintiffs' Request for Judicial Notice in support of *Ex Parte* Application for Order Consolidating Hearing Dates on Plaintiff's Motion for Leave to Amend and SVB's Demurrers |
| 000808 | 06/29/2020 | Order Denying SVB Motion to Consolidate |
| 000810 | 07/13/2020 | Plaintiffs' Case Management Statement |
| 000826 | 07/13/2020 | SVB's Case Management Statement |
| 000832 | 07/22/2020 | SVB Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint |
| 000851 | 07/22/2020 | Declaration of Laura Hurtado in support of Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint |
| 000917 | 07/22/2020 | Proof of Service re SVB Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint |
| 000919 | 07/28/2020 | Minute Order |
| 000920 | 07/28/2020 | Plaintiffs' Reply to SVB Opposition to Moton for Leave to Amend Complaint |
| 000933 | 08/4/2020 | Minute Order |
| 000934 | 08/13/2020 | Plaintiffs' Opposition to SVB's Demurrer to Complaint |
| 000949 | 08/13/2020 | Plaintiffs' Objections to RFJN in support of Demurrer of SVB |
| 000953 | 08/13/2020 | Declaration of Jeff Nardinelli iso Opposition to SVB Demurrer |
| 000972 | 08/13/2020 | Proof of Service re Opposition to SVB's Demurrer |
| 000975 | 08/14/2020 | Plaintiffs' Opposition to SVB's Demurrer to FAC |
| 000996 | 08/14/2020 | Plaintiffs' RFJN iso Opposition to SVB's Demurrers |
| 001148 | 08/20/2020 | SVB's Reply iso Demurrer to Complaint |
| 001161 | 08/20/2020 | SVB's Reply iso Demurrer to FAC |
| 001173 | 08/20/2020 | SVB's Response to Objections to RFJN in support of Demurrer to Complaint |
| 001178 | 08/20/2020 | Proof of Service re SVB Reply to Demurrer to Complaint |

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|---|---|---|
| 001181 | 08/24/2020 | Order Granting Plaintiffs Motion for Leave to File SAC |
| 001184 | 08/27/2020 | Minute Order |
| 001186 | 08/27/2020 | Minute Order |
| 001188 | 8/27/2020 | Request for Dismissal (Plaintiff RV 2016 Accredited Fund LP's FAC only) |
| 001190 | 09/01/2020 | Notice of Entry of Dismissal and Proof of Service re FAC |
| 001194 | 09/01/2020 | SVB Posting of Jury Fees |
| 001197 | 09/02/2020 | Plaintiffs Notice of Posting Jury Fees |
| 001201 | 09/02/2020 | Plaintiffs' Second Amended Complaint of Rothenberg Ventures 2015 Fund LLC |
| 001237 | 10/05/2020 | Order re SVB's Demurrer to Complaint |
| 001241 | 10/05/2020 | Order re SVB's Demurrer to FAC |
| 001248 | 10/06/2020 | SVB Notice of Hearing on Demurrer to SAC |
| 001250 | 10/06/2020 | Demurrers of SVB to SAC |
| 001254 | 10/06/2020 | SVB Memo of Points and Authorities in support of Demurrer to SAC |
| 001273 | 10/06/2020 | SVB Request for Judicial Notice in support of Demurrer to SAC |
| 001395 | 10/06/2020 | Declaration of Laura Hurtado iso of Demurrer to SAC |
| 001398 | 10/06/2020 | Proof of Service re Notice of Hearing on Demurrer to SAC |
| 001401 | 10/06/2020 | Notice of Entry of Order on SVB Demurer to Complaint |
| 001410 | 10/06/2020 | Notice of Entry of Order on SVB Demurrer to FAC |
| 001419 | 10/19/2020 | Plaintiffs' Case Management Statement |
| 001436 | 10/19/2020 | SVB's Case Management Statement |
| 001442 | 10/20/2020 | Minute Order |
| 001444 | 11/10/2020 | Plaintiff's Opposition to SVB's Demurrer to SAC |
| 001466 | 11/10/2020 | Plaintiff's Objections to SVB's Request for Judicial Notice in support of Demurrer to SAC |
| 001471 | 11/10/2020 | Plaintiff's Request for Judicial Notice in support of Opposition to SVB's Demurrer to SAC |
| 001499 | 11/10/2020 | Minute Order |
| 001501 | 11/17/2020 | SVB's Reply in support of Demurrer to SAC |
| 001514 | 11/17/2020 | SVB's Response to Objections to RFJN iso Demurrer to SAC |
| 001519 | 11/17/2020 | Proof of Service re SVB's Reply iso Demurrer to SAC |
| 001522 | 02/19/2021 | Order on Submitted Matter (SVB Demurrer to SAC) |
| 001531 | 03/08/2021 | SVB's Case Management Statement |

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|---|---|---|
| 001545 | 07/02/2021 | Notice of Change of Address or Other Contact Information (Scott Raber) |
| 001549 | 08/24/2021 | Civil Filing Rejection Letter – Request for Dismissal for Rothenberg Ventures 2015 Fund, LLC – request to file dismissal in the Lead Case No. 19CV343268 |

**(Filings in Case No. 19CV355568 that were filed in**
**Lead Case 19CV343268 after consolidation)**

| Page No. | Date Filed | Description |
|---|---|---|
| 001552 | 07/23/2020 | Minute Order |
| 001556 | 07/31/2020 | Order on Motion of Plaintiff for Reference |
| 001561 | 09/01/2020 | SVB's Notice of Posting Jury Fees |
| 001564 | 11/18/2020 | Order Re: Demurrer to Complaint |
| 001578 | 11/23/2020 | Minute Order |
| 001579 | 12/07/2020 | Declaration of Laura Hurtado ISO *Ex Parte* Application Seeking Order Granting Stipulation to Extend Time for Defendant SVB to Answer Complaint and File Cross-Complaint |
| 001588 | 12/07/2020 | *Ex Parte* Application Seeking Order Granting Stipulation to Extend Time for Defendant SVB to Answer Complaint and File Cross-Complaint |
| 001592 | 12/11/2020 | Notice of Entry of Order |
| 001599 | 12/11/2020 | Order Granting Extension of Time |
| 001602 | 01/04/2021 | SVB's Answer to Original Complaint |
| 001610 | 01/04/2021 | SVB's Cross-Complaint Against Rothenberg, et al. |
| 001671 | 01/05/2021 | Minute Order |
| 001673 | 02/02/2021 | Rothenberg's Answer to Unverified Cross-Complaint by SVB |
| 001682 | 02/19/2021 | Order on Submitted Matter – SVB's Demurrer to 2nd Amended Complaint |
| 001691 | 03/08/2021 | Rothenberg's Case Management Statement |
| 001708 | 03/08/2021 | SVB's Answer to Second Amended Complaint |
| 001716 | 03/08/2021 | SVB's Case Management Statement |
| 001722 | 03/08/2021 | SVB's Cross-Complaint against Plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, and Rothenberg Ventures 2015 Fund, LLC for Deceit, Negligent Misrepresentation, and Equitable Indemnity |
| 001785 | 04/02/2021 | Minute Order |
| 001787 | 04/09/2021 | Cross-Defendant's Answer to Second Unverified Cross-Complaint by SVB |

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|---|---|---|
| 001796 | 04/27/2021 | Order Granting Stipulation to Extend Time for 2015 Fund to Respond to Cross-Complaint |
| 001801 | 06/07/2021 | Order Granting Second Stipulation to Extend Time for 2015 Fund to Respond to Cross-Complaint |
| 001806 | 07/02/2021 | Scott Raber's Notice of Change of Address or Other Contact Information |
| 001810 | 07/14/2021 | [Proposed] Order re Third Stipulation Extension of Time for 2015 Fund to Respond to Cross-Complaint |
| 001817 | 08/18/2021 | Request for Dismissal |
| 001821 | 08/26/2021 | [Corrected] Notice of Entry of Dismissal |
| 001828 | 08/26/2021 | Notice of Entry of Dismissal |
| 001835 | 08/26/2021 | Request for Dismissal of Rothenberg Ventures, LLC's Complaint |
| 001837 | 09/07/2021 | Request for Dismissal of Rothenberg Ventures 2016 Accredited Fund LP's First Amended Complaint |
| 001840 | 09/07/2021 | Request for Dismissal of Rothenberg Ventures 2015 Fund, LLC's Second Amended Complaint |
| 001843 | 09/15/2021 | Notice of Entry of Dismissal of Rothenberg Ventures 2016 Accredited Fund LP's First Amended Complaint and Proof of Service |
| 001849 | 09/15/2021 | Notice of Entry of Dismissal of Rothenberg Ventures 2015 Fund, LLC's Second Amended Complaint |
| 001855 | 10/04/2021 | Declaration ISO Attorney's Motion to be Relieved as Counsel |
| 001857 | 10/04/2021 | Notice of Motion and Motion to be Relieved as Counsel |
| 001859 | 10/04/2021 | Proof of Service |
| 001862 | 10/15/2021 | Minute Order |
| 001863 | 11/23/2021 | Minute Order |
| 001865 | 12/01/2021 | Order Granting Attorney's Motion to be Relieved as Counsel |
| 001867 | 12/16/2021 | Declaration of A. Morton ISO *Ex Parte* Application to Extend Deadline to File Motion to Compel |
| 001941 | 12/16/2021 | *Ex Parte* Application to Extend Deadline to File Motion to Compel |
| 001945 | 12/16/2021 | Proof of Service |
| 001947 | 12/17/2021 | Notice of Entry of Order Granting *Ex Parte* Application to Extend Deadline to File Motion to Compel |
| 001953 | 12/17/2021 | Order Granting *Ex Parte* Application to Extend Deadline to File Motion to Compel |
| 001955 | 02/18/2022 | Declaration of A. Morton ISO SVB's Motion to Compel Further Discovery Responses |

6

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|---|---|---|
| 002064 | 02/18/2022 | Memorandum of Points and Authorities ISO Motion to Compel Further Discovery Responses |
| 002080 | 02/18/2022 | Notice of Motion and Motion to Compel Further Discovery Responses |
| 002082 | 02/18/2022 | Proof of Service |
| 002085 | 02/18/2022 | Request for Judicial Notice ISO SVB's Motion to Compel Further Discovery Responses |
| 002119 | 02/18/2022 | Separate Statement ISO SVB's Motion to Compel Further Discovery Responses |
| 002231 | 03/15/2022 | Minute Order |
| 002233 | 03/23/2022 | Declaration of A. Morton ISO SVB's Motion to Compel Attendance at Deposition |
| 002269 | 03/23/2022 | Notice of Motion and Motion to Compel Attendance at Deposition; Memorandum of Points and Authorities |
| 002276 | 03/23/2022 | Proof of Service |
| 002279 | 03/23/2022 | Request for Judicial Notice ISO SVB's Motion to Compel Attendance at Deposition |
| 002286 | 04/01/2022 | Declaration of A. Morton ISO *Ex Parte* Application for an Order to Show Cause re Dismissal or Other Sanctions for Plaintiff and Cross-Defendant's Failure to Attend Trial Setting Conference |
| 002290 | 04/01/2022 | Notice of *Ex Parte* Application and Application for Order to Show Cause re Dismissal or Other Sanctions for Plaintiff and Cross-Defendant's Failure to Attend Trial Setting Conference |
| 002294 | 04/01/2022 | Proof of Service |
| 002297 | 04/05/2022 | Order Denying Order to Show Cause Re Dismissal or Other Sanctions for Plaintiff and Cross-Defendant's Failure to Attend Trial Setting Conference |
| 002299 | 04/06/2022 | Notice of Entry of Order Denying *Ex Parte* Application for an Order to Show Cause re Dismissal or Other Sanctions for Plaintiff and Cross-Defendant's Failure to Attend Trial Setting Conference |
| 002305 | 05/11/2022 | Amended Notice of Hearing Date on Motion to Compel Attendance at Deposition |
| 002313 | 05/11/2022 | Proof of Service re Motion to Compel Further Discovery Responses |
| 002318 | 05/12/2022 | Minute Order |
| 002319 | 06/21/2022 | Proof of Service |
| 002321 | 06/21/2022 | Reply ISO Motion to Compel Attendance at Deposition |
| 002324 | 06/21/2022 | Request for Judicial Notice ISO Reply ISO SVB's Motion to Compel Attendance at Deposition |
| 002336 | 06/28/2022 | Minute Order |

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|---|---|---|
| 002338 | 06/28/2022 | Notice of Entry of Minute Order Dated June 28, 2022 |
| 002344 | 07/14/2022 | Reply ISO SVB's Motion to Compel Further Discovery Responses |
| 002348 | 07/21/2022 | Minute Order |
| 002350 | 09/13/2022 | Minute Order |
| 002352 | 10/10/2022 | Declaration of A. Morton ISO SVB's Motion to Appoint Discovery Referee |
| 002433 | 10/10/2022 | Notice of Motion and Motion to Appoint Discovery Referee; Memorandum of Points and Authorities |
| 002442 | 10/10/2022 | [Proposed] Order re Stipulated Schedule for Deposition of Michael B. Rothenberg |
| 002447 | 10/10/2022 | Proof of Service |
| 002449 | 10/12/2022 | Order Granting Stipulated Schedule for Deposition of Michael B. Rothenberg |
| 002454 | 12/08/2022 | Proof of Service |
| 002456 | 01/05/2023 | Reply ISO SVB's Motion to Appoint a Discovery Referee |
| 002460 | 01/12/2023 | Minute Order |
| 002465 | 01/12/2023 | Notice of Entry of Minute Order Dated 1/12/2023 |
|  |  | Intentional Left Blank |
| 002477 | 03/01/2023 | Declaration of A. Morton ISO SVB's Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |
| 002523 | 03/01/2023 | Memorandum of Points and Authorities ISO Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |
| 002535 | 03/01/2023 | Notice of Motion and Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |
| 002537 | 03/01/2023 | Proof of Service |
| 002539 | 03/02/2023 | Declaration of A. Morton ISO *Ex Parte* Application for an Order Specially Setting the Hearing on SVB's Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |
| 002607 | 03/02/2023 | Notice of *Ex Parte* Application and Application for an Order Specially Setting the Hearing on SVB's Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |
| 002610 | 03/02/2023 | Proof of Service |
| 002612 | 03/06/2023 | Order Granting *Ex Parte* Application Specially Setting the Hearing on SVB's Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |
| 002614 | 03/09/2023 | Amended Notice of Motion and Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |

**EXHIBIT A INDEX**
**(Case No. 19CV355568 (which was consolidated with Lead Case No. 19CV343268))**

| Page No. | Date Filed | Description |
|---|---|---|
| 002617 | 03/09/2023 | Notice of Entry of Order Granting *Ex Parte* Application Specially Setting the Hearing on SVB's Motion for Terminating Sanctions Against Plaintiff Michael B. Rothenberg |
| 002623 | 03/23/2023 | Notice of Substitution of Party |
| 002634 | 03/27/2023 | Opposition to Motion for Terminating Sanctions; Memorandum of Points and Authorities; Declaration of Michael Rothenberg and Exhibits |



# Superior Court of California
## County of San Francisco

**T. MICHAEL YUEN**
COURT EXECUTIVE OFFICER

Michael B. Rothernberg et.al.
          Plaintiff(s),

vs

Silicon Valley Bank et.al.
          Defendant(s).

**Santa Clara County**

No.   **19CV355568**

San Francisco County No. CGC-18-569041

# TRANSFER RECEIPT

Pursuant to order of the court the attached papers, representing all of the pleadings filed in this matter, are hereby transferred to:

**Santa Clara County Superior Court**
191 N. First Street
San Jose, CA 95113
CIVIL – Unlimited Jurisdiction

Attached is a check submitted by the Attorney for Plaintiff in the amount of $435.00

THE FOLLOWING ARE ADVISED OF THIS TRANSFER BY COPY OF THIS DOCUMENT, LESS ATTACHMENTS:

**Kenneth Edward Keller, Esq.**
Pillsbury, Winthrop Shaw Pittman, LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

**John M. Potter, Esq.**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

The receiving court is requested to return a copy of this document indicating the new case number.

9/5/2019                              T. Michael Yuen, Court Executive Officer

Enclosure                            By: Ramon A. Alvarez, Change of Venue Clerk

*Received on* SEP 0 9 2019 *by* R. TIEN

**TRANSFER RECEIPT**
400 McAllister Street - Room 103
San Francisco, CA 94102-4514
(415) 551-5040, Change of Venue Desk

000001

## Case Information

~~CGC-18-569041~~  **19CV355568**

\*\*\* TRANSFERRED TO SANTA CLARA SUPERIOR COURT \*\*\* MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

### Register of Actions

| Date | Proceedings | Fee |
|------|-------------|-----|
| Sep-04-2019 | TRANSFER ORDER; FEES PAID, TRANSFERRED TO SANTA CLARA COUNTY SENT BY CERTIFIED MAIL RECEIPT #7017 0660 0001 0720 5181 FILED PER ORDER BY PLAINTIFF<br>ROTHENBERG, MICHAEL B. AN INDIVIDUAL | |
| Aug-29-2019 | CASE MANAGEMENT CONFERENCE OF SEP-18-2019 CONTINUED TO OCT-30-2019 AT 10:30 AM IN DEPARTMENT 610 FOR PLAINTIFF TO COMPLETE TRANSFER. NOTICE SENT BY COURT. | d |
| Aug-07-2019 | CHANGE OF VENUE FEE FILED BY PLAINTIFF<br>ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>ROTHENBERG VENTURES, LLC<br>ROTHENBERG VENTURES 2015 FUND, LLC<br>ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | 50.00 |
| Jul-11-2019 | CASE MANAGEMENT CONFERENCE SET FOR SEP-18-2019 AT 10:30 AM IN DEPARTMENT 610 FOR PARTIES TO COMPLETE TRANSFER. THE JUL-16-2019 ORDER TO SHOW CAUSE IS OFF CALENDAR. NOTICE SENT BY COURT. | d |
| Jul-10-2019 | LAW AND MOTION 302, DEFENDANT SILICON VALLEY BANK'S UNOPPOSED STIPULATED MOTION TO CHANGE VENUE IS GRANTED. NO OPPOSITION FILED. ORDER IS SIGNED. JUDGE: ETHAN P. SCHULMAN, CLERK: S. LE, NOT REPORTED. =(302/EPS) | |
| Jul-10-2019 | ORDER GRANTING DEFENDANT SILICON VALLEY BANK'S UNOPPOSED STIPULATED MOTION TO CHANGE VENUE | d |
| Jul-10-2019 | MINI MINUTES FOR JUL-10-2019 09:30 AM FOR DEPT 302 | |
| Jun-25-2019 | RESPONSE TO JANUARY 7, 2019 ORDER TO SHOW CAUSE (TRANSACTION ID # 63479451) FILED BY PLAINTIFF<br>ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>ROTHENBERG VENTURES, LLC<br>ROTHENBERG VENTURES 2015 FUND, LLC<br>ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | e |
| Jun-18-2019 | PROOF OF SERVICE (TRANSACTION ID # 100075048) FILED BY DEFENDANT<br>SILICON VALLEY BANK, A CORPORATION | e |
| Jun-18-2019 | COURT REPORTING SERVICES LESS THAN 1 HOUR (TRANSACTION ID # 100075048) FILED BY DEFENDANT<br>SILICON VALLEY BANK, A CORPORATION | 30.00 |
| Jun-18-2019 | DECLARATION OF REBECCA STEWART IN SUPPORT OF SVBS UNOPPOSED STIPULATED MOTION TO CHANGE VENUE (RESERVATION ON CAPTION PAGE) (TRANSACTION ID # 100075048) FILED BY DEFENDANT<br>SILICON VALLEY BANK, A CORPORATION | e |
| Jun-18-2019 | NOTICE OF AND UNOPPOSED STIPULATED MOTION TO CHANGE VENUE (TRANSACTION ID # 100075048) FILED BY DEFENDANT<br>SILICON VALLEY BANK, A CORPORATION<br>HEARING SET FOR JUL-10-2019 AT 09:30 AM IN DEPT 302 | 60.00 e |
| May-15-2019 | ORDER TO SHOW CAUSE SET FOR JUN-04-2019 CONTINUED TO JUL-16-2019 AT 10:30 AM IN DEPARTMENT 610 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S). NOTICE SENT BY COURT. | d |
| May-15-2019 | PLAINTIFFS RESPONSE TO JANUARY 7, 2019 ORDER TO SHOW CAUSE (TRANSACTION ID # 63268160) FILED BY PLAINTIFF<br>ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>ROTHENBERG VENTURES, LLC<br>ROTHENBERG VENTURES 2015 FUND, LLC | e |

THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE. ATTEST: CERTIFIED

SEP 05 2019

CLERK OF THE COURT
Superior Court of California, County of San Francisco

BY:
RAMON A. ALVARADO 002   DEPUTY CLERK

# Superior Court of California, County of San Francisco

## Case Information

## CGC-18-569041

*** TRANSFERRED TO SANTA CLARA SUPERIOR COURT *** MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

## Register of Actions

| Date | Proceedings | Fee |
|------|-------------|-----|
| May-03-2019 | ROTHENBERG VENTURES 2016 ACCREDITED FUND LP PROOF OF SERVICE OF NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT (TRANSACTION ID # 100045099) FILED BY PLAINTIFF<br>    ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>    ROTHENBERG VENTURES, LLC<br>    ROTHENBERG VENTURES 2015 FUND, LLC<br>    ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | e |
| May-01-2019 | ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT TO 6-17-19 | d |
| May-01-2019 | NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT (TRANSACTION ID # 100044967) FILED BY DEFENDANT<br>    SILICON VALLEY BANK, A CORPORATION | 20.00 e |
| Feb-15-2019 | ORDER TO SHOW CAUSE SET FOR MAR-05-2019 CONTINUED TO JUN-04-2019 AT 10:30 AM IN DEPARTMENT 610 FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S). NOTICE SENT BY COURT. | d |
| Feb-13-2019 | PLAINTIFFS' RESPONSE TO JANUARY 7, 2019 ORDER TO SHOW CAUSE (TRANSACTION ID # 62968974) FILED BY PLAINTIFF<br>    ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>    ROTHENBERG VENTURES, LLC<br>    ROTHENBERG VENTURES 2015 FUND, LLC<br>    ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | |
| Jan-31-2019 | ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT TO MAY-01-2019 | d |
| Jan-28-2019 | PROOF OF SERVICE BY MAIL (TRANSACTION ID # 62906494) (TRANSACTION ID # 62906494) FILED BY PLAINTIFF<br>    ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>    ROTHENBERG VENTURES, LLC<br>    ROTHENBERG VENTURES 2015 FUND, LLC<br>    ROTHENBERG VENTURES 2016 ACCREDITED FUND LP<br>AS TO DEFENDANT<br>    SILICON VALLEY BANK, A CORPORATION | e |
| Jan-28-2019 | NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT (TRANSACTION ID # 62906494) FILED BY PLAINTIFF<br>    ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>    ROTHENBERG VENTURES, LLC<br>    ROTHENBERG VENTURES 2015 FUND, LLC<br>    ROTHENBERG VENTURES 2016 ACCREDITED FUND LP<br>AS TO DEFENDANT<br>    SILICON VALLEY BANK, A CORPORATION | 20.00 |
| Jan-16-2019 | ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT TO JAN-31-2019 | d |
| Jan-10-2019 | NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT (TRANSACTION ID # 62850948) FILED BY PLAINTIFF<br>    ROTHENBERG, MICHAEL B. AN INDIVIDUAL<br>    ROTHENBERG VENTURES, LLC<br>    ROTHENBERG VENTURES 2015 FUND, LLC<br>    ROTHENBERG VENTURES 2016 ACCREDITED FUND LP<br>AS TO DEFENDANT | 20.00 e |

000003

# Case Information
## CGC-18-569041

*** TRANSFERRED TO SANTA CLARA SUPERIOR COURT *** MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

## Register of Actions

| Date | Proceedings | Fee | |
|------|-------------|-----|---|
| | SILICON VALLEY BANK, A CORPORATION | | |
| Jan-07-2019 | ORDER TO SHOW CAUSE SET FOR MAR-05-2019 IN DEPARTMENT 610 AT 10:30 AM FOR FAILURE TO OBTAIN AN ANSWER(S) FROM, OR ENTER DEFAULT(S) AGAINST, DEFENDANT(S). THE JAN-23-2019 CASE MANAGEMENT CONFERENCE IS OFF CALENDAR. NOTICE SENT BY COURT. | | d |
| Dec-12-2018 | PROOF OF SERVICE (TRANSACTION ID # 100056394) FILED BY PLAINTIFF ROTHENBERG, MICHAEL B. AN INDIVIDUAL ROTHENBERG VENTURES, LLC ROTHENBERG VENTURES 2015 FUND, LLC ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | | e |
| Dec-12-2018 | NOTICE OF SECOND STIPULATION AND SECOND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT (TRANSACTION ID # 100056394) FILED BY PLAINTIFF ROTHENBERG, MICHAEL B. AN INDIVIDUAL ROTHENBERG VENTURES, LLC ROTHENBERG VENTURES 2015 FUND, LLC ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | 20.00 | e |
| Nov-19-2018 | ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT TO 12-14-2018 | | d |
| Nov-16-2018 | NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT (TRANSACTION ID # 100054129) (TRANSACTION ID # 100054129) FILED BY DEFENDANT SILICON VALLEY BANK, A CORPORATION AS TO PLAINTIFF ROTHENBERG, MICHAEL B. AN INDIVIDUAL ROTHENBERG VENTURES, LLC ROTHENBERG VENTURES 2015 FUND, LLC ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | 450.00 | |
| Nov-16-2018 | PROOF OF SERVICE FILED BY PLAINTIFF ROTHENBERG, MICHAEL B. AN INDIVIDUAL ROTHENBERG VENTURES, LLC ROTHENBERG VENTURES 2015 FUND, LLC ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | | d |
| Oct-18-2018 | SUMMONS ON COMPLAINT (TRANSACTION ID # 62576692), PROOF OF SERVICE ONLY, FILED BY PLAINTIFF ROTHENBERG, MICHAEL B. AN INDIVIDUAL ROTHENBERG VENTURES, LLC ROTHENBERG VENTURES 2015 FUND, LLC ROTHENBERG VENTURES 2016 ACCREDITED FUND LP SERVED OCT-17-2018, PERSONAL SERVICE AS TO DEFENDANT SILICON VALLEY BANK, A CORPORATION | | e |
| Aug-20-2018 | NOTICE TO PLAINTIFF | | d |
| Aug-20-2018 | FRAUD, COMPLAINT FILED BY PLAINTIFF ROTHENBERG, MICHAEL B. AN INDIVIDUAL ROTHENBERG VENTURES, LLC ROTHENBERG VENTURES 2015 FUND, LLC ROTHENBERG VENTURES 2016 ACCREDITED FUND LP AS TO DEFENDANT SILICON VALLEY BANK, A CORPORATION SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED | 450.00 | d |

000004

# Superior Court of California, County of San Francisco
## Case Information
### CGC-18-569041

**\*\*\* TRANSFERRED TO SANTA CLARA SUPERIOR COURT \*\*\* MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,**

## Register of Actions

| Date | Proceedings | Fee |
|------|-------------|-----|
| | CASE MANAGEMENT CONFERENCE SCHEDULED FOR JAN-23-2019 | |
| | PROOF OF SERVICE DUE ON        OCT-19-2018 | |
| | CASE MANAGEMENT STATEMENT DUE ON    DEC-31-2018 | |



# Superior Court of California, County of San Francisco

## Case Information

### CGC-18-569041

*** TRANSFERRED TO SANTA CLARA SUPERIOR COURT *** MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

## Parties

ROTHENBERG, MICHAEL B. AN INDIVIDUAL
    PLAINTIFF
        165843 - POTTER, JOHN M
            AUG-20-2018 - COMPLAINT FILED BY PLAINTIFF
            OCT-18-2018 - PROOF OF SERVICE OF SUMMONS AND COMPLAINT FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (WITH FEE) FILED AGAINST PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JAN-10-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            FEB-13-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-03-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-15-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JUN-25-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            AUG-07-2019 - CHANGE OF VENUE FEE FILED BY PLAINTIFF
            SEP-04-2019 - TRANSFER ORDER; FEES PAID FILED BY PLAINTIFF
                AUG-20-2018  Y0218820F001     450.00  CHECK
                DEC-12-2018  B5218C21S023      20.00  ELECTRONIC
                JAN-10-2019  X4319114S002      20.00  ELECTRONIC
                JAN-28-2019  X4319129S001      20.00  ELECTRONIC
                AUG-07-2019  R9519807C003      50.00  CHECK

=====================================================================

ROTHENBERG VENTURES, LLC
    PLAINTIFF
        165843 - POTTER, JOHN M
            AUG-20-2018 - COMPLAINT FILED BY PLAINTIFF
            OCT-18-2018 - PROOF OF SERVICE OF SUMMONS AND COMPLAINT FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (WITH FEE) FILED AGAINST PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JAN-10-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            FEB-13-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-03-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-15-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JUN-25-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            AUG-07-2019 - CHANGE OF VENUE FEE FILED BY PLAINTIFF
                AUG-20-2018  Y0218820F001     450.00  CHECK
                DEC-12-2018  B5218C21S023      20.00  ELECTRONIC
                JAN-10-2019  X4319114S002      20.00  ELECTRONIC
                JAN-28-2019  X4319129S001      20.00  ELECTRONIC
                AUG-07-2019  R9519807C003      50.00  CHECK

=====================================================================

ROTHENBERG VENTURES 2015 FUND, LLC
    PLAINTIFF

# Case Information
## CGC-18-569041

*** TRANSFERRED TO SANTA CLARA SUPERIOR COURT *** MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

## Parties

```
        165843 - POTTER, JOHN M
            AUG-20-2018 - COMPLAINT FILED BY PLAINTIFF
            OCT-18-2018 - PROOF OF SERVICE OF SUMMONS AND COMPLAINT FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (WITH FEE) FILED AGAINST PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JAN-10-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            FEB-13-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-03-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-15-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JUN-25-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            AUG-07-2019 - CHANGE OF VENUE FEE FILED BY PLAINTIFF
                AUG-20-2018  Y0218820F001        450.00  CHECK
                DEC-12-2018  B5218C21S023         20.00  ELECTRONIC
                JAN-10-2019  X4319114S002         20.00  ELECTRONIC
                JAN-28-2019  X4319129S001         20.00  ELECTRONIC
                AUG-07-2019  R9519807C003         50.00  CHECK
==================================================================================
ROTHENBERG VENTURES 2016 ACCREDITED FUND LP
    PLAINTIFF
        165843 - POTTER, JOHN M
            AUG-20-2018 - COMPLAINT FILED BY PLAINTIFF
            OCT-18-2018 - PROOF OF SERVICE OF SUMMONS AND COMPLAINT FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            NOV-16-2018 - GENERIC CIVIL FILING (WITH FEE) FILED AGAINST PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            DEC-12-2018 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JAN-10-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY PLAINTIFF
            JAN-28-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            FEB-13-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-03-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            MAY-15-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            JUN-25-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY PLAINTIFF
            AUG-07-2019 - CHANGE OF VENUE FEE FILED BY PLAINTIFF
                AUG-20-2018  Y0218820F001        450.00  CHECK
                DEC-12-2018  B5218C21S023         20.00  ELECTRONIC
                JAN-10-2019  X4319114S002         20.00  ELECTRONIC
                JAN-28-2019  X4319129S001         20.00  ELECTRONIC
                AUG-07-2019  R9519807C003         50.00  CHECK
==================================================================================
SILICON VALLEY BANK, A CORPORATION
    DEFENDANT
        071450 - KELLER, KENNETH EDWARD
            AUG-20-2018 - COMPLAINT FILED AGAINST DEFENDANT
            OCT-18-2018 - PROOF OF SERVICE OF SUMMONS AND COMPLAINT FILED AGAINST DEFEND
```



# Superior Court of California, County of San Francisco

## Case Information

## CGC-18-569041

*** TRANSFERRED TO SANTA CLARA SUPERIOR COURT *** MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

## Parties

```
NOV-16-2018 - GENERIC CIVIL FILING (WITH FEE) FILED BY DEFENDANT
JAN-10-2019 - GENERIC CIVIL FILING (WITH FEE) FILED AGAINST DEFENDANT
JAN-28-2019 - GENERIC CIVIL FILING (WITH FEE) FILED AGAINST DEFENDANT
JAN-28-2019 - GENERIC CIVIL FILING (NO FEE) FILED AGAINST DEFENDANT
MAY-01-2019 - GENERIC CIVIL FILING (WITH FEE) FILED BY DEFENDANT
JUN-18-2019 - MOTION (CIVIL GENERIC) FILED BY DEFENDANT
JUN-18-2019 - DECLARATION OF FILED BY DEFENDANT
JUN-18-2019 - COURT REPORTING SERVICES LESS THAN 1 HOUR FILED BY DEFENDANT
JUN-18-2019 - GENERIC CIVIL FILING (NO FEE) FILED BY DEFENDANT
     NOV-16-2018  X4318B19F001       450.00   ELECTRONIC
     MAY-01-2019  W1619501C008        20.00   ELECTRONIC
     JUN-18-2019  B5219624M027        60.00   ELECTRONIC
     JUN-18-2019  B5219624R028        30.00   ELECTRONIC
```
=======================================================================================



# Superior Court of California, County of San Francisco

## Case Information
### CGC-18-569041

*** TRANSFERRED TO SANTA CLARA SUPERIOR COURT *** MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

## Attorneys

```
KENNETH EDWARD KELLER                          BAR NUMBER: 071450
     PILLSBURY WINTHROP SHAW PITTMAN, LLP
     FOUR EMBARCADERO CENTER,
     22ND FLOOR
     SAN FRANCISCO                CA  94111
     PHONE: (415)983-1084
     FAX:   (415)983-1200
          DEFENDANT:  SILICON VALLEY BANK, A CORPORATION
==================================================================================
JOHN M POTTER                                  BAR NUMBER: 165843
     QUINN EMANUEL URQUHART & SULLIVAN, LLP
     50 CALIFORNIA STREET
     22ND FLOOR
     SAN FRANCISCO                CA  94111-4788
     PHONE: (415)875-6600
     FAX:   (415)875-6700
          PLAINTIFF:  ROTHENBERG, MICHAEL B.
          PLAINTIFF:  ROTHENBERG VENTURES, LLC
          PLAINTIFF:  ROTHENBERG VENTURES 2015 FUND, LLC
          PLAINTIFF:  ROTHENBERG VENTURES 2016 ACCREDITED FUND LP
==================================================================================
```



# Superior Court of California, County of San Francisco

## Case Information
## CGC-18-569041

*** TRANSFERRED TO SANTA CLARA SUPERIOR COURT *** MICHAEL B. ROTHENBERG ET AL VS. SILICON VALLEY BANK,

## Payments

### Transactions / Payers / Splits

| | | | | |
|---|---|---|---|---|
| AUG-20-2018 | Y0218820F001 | CHECK | CIVIL COMPLAINT/PETITION/OTHER FIRST PAPER | 450.00 |
| | PLAINTIFF: | ROTHENBERG, MICHAEL B. | | |
| | PLAINTIFF: | ROTHENBERG VENTURES, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2015 FUND, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | | |
| | | 00194 - Unlimited Civil Filing: Complaint or othe | 450.00 | |
| NOV-16-2018 | X4318B19F001 | ELECTRONIC | CIVIL FIRST PAPER ANSWER/RESPONSE/PLEADING | 450.00 |
| | DEFENDANT: | SILICON VALLEY BANK, A CORPORATION | | |
| | | 00195 - Unlimited Civil Filing Response: Answer o | 450.00 | |
| DEC-12-2018 | B5218C21S023 | ELECTRONIC | REQUEST OR STIP W/O HEARING | 20.00 |
| | PLAINTIFF: | ROTHENBERG, MICHAEL B. | | |
| | PLAINTIFF: | ROTHENBERG VENTURES, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2015 FUND, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | | |
| | | 00037 - Requests not requiring a hearing: Continu | 20.00 | |
| JAN-10-2019 | X4319114S002 | ELECTRONIC | REQUEST OR STIP W/O HEARING | 20.00 |
| | PLAINTIFF: | ROTHENBERG, MICHAEL B. | | |
| | PLAINTIFF: | ROTHENBERG VENTURES, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2015 FUND, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | | |
| | | 00037 - Requests not requiring a hearing: Continu | 20.00 | |
| JAN-28-2019 | X4319129S001 | ELECTRONIC | REQUEST OR STIP W/O HEARING | 20.00 |
| | PLAINTIFF: | ROTHENBERG, MICHAEL B. | | |
| | PLAINTIFF: | ROTHENBERG VENTURES, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2015 FUND, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | | |
| | | 00037 - Requests not requiring a hearing: Continu | 20.00 | |
| MAY-01-2019 | W1619501C008 | ELECTRONIC | REQ OR STIP AND ORDER W/O HEARING | 20.00 |
| | DEFENDANT: | SILICON VALLEY BANK, A CORPORATION | | |
| | | 00037 - Requests not requiring a hearing: Continu | 20.00 | |
| JUN-18-2019 | B5219624M027 | ELECTRONIC | MOTION | 60.00 |
| | DEFENDANT: | SILICON VALLEY BANK, A CORPORATION | | |
| | | 00036 - Motion Fee: Motion, Application or Any Ot | 60.00 | |
| JUN-18-2019 | B5219624R028 | ELECTRONIC | COURT REPORTER FEES < 1 HOUR | 30.00 |
| | DEFENDANT: | SILICON VALLEY BANK, A CORPORATION | | |
| | | 00210 - Court reporting services in civil proceedi | 30.00 | |
| AUG-07-2019 | R9519807C003 | CHECK | CHANGE OF VENUE/TRANSMITTAL OF PAPERS | 50.00 |
| | PLAINTIFF: | ROTHENBERG, MICHAEL B. | | |
| | PLAINTIFF: | ROTHENBERG VENTURES, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2015 FUND, LLC | | |
| | PLAINTIFF: | ROTHENBERG VENTURES 2016 ACCREDITED FUND LP | | |
| | | 00039 - Change of Venue: Change of venue (payable | 50.00 | |

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| MICHAEL B. ROTHENBERG et al | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | **19CV355568** |
| VS. | NO. ~~CGC-18-569041~~ |
| SILICON VALLEY BANK, A CORPORATION | |
| | **Order Continuing Case Management Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Sep-18-2019 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Oct-30-2019 in Department 610 at 10:30 am for Plaintiff to complete transfer.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  AUG-29-2019

GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT

Order Continuing Case Management Conference
Form 000001

**000011**

CERTIFICATE OF SERVICE MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on AUG-29-2019 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  AUG-29-2019                    By: DARLENE LUM

KENNETH EDWARD KELLER (071450)
PILLSBURY WINTHROP SHAW PITTMAN, LLP
FOUR EMBARCADERO CENTER,
22ND FLOOR
SAN FRANCISCO, CA  94111

JOHN M POTTER (165843)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 CALIFORNIA STREET
22ND FLOOR
SAN FRANCISCO, CA  94111-4788

CERTIFICATE OF SERVICE BY MAIL
Form 000001

000012

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| MICHAEL B. ROTHENBERG et al<br><br><br>PLAINTIFF (S)<br><br>VS.<br><br>SILICON VALLEY BANK, A CORPORATION<br><br><br>DEFENDANT (S) | **Case Management Department 610**<br>**Case Management Order**<br><br>**19CV355568**<br>NO. ~~CGC-18-569041~~<br><br>**Order Setting Case Management Conference from Order to Show Cause** |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Jul-16-2019 ORDER TO SHOW CAUSE is canceled, and it is hereby ordered:

This case is set for a CASE MANAGEMENT CONFERENCE on Sep-18-2019 in Department 610 at 10:30 am for parties to complete transfer.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  JUL-11-2019                    GARRETT L. WONG
                                                      _____
                                                      JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE   MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JUL-11-2019 I served the attached Order Setting Case Management Conference from Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  JUL-11-2019                          By: GINA GONZALES

KENNETH EDWARD KELLER (071450)
PILLSBURY WINTHROP SHAW PITTMAN, LLP
FOUR EMBARCADERO CENTER,
22ND FLOOR
SAN FRANCISCO, CA  94111

JOHN M POTTER (165843)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 CALIFORNIA STREET
22ND FLOOR
SAN FRANCISCO, CA  94111-4788

CERTIFICATE OF SERVICE BY MAIL
Form 000001

000014

9

**F I L E D**
San Francisco County Superior Court

JUL 1 0 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
2  KENNETH E. KELLER (SBN 71450)
   REBECCA S. STEWART (SBN 312925)
3  Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
4  Telephone: 415.983.1000
   Facsimile: 415.983.1200
5
   Attorneys for Defendant
6  SILICON VALLEY BANK
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                      COUNTY OF SAN FRANCISCO
10

11  MICHAEL B. ROTHENBERG, AN          Reservation No.  06180710-03
    INDIVIDUAL, ROTHENBERG
12  VENTURES, LLC, ROTHENBERG          CASE NO. ~~CGC-18-569041~~   19CV355568
    VENTURES 2015 FUND, LLC, AND
13  ROTHENBERG VENTURES 2016           [~~PROPOSED~~] ORDER GRANTING
    ACCREDITED FUND LP,                DEFENDANT SILICON VALLEY BANK'S
14                                     UNOPPOSED STIPULATED MOTION TO
    Plaintiffs,                        CHANGE VENUE
15
16  vs.
17  SILICON VALLEY BANK, A             Hearing Date: July 10, 2019
    CORPORATION,                       Hearing Time: 9:30 a.m.
18                                     Dept.: 302
    Defendant.
19                                     Complaint Filed: August 20, 2018
20
21
22
23
24                                     THE ANNEXED INSTRUMENT IS A
                                       CORRECT COPY OF THE ORIGINAL
25                                     ON FILE IN MY OFFICE.
                                       ATTEST: CERTIFIED
26
                                       SEP 05 2019
27                                     CLERK OF THE COURT
                                       Superior Court of California, County of San Francisco
28                                     BY: _____
                                       RAMON A. ALVAREZ  DEPUTY CLERK

JUN 20 2019

[~~PROPOSED~~] ORDER ON DEFENDANT SVB'S UNOPPOSED STIPULATED MOTION TO CHANGE VENUE
CASE NO.: CGC-18-569041

1   The Court, having considered both the moving papers and oral argument, and in light of the

2   parties' stipulation to transfer, hereby GRANTS Defendant Silicon Valley Bank's Unopposed

3   Stipulated Motion for Change of Venue, and assigns this action to the Santa Clara County Superior

4   Court.   Plaintiff   shall   pay   the   transfer   fees.   ℛ.

5

6   Date: July 10, 2019.

7

8

HONORABLE JUDGE OF THE SUPERIOR COURT

9                                   ETHAN P. SCHULMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

000016

*** TRANSFERRED TO SANTA CLARA SUP     )R COURT *** MICHAEL B. ROTHENBERG ET AL     )SILICON VALLEY BANK, A CORPORATI

**MINI MINUTES FOR JUL-10-2019 09:30 AM FO**     **19CV355568**

No appearances. The Court adopts the tentative ruling as follows:

DEFENDANT SILICON VALLEY BANK's Unopposed Stipulated Motion To Change Venue

Grant.  No opposition filed.

Order is signed.

Judge: Ethan P. Schulman, Clerk: S. Le, Not Reported. =(302/EPS)

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
   JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
   MARI SAIGAL (SBN 318556)
4  marisaigal@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, CA 94111-4788
   Telephone: 415.875.6600
6  Facsimile: 415.875.6700

7  *Attorneys for Plaintiffs*

**ELECTRONICALLY**
**FILED**
*Superior Court of California,*
*County of San Francisco*

**06/25/2019**
**Clerk of the Court**
BY: DAVID YUEN
Deputy Clerk

F I L E D

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN _____DEPUTY

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  COUNTY OF SAN FRANCISCO

10  **19CV355568**

11  MICHAEL B. ROTHENBERG, AN
    INDIVIDUAL, ROTHENBERG
12  VENTURES, LLC, ROTHENBERG
    VENTURES 2015 FUND, LLC, AND
13  ROTHENBERG VENTURES 2016
    ACCREDITED FUND LP,
14
                    Plaintiffs,
15
            vs.
16
    SILICON VALLEY BANK, A
17  CORPORATION,
18
                    Defendant.

CASE NO. ~~CGC-18-569041~~

**PLAINTIFFS' RESPONSE TO JANUARY 7,
2019 ORDER TO SHOW CAUSE**

Hearing:  July 16, 2019 10:30 a.m.
Dept. 610

19
20
21
22
23
24
25
26
27
28

Case No. CGC-18-569041

1    Plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015

2   Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP ("Plaintiffs") hereby further

3   respond to the Court's January 7 Order to Show Cause ("OSC"). For the reasons set forth below,

4   Plaintiffs respectfully request that the Court resolve the OSC without a hearing.

5    Since Plaintiffs served the Complaint, the parties have engaged in complex settlement

6   negotiations. These negotiations have expanded to include multiple actions and parties. To

7   accommodate these extensive negotiations, the parties have stipulated to, and the Court has granted,

8   multiple extensions to the responsive deadline. In one instance, the responsive deadline passed

9   before the stipulated extension had been entered, leading to the OSC. Plaintiffs did not seek a

10   default judgment in between the passage of the deadline and the OSC because the parties were

11   diligently pursuing settlement throughout that period. The Court would later extend the responsive

12   deadline and continue the OSC hearing.

13    The parties will not seek any further extensions to the responsive deadline. On June 17, the

14   defendant filed a motion to change venue to the Santa Clara County Superior Court. Plaintiffs do not

15   oppose this motion. The parties are continuing to negotiate a settlement and continue to make

16   material progress.

17    In light of this record, Plaintiffs respectfully request that the Court refrain from entering a

18   default judgment against defendant, dismissing Plaintiffs' action, or imposing sanctions through an

19   OSC hearing. Plaintiffs further request that the Court take the OSC hearing off calendar and order

20   this matter resolved.

21

22

23

24

25

26

27

28

1

Dated: June 25, 2019

2

QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4

5

By:   JOHN M. POTTER

6

Attorneys for Plaintiffs

7

MICHAEL B. ROTHENBERG, ROTHENBERG
VENTURES, LLC, ROTHENBERG VENTURES

8

2015 FUND, LLC, and ROTHENBERG
VENTURES 2016 ACCREDITED FUND LP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3                Case No. CGC-18-569041

RESPONSE TO ORDER TO SHOW CAUSE

**000020**

## PROOF OF SERVICE

I, Amber Burns, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of San Francisco, County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a resident of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. My business address is Quinn Emanuel Urquhart & Sullivan, LLP, at 50 California Street, 22nd Floor, San Francisco, CA 94111.

I caused to be served the following document(s):

**PLAINTIFFS' RESPONSE TO JANUARY 7, 2019 ORDER TO SHOW CAUSE**

I caused the above documents to be served on each person on the attached list by the following means:

[X]   I enclosed true and correct copies of said document in an envelope and placed it for collection and mailing with the United States Post Office on June 25, 2019 following the ordinary business practice.
*(Indicated on the attached address list by an [M] next to the address.)*

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on June 25, 2019, at San Francisco, California.

_____
Amber Burns

4                    Case No. CGC-18-569041

**000021**

1

**SERVICE LIST**

| Key: [E] Delivery by E-Mail<br>[H] Delivery by Hand<br>Service | [FD] Delivery by Federal Express<br>[E/FD] Delivery by E-Mail and<br>Federal Express | [M] Delivery by Mail<br>[E/M] Delivery by E-Mail<br>and Mail |
| --- | --- | --- |

| [M] | Kenneth E. Keller<br>Pillsbury Winthrop Shaw Pittman, LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111<br>Office (415) 983-1084<br>Fax (415) 249-9466<br>kenneth.keller@pillsburylaw.com<br>*Attorney for Silicon Valley Bank* | |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. CGC-18-569041

RESPONSE TO ORDER TO SHOW CAUSE

000022

1    PILLSBURY WINTHROP SHAW PITTMAN LLP
      KENNETH E. KELLER (SBN 71450)

2    REBECCA S. STEWART (SBN 312925)

3    Four Embarcadero Center, 22nd Floor
      San Francisco, CA 94111-5998

4    Telephone: 415.983.1000
      Facsimile: 415.983.1200

5

6    Attorneys for Defendant
      SILICON VALLEY BANK

7

8

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/18/2019**
**Clerk of the Court**
BY: VANESSA WU
         Deputy Clerk

**F I L E D**

SEP 09 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ H. TIEN _____DEPUTY

9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                 **COUNTY OF SAN FRANCISCO**

10

11    MICHAEL B. ROTHENBERG, AN
      INDIVIDUAL, ROTHENBERG

12    VENTURES, LLC, ROTHENBERG
      VENTURES 2015 FUND, LLC, AND

13    ROTHENBERG VENTURES 2016
      ACCREDITED FUND LP,

14

15         Plaintiffs,

16    vs.

17    SILICON VALLEY BANK, A
      CORPORATION,

18         Defendant.

**Reservation No. 06180710-03**

**CASE NO.** ~~CGC-18-569041~~  **19CV355568**

**PROOF OF SERVICE**

Hearing Date: July 10, 2019
Hearing Time: 9:30 a.m.
Dept.: 302

Complaint Filed: August 20, 2018

19

20

21

22

23

24

25

26

27

28

- 1 -

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, Anna Lau, the undersigned, hereby declare as follows:

1.      I am over the age of 18 years and am not a party to the within cause.  I am employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State of California.

2.      My email and business addresses are:  anna.lau@pillsburylaw.com; Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

3.      On June 18, 2019, at Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, I served a true copy of the attached document(s) titled:

**SILICON VALLEY BANK'S NOTICE AND UNOPPOSED STIPULATED MOTION TO CHANGE VENUE (with reservation no.)**

**DECLARATION OF REBECCA STEWART IN SUPPORT OF SILICON VALLEY BANK'S UNOPPOSED STIPULATED MOTION TO CHANGE VENUE (with reservation no.)**

**[PROPOSED] ORDER GRANTING DEFENDANT SILICON VALLEY BANK'S UNOPPOSED STIPULATED MOTION TO CHANGE VENUE (with reservation no.)**

**NOTICE OF PAYMENT OF COURT REPORTER (with reservation no.)**

by sending it/them via electronic transmission to the following persons at the electronic-mail addresses so indicated:

| QUINN EMANUEL URQUHART & SULLIVAN LLP<br>John M. Potter<br>Jeffrey Nardinelli<br>Amber Burns<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788<br>Telephone:  (415) 875-6600<br>Facsimile:  (415) 875-6700<br>Email: johnpotter@quinnemanuel.com<br>     jeffnardinelli@quinnemanuel.com<br>     amberburns@quinnemanuel.com | Attorneys for Plaintiffs MICHAEL B. ROTHENBERG, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP |

///

PROOF OF SERVICE BY EMAIL

4825-9233-6514.v1

000024

1         I declare under penalty of perjury that the foregoing is true and correct.  Executed

2    this June 18, 2019, at San Francisco, California.

3

4                                                                      *Anna Lau*

5                                                                                  Anna Lau

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

4825-9233-6514.v1

1    PILLSBURY WINTHROP SHAW PITTMAN LLP
2    KENNETH E. KELLER (SBN 71450)
     REBECCA S. STEWART (SBN 312925)
3    Four Embarcadero Center, 22nd Floor
     San Francisco, CA 94111-5998
4    Telephone: 415.983.1000
     Facsimile: 415.983.1200
5
6    Attorneys for Defendant
     SILICON VALLEY BANK
7

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**06/18/2019**
**Clerk of the Court**
BY: VANESSA WU
Deputy Clerk

**F I L E D**
SEP 0 9 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____R. TIEN_____DEPUTY

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **COUNTY OF SAN FRANCISCO**

10

11   MICHAEL B. ROTHENBERG, AN
     INDIVIDUAL, ROTHENBERG
12   VENTURES, LLC, ROTHENBERG
     VENTURES 2015 FUND, LLC, AND
13   ROTHENBERG VENTURES 2016
     ACCREDITED FUND LP,
14
15                              Plaintiffs,
16          vs.
17   SILICON VALLEY BANK, A
     CORPORATION,
18
                                Defendant.
19

Reservation No. 06180710-03

CASE NO.  ~~CGC-18-569041~~ 1 9 C V 3 5 5 5 6 8

**DECLARATION OF REBECCA STEWART IN SUPPORT OF SILICON VALLEY BANK'S UNOPPOSED STIPULATED MOTION TO CHANGE VENUE**

Hearing Date:  July 10, 2019
Hearing Time: 9:30 a.m.
Dept.:  302

Complaint Filed: August 20, 2018

20
21
22
23
24
25
26
27
28

DECLARATION OF REBECCA STEWART IN SUPPORT OF SVB'S UNOPPOSED STIPULATED MOTION TO CHANGE VENUE

000026

1    I, Rebecca Stewart, declare as follows:

2        1.    I am admitted into the State Bar of California, an associate at the law firm of

3    Pillsbury Winthrop Shaw Pittman LLP, and one of the attorneys of record for Defendant Silicon

4    Valley Bank, a Corporation in the above-titled action.  As such, I am familiar with the records and

5    proceedings in this case.  I make this declaration in support of Silicon Valley Bank's Motion to

6    Change Venue.

7        2.    The facts set forth below are known to me personally, and I have first-hand

8    knowledge of them, except for matters stated on information and belief, which I believe to be true.

9    If called as a witness, I could and would testify competently, under oath, to such facts.

10       3.    A true and correct copy of the parties' STIPULATION REGARDING MOTION

11   TO TRANSFER AND RELATED CONDITIONS, is attached hereto as **Exhibit A.**

12       I declare under penalty of perjury under the laws of the State of California that the

13   foregoing is true and correct.

14

15
16   Date: June 17, 2019

17

18                                                    PILLSBURY WINTHROP SHAW PITTMAN LLP

19                                                    RStewart

20

21                                                    By:    KENNETH E. KELLER
                                                            REBECCA STEWART
22
                                                            Attorneys for Defendant
23                                                          SILICON VALLEY BANK

24

25

26

27

28
                                                    - 1 -

# EXHIBIT

# A

000028

QUINN EMANUEL URQUHART & SULLIVAN, LLP
JOHN M. POTTER (SBN 165843)
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI (SBN 295932)
jeffnardinelli@quinnemanuel.com
MARI SAIGAL (SBN 318556)
marisaigal@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

*Attorneys for Plaintiffs*

PILLSBURY WINTHROP SHAW PITTMAN LLP
KENNETH E. KELLER (SBN 71450)
kenneth.keller@pillsburylaw.com
MONICA A. HERNANDEZ (SBN 280195)
monica.hernandez@pillsburylaw.com
REBECCA S. STEWART (SBN 312925)
rebecca@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

*Attorneys for Defendant*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP,<br><br>Plaintiffs,<br><br>vs.<br><br>SILICON VALLEY BANK, A CORPORATION,<br><br>Defendant. | CASE NO.  CGC-18-569041<br><br>**STIPULATION REGARDING MOTION TO TRANSFER AND RELATED CONDITIONS**<br><br>Complaint Filed: August 20, 2018 |

1    Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate

2  as follows:

3    WHEREAS, the Parties in this action are also involved in actions filed in Santa Clara

4  County Superior Court entitled *Silicon Valley Bank v. Michael Rothenberg, Rothenberg Ventures*

5  *LLC*, Case No. 19-CV-343267 and *Silicon Valley Bank v. Rothenberg Ventures LLC*, Case No. 19-

6  CV-343268 (together with this action, "the Actions").  The Parties have been actively involved in

7  settlement negotiations to resolve the Actions without further litigation.  In connection with those

8  negotiations, Rothenberg Ventures 2015 Fund, LLC and Rothenberg Ventures 2016 Accredited

9  Fund LP (the "Funds") have retained Rimon, P.C. to advise them with respect to the settlement of

10  these cases.  On behalf of the Funds, Rimon P.C. has been negotiating with the LPs of the Funds

11  concerning the formation of an LP Oversight Committee that will represent the interests of the LPs

12  in connection with any settlement that might be reached concerning resolution of this case, and the

13  disposition of the Collateral.  Negotiations towards formation of the LP Oversight Committee have

14  made substantial progress, but require additional time;

15    WHEREAS, to give the Parties more time to resolve the Actions, the parties agreed to

16  extend the responsive deadline in each of the Actions to June 17, 2019, and the Court granted each

17  of those extensions on May 1, 2019;

18    WHEREAS, as a condition to agreeing to the these extensions, the parties agreed that

19  Plaintiffs Michael Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC,

20  and Rothenberg Ventures 2016 Accredited Fund LP would stipulate to a motion to transfer this case

21  from the San Francisco Superior Court to the Santa Clara Superior Court if the Actions are not

22  resolved by June 17, 2019 and (2) that Rimon PC would provide Silicon Valley Bank with biweekly

23  updates on the status of the appointment of the LP Oversight Committee for Rothenberg Ventures

24  LLC;

25    NOW THEREFORE, Plaintiffs Michael Rothenberg, Rothenberg Ventures LLC, Rothenberg

26  Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP and Defendant

27  Silicon Valley Bank stipulate to the following:

28    1.    Plaintiffs Michael Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures

1       2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP shall stipulate

2       to a motion to transfer this case from San Francisco Superior Court to Santa Clara

3       Superior Court if the Actions are not resolved by June 17, 2019; and

4     2.    Rimon PC as counsel for the Funds will provide biweekly updates to Silicon Valley

5       Bank on the status of the appointment of the LP Oversight Committee.

6

7 **IT IS SO STIPULATED.**

8

9 DATED: May 13, 2019       QUINN EMANUEL URQUHART & SULLIVAN, LLP

10

11                             _John M Potter_

                        By:   JOHN M. POTTER

12                         Attorneys for Plaintiffs

13                         MICHAEL B. ROTHENBERG, ROTHENBERG
                        VENTURES, LLC, ROTHENBERG VENTURES

14                         2015 FUND, LLC, and ROTHENBERG
                        VENTURES 2016 ACCREDITED FUND LP

15

16 DATED: May 2, 2019       PILLSBURY WINTHROP SHAW PITTMAN LLP

17

18

19                         By:   KENNETH E. KELLER

20                         Attorneys for Defendant
                        SILICON VALLEY BANK

21

22 DATED: May 2, 2019       RIMON PC

23

24

25                         By:   PAUL JASPER

26                         Attorneys for THE FUNDS (ROTHENBERG
                        VENTURES 2015 FUND, LLC AND

27                         ROTHENBERG VENTURES 2016
                        ACCREDITED FUND LP)

28

000031

1  2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP shall stipulate

2  to a motion to transfer this case from San Francisco Superior Court to Santa Clara

3  Superior Court if the Actions are not resolved by June 17, 2019; and

4  2. Rimon PC as counsel for the Funds will provide biweekly updates to Silicon Valley

5  Bank on the status of the appointment of the LP Oversight Committee.

6

7 IT IS SO STIPULATED.

8

9 DATED: May 13, 2019    QUINN EMANUEL URQUHART & SULLIVAN, LLP

10

11

12        By: JOHN M. POTTER
         Attorneys for Plaintiffs

13         MICHAEL B. ROTHENBERG, ROTHENBERG
         VENTURES, LLC, ROTHENBERG VENTURES

14         2015 FUND, LLC, and ROTHENBERG
         VENTURES 2016 ACCREDITED FUND LP

15

16 DATED: May 2̶ 14 2019    PILLSBURY WINTHROP SHAW PITTMAN LLP

17

18

19        By: KENNETH E. KELLER
         Attorneys for Defendant

20         SILICON VALLEY BANK

21

22 DATED: May 2, 2019     RIMON PC

23

24

25        By: PAUL JASPER
         Attorneys for THE FUNDS (ROTHENBERG

26         VENTURES 2015 FUND, LLC AND
         ROTHENBERG VENTURES 2016

27         ACCREDITED FUND LP)

28

           3       Case No. CGC-18-569041
            STIPULATION REGARDING MOTION TO TRANSFER

PILLSBURY WINTHROP SHAW PITTMAN LLP
KENNETH E. KELLER (SBN 71450)
REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

Attorneys for Defendant
SILICON VALLEY BANK

F I L E D

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN ____DEPUTY

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/18/2019**
**Clerk of the Court**
BY: VANESSA WU
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>SILICON VALLEY BANK, A CORPORATION,<br><br>                    Defendant. | Reservation No. 06180710-03<br><br>CASE NO. ~~CGC-18-569041~~  19CV355568<br><br>**SILICON VALLEY BANK'S NOTICE OF AND UNOPPOSED STIPULATED MOTION TO CHANGE VENUE**<br><br>[Filed concurrently with the Declaration of Rebecca Stewart in support of SVB's Motion to Change Venue, and [Proposed] Order Granting the Motion]<br><br>Hearing Date: July 10, 2019<br>Hearing Time: 9:30 a.m.<br>Dept.: 302<br><br>Complaint Filed: August 20, 2018 |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 10, 2019 at 9:30 a.m., or as soon thereafter as the matter may be heard in the Law and Motion Department of the above-entitled Court, located at 400 McAllister St., San Francisco, CA 94102, defendant Silicon Valley Bank ("SVB") will and hereby does move this Court, pursuant to Cal. Civ. Proc. Code § 397(a), and the Stipulation filed concurrently herewith, plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and defendant Silicon Valley Bank ("Defendant") hereby stipulate and request that the Court enter an order to change the venue of this case to the Superior Court of California, Santa Clara.  Counsel for Plaintiffs have also represented they will not oppose this stipulated motion.

- 1 -

## UNOPPOSED STIPULATED MOTION TO CHANGE VENUE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Silicon Valley Bank ("SVB") moves for an order to change venue in this action from this court to the Santa Clara County Superior Court, which is the proper court for this action. SVB asserts that based on its principal place of business in Santa Clara County and the terms of the relevant contracts at issue in this action, the only appropriate venue for this case is in Santa Clara County.[1]  The parties have been engaged in settlement negotiations to try and resolve this dispute amicably.  As part of those ongoing discussions, Plaintiffs have stipulated to change venue of this case to the Superior Court of California, County of Santa Clara ("Santa Clara Superior"), where other related actions, styled *Silicon Valley Bank v. Michael Rothenberg, Rothenberg Ventures LLC*, Case No. 19-CV-343267 and *Silicon Valley Bank v. Rothenberg Ventures LLC*, Case No. 19- CV- 343268, are currently pending should this matter not be resolved by Jun 17, 2019, which it has not been.  Plaintiff's counsel has likewise agreed not to oppose this motion.

Therefore, Defendant's motion to change the venue of this case to Santa Clara County Superior should be granted.

### II.   ARGUMENT

A defendant's motion to change venue will be granted when a plaintiff has not filed the action in the proper court.  "The court may, on motion, change the place of trial in the following cases: "[w]hen the court designated in the complaint is not the proper court."  Cal. Civ. Proc. Code § 397(a).  Here, the parties have stipulated to change the venue to Santa Clara Superior if the action has not been resolved by June 17, 2019, which it has not been.  Plaintiffs' counsel has also agreed not to oppose this motion.  See Exhibit A to Declaration of Rebecca Stewart filed and served herewith.

---

[1] The loan agreements in question contain a provision for mandatory judicial reference in Santa Clara County and once the case is in the appropriate court, SVB reserves the right to move for judicial reference of the claims being asserted in this action.

1      As a further basis for change of venue, Defendant Silicon Valley Bank's principal place of

2 business is in Santa Clara County. Cal. Code Civ. Proc. § 395(a) (venue is proper "where the

3 defendants or some of them reside"); Cal. Code Civ. Proc. § 395.5 (a corporation resides in the

4 county where it maintains its principal place of business); *Rosas v. Superior Court* (Mercury Cas.

5 Co.), 25 Cal. App. 4th 671, 673-74 (1994); *Sea World, Inc. v. Superior Court*, 13 Cal. App. 3d 100,

6 104 (1970) ("It has long been held that the county in which the principal place of a corporation is

7 located is the county of its 'residence.'"). Further, all the agreements pertaining to causes of action

8 in this case all contain a choice of venue provision designating Santa Clara County as the

9 appropriate venue. Courts in California have held that contracts may stipulate to a statutorily

10 permissible venue. *See Battaglia Enterprises, Inc. v. Sup.Ct.* (Yard House USA, Inc.) (2013) 215

11 CA4th 309, 315 (upholding venue-selection agreement so long as stipulated forum was permissible

12 under statutory venue scheme). The Court should enforce this provision and change the venue of

13 the case there.

14 **III.   CONCLUSION**

15      It cannot be disputed that the appropriate venue for this case is Santa Clara County, and

16 Plaintiffs have stipulated to change to that venue. Moreover, SVB maintains its principal place of

17 business in Santa Clara County, and the agreements at issue in this case mandate venue in Santa

18 Clara County.

19      Accordingly, Defendant's Motion for Change of Venue should be GRANTED.

20 Date: June 17, 2019

21

22                             PILLSBURY WINTHROP SHAW PITTMAN LLP

23

24 

25

                     By:   KENNETH E. KELLER

26                            REBECCA STEWART

27                      Attorneys for Defendant
                     SILICON VALLEY BANK

28

SVB'S NOTICE OF AND UNOPPOSED STIPULATED MOTION TO CHANGE VENUE
CASE NO.: CGC-18-569041

**000036**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| MICHAEL B. ROTHENBERG et al | **Case Management Department 610**<br>**Case Management Order** |
| PLAINTIFF (S) | **19CV355568**<br>NO. ~~CGC-18-569041~~ |
| VS. | |
| SILICON VALLEY BANK, A CORPORATION | **Continued Order to Show Cause** |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jun-04-2019 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Jul-16-2019 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

obtain an answer(s) from, or enter default(s) against, defendant(s).

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  MAY-15-2019          GARRETT L. WONG
_____
                             JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVIC   / MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-15-2019 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  MAY-15-2019                    By: RAYMOND WONG

KENNETH EDWARD KELLER (071450)
PILLSBURY WINTHROP SHAW PITTMAN, LLP
FOUR EMBARCADERO CENTER,
22ND FLOOR
SAN FRANCISCO, CA  94111

JOHN M POTTER (165843)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 CALIFORNIA STREET
22ND FLOOR
SAN FRANCISCO, CA  94111-4788

CERTIFICATE OF SERVICE BY MAIL
Form 000001

000038

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    JOHN M. POTTER (SBN 165843)
2   johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3   jeffnardinelli@quinnemanuel.com
    MARI SAIGAL (SBN 318556)
4   marisaigal@quinnemanuel.com
    50 California Street, 22nd Floor
5   San Francisco, CA 94111-4788
    Telephone: 415.875.6600
6   Facsimile: 415.875.6700

7   *Attorneys for Plaintiffs*

**FILED**

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN _____DEPUTY

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*

**05/15/2019**
**Clerk of the Court**
BY: RAYMOND WONG
Deputy Clerk

8   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   COUNTY OF SAN FRANCISCO

10                                          **19CV355568**

11  MICHAEL B. ROTHENBERG, AN         CASE NO. ~~CGC-18-569041~~
    INDIVIDUAL, ROTHENBERG
12  VENTURES, LLC, ROTHENBERG         **PLAINTIFFS' RESPONSE TO JANUARY 7,**
    VENTURES 2015 FUND, LLC, AND      **2019 ORDER TO SHOW CAUSE**
13  ROTHENBERG VENTURES 2016
    ACCREDITED FUND LP,               Hearing:  June 4, 2019 10:30 a.m.
14                                    Dept. 610
                      Plaintiffs,
15
         vs.
16
    SILICON VALLEY BANK, A
17  CORPORATION,

18                    Defendant.

19

20

21

22

23

24

25

26

27

28

1      Plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015

2 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP ("Plaintiffs") hereby respond to the

3 Court's January 7 Order to Show Cause ("OSC").

4      The Court issued the OSC based upon Plaintiffs' failure to move for a default judgment

5 following the defendant's failure to respond to the Complaint by a then-existing deadline.  As set

6 forth below, given the procedural history of the case, there is no basis to move for a default

7 judgment, including because the defendant's response is not due until June 17, 2019.

8      Since Plaintiffs served the Complaint, the parties have engaged in complex settlement

9 negotiations.  These negotiations have expanded to include multiple actions and parties.  To

10 accommodate these extensive negotiations, the parties have stipulated to, and the Court has granted,

11 extensions to the responsive deadline.  In one instance, the responsive deadline passed before the

12 stipulated extension had been entered, leading to the OSC, but the Court subsequently extended the

13 responsive deadline and continued the OSC hearing.

14      The current responsive deadline is June 17, and the Court has ordered that "[i]n the future,

15 since this case has an OSC date, the parties may simply file a response to the OSC" in lieu of

16 formally seeking further extensions.  The OSC hearing is currently set for June 4.  Given that the

17 current responsive deadline is 13 days after the hearing, there is no basis for Plaintiffs to move for a

18 default judgment prior to the OSC hearing.

19      In light of this record, Plaintiffs respectfully request that the Court refrain from entering a

20 default judgment against defendant, dismissing Plaintiffs' action, or imposing sanctions through an

21 OSC hearing.  Plaintiffs further request that the Court continue the OSC hearing.  The parties will

22 continue their efforts to resolve this dispute without further litigation by June 17, 2019.

23

24

25

26

27

28

000040

1

Dated:  May 15, 2019

2

QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4

5

By:  JOHN M. POTTER

6

Attorneys for Plaintiffs

7

MICHAEL B. ROTHENBERG, ROTHENBERG
VENTURES, LLC, ROTHENBERG VENTURES

8

2015 FUND, LLC, and ROTHENBERG
VENTURES 2016 ACCREDITED FUND LP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">

**PROOF OF SERVICE**

</div>

1

2

     I, Amber Burns, declare under penalty of perjury under the laws of the State of California

3
that the following is true and correct:

4
     I am employed in the City of San Francisco, County of San Francisco, State of California, in
the office of a member of the bar of this court, at whose direction the service was made.  I am a

5
resident of the United States, over the age of eighteen (18) years, and not a party to or interested in
the within-entitled action.  My business address is Quinn Emanuel Urquhart & Sullivan, LLP, at 50

6
California Street, 22nd Floor, San Francisco, CA  94111.

7
     I caused to be served the following document(s):

8
**PLAINTIFFS' RESPONSE TO JANUARY 7, 2019 ORDER TO SHOW
CASE**

9

10
     I caused the above documents to be served on each person on the attached list by the
following means:

11
[X]    I enclosed true and correct copies of said document in an envelope and placed it for
        collection and mailing with the United States Post Office on May 15, 2019 following the

12
        ordinary business practice.
        *(Indicated on the attached address list by an [M] next to the address.)*

13

14
     I am readily familiar with my firm's practice for collection and processing of correspondence
for delivery in the manner indicated above, to wit, that correspondence will be deposited for

15
collection in the above-described manner this same day in the ordinary course of business.

16
     Executed on May 15, 2019, at San Francisco, California.

17

18

19
                          Amber Burns

20

21

22

23

24

25

26

27

28

**000042**

1

## SERVICE LIST

2

3

| Key: [E] Delivery by E-Mail<br>[H] Delivery by Hand<br>Service | [FD] Delivery by Federal Express<br>[E/FD] Delivery by E-Mail and<br>Federal Express | [M]  Delivery by Mail<br>[E/M] Delivery by E-Mail<br>and Mail |
|---|---|---|

4

5

6

7

8

| [M]     Kenneth E. Keller<br>Pillsbury Winthrop Shaw Pittman, LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111<br>Office (415) 983-1084<br>Fax (415) 249-9466<br>kenneth.keller@pillsburylaw.com<br>*Attorney for Silicon Valley Bank* | |
|---|---|

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

000043

QUINN EMANUEL URQUHART & SULLIVAN, LLP
JOHN M. POTTER (SBN 165843)
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI (SBN 295932)
jeffnardinelli@quinnemanuel.com
MARI SAIGAL (SBN 318556)
marisaigal@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

*Attorneys for Plaintiffs*

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/03/2019**
**Clerk of the Court**
BY: BOWMAN LIU
Deputy Clerk

F I L E D

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN _____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO    **19CV355568**

MICHAEL B. ROTHENBERG, AN
INDIVIDUAL, ROTHENBERG
VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND, LLC, AND
ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,

                    Plaintiffs,

        vs.

SILICON VALLEY BANK, A
CORPORATION,

                    Defendant.

CASE NO. ~~CGC-18-569041~~

**PROOF OF SERVICE**

Complaint Filed: August 20, 2018

CASE NO. CGC-18-569041

## PROOF OF SERVICE

I, Amber Burns, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of San Francisco, County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made.  I am a resident of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action.  My business address is Quinn Emanuel Urquhart & Sullivan, LLP, at 50 California Street, 22nd Floor, San Francisco, CA  94111.

I caused to be served the following document(s):

**NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

**[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

I caused the above documents to be served on each person on the attached list by the following means:

[X]    On May 2, 2019, I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served. *(Indicated on the attached address list by an [FD] next to the address.)*

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on May 2, 2019, at San Francisco, California.

_____
Amber Burns

CASE NO. CGC-18-569041

000045

1
2

## SERVICE LIST

| Key: [E] Delivery by E-Mail | [FD] Delivery by Federal Express | [M] Delivery by Mail |
|---|---|---|
| [H] Delivery by Hand Service | [E/FD] Delivery by E-Mail and Federal Express | [E/M] Delivery by E-Mail and Mail |

| | | |
|---|---|---|
| [FD] | Kenneth E. Keller<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111-5998<br>Telephone: 415.983.1000<br>Facsimile: 415.983.1200<br>kenneth.keller@pillsburylaw.com<br>*Attorney for Silicon Valley Bank* | [FD]  Matthew S. Walker<br>Pillsbury Winthrop Shaw Pittman LLP<br>12255 El Camino Real, Suite 300<br>San Diego, CA  92130-4088<br>Telephone: 858.509.4000<br>Facsimile: 858.509.4010<br>matthew.walker@pillsburylaw.com<br>*Attorney for Silicon Valley Bank* |
| [FD] | Monica A. Hernandez<br>Pillsbury Winthrop Shaw Pittman LLP<br>1200 Seventeenth Street, NW<br>Washington, DC  20036<br>Telephone:  650.233.4500<br>Facsimile:  202.663.8007<br>monica.hernandez@pillsburylaw.com<br>*Attorney for Silicon Valley Bank* | |

CASE NO. CGC-18-569041

000046

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    JOHN M. POTTER (SBN 165843)
2   johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3   jeffnardinelli@quinnemanuel.com
    MARI SAIGAL (SBN 318556)
4   marisaigal@quinnemanuel.com
    50 California Street, 22nd Floor
5   San Francisco, CA 94111-4788
    Telephone: 415.875.6600
6   Facsimile: 415.875.6700

7   *Attorneys for Plaintiffs*

8
    PILLSBURY WINTHROP SHAW PITTMAN LLP
9   KENNETH E. KELLER (SBN 71450)
    kenneth.keller@pillsburylaw.com
10  MONICA A. HERNANDEZ (SBN 280195)
    monica.hernandez@pillsburylaw.com
11  REBECCA S. STEWART (SBN 312925)
    rebecca@pillsburylaw.com
12  Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111-5998
13  Telephone: 415.983.1000
    Facsimile: 415.983.1200
14
    *Attorneys for Defendant*
15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                       COUNTY OF SAN FRANCISCO

18                                        19CV355568

19  MICHAEL B. ROTHENBERG, AN            CASE NO. ~~CGC-18-569041~~
    INDIVIDUAL, ROTHENBERG
20  VENTURES, LLC, ROTHENBERG           [PROPOSED] ORDER GRANTING
    VENTURES 2015 FUND, LLC, AND        STIPULATION TO EXTEND TIME TO
21  ROTHENBERG VENTURES 2016            RESPOND TO COMPLAINT *to 6-17-19*
    ACCREDITED FUND LP,
22
                         Plaintiffs,
23                                       Complaint Filed: August 20, 2018
                    vs.
24
    SILICON VALLEY BANK, A
25  CORPORATION,

26                       Defendant.

27

28

                                            Case No. CGC-18-569041
    [~~PROPOSED~~] ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

FILED
San Francisco County Superior Court
MAY 01 2019
CLERK OF THE COURT
BY: Gina Gonzales
       Deputy Clerk

FILED
SEP 09 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY: H. TIEN                    DEPUTY

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN MY OFFICE.
ATTEST: CERTIFIED
SEP 05 2019
CLERK OF THE COURT
Superior Court of California, County of San Francisco
BY:
RAMON A. ALVAREZ    DEPUTY CLERK

1    **PLEASE TAKE NOTICE THAT:**

2        This Court has considered the Stipulation to Extend Time to Respond to Complaint

3    agreed to by plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures

4    2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP and defendant Silicon

5    Valley Bank.  Good cause appearing:

6        IT IS HEREBY ORDERED THAT, the deadline for defendant Silicon Valley Bank to

7    respond to the Complaint has been extended to and includes June 17, 2019. *In the future,*

     *since this case has an osc date, the parties may simply file a response*

8        IT IS SO ORDERED.                                                    *to the osc.*

9

10

11   Dated:   MAY 0 1 2019

                                    _____
12                                  JUDGE OF THE SUPERIOR COURT

                                    ~~HON. TERI L. JACKSON~~
13
                                    **GARRETT L. WONG**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    -2-                Case No. CGC-18-569041

000048

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
JOHN M. POTTER (SBN 165843)

2   johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI (SBN 295932)

3   jeffnardinelli@quinnemanuel.com
MARI SAIGAL (SBN 318556)

4   marisaigal@quinnemanuel.com
50 California Street, 22nd Floor

5   San Francisco, CA 94111-4788
Telephone: 415.875.6600

6   Facsimile: 415.875.6700

7   *Attorneys for Plaintiffs*

8

9   PILLSBURY WINTHROP SHAW PITTMAN LLP
KENNETH E. KELLER (SBN 71450)

10  kenneth.keller@pillsburylaw.com
MONICA A. HERNANDEZ (SBN 280195)

11  monica.hernandez@pillsburylaw.com
REBECCA S. STEWART (SBN 312925)

12  rebecca@pillsburylaw.com
Four Embarcadero Center, 22nd Floor

13  San Francisco, CA 94111-5998
Telephone: 415.983.1000

14  Facsimile: 415.983.1200

15  *Attorneys for Defendant*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*
**05/01/2019**
**Clerk of the Court**
BY:CAROL BALISTRERI
Deputy Clerk

F I L E D
SEP 0 9 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN_____ DEPUTY

16         SUPERIOR COURT OF THE STATE OF CALIFORNIA

17              COUNTY OF SAN FRANCISCO

18

19  MICHAEL B. ROTHENBERG, AN
INDIVIDUAL, ROTHENBERG

20  VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND, LLC, AND

21  ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,

22                Plaintiffs,

23

24        vs.

25  SILICON VALLEY BANK, A
CORPORATION,

26               Defendant.

**19CV355568**

CASE NO. ~~CGC-18-569041~~

**NOTICE OF STIPULATION AND
STIPULATION TO EXTEND TIME TO
RESPOND TO COMPLAINT**

Complaint Filed: August 20, 2018

27

28

Case No. CGC-18-569041

NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

**000049**

1    **PLEASE TAKE NOTICE THAT:**

2         Pursuant to California Rule of Court 3.110, Rule 3.1 of the Local Rules of Court for the

3    San Francisco Superior Court, and the Stipulation filed concurrently herewith, plaintiffs Michael

4    B. Rothenberg, Rothenberg Ventures, LLC ("RV"), Rothenberg Ventures 2015 Fund, LLC, and

5    Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and defendant Silicon

6    Valley Bank ("Defendant" and, with Plaintiffs, the "Parties") hereby stipulate and request that the

7    Court enter an order extending the deadline for Defendant to respond to the Complaint.

8              **STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

9         Plaintiffs and Defendant, by and through their respective counsel of record, hereby

10   stipulate as follows:

11        WHEREAS, through past orders issued by the Court, the current deadline for Plaintiffs to

12   respond to the Complaint is May 1, 2019; and

13        WHEREAS, the Parties have been actively involved in settlement negotiations.  The

14   settlement negotiations are complicated because (i) Defendant has filed a separate action against

15   Plaintiffs Michael B. Rothenberg and RV seeking repayment of certain loans for which it alleges

16   it has a security interest in funds (the "Collateral") held in a depository account maintained by

17   Defendant and (ii) the limited partners (the "LPs") of the Funds assert a competing interest in the

18   same funds which Defendant contends are its collateral (the "Collateral").  Rothenberg Ventures

19   2015 Fund, LLC and Rothenberg Ventures 2016 Accredited Fund LP (the "Funds") have retained

20   Rimon, P.C. to represent their interests in the settlement negotiations.  Rimon, P.C., on behalf of

21   the Funds, has been negotiating with the LPs of the Funds concerning the formation of an LP

22   Oversight Committee that will represent the interests of the LPs in connection with any

23   settlement that might be reached concerning resolution of this case, and the disposition of the

24   Collateral.  Negotiations towards formation of the LP Oversight Committee have made

25   substantial progress, but require additional time;

26        WHEREAS, in light of the complexity of the settlement negotiations, the retention of

27   separate counsel, and the need to form the LP Oversight Committee to represent the LPs in

28   connection with settlement negotiations with Defendant, the Parties request additional time to

1   pursue settlement.  This request is sought exclusively for the purpose of allowing sufficient time

2   to resolve this action through settlement, and not for delay or any other improper purpose;

3        WHEREAS, in light of these considerations and ongoing settlement discussions, the

4   Parties agree that Defendant may have up to and including June 17, 2019 to answer, demur, or

5   otherwise respond to the Complaint;

6        NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to

7   the following:

8        IT IS HEREBY STIPULATED, that Defendant's deadline to respond to the Complaint

9   shall be extended from May 1, 2019 to June 17, 2019.

10  **IT IS SO STIPULATED.**

11

12  Dated:  April 30, 2019                    QUINN EMANUEL URQUHART & SULLIVAN,
                                              LLP

13

14

15  _____

    By:   JOHN M. POTTER

16

17  Attorneys for Plaintiffs
    MICHAEL B. ROTHENBERG, ROTHENBERG

18  VENTURES, LLC, ROTHENBERG VENTURES
    2015 FUND, LLC, and ROTHENBERG
    VENTURES 2016 ACCREDITED FUND LP

19

20

21

22

23

24

25

26

27

28

NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

**000051**

1    DATED:  April 30, 2019                PILLSBURY WINTHROP SHAW PITTMAN LLP

2

3                                          By _____ /s/ Kenneth E. Keller _____

4                                              KENNETH E. KELLER
                                               Attorneys for Defendant
5                                              SILICON VALLEY BANK

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| MICHAEL B. ROTHENBERG et al | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| | **19CV355568** |
| VS. | **NO.** ~~CGC-18-569044~~ |
| SILICON VALLEY BANK, A CORPORATION | |
| | **Continued Order to Show Cause** |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Mar-05-2019 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Jun-04-2019 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

obtain an answer(s) from, or enter default(s) against, defendant(s).

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: FEB-15-2019          GARRETT L. WONG

          JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVIC     MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on FEB-15-2019 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  FEB-15-2019                           By: DARLENE LUM

KENNETH EDWARD KELLER (071450)
PILLSBURY WINTHROP SHAW PITTMAN, LLP
FOUR EMBARCADERO CENTER,
22ND FLOOR
SAN FRANCISCO, CA  94111

JOHN M POTTER (165843)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 CALIFORNIA STREET
22ND FLOOR
SAN FRANCISCO, CA  94111-4788

CERTIFICATE OF SERVICE BY MAIL
Form 000001

000054

QUINN EMANUEL URQUHART & SULLIVAN, LLP
JOHN M. POTTER (SBN 165843)
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI (SBN 295932)
jeffnardinelli@quinnemanuel.com
MARI SAIGAL (SBN 318556)
marisaigal@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

*Attorneys for Plaintiffs*

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco
**02/13/2019**
Clerk of the Court
BY:MARIA OLOPERNES
Deputy Clerk

F I L E D

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

**19CV355568**

MICHAEL B. ROTHENBERG, AN
INDIVIDUAL, ROTHENBERG
VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND, LLC, AND
ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,

                    Plaintiffs,

          vs.

SILICON VALLEY BANK, A
CORPORATION,

                    Defendant.

CASE NO. ~~CGC-18-569041~~

**PLAINTIFFS' RESPONSE TO JANUARY 7,
2019 ORDER TO SHOW CAUSE**

Hearing: March 5, 2019 10:30 a.m.
Dept. 610

1    Plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015

2    Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP ("Plaintiffs") hereby respond to the

3    Court's January 7 Order to Show Cause ("OSC").

4        To put this matter in full context, Plaintiffs served the Complaint on defendant Silicon

5    Valley Bank ("Defendant") on October 17, 2018.  The parties thereafter filed a stipulation to extend

6    the defendant's deadline to respond to the Complaint to December 14, 2018.  The Court granted

7    that extension.

8        As the parties were engaged in settlement discussions aimed at resolving the case, they filed

9    another stipulation to extend the defendant's response from December 14, 2018 to January 14,

10   2019.  Without receiving word from the Court on the stipulation, the December 14 filing deadline

11   passed.  Plaintiffs did not then seek an entry of default against the Bank given the ongoing

12   settlement discussions and the fact that the stipulation to extend the defendant's response date was

13   pending before the Court.  On January 7, the Court entered the OSC based on Plaintiffs' failure to

14   seek a default judgment or obtain an answer by December 14.  However, as detailed below, through

15   subsequent orders, the Court extended defendant's response date to May 1, 2019.  Accordingly,

16   there is no basis by which Plaintiffs can move for a default judgment.

17       On January 10, 2019, the parties submitted a stipulation, noting that the Court had not yet

18   granted nor denied the previous request for an extension, and requesting an extension of defendant's

19   response deadline "from December 14, 2018 to January 31, 2019."  On January 16, the Court

20   granted that extension.

21       On January 28, after settlement discussions increased in scope and complexity, the parties

22   filed a stipulation for an additional extension of time.  As set forth in that stipulation, separate

23   counsel has recently been retained by Plaintiffs Rothenberg Ventures 2015 Fund, LLC and

24   Rothenberg Ventures 2016 Accredited Fund LP to evaluate their interests in settlement discussions.

25   In addition, the investors were forming an Oversight Committee to evaluate settlement issues.

26   After this information was provided to the Court, the Court ruled that "the deadline for Defendant

27   Silicon Valley Bank to respond to the Complaint has been extended to and includes May 1, 2019."

28

---

2                                    Case No. CGC-18-569041
                                    RESPONSE TO ORDER TO SHOW CAUSE

1    In light of this record, Plaintiffs would respectfully request that the Court refrain from

2  entering a default judgment against defendant, dismissing Plaintiffs' action, or imposing sanctions

3  through an OSC hearing.  Pursuant to the Court's order, Defendant's response is now due May 1,

4  2019 and the parties will continue their efforts to resolve this dispute without further litigation

5  before that date.

6

7    Dated: February 13, 2019                QUINN EMANUEL URQUHART & SULLIVAN, LLP

8                                                            *John M Potter*

9

10                                              By:   JOHN M. POTTER

11                                                    Attorneys for Plaintiffs
                                                   MICHAEL B. ROTHENBERG, ROTHENBERG
12                                                 VENTURES, LLC, ROTHENBERG VENTURES
                                                   2015 FUND, LLC, and ROTHENBERG
13                                                 VENTURES 2016 ACCREDITED FUND LP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

000057

## PROOF OF SERVICE

I, Amber Burns, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of San Francisco, County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a resident of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. My business address is Quinn Emanuel Urquhart & Sullivan, LLP, at 50 California Street, 22nd Floor, San Francisco, CA 94111.

I caused to be served the following document(s):

**RESPONSE TO ORDER TO SHOW CAUSE**

I caused the above documents to be served on each person on the attached list by the following means:

[X]    I enclosed true and correct copies of said document in an envelope and placed it for collection and mailing with the United States Post Office on January 10, 2019 following the ordinary business practice.
*(Indicated on the attached address list by an [M] next to the address.)*

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on January 10, 2019, at San Francisco, California.


_____
Amber Burns

000058

1

## SERVICE LIST

2

3

| Key: [E] Delivery by E-Mail<br>[H] Delivery by Hand<br>Service | [FD] Delivery by Federal Express<br>[E/FD] Delivery by E-Mail and<br>Federal Express | [M] Delivery by Mail<br>[E/M] Delivery by E-Mail<br>and Mail |
| --- | --- | --- |

4

5

6

7

8

| [M] | Kenneth E. Keller<br>Pillsbury Winthrop Shaw Pittman, LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111<br>Office (415) 983-1084<br>Fax (415) 249-9466<br>kenneth.keller@pillsburylaw.com<br>*Attorney for Silicon Valley Bank* | |
| --- | --- | --- |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CGC-18-569041
RESPONSE TO ORDER TO SHOW CAUSE

000059

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
   JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
   MARI SAIGAL (SBN 318556)
4  marisaigal@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, CA 94111-4788
   Telephone: 415.875.6600
6  Facsimile: 415.875.6700

7  *Attorneys for Plaintiffs*

8

9  PILLSBURY WINTHROP SHAW PITTMAN LLP
   KENNETH E. KELLER (SBN 71450)
10 kenneth.keller@pillsburylaw.com
   MONICA A. HERNANDEZ (SBN 280195)
11 monica.hernandez@pillsburylaw.com
   REBECCA S. STEWART (SBN 312925)
12 rebecca@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
13 San Francisco, CA 94111-5998
   Telephone: 415.983.1000
14 Facsimile: 415.983.1200

15 *Attorneys for Defendant*

**F I L E D**
San Francisco County Superior Court
JAN 31 2019
CLERK OF THE COURT
BY: _Raymond Wong_
Deputy Clerk

**F I L E D**
SEP 09 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____R. TIEN_____DEPUTY

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                       COUNTY OF SAN FRANCISCO

18                                        **19CV355568**

19 MICHAEL B. ROTHENBERG, AN          CASE NO. ~~CGC-18-569041~~
   INDIVIDUAL, ROTHENBERG
20 VENTURES, LLC, ROTHENBERG          **[~~PROPOSED~~] ORDER GRANTING**
   VENTURES 2015 FUND, LLC, AND       **STIPULATION TO EXTEND TIME TO**
21 ROTHENBERG VENTURES 2016           **RESPOND TO COMPLAINT *to 5-1-19***
   ACCREDITED FUND LP,
22
                    Plaintiffs,
23                                     Complaint Filed: August 20, 2018
         vs.
24
   SILICON VALLEY BANK, A
25 CORPORATION,

26                    Defendant.

27

28

                                              Case No. CGC-18-569041

1    **PLEASE TAKE NOTICE THAT:**

2         This Court has considered the Stipulation to Extend Time to Respond to Complaint agreed

3    to by plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015

4    Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP and defendant Silicon Valley

5    Bank.  Good cause appearing:

6         IT IS HEREBY ORDERED THAT, the deadline for defendant Silicon Valley Bank to

7    respond to the Complaint has been extended to and includes May 1, 2019.

8         IT IS SO ORDERED.

9

10
     Dated:      JAN 31 2019

11                                        _____
                                          JUDGE OF THE SUPERIOR COURT
12                                        HON.
                                                  GARRETT L. WONG
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2                    Case No. CGC-18-569041
     [PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

000061

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    JOHN M. POTTER (SBN 165843)
2   johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3   jeffnardinelli@quinnemanuel.com
    MARI SAIGAL (SBN 318556)
4   marisaigal@quinnemanuel.com
    50 California Street, 22nd Floor
5   San Francisco, CA 94111-4788
    Telephone: 415.875.6600
6   Facsimile: 415.875.6700

7   *Attorneys for Plaintiffs*

8

9   PILLSBURY WINTHROP SHAW PITTMAN LLP
    KENNETH E. KELLER (SBN 71450)
    kenneth.keller@pillsburylaw.com
10  MONICA A. HERNANDEZ (SBN 280195)
    monica.hernandez@pillsburylaw.com
11  REBECCA S. STEWART (SBN 312925)
    rebecca@pillsburylaw.com
12  Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111-5998
13  Telephone: 415.983.1000
    Facsimile: 415.983.1200
14
    *Attorneys for Defendant*
15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                      COUNTY OF SAN FRANCISCO

18                         19CV355568

19  MICHAEL B. ROTHENBERG, AN        CASE NO. ~~CGC-18-569041~~
    INDIVIDUAL, ROTHENBERG
20  VENTURES, LLC, ROTHENBERG         **PROOF OF SERVICE**
    VENTURES 2015 FUND, LLC, AND
21  ROTHENBERG VENTURES 2016
    ACCREDITED FUND LP,
22                                    Complaint Filed: August 20, 2018
                        Plaintiffs,
23
               vs.
24
25  SILICON VALLEY BANK, A
    CORPORATION,
26                      Defendant.

27

28

                                        Case No. CGC-18-569041
    ─────────────────────────────────────────────
                    PROOF OF SERVICE

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco
**01/28/2019**
Clerk of the Court
BY:RAYMOND WONG
Deputy Clerk

F I L E D
SEP 09 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN _____DEPUTY

1

## PROOF OF SERVICE

2    I, Amber Burns, declare under penalty of perjury under the laws of the State of California
3    that the following is true and correct:

4    I am employed in the City of San Francisco, County of San Francisco, State of California, in
     the office of a member of the bar of this court, at whose direction the service was made. I am a
5    resident of the United States, over the age of eighteen (18) years, and not a party to or interested in
     the within-entitled action. My business address is Quinn Emanuel Urquhart & Sullivan, LLP, at 50
     California Street, 22nd Floor, San Francisco, CA 94111.

6    I caused to be served the following document(s):

7
8    **NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME
     TO RESPOND TO COMPLAINT**

9    **[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME
     TO RESPOND TO COMPLAINT**

10
11   I caused the above documents to be served on each person on the attached list by the
     following means:

12   [X]   I enclosed true and correct copies of said document in an envelope and placed it for
            collection and mailing with the United States Post Office on January 28, 2019following the
13          ordinary business practice.
            *(Indicated on the attached address list by an [M] next to the address.)*

14
15   I am readily familiar with my firm's practice for collection and processing of correspondence
     for delivery in the manner indicated above, to wit, that correspondence will be deposited for
16   collection in the above-described manner this same day in the ordinary course of business.

17   Executed on January 28, 2019, at San Francisco, California.

18
19                                                       Amber Burns

20

21

22

23

24

25

26

27

28

000063

1

## SERVICE LIST

2

| Key: [E] Delivery by E-Mail [H] Delivery by Hand Service | [FD] Delivery by Federal Express [E/FD] Delivery by E-Mail and Federal Express | [M] Delivery by Mail [E/M] Delivery by E-Mail and Mail |
|---|---|---|

3

4

| [M] | Kenneth E. Keller Pillsbury Winthrop Shaw Pittman, LLP Four Embarcadero Center, 22nd Floor San Francisco, CA 94111 Office (415) 983-1084 Fax (415) 249-9466 kenneth.keller@pillsburylaw.com *Attorney for Silicon Valley Bank* | |
|---|---|---|

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

000064

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
    MARI SAIGAL (SBN 318556)
4  marisaigal@quinnemanuel.com
    50 California Street, 22nd Floor
5  San Francisco, CA 94111-4788
    Telephone: 415.875.6600
6  Facsimile: 415.875.6700

7  *Attorneys for Plaintiffs*

8

9  PILLSBURY WINTHROP SHAW PITTMAN LLP
    KENNETH E. KELLER (SBN 71450)
    kenneth.keller@pillsburylaw.com
10  MONICA A. HERNANDEZ (SBN 280195)
    monica.hernandez@pillsburylaw.com
11  REBECCA S. STEWART (SBN 312925)
    rebecca@pillsburylaw.com
12  Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111-5998
13  Telephone: 415.983.1000
    Facsimile: 415.983.1200

14

15  *Attorneys for Defendant*

**FILED**
San Francisco County Superior Court

JAN 1 6 2019

CLERK OF THE COURT
BY: *Irma Gonzales*
               Deputy Clerk

**FILED**

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN _____DEPUTY

16        SUPERIOR COURT OF THE STATE OF CALIFORNIA

17              COUNTY OF SAN FRANCISCO

18            **19CV355568**

19  MICHAEL B. ROTHENBERG, AN      CASE NO. ~~CGC-18-569041~~
    INDIVIDUAL, ROTHENBERG
20  VENTURES, LLC, ROTHENBERG     **[~~PROPOSED~~] ORDER GRANTING**
    VENTURES 2015 FUND, LLC, AND   **STIPULATION TO EXTEND TIME TO**
21  ROTHENBERG VENTURES 2016     **RESPOND TO COMPLAINT** *to 1-31-19*
    ACCREDITED FUND LP,
22

23             Plaintiffs,        Complaint Filed: August 20, 2018

24         vs.

25  SILICON VALLEY BANK, A
    CORPORATION,
26           Defendant.

27

28

# ORDER

1    **PLEASE TAKE NOTICE THAT:**

2       This Court has considered the Stipulation to Extend Time to Respond to Complaint agreed

3 to by plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015

4 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP and defendant Silicon Valley

5 Bank. Good cause appearing:

6       IT IS HEREBY ORDERED THAT, the deadline for defendant Silicon Valley Bank to

7 respond to the Complaint has been extended to and includes January 31, 2019.

8       IT IS SO ORDERED.

9

10 Dated:    **JAN 1 6** 2019

11                         JUDGE OF THE SUPERIOR COURT

                              HON. ~~TERI L. JACKSON~~

12

13                               **GARRETT L. WONG**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            2                  Case No. CGC-18-569041

[~~PROPOSED~~] ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
   JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
   MARI SAIGAL (SBN 318556)
4  marisaigal@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, CA 94111-4788
   Telephone: 415.875.6600
6  Facsimile: 415.875.6700

7  *Attorneys for Plaintiffs*

8
   PILLSBURY WINTHROP SHAW PITTMAN LLP
9  KENNETH E. KELLER (SBN 71450)
   kenneth.keller@pillsburylaw.com
10 MONICA A. HERNANDEZ (SBN 280195)
   monica.hernandez@pillsburylaw.com
11 REBECCA S. STEWART (SBN 312925)
   rebecca@pillsburylaw.com
12 Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
13 Telephone: 415.983.1000
   Facsimile: 415.983.1200
14
   *Attorneys for Defendant*
15

16         SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                  COUNTY OF SAN FRANCISCO

18                      **19CV355568**

19 MICHAEL B. ROTHENBERG, AN           CASE NO. ~~CGC-18-569041~~
   INDIVIDUAL, ROTHENBERG
20 VENTURES, LLC, ROTHENBERG           **NOTICE OF STIPULATION AND**
   VENTURES 2015 FUND, LLC, AND        **STIPULATION TO EXTEND TIME TO**
21 ROTHENBERG VENTURES 2016            **RESPOND TO COMPLAINT**
   ACCREDITED FUND LP,
22
                 Plaintiffs,
23                                     Complaint Filed: August 20, 2018
        vs.
24
   SILICON VALLEY BANK, A
25 CORPORATION,

26               Defendant.

27

28
                                        _____
                                        Case No. CGC-18-569041
        NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**01/10/2019**
**Clerk of the Court**
BY:RAYMOND WONG
Deputy Clerk

F I L E D
SEP 0 9 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____A. TIEN_____DEPUTY

1    **PLEASE TAKE NOTICE THAT:**

2         Pursuant to California Rule of Court 3.110, Rule 3.1 of the Local Rules of Court for the San

3    Francisco Superior Court, and the Stipulation filed concurrently herewith, plaintiffs Michael B.

4    Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg

5    Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and defendant Silicon Valley Bank

6    ("Defendant" and, with Plaintiffs, the "Parties") hereby stipulate and request that the Court enter an

7    order extending the deadline for Defendant to respond to the Complaint.

8              **STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

9         Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate

10   as follows:

11        WHEREAS, Plaintiffs filed the Complaint in this matter on August 20, 2018;

12        WHEREAS, Defendant was served with the Complaint on October 17, 2018;

13        WHEREAS, Defendant's response to the Complaint was due on November 16, 2018;

14        WHEREAS, since on or before November 16, 2018, the Parties have actively engaged in

15   settlement discussions;

16        WHEREAS, on November 16, 2018, the Parties stipulated to an extension of time for

17   Defendant to respond to the Complaint to December 14, 2018, which the Court granted;

18        WHEREAS, the Parties continued to discuss settlement;

19        WHEREAS, on December 12, 2018, the Parties stipulated to a second extension of time for

20   Defendant to respond to the Complaint to January 14, 2018, which the Court has neither granted nor

21   denied;

22        WHEREAS, on December 13, 2018, Defendant extended a formal written settlement offer

23   to Plaintiffs;

24        WHEREAS, Plaintiffs are in the process of formulating a settlement counterproposal to

25   present to Defendant;

26        WHEREAS, it would preserve costs and litigation expenses to afford the Parties the

27   opportunity to seek to resolve the matter through settlement without requiring Defendant to file a

28   response to the Complaint;

1    WHEREAS, in light of these considerations and ongoing settlement discussions, the Parties

2  agree that Defendant may have up to and including January 31, 2019 to answer, demur, or

3  otherwise respond to the Complaint;

4    NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to the

5  following:

6    IT IS HEREBY STIPULATED, that Defendant's deadline to respond to the Complaint shall

7  be extended from December 14, 2018 to January 31, 2019.

8

9  / / / /

10  / / / /

11  / / / /

12  / / / /

13  / / / /

14  / / / /

15  **IT IS SO STIPULATED.**

16

17  Dated: January 10, 2019                QUINN EMANUEL URQUHART & SULLIVAN, LLP

18

19

20  By:   JOHN M. POTTER

21       Attorneys for Plaintiffs
         MICHAEL B. ROTHENBERG, ROTHENBERG
22       VENTURES, LLC, ROTHENBERG VENTURES
         2015 FUND, LLC, and ROTHENBERG
23       VENTURES 2016 ACCREDITED FUND LP

24

25

26

27

28

                                    3                  Case No. CGC-18-569041
NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

000069

1   DATED:  January 10, 2019                PILLSBURY WINTHROP SHAW PITTMAN LLP

2

3                                           By        /s/ Kenneth E. Keller

4                                              KENNETH E. KELLER
                                               Attorneys for Defendant
5                                              SILICON VALLEY BANK

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            4                    Case No. CGC-18-569041
        NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

1

## PROOF OF SERVICE

2    I, Amber Burns, declare under penalty of perjury under the laws of the State of California
     that the following is true and correct:

3

4    I am employed in the City of San Francisco, County of San Francisco, State of California, in
     the office of a member of the bar of this court, at whose direction the service was made. I am a
     resident of the United States, over the age of eighteen (18) years, and not a party to or interested in
5    the within-entitled action. My business address is Quinn Emanuel Urquhart & Sullivan, LLP, at 50
     California Street, 22nd Floor, San Francisco, CA 94111.

6

7    I caused to be served the following document(s):

8    **NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME**
     **TO RESPOND TO COMPLAINT**

9    I caused the above documents to be served on each person on the attached list by the
     following means:

10

11   [X]   I enclosed true and correct copies of said document in an envelope and placed it for
           collection and mailing with the United States Post Office on January 10, 2019 following the
           ordinary business practice.
12         *(Indicated on the attached address list by an [M] next to the address.)*

13   I am readily familiar with my firm's practice for collection and processing of correspondence
     for delivery in the manner indicated above, to wit, that correspondence will be deposited for
14   collection in the above-described manner this same day in the ordinary course of business.

15   Executed on January 10, 2019, at San Francisco, California.

16

17                                                        _____
                                                                  Amber Burns
18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

| Key: [E] Delivery by E-Mail | [FD] Delivery by Federal Express | [M] Delivery by Mail |
| [H] Delivery by Hand | [E/FD] Delivery by E-Mail and | [E/M] Delivery by E-Mail |
| Service | Federal Express | and Mail |

3

4

| [M] | Kenneth E. Keller | |
| | Pillsbury Winthrop Shaw Pittman, LLP | |
| | Four Embarcadero Center, 22nd Floor | |
| | San Francisco, CA  94111 | |
| | Office (415) 983-1084 | |
| | Fax (415) 249-9466 | |
| | kenneth.keller@pillsburylaw.com | |
| | *Attorney for Silicon Valley Bank* | |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6                                    Case No. CGC-18-569041

NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| MICHAEL B. ROTHENBERG et al<br><br>PLAINTIFF (S)<br><br>VS.<br><br>SILICON VALLEY BANK, A CORPORATION<br><br>DEFENDANT (S) | **Case Management Department 610**<br>**Case Management Order**<br><br>**19CV355568**<br>NO. ~~CGC-18-569041~~<br><br>**Order To Show Cause** |

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jan-23-2019 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Mar-05-2019 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

obtain an answer(s) from, or enter default(s) against, defendant(s).

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  JAN-07-2019

GARRETT L. WONG
_____
JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVIC    MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-07-2019 I served the attached Order To Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  JAN-07-2019                          By: DARLENE LUM

KENNETH EDWARD KELLER (071450)
PILLSBURY WINTHROP SHAW PITTMAN, LLP
FOUR EMBARCADERO CENTER,
22ND FLOOR
SAN FRANCISCO, CA  94111

JOHN M POTTER (165843)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 CALIFORNIA STREET
22ND FLOOR
SAN FRANCISCO, CA  94111-4788

CERTIFICATE OF SERVICE BY MAIL
Form 000001

000074

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    JOHN M. POTTER (SBN 165843)
2   johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3   jeffnardinelli@quinnemanuel.com
    MARI SAIGAL (SBN 318556)
4   marisaigal@quinnemanuel.com
    50 California Street, 22nd Floor
5   San Francisco, CA 94111-4788
    Telephone:    415.875.6600
6   Facsimile:    415.875.6700

7   *Attorneys for Plaintiffs*

8

9   PILLSBURY WINTHROP SHAW PITTMAN LLP
    KENNETH E. KELLER (SBN 71450)
    kenneth.keller@pillsburylaw.com
10  MONICA A. HERNANDEZ (SBN 280195)
    monica.hernandez@pillsburylaw.com
11  REBECCA S. STEWART (SBN 312925)
    rebecca@pillsburylaw.com
12  Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111-5998
13  Telephone: 415.983.1000
    Facsimile: 415.983.1200
14

15  *Attorneys for Defendant*

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                      COUNTY OF SAN FRANCISCO

18                                        **19CV355568**

19  MICHAEL B. ROTHENBERG, AN          CASE NO.  ~~CGC-18-569041~~
    INDIVIDUAL, ROTHENBERG
20  VENTURES, LLC, ROTHENBERG          **PROOF OF SERVICE**
    VENTURES 2015 FUND, LLC, AND
21  ROTHENBERG VENTURES 2016
    ACCREDITED FUND LP,
22
                        Plaintiffs,
23
            vs.
24
    SILICON VALLEY BANK, A
25  CORPORATION,

26                      Defendant.

27

28
                                        Case No. CGC-18-569041

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**12/12/2018**
Clerk of the Court
BY:VANESSA WU
Deputy Clerk

F I L E D
SEP 09 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ DEPUTY
R. TIEN

1    **PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

2    I, Anna Lau, the undersigned, hereby declare as follows:

3        1.      I am over the age of 18 years and am not a party to the within cause.  I am

4    employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State

5    of California.

6        2.      My email and business addresses are:  anna.lau@pillsburylaw.com; Four

7    Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

8        3.      My mailing address is Four Embarcadero Center, 22nd Floor San Francisco,

9    CA 94111-5998.

10       4.      On December 12, 2018, at Four Embarcadero Center, 22nd Floor, San

11   Francisco, CA 94111-5998, I served a true copy of the attached document(s) titled:

12   **NOTICE OF SECOND STIPULATION AND SECOND STIPULATION TO EXTEND TIME RESPOND COMPLAINT**

13

14   **[PROPOSED] ORDER GRANTING SECOND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

15   by sending it/them via electronic transmission to the following persons at the

16   electronic-mail addresses so indicated:

17

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN LLP<br>John M. Potter<br>Jeffrey Nardinelli<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788<br>Telephone:  (415) 875-6600<br>Facsimile:  (415) 875-6700<br>Email: johnpotter@quinnemanuel.com<br>    jeffnardinelli@quinnemanuel.com | Attorneys for Plaintiffs MICHAEL B. ROTHENBERG, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP |

24       I declare under penalty of perjury that the foregoing is true and correct.  Executed

25   this December 12, 2018, at San Francisco, California.

26

27   _Anna Lau_

28                         Anna Lau

PROOF OF SERVICE BY EMAIL AND MAIL

4813-7489-0073.v1

**000076**

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    JOHN M. POTTER (SBN 165843)
2   johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3   jeffnardinelli@quinnemanuel.com
    MARI SAIGAL (SBN 318556)
4   marisaigal@quinnemanuel.com
    50 California Street, 22nd Floor
5   San Francisco, CA 94111-4788
    Telephone: 415.875.6600
6   Facsimile: 415.875.6700

7   *Attorneys for Plaintiffs*

8

9   PILLSBURY WINTHROP SHAW PITTMAN LLP
    KENNETH E. KELLER (SBN 71450)
    kenneth.keller@pillsburylaw.com
10   MONICA A. HERNANDEZ (SBN 280195)
    monica.hernandez@pillsburylaw.com
11   REBECCA S. STEWART (SBN 312925)
    rebecca@pillsburylaw.com
12   Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111-5998
13   Telephone: 415.983.1000
    Facsimile: 415.983.1200

14

15   *Attorneys for Defendant*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*
**12/12/2018**
Clerk of the Court
BY:VANESSA WU
Deputy Clerk

F I L E D
SEP. 0 9 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN_____ DEPUTY

16       SUPERIOR COURT OF THE STATE OF CALIFORNIA

17           COUNTY OF SAN FRANCISCO

18                   **19CV355568**

19   MICHAEL B. ROTHENBERG, AN         CASE NO. ~~CGC-18-569041~~
    INDIVIDUAL, ROTHENBERG
20   VENTURES, LLC, ROTHENBERG       **NOTICE OF SECOND STIPULATION AND**
    VENTURES 2015 FUND, LLC, AND      **SECOND STIPULATION TO EXTEND TIME**
21   ROTHENBERG VENTURES 2016        **TO RESPOND TO COMPLAINT**
    ACCREDITED FUND LP,
22

23               Plaintiffs,       Complaint Filed: August 20, 2018

24       vs.

25   SILICON VALLEY BANK, A
    CORPORATION,
26              Defendant.

27

28

                                  Case No. CGC-18-569041
NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

**PLEASE TAKE NOTICE THAT:**

Pursuant to California Rule of Court 3.110, Rule 3.1 of the Local Rules of Court for the San Francisco Superior Court, and the Stipulation filed concurrently herewith, plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and defendant Silicon Valley Bank ("Defendant") hereby stipulate and request that the Court enter an order extending the deadline for Defendant to respond to the Complaint.

<u>STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT</u>

Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, Plaintiffs filed the Complaint in this matter on August 20, 2018;

WHEREAS, Defendant was served with the Complaint on October 17, 2018;

WHEREAS, Defendant's response to the Complaint was due on November 16, 2018;

WHEREAS, on November 16, 2016, the Parties stipulated to an extension of time for Defendant to respond to the Complaint to December 14, 2018;

WHEREAS, the Court issued its order extending the time for Defendant to respond to the Complaint to December 14, 2018;

WHEREAS, the parties require additional time to investigate their claims and defenses;

WHEREAS, Plaintiffs and Defendant agree that Defendant may have up to and including January 14, 2019 to answer, demur, or otherwise respond to the Complaint;

NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to the following:

IT IS HEREBY STIPULATED, that Defendant's deadline to respond to the Complaint shall be extended by 30 days from December 14, 2018, and Defendant shall respond to the Complaint on or before January 14, 2019.

/ / / /

/ / /

Case No. CGC-18-569041

NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

000078

1

2    **IT IS SO STIPULATED.**

3

4    Dated:  December 11, 2018          QUINN EMANUEL URQUHART & SULLIVAN, LLP

5

6                                      *John M Potter*

7                                      By:   JOHN M. POTTER

8                                      Attorneys for Plaintiffs
                                       MICHAEL B. ROTHENBERG, ROTHENBERG
9                                      VENTURES, LLC, ROTHENBERG VENTURES
                                       2015 FUND, LLC, and ROTHENBERG
10                                     VENTURES 2016 ACCREDITED FUND LP

11

12   Dated:  December 11, 2018          PILLSBURY WINTHROP SHAW PITTMAN LLP

13

14

15                                     *Ken Keller*

16                                     By:   KENNETH E. KELLER

17                                     Attorneys for Defendant
                                       SILICON VALLEY BANK
18

19

20

21

22

23

24

25

26

27

28

                                          3              Case No. CGC-18-569041
        NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

000079

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
   JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
   MARI SAIGAL (SBN 318556)
4  marisaigal@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, CA 94111-4788
   Telephone:    415.875.6600
6  Facsimile:    415.875.6700

7  *Attorneys for Plaintiffs*

8

9  PILLSBURY WINTHROP SHAW PITTMAN LLP
   KENNETH E. KELLER (SBN 71450)
   kenneth.keller@pillsburylaw.com
10 MONICA A. HERNANDEZ (SBN 280195)
   monica.hernandez@pillsburylaw.com
11 REBECCA S. STEWART (SBN 312925)
   rebecca@pillsburylaw.com
12 Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
13 Telephone: 415.983.1000
   Facsimile: 415.983.1200

14
   *Attorneys for Defendant*
15

16          SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                    COUNTY OF SAN FRANCISCO

18                                       **19CV355568**

19 MICHAEL B. ROTHENBERG, AN          CASE NO. ~~CGC-18-569041~~
   INDIVIDUAL, ROTHENBERG
20 VENTURES, LLC, ROTHENBERG          **[PROPOSED] ORDER GRANTING**
   VENTURES 2015 FUND, LLC, AND       **STIPULATION TO EXTEND TIME TO**
21 ROTHENBERG VENTURES 2016           **RESPOND TO COMPLAINT** *to 12-14-18*
   ACCREDITED FUND LP,
22
                  Plaintiffs,
23                                      Complaint Filed: August 20, 2018
           vs.
24
   SILICON VALLEY BANK, A
25 CORPORATION,

26                Defendant.

27

28
                                      Case No. CGC-18-569041
   [~~PROPOSED~~] ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

FILED
San Francisco County Superior Court
NOV 19 2018
CLERK OF THE COURT
BY: _____
Deputy Clerk

FILED
SEP 09 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ H. TIEN _____ DEPUTY

1   This Court has considered the Stipulation to Extend Time to Respond to Complaint agreed to

2   by plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015 Fund,

3   LLC, and Rothenberg Ventures 2016 Accredited Fund LP and defendant Silicon Valley Bank.  Good

4   cause appearing:

5   IT IS HEREBY ORDERED THAT, the deadline for defendant Silicon Valley Bank to

6   respond to the Complaint has been extended to and includes December 14, 2018.

7   IT IS SO ORDERED.

8

9   Dated:_____NOV 1 9 2018_____

10                                                    JUDGE OF THE SUPERIOR COURT

11                                                         TERI L. JACKSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2                    Case No. CGC-18-569041

[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

000081

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    JOHN M. POTTER (SBN 165843)
2   johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3   jeffnardinelli@quinnemanuel.com
    MARI SAIGAL (SBN 318556)
4   marisaigal@quinnemanuel.com
    50 California Street, 22nd Floor
5   San Francisco, CA 94111-4788
    Telephone:     415.875.6600
6   Facsimile:     415.875.6700

7   *Attorneys for Plaintiffs*

8

9   PILLSBURY WINTHROP SHAW PITTMAN LLP
    KENNETH E. KELLER (SBN 71450)
    kenneth.keller@pillsburylaw.com
10  MONICA A. HERNANDEZ (SBN 280195)
    monica.hernandez@pillsburylaw.com
11  REBECCA S. STEWART (SBN 312925)
    rebecca@pillsburylaw.com
12  Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111-5998
13  Telephone: 415.983.1000
    Facsimile: 415.983.1200
14

15  *Attorneys for Defendant*

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                       COUNTY OF SAN FRANCISCO

18                              **19CV355568**

19  MICHAEL B. ROTHENBERG, AN          CASE NO. ~~CGC-18-569041~~
    INDIVIDUAL, ROTHENBERG
20  VENTURES, LLC, ROTHENBERG          **PROOF OF SERVICE**
    VENTURES 2015 FUND, LLC, AND
21  ROTHENBERG VENTURES 2016
    ACCREDITED FUND LP,
22
23                      Plaintiffs,
24              vs.
25  SILICON VALLEY BANK, A
    CORPORATION,
26
                        Defendant.
27

28
    _____
                                        Case No. CGC-18-569041
                    PROOF OF SERVICE
                  CASE NO: CGC-18-569041

ELECTRONICALLY
**FILED**
*Superior Court of California,
County of San Francisco*
**11/16/2018**
**Clerk of the Court**
BY:RAYMOND WONG
**Deputy Clerk**

**FILED**

SEP 09 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____R. TIEN_____DEPUTY

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, Anna Lau, the undersigned, hereby declare as follows:

1.    I am over the age of 18 years and am not a party to the within cause. I am employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State of California.

2.    My email and business addresses are: anna.lau@pillsburylaw.com; Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

3.    My mailing address is Four Embarcadero Center, 22nd Floor San Francisco, CA 94111-5998.

4.    On November 16, 2018, at Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, I caused to sera true copy of the attached document(s) titled:

**NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

**[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

by sending it/them via electronic transmission through One Legal to the following persons at the electronic-mail addresses so indicated:

| QUINN EMAUEL UROUHART & SULLIVAN LLP John M. Potter Jeffrey W. Nardinelli Mari Saigal 50 California Street, 22nd Floor San Francisco, CA 94111-4788 Telephone: (415) 875-6600 Facsimile: (415) 875-6700 Email: johnpotter@quinnemanuel.com   jeffnardinelli@quinnemanuel.com   marisaigal@quinnemanuel.com | Attorneys for Plaintiffs MICHAEL B. ROTHENBERT, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct. Executed this November 16, 2018, at San Francisco, California.

_____
Anna Lau

PROOF OF SERVICE BY EMAIL

4813-7489-0073.v1

000083

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John M. Potter (156843)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415) 875-6600   FAX NO. *(Optional):* (415) 875-6700<br>E-MAIL ADDRESS *(Optional):* johnpotter@quinnemanuel.com<br>ATTORNEY FOR *(Name):* Plaintiffs, Michael B. Rothenberg, et al. | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**10/18/2018**<br>**Clerk of the Court**<br>BY:NEYL WEBB<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

| PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al. | CASE NUMBER: **19CV355568**<br>~~CGC-18-569041~~ |
|---|---|
| DEFENDANT/RESPONDENT: Silicon Valley Bank, a Corporation | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

**F I L E D**<br>SEP 09 2019<br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY_____R. TIEN_____DEPUTY

3. a. Party served *(specify name of party as shown on documents served):*
   Silicon Valley Bank, a Corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Kenneth Keller, attorney representing Silicon Valley Bank

4. Address where the party was served:
   Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/17/18   (2) at *(time):* 4:15 pm
   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

000084

| PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silicon Valley Bank, a Corporation | CGC-18-569041 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*            (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):*  Silicon Valley Bank, a Corporation

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Amy Pastori

  b. Address: Quinn Emanuel, 50 California Street, 22nd Floor, San Francisco, CA 94111

  c. Telephone number: (415) 875-6600

  d. The fee for service was: $ 0.00

  e. I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 10/17/18

Amy Pastori
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature) Amy Pastori*
    (SIGNATURE )

CASE NUMBER: CGC-18-[ ]41  MICHAEL B. ROTHENBERG [ ] L VS. SILICON VALLEY B/

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** **JAN-23-2019**
>
> **TIME:** **10:30AM**
>
> **PLACE:** **Department 610**
> **400 McAllister Street**
> **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY         H. TIEN          DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Silicon Valley Bank , a corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

An individual

Michael B. Rothenberg; Rothenberg Ventures, LLC; Rothenberg Ventures 2015 Fund, LLC; Rothenberg Ventures 2016 Accredited Fund LP

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco County Superior Court | CASE NUMBER: *(Número del Caso):* CGC-18-569041 |
|---|---|

400 McAllister Street
San Francisco, CA 94102

19CV355568

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

John Potter; Quinn Emanuel, 50 California St, 22 Floor, San Francisco, CA 94111, (415) 875-6600

DATE: August AUG 3 0 2019 CLERK OF THE COURT     Clerk, by MEREDITH GRIER , Deputy
*(Fecha)*                                                    *(Secretario)*                                          *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

000087

ORIGINAL

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       John M. Potter (Bar No. 165843)
2      johnpotter@quinnemanuel.com
       Jeffrey W. Nardinelli (Bar No. 295932)
3      jeffnardinelli@quinnemanuel.com
       Mari Saigal (Bar No. 318556)
4      marisaigal@quinnemanuel.com
       50 California Street, 22nd Floor
5      San Francisco, California 94111-4788
       Telephone:    (415) 875-6600
6      Facsimile:    (415) 875-6700

7   Attorneys for Plaintiffs

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  MICHAEL B. ROTHENBERG, AN
    INDIVIDUAL, ROTHENBERG VENTURES,
12  LLC, ROTHENBERG VENTURES 2015
    FUND, LLC, AND ROTHENBERG
13  VENTURES 2016 ACCREDITED FUND LP,

14
                   Plaintiffs,
15
             vs.
16
    SILICON VALLEY BANK, A
17  CORPORATION,

18                 Defendant.

19

20

21

22

23

24

25

26

27

28

**F I L E D**
San Francisco County Superior Court

AUG 2 0 2018

CLERK OF THE COURT
BY_____
                Deputy Clerk

**F I L E D**

SEP 0 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ H. TIEN _____ DEPUTY

**19CV355568**

**CGC-18-569041**

CASE NO.
*Unlimited Jurisdiction*

**COMPLAINT FOR:**

**1. NEGLIGENCE**

**2. DECEIT**

**3. FRAUD AND DECEIT BASED ON A
CONCEALMENT**

**4. NEGLIGENT INTERFERENCE WITH
PROSPECTIVE ECONOMIC
ADVANTAGE**

**5. UNFAIR AND FRAUDULENT
BUSINESS PRACTICE**

**DEMAND FOR JURY TRIAL**

COMPLAINT

1  Plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC (formerly Rothenberg

2  Ventures Management Company, LLC, both hereinafter, the "Management Company"),

3  Rothenberg Ventures 2015 Fund, LLC (hereinafter, the "2015 Fund"), and Rothenberg Ventures

4  2016 Accredited Fund LP (hereinafter, the "2016 Fund," with the 2015 Fund, "the Funds," and

5  collectively with other Plaintiffs, "Plaintiffs") complain against Defendant Silicon Valley Bank

6  (the "Bank" or "SVB") as follows:

7  **INTRODUCTION**

8  1.    This action concerns Silicon Valley Bank's circumvention of internal controls to

9  engage in an unauthorized financial transaction that resulted in damages to Mr. Rothenberg, the

10  Management Company, and the Funds in excess of one hundred million dollars.  Through this

11  unauthorized transfer, SVB transferred millions of dollars into the wrong account, thereby

12  creating the false appearance that Mr. Rothenberg and/or the Management Company had

13  embezzled money from the 2015 Fund.

14  2.    The underlying transaction was supposed to be simple and straightforward.  In

15  December 2015, the Bank was supposed to set up a line of credit for the Management Company.

16  This line of credit was to be secured by $4.25 million in collateral in the form of pre-paid

17  management fees owed to the Management Company by the 2015 Fund (the "Prepaid Fees").  To

18  achieve that transaction, Mr. Rothenberg instructed the Bank to create a new fund account to hold

19  the collateral (the "2015 Fund Collateral Account").

20  3.    Notwithstanding these clear instructions, owing to time pressures that put the Bank

21  "in uncharted territory" and dealing with a blown internal bank deadline, SVB went ahead and

22  transferred the 2015 Fund's $4.25 million into an account maintained by the Management

23  Company (the "Unauthorized Transfer").  SVB made this Unauthorized Transfer without

24  disclosure to Mr. Rothenberg or the Management Company.

25  4.    By moving the Prepaid Fees into an account controlled by the Management

26  Company, the Bank created the false appearance that the Management Company and Mr.

27  Rothenberg had wrongfully misappropriated millions in investor funds.  In the world of venture

28  capital, no transgression is more egregious.  Having been effectively branded as an embezzler by

COMPLAINT

1  the Bank's Unauthorized Transfer, the Management Company collapsed, costing fund investors

2  tens of millions in would-be investment gains and destroying Mr. Rothenberg's career.

3  **PARTIES**

4       5.      Mr. Rothenberg is an individual residing in the State of California, County of San

5  Francisco.

6       6.      Rothenberg Ventures, LLC is a Delaware LLC with its principal place of business

7  at 1062 Folsom Street, San Francisco, California 94103.

8       7.      Rothenberg Ventures 2015 Fund, LLC is a Delaware LLC with its principal place

9  of business at 1062 Folsom Street, San Francisco, California 94103.

10      8.      Rothenberg Ventures 2016 Accredited Fund LP is a Delaware limited partnership

11  with its principal place of business at 1062 Folsom Street, San Francisco, California 94103.

12      9.      Silicon Valley Bank is a California corporation with its principal place of business

13  at 3003 Tasman Drive, Santa Clara, California 95054.

14  **JURISDICTION AND VENUE**

15      10.     Jurisdiction is appropriate because Defendant Silicon Valley Bank is, on

16  information and belief, a California corporation which does business in California.

17      11.     Venue is appropriate in San Francisco County because, on information and belief,

18  Defendant Silicon Valley Bank does business in San Francisco County, and because a substantial

19  part of the alleged events giving rise to Plaintiffs' claims occurred in this county.  Plaintiffs have

20  also suffered injury in large part in this county.

21      12.     Subject matter jurisdiction is appropriate in this Court because the amount in

22  controversy exceeds this Court's jurisdictional minimum.

23  **FACTS**

24  **A.      Michael Rothenberg Establishes And Grows The Management Company**

25      13.     Michael Rothenberg founded Rothenberg Ventures Management Company—a

26  venture capital firm that raises funds from investors to invest in high-tech startup companies—

27  while attending Harvard Business School.  The Management Company closed an initial

28  investment fund in September 2013 and raised increasingly larger funds in 2014, 2015, and 2016.

-2-

14.     Mr. Rothenberg invested exceptionally well, generating outsized returns for his investors.  Mr. Rothenberg's notable early investments included Elon Musk's SpaceX in 2012 and investment app Robinhood in 2013, the latter having experienced 500-times growth since Mr. Rothenberg helped fund the company.  Additional portfolio companies with successful exits or up-rounds include, to name only a few of many, Patreon, Chubbies, Revel Systems, and Payable.

15.     Mr. Rothenberg developed relationships with high-profile individuals, companies, and institutional investors.  Forbes labeled the Management Company as the "VC For The Millennial Set."[1]  A lavish profile on Mr. Rothenberg was entitled:  "Meet Mike Rothenberg, The 28-Year Old Whose Seed Fund Could Be The Best Bang For Your Cap Table Buck."[2]

16.     Mr. Rothenberg's status as an up-and-coming venture capitalist was not lost on Silicon Valley Bank.  The Bank had "carv[ed] a niche at the heart of the tech sector," catering to needs of tech companies and venture capitalists by offering new and innovative banking services.[3]  As American Banker noted, the Bank was notorious for "its aggressive growth in business lines that would make other bankers, who are more risk-averse and unaccustomed to volatility, feel queasy."[4]

17.     As the market for banking services in Silicon Valley became increasingly competitive,[5] Silicon Valley Bank aggressively cultivated a relationship for Mr. Rothenberg's business.  After convincing Mr. Rothenberg to hold accounts for the Management Company and the Funds with the Bank, SVB incessantly pitched Mr. Rothenberg for still more business.  The Bank wooed him with VIP invitations to high-profile events.  The Bank sponsored Mr. Rothenberg's annual "Founder Field Day" – an event in AT&T Park celebrating the Funds'

---

[1]   https://www.forbes.com/sites/alexkonrad/2014/07/09/vc-millennials-rothenberg-ventures/

[2]   https://techcrunch.com/2013/01/06/meet-mike-rothenberg-the-27-year-old-whose-seed-fund-could-be-the-best-bang-for-your-cap-table-buck/

[3]   https://www.americanbanker.com/news/svb-is-riding-the-tech-wave-to-record-profits-can-it-last; http://www.latimes.com/business/la-fi-silicon-valley-bank-20150807-story.html.

[4]   https://www.americanbanker.com/news/svb-is-riding-the-tech-wave-to-record-profits-can-it-last.

[5]   https://www.cnbc.com/2014/10/14/-as-banks-chase-boom.html.

-3-

COMPLAINT

1   portfolio companies and investors.  As part of its efforts to gain additional business from the

2   Management Company, SVB offered to open a line of credit for the Management Company.

3   **B.      The Management Company Seeks A Line of Credit From The Bank, But The Bank
         Radically Alters The Transaction Without Permission**

4

5              18.     At the end of 2015, Mr. Rothenberg took up the Bank's offer to open a line of

6   credit for the Management Company.  On December 23, 2015, acting personally and on behalf of

7   the Management Company and the Funds, Mr. Rothenberg directed the Bank to create the 2015

8   Fund Collateral Account, which would hold collateral to support the line of credit.  The same

9   day, the Bank set up the 2015 Fund Collateral Account and so informed Mr. Rothenberg -- the

10  first in a series of assurances that it was faithfully carrying out his instructions.[6]  These

11  assurances proved to be short-lived.

12             19.     Mr. Rothenberg's directives in setting up a fund account could not have been more

13  clear.  Mr. Rothenberg instructed the Bank on multiple occasions that the Prepaid Fees would be

14  held by the 2015 Fund, not the Management Company:

15          •   On December 24, 2015, in response to an email from the Bank concerning the 2015

16              Fund Collateral Account, Mr. Rothenberg explained in an email to the Bank:

17              "We'd like to set up a LoC against cash that is funded there."

18          •   The same day, in another email, Mr. Rothenberg explained that the Prepaid Fees

19              would fund the 2015 Fund Collateral Account:  "The members have pre-paid

20              somewhere between $1.7-5m of expenses, which we have in cash and will fund the

21              recently opened account.  The management company would like to access a LoC

22              for opex secured by these funds that are ultimately owed to the management

23              company."

24          •   On December 24, 2015, Bank representative Judy Lee emailed Mr. Rothenberg

25              confirming that the collateral account for the line of credit would be "Rothenberg

26

27     _____

       [6]   In its correspondence with Mr. Rothenberg, the Bank referred to the 2015 Fund Collateral
28  Account  as the "2015 Fund Escrow Account" or the "2015 Fund Sub Account."

COMPLAINT

1          Ventures 2015 Fund, LLC – [xxxxxxx]8782" -- the 2015 Fund Collateral Account

2          that the Bank had just opened.

3          20.    In setting up this line of credit collateralized by the Prepaid Fees, however, the

4  Bank faced a serious time constraint.  While the Bank typically needed three weeks of internal

5  quality assurance to set up a line of credit through its loan processing group, this transaction was

6  supposed to be completed by year's end, leaving the Bank less than one week to complete it.

7  Confronted by this time constraint, the Bank took a shortcut -- without Mr. Rothenberg's

8  approval and to his everlasting detriment.

9          21.    Contemporaneous emails memorialize that in its zeal to close the transaction with

10  Mr. Rothenberg, the Bank abandoned its own internal controls and structured a transaction that

11  would have left other banks "queasy."  Senior banker Frank Amoroso admitted that the Bank was

12  "operating under duress" due to end-of-year volume, staffing levels, and imminent deadlines.

13  This senior banker admitted that the Bank had abandoned its quality-control measures in

14  structuring the line of credit transaction:  "The deadline for our internal QA & loan processing

15  group to process and fund new loans for year-end has already passed, so, we are in uncharted

16  territory / working on an exception / special dispensation basis at this point."

17          22.    To set up the line of credit before the end of the year, the Bank upended the

18  structure of the transaction.  Instead of transferring the $4.25 million in Prepaid Fees into the

19  2015 Fund Collateral Account as Mr. Rothenberg directed, the Bank transferred the money into a

20  new Management Company account (the "Management Company Collateral Account").

21  Moreover, the structure that Mr. Rothenberg proposed would have put the Bank in the position of

22  holding collateral in the name of a party not signatory to the line of credit agreement.  By altering

23  the structure and instead holding the collateral in the name of the Management Company, the

24  Bank advanced its own interests by creating a more easily-enforceable collateral obligation.

25          23.    Despite sending no fewer than *twenty-three* emails to Mr. Rothenberg between

26  December 23-30, the Bank *never once* emailed Mr. Rothenberg informing him that, under the

27  altered structure, the collateral would be held in an account owned by the Management Company.

28

000093 COMPLAINT

24.    To illustrate, Mr. Rothenberg directed the Bank to perform a straightforward transaction, depicted by the following diagram:

### TRANSACTION ORDERED BY MR. ROTHENBERG



25.    The Bank – without Mr. Rothenberg's knowledge or consent – executed a radically different and convoluted transaction depicted by the following diagram:

### TRANSACTION EXECUTED BY THE BANK



26.    The Bank's transaction, which was effectuated solely for its own benefit, resulted in the transfer of title of $4.25 million from the 2015 Fund to the Management Company. The Unauthorized Transfer had an inescapable and devastating effect: it created the false appearance that Mr. Rothenberg had embezzled millions in investor funds.

-6-

**C.     The False Appearance Of Misappropriation Ruins Rothenberg Ventures**

27.     When banking records indicate that a fund manager has misappropriated investor money, the results are inevitable and catastrophic.

28.     Shortly after the Bank wrongfully executed the Unauthorized Transfer, high-level employees within the Management Company (but at that point, not Mr. Rothenberg) noticed, reviewed, and discussed the misapplication of investor funds into the Management Company's account.  Unaware of the Bank's complicity in structuring the Unauthorized Transfer without Mr. Rothenberg's knowledge or approval, the employees began to view Mr. Rothenberg's and the Management Company's otherwise legitimate transactions through a deep prism of suspicion. Resignations from the Management Company swept through lower-level ranks and the C-level suite.

29.     By August 2016, less than eight months after the Unauthorized Transfer, the "Millennial Venture Firm" had collapsed.  Silicon Valley tech journalists seized upon the story. The Bank's Unauthorized Transfer gave rise to the following incendiary headline:  "Mike Rothenberg allegedly wired $5.2 million from Silicon Valley Bank without investor permission."[7]

**D.     The Bank's Wrongdoing Causes Massive Financial And Reputational Damage**

30.     Prior to the events just described, those who had entrusted their money to Mr. Rothenberg had been amply rewarded.  Many existing investments enjoyed favorable exits, while others saw their valuations soar in up-rounds.  The 2016 Fund was attracting investment on the order of a million dollars per week as it accelerated toward its goal of raising $50 million.  The Bank's Unauthorized Transfer, and the consequences flowing from it, brought this momentum to a crushing halt.

---

[7]   https://techcrunch.com/2016/09/20/mike-rothenberg-allegedly-wired-5-2-million-from-silicon-valley-bank-without-investor-permission/

-7-

COMPLAINT

000095

31.     The Bank's unauthorized actions destroyed Mr. Rothenberg and the Management
Company.  Effectively branded an embezzler due to the Unauthorized Transfer, Mr. Rothenberg
could no longer raise capital and continue his business.

32.     Investors in the 2015 and 2016 Funds were damaged due to the inability of the Mr.
Rothenberg to make additional successful investments on behalf of existing and future funds.  For
example, these investors lost out on millions from would-be deals with companies such as Unity,
Robinhood, Cobalt Robotics, and Vicarious Surgical.

**E.      Mr. Rothenberg Links The Improper Money Transfer To The Firm's Destruction**

33.     On August 21, 2017, Mr. Rothenberg conducted a comprehensive review of
relevant records which led to his realization that the Bank's Unauthorized Transfer was
responsible for the catastrophic harm referenced in this Complaint.  Mr. Rothenberg immediately
informed the Bank that its wrongdoing had "played a significant role in the confusion that led to
the harm."  The Bank admitted in an email that "it is factually accurate to attribute the original
structure of the transaction as a mistake by SVB."

## FIRST CAUSE OF ACTION:

### Negligence, brought by all Plaintiffs

34.     Plaintiffs hereby re-allege, as if set forth fully herein, each of the foregoing
allegations.

35.     The Bank had a duty to act with reasonable care in its transactions with its
customers, including faithfully carrying out its customer's wishes and informing customer of any
deliberate deviation from the orders it was given.

36.     On information and belief, the Bank negligently, grossly, and/or willfully breached
that duty when it transferred investor funds into an account owned by the Management Company
without authorization.

37.     This breach created a false appearance of misappropriation, which spread
perniciously both inside and outside the Management Company, leading to the decimation of the
Management Company, the destruction of Mr. Rothenberg's good will and reputation, and losses
to the Funds including losses in existing and future investments.

COMPLAINT

## SECOND CAUSE OF ACTION:

### Deceit, brought by all Plaintiffs

38.     Plaintiffs hereby re-allege, as if set forth fully herein, each of the foregoing allegations.

39.     The Bank misrepresented the owner of the account into which the Bank transferred $4.25 million of fees prepaid by the 2015 Fund.

40.     On information and belief, the Bank deliberately concealed from Mr. Rothenberg that it would place the Prepaid Fees into an account controlled by the Management Company in order to induce Mr. Rothenberg, on behalf of himself, the Management Company, and the Funds, to approve the transaction, so that the Bank could grow its relationship with an up-and-coming venture capitalist.

41.     Mr. Rothenberg justifiably relied on the Bank's statements to him that the 2015 Fund Collateral Account would hold the collateral backing the line of credit.  Based upon the Bank's representations, Mr. Rothenberg justifiably believed that the Bank had placed the $4.25 million in Prepaid Fees into the 2015 Fund Collateral Account that Mr. Rothenberg had opened days earlier expressly for that purpose.

42.     Plaintiffs were damaged as a result, based on the false appearance of misappropriation created by the Bank's actions, which spread perniciously both inside and outside the Management Company, leading to the decimation of the Management Company, the destruction of Mr. Rothenberg's good will and reputation, and losses to the Funds including losses in existing and future investments.

## THIRD CAUSE OF ACTION:

### Fraud and Deceit Based On A Concealment, brought by all Plaintiffs

43.     Plaintiffs hereby re-allege, as if set forth fully herein, each of the foregoing allegations.

44.     The Bank had a business relationship with Plaintiffs with a duty to faithfully perform the requested transaction, but intentionally concealed and suppressed the material fact

COMPLAINT

000097

1  that the Prepaid Fees were placed in the Management Company Collateral Account, not the 2015

2  Fund Collateral Account, as Plaintiffs had instructed.

3      45.    Having been directed to place the Prepaid Fees into the 2015 Fund Collateral

4  Account to facilitate a line of credit, the Bank had a duty to carry out these instructions and to

5  inform its customer of its deliberate deviation.

6      46.    The Bank disclosed that it was placing funds into a collateral account but, with

7  intent to deceive, intentionally did not disclose that it was placing funds into an account

8  controlled by the Management Company.

9      47.    Mr. Rothenberg, on behalf of himself, the Management Company, and the Funds,

10  was unaware that the Prepaid Fees had been placed into the Management Company Collateral

11  Account.  He justifiably relied on his communications with the Bank to believe that the Prepaid

12  Fees would be placed in the 2015 Fund Collateral Account, and would not have proceeded with

13  the transaction had he known otherwise.

14      48.    Plaintiffs were damaged as a result, based on the false appearance of

15  misappropriation created by the Bank's actions, which spread perniciously both inside and

16  outside the Management Company, leading to the decimation of the Management Company, the

17  destruction of Mr. Rothenberg's good will and reputation, and losses to the Funds including

18  losses in existing and future investments.

19                    **FOURTH CAUSE OF ACTION:**

20  **Negligent Interference With Prospective Economic Advantage, brought by all Plaintiffs**

21      49.    Plaintiffs hereby re-allege, as if set forth fully herein, each of the foregoing

22  allegations.

23      50.    Plaintiffs were in beneficial economic relationships including the relationships

24  between the Management Company and the Funds, with the limited partners who invested money

25  into the Funds, and with the portfolio companies into which the Funds had invested.  These

26  economic relationships probably would have resulted in economic benefits for all Plaintiffs.  The

27  Bank knew or should have known of these relationships, including through its sponsorship of

28

-10-

COMPLAINT

1    multiple events involving the Funds, the companies, and the investors, and knew or should have

2    known that the Bank's failure to act with reasonable care would disrupt these relationships.

3        51.    The Bank failed to act with reasonable care and engaged in wrongful conduct by

4    dramatically altering the terms of the deal ordered by Mr. Rothenberg and by concealing and

5    suppressing that it was placing the Prepaid Fees into an account owned by the Management

6    Company.  The concealment allowed the Bank to execute the Unauthorized Transfer, thereby

7    growing its relationship with an up-and-coming venture capitalist.  The Bank's wrongful conduct

8    was driven by improper motives, improper means in concealing the nature of the transaction, and

9    breach of duty and the established standard of dealing between a bank and its customers.  The

10   Bank knew or should have known that its wrongful conduct would disrupt Plaintiffs' beneficial

11   economic relationships.

12       52.    This wrongful conduct created the false appearance of misappropriation that spread

13   perniciously both inside and outside Rothenberg Ventures, disrupting all economic relationships

14   between the Funds, the limited partner investors, and the Management Company.  This disruption

15   was caused by the wrongful conduct.

16       53.    Plaintiffs were damaged as a result of this disruption, through the decimation of the

17   Management Company, the destruction of Mr. Rothenberg's good will and reputation, and losses

18   to the Funds including losses in existing and future investments.

19                            **FIFTH CAUSE OF ACTION:**

20         **Unfair and Fraudulent Business Practice (Cal. B&P 17200 _et seq._)**

21       54.    Plaintiffs hereby re-allege, as if set forth fully herein, each of the foregoing

22   allegations.

23       55.    Defendant Silicon Valley Bank is a business.

24       56.    The Bank performed an unfair and fraudulent act by deliberately concealing and

25   suppressing the structure of the Unauthorized Transfer, in an attempt to defraud Mr. Rothenberg,

26   a member of the public acting on behalf of himself, the Management Company, and the Funds,

27   into unknowingly accepting the terms of the altered deal so that the Bank could execute the deal

28   before the end of 2015, thereby growing its relationship with an up-and-coming venture

COMPLAINT

capitalist. This unconscionable loan modification was immoral, unethical, oppressive, unscrupulous, and substantially injurious, and had an impact on Plaintiffs that outweighs the Bank's reasons, justifications, and motives for the act.

57.    The Bank's unfair and fraudulent act created the false appearance of misappropriation, which spread perniciously both inside and outside the Management Company, leading to the decimation of the Management Company, the destruction of Mr. Rothenberg's good will and reputation, and losses to the Funds including losses in existing and future investments.

## PRAYER FOR RELIEF

BASED ON THE FOREGOING, Plaintiff requests the following relief:

1.    Judgment in favor of Plaintiffs and against Defendant Silicon Valley Bank on Plaintiffs' First through Fifth Causes of Action;

2.    That the Court order Defendant to reimburse Plaintiffs for all costs and losses incurred by Plaintiffs as a result of Defendant's wrongful and unlawful conduct described herein;

3.    That the Court grant Plaintiffs an award of damages in an amount according to proof in excess of $25,000, subject to proof at trial;

4.    That the Court grant Plaintiffs pre-judgment interest on all such damages, monetary or otherwise;

5.    That the Court order Defendant to pay Plaintiffs punitive damages according to proof in an amount sufficient to deter Defendant from engaging in similar malicious and offensive conduct in the future; and

6.    That the Court award Plaintiffs such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury.

000100   COMPLAINT

1   DATED:  August 20, 2018

2

3

4   By _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

John W. Potter
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Attorneys for Plaintiffs

000101                                    COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

John Potter (SBN 165843), Jeff Nardinelli (SBN 295932), Mari Saigal (SBN 318556)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111

TELEPHONE NO.: (415) 875-6600   FAX NO.: (415) 875-6700
ATTORNEY FOR *(Name):* Michael B. Rothenberg, Rothenberg Ventures LLC, et. al.

**F I L E D**
San Francisco County Superior Court

AUG 20 2018

CLERK OF THE COURT
BY: Marlia Graa
Deduty Clerk

**19CV355568**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

CASE NAME:
Rothenberg v. Silicon Valley Bank

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **CGC-18-569041** |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

**F I L E D**
FEB 09 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY: R. TIEN, DEPUTY

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: August 20, 2018
John Potter
_____
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

000102



**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**000103**

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John M. Potter (Bar No. 165843)
50 California Street, 22nd Floor
San Francisco, CA  94111-4788
TELEPHONE NO.: 415.875.6600          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* johnpotter@quinnemanuel.com
ATTORNEY FOR *(Name):* Plaintiffs, Michael B. Rothenberg, et al.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/24/2019 5:19 PM
Reviewed By: Yuet Lai
Case #19CV355568
Envelope: 3434507**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME:

CASE NAME:
MICHAEL B. ROTHENBERG, et al. v. SILICON VALLEY BANK

| **SUBSTITUTION OF ATTORNEY - CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>19CV355568 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* (PLEASE SEE THE ATTACHED)    makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☒ Attorney *(name):* John M. Potter, Esq.
2. **New legal representative** ☐ Party is representing self* ☒ Attorney
   a. Name: Scott R. Raber / Paul Jasper   b. State Bar No. *(if applicable):* 194924 / 200138
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
   Rimon, P.C.
   One Embarcadero Center, Suite 400
   San Francisco, CA  94111
   d. Telephone No. *(include area code):* 415.683.5472
3. The party making this substitution is a ☒ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date: 8/12/2019

J.R. Eppler on behalf of (please see the attached)          ▶ *J.R. Eppler*
_____
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: 8/12/2019

John M. Potter, Esq.          ▶ *John M Potter*
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 8/12/2019

Scott R. Raber, Esq.          ▶ *[signature]*
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)          Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | CEB<br>ceb.com | Essential<br>Forms | **SUBSTITUTION OF ATTORNEY - CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>*www.courtinfo.ca.gov* |

**000104**

**MC-050**

| CASE NAME: |  | CASE NUMBER: |
|---|---|---|
| ROTHENBERG, et al. v. SILICON VALLEY BANK |  | 19CV355568 |

### PROOF OF SERVICE BY MAIL
### Substitution of Attorney - Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney-Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney-Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney-Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:  September 25, 2019        (2) Place of mailing *(city and state):*  San Francisco, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:        September 25, 2019

| Lisa L. Ransdall | *Lisa Ransdall* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE) |

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:   Kenneth Keller, Esq.
   b. Address *(number, street, city, and ZIP):*

   Pillsbury Winthrop Shaw Pittman LLP
   Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*


   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*


   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*


   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*


☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY - CIVIL**
**(Without Court Order)**

## Attachment to Substitution of Attorney

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name):
Plaintiff **Rothenberg Ventures 2015 Fund, LLC** makes the following
substitution:

4.      **Rothenberg Ventures 2015 Fund, LLC**

**MC-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>John M. Potter (Bar No. 165843)<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788<br>TELEPHONE NO.: 415.875.6600   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: johnpotter@quinnemanuel.com<br>ATTORNEY FOR *(Name)*: Plaintiffs, Michael B. Rothenberg, et al. | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/24/2019 5:19 PM<br>Reviewed By: Yuet Lai<br>Case #19CV355568<br>Envelope: 3434507** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA |
|---|
| STREET ADDRESS: 191 N. First Street |
| MAILING ADDRESS: Same |
| CITY AND ZIP CODE: San Jose, CA  95113 |
| BRANCH NAME: |

| CASE NAME:<br>MICHAEL B. ROTHENBERG, et al. v. SILICON VALLEY BANK |
|---|

| **SUBSTITUTION OF ATTORNEY - CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>19CV355568 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* (PLEASE SEE THE ATTACHED)   makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☒ Attorney *(name):* John M. Potter, Esq.
2. **New legal representative** ☐ Party is representing self* ☒ Attorney
   a. Name: Scott R. Raber / Paul Jasper   b. State Bar No. *(if applicable)*: 194924 / 200138
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
   Rimon, P.C.
   One Embarcadero Center, Suite 400
   San Francisco, CA  94111
   d. Telephone No. *(include area code):* 415.683.5472
3. The party making this substitution is a ☒ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify):*

---

### *NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES

- **Guardian**
- **Conservator**
- **Trustee**
- **Personal Representative**
- **Probate fiduciary**
- **Corporation**
- **Guardian ad litem**
- **Unincorporated association**

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney.  SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

### NOTICE TO PARTIES WITHOUT ATTORNEYS
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date: 8/12/2019

   J.R. Eppler on behalf of (please see the attached)
   _____   ▶ *J.R. Eppler* _____
   (TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: 8/12/2019

   John M. Potter, Esq.
   _____   ▶ *John M Potter* _____
   (TYPE OR PRINT NAME)                         (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 8/12/2019

   Scott R. Raber, Esq.
   _____   ▶ _____
   (TYPE OR PRINT NAME)       (See reverse for proof of service by mail)   (SIGNATURE OF NEW ATTORNEY)

   Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | CEB<br>ceb.com  **Essential<br>Forms** | **SUBSTITUTION OF ATTORNEY - CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|---|

**000107**

**MC-050**

| CASE NAME: | CASE NUMBER: |
|---|---|
| MICHAEL ROTHENBERG, et al. v. SILICON VALLEY BANK | 19CV355568 |

### PROOF OF SERVICE BY MAIL
### Substitution of Attorney - Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney-Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney-Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney-Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:  September 25, 2019        (2) Place of mailing *(city and state):*  San Francisco, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  September 25, 2019

| | |
|---|---|
| Lisa L. Ransdall | *Lisa Ransdall* |
| (TYPE OR PRINT NAME) | (SIGNATURE) |

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:   Kenneth Keller, Esq.
   b. Address *(number, street, city, and ZIP):*

   Pillsbury Winthrop Shaw Pittman LLP
   Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*



   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*



   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*



   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*



   ☐ List of names and addresses continued in attachment.



### SUBSTITUTION OF ATTORNEY - CIVIL
### (Without Court Order)

**000108**

# Attachment to Substitution of Attorney

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name):
Plaintiff **Rothenberg Ventures 2016 Accredited Fund LP** makes the
following substitution:

4.      **Rothenberg Ventures 2016 Accredited Fund LP**



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
CIVIL DIVISION



**FILE COPY**

**Clerk of the Court**
Superior Court of CA County of Santa Clara
BY_____ R. TIEN_____ DEPUTY

RE:          **Michael Rothenberg et al vs Silicon Valley Bank**
Case Number:   **19CV355568**

## NOTICE OF TRANSFER OF CIVIL MATTER

Notice is hereby given that this action has been transferred in from San Francisco County to Santa Clara County. Please refer to the Court's address below for all future filings.

Please note that as of February 13, 2018, it is now mandatory for filings submitted by attorneys to be submitted electronically. Please visit www.scscourt.org for details regarding electronic filing.

**PREVIOUS ID:** CGC-18-569041

**SANTA CLARA SUPERIOR COURT – CIVIL DIVISION – 191 N. FIRST STREET, SAN JOSE, CA 95113**

Date:  September 25, 2019

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the Americans With Disabilities Act, please contact the Court Administrator's Office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922

**DECLARATION OF SERVICE BY MAIL:** I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on September 25, 2019.  CLERK OF THE COURT, by Rachel Tien, Deputy.

cc:  John M Potter  50 California Street 22nd Floor  Quinn Emanuel Urquhart & Sullivan LLP  SAN FRANCISCO CA  94111
Jeffrey W Nardinelli  Quinn Emanuel Urquhart & Sullivan LLP  50 California Street  22nd Floor  San Francisco CA  94111-4788
Kenneth E Keller  Pillsbury Winthrop Shaw Pittman LLP  Four Embarcadero Center 22nd Floor  San Francisco CA  94111-5998
Rebecca Schiesser  Pillsbury Winthrop Shaw Pittman LLP  Four Embarcadero Center 22nd Floor  SAN FRANCISCO CA  94111-5998
Scott Robert Raber  1 Embarcadero Center Suite 400  San Francisco CA  94111

SC-8017 REV 07/06/16

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
   JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, CA 94111-4788
   Telephone: 415.875.6600
5  Facsimile: 415.875.6700
   *Attorneys for Plaintiffs*
6  MICHAEL B. ROTHENBERG and
7  ROTHENBERG VENTURES, LLC

8  **RIMON LAW**
9  PAUL JASPER (SBN 200138)
   paul.jasper@rimonlaw.com
10 SCOTT RABER (SBN 194924)
   scott.raber@rimonlaw.com
11 One Embarcadero Center, Suite 400
12 San Francisco, CA  94111
   Telephone:  415.870.4296
13 *Attorneys for Plaintiffs*
   ROTHENBERG VENTURES 2015 FUND,
14 LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

15 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
16 KENNETH E. KELLER (SBN 71450)
   kenneth.keller@pillsburylaw.com
17 MONICA A. HERNANDEZ (SBN 280195)
   monica.hernandez@pillsburylaw.com
18 REBECCA S. STEWART (SBN 312925)
   rebecca@pillsburylaw.com
19 Four Embarcadero Center, 22nd Floor
20 San Francisco, CA 94111-5998
   Telephone: 415.983.1000
21 Facsimile: 415.983.1200
   *Attorneys for Defendant*
22

23                SUPERIOR COURT OF THE STATE OF CALIFORNIA

24                        COUNTY OF SANTA CLARA

25

26

27

28

Case No. 19-CV-355568

EX PARTE APPLICATION TO EXTEND TIME FOR RESPONSIVE PLEADING

000111

F I L E D

OCT 30 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____
                    DEPUTY



| | |
|---|---|
| 1   MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG | CASE NO.  19-CV-355568 |
| 2   VENTURES, LLC, ROTHENBERG | ***EX PARTE* APPLICATION SEEKING** |
| 3   VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 | **ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE** |
| 4   ACCREDITED FUND LP, | **PLEADING** |
| 5                   Plaintiffs, | Complaint Filed: August 20, 2018 |
| 6       vs. | |
| 7   SILICON VALLEY BANK, A | |
| 8   CORPORATION, | |
| 9                 Defendant. | |

10

11         The parties hereby ask the Court *ex parte* to grant the Stipulation to Extend Time for

12   Responsive Pleading agreed to by Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC,

13   Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP

14   (collectively, "Plaintiffs") and Defendant Silicon Valley Bank ("Defendant").  The parties have

15   discussed the stipulation at length.  Plaintiffs do not oppose and join this *ex parte* application.  This

16   *ex parte* application is based on the Stipulation to Extend Time for Responsive Pleading and

17   Declaration in Support.

18   DATED:  October 24, 2019             PILLSBURY WINTHROP SHAW PITTMAN LLP

19

20

21                   By:  KENNETH E. KELLER

22                         Attorneys for Defendant
                            SILICON VALLEY BANK

23

24

25

26

27

28

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
   JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, CA 94111-4788
   Telephone: 415.875.6600
5  Facsimile: 415.875.6700
   *Attorneys for Plaintiffs*
6  MICHAEL B. ROTHENBERG and
7  ROTHENBERG VENTURES, LLC

8  **RIMON LAW**
9  PAUL JASPER (SBN 200138)
   paul.jasper@rimonlaw.com
10 SCOTT RABER (SBN 194924)
   scott.raber@rimonlaw.com
11 One Embarcadero Center, Suite 400
   San Francisco, CA  94111
12 Telephone:  415.870.4296
13 *Attorneys for Plaintiffs*
   ROTHENBERG VENTURES 2015 FUND,
14 LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

15 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
16 KENNETH E. KELLER (SBN 71450)
   kenneth.keller@pillsburylaw.com
17 MONICA A. HERNANDEZ (SBN 280195)
   monica.hernandez@pillsburylaw.com
18 REBECCA S. STEWART (SBN 312925)
   rebecca@pillsburylaw.com
19 Four Embarcadero Center, 22nd Floor
20 San Francisco, CA 94111-5998
   Telephone: 415.983.1000
21 Facsimile: 415.983.1200
   *Attorneys for Defendant*
22

23              SUPERIOR COURT OF THE STATE OF CALIFORNIA

24                        COUNTY OF SANTA CLARA

25

26

27

28

Case No. 19-CV-355568

HERNANDEZ DECL. ISO EX PARTE APPLICATION TO EXTEND TIME FOR RESPONSIVE PLEADING



| | |
|---|---|
| 1   MICHAEL B. ROTHENBERG, AN | CASE NO. 19-CV-355568 |

MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP,

Plaintiffs,

vs.

SILICON VALLEY BANK, A CORPORATION,

Defendant.

CASE NO. 19-CV-355568

**DECLARATION OF MONICA A. HERNANDEZ IN SUPPORT OF EX PARTE APPLICATION SEEKING ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING**

Complaint Filed: August 20, 2018

I, Monica A. Hernandez, declare as follows:

1.      I am an attorney with the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel for Defendant Silicon Valley Bank. I am a member of the bar of the State of California and admitted before this Court. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify competently to those facts.

2.      The parties in this action are in the midst of discussions to settle this and other litigations between the parties, and seek an extension of time in which to resolve the litigations without further litigation.

3.      Today at 7:47 a.m. PDT, via email, I informed Plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Defendants") of the intent to file for an extension of time *ex parte* so that the parties could obtain an order on October 25, 2019, which is the current deadline for responsive pleadings in this action. Defendants consented to this filing.

////
////
////
////

2

Case No. 19-CV-355568

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2  is true and correct.  Executed on this 24th day of October, 2019, at Arlington, Virginia.

3

4

5                                                                Monica A. Hernandez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HERNANDEZ DECL. ISO EX PARTE APPLICATION TO EXTEND TIME FOR RESPONSIVE PLEADING

000115

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
    JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
    50 California Street, 22nd Floor
4  San Francisco, CA 94111-4788
    Telephone: 415.875.6600
5  Facsimile: 415.875.6700
    *Attorneys for Plaintiffs*
6  MICHAEL B. ROTHENBERG and
7  ROTHENBERG VENTURES, LLC

8  **RIMON LAW**
    PAUL JASPER (SBN 200138)
9  paul.jasper@rimonlaw.com
    SCOTT RABER (SBN 194924)
10 scott.raber@rimonlaw.com
    One Embarcadero Center, Suite 400
11 San Francisco, CA 94111
    Telephone: 415.870.4296
12 *Attorneys for Plaintiffs*
13 ROTHENBERG VENTURES 2015 FUND,
14 LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

15 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
16 KENNETH E. KELLER (SBN 71450)
    kenneth.keller@pillsburylaw.com
17 MONICA A. HERNANDEZ (SBN 280195)
    monica.hernandez@pillsburylaw.com
18 REBECCA S. STEWART (SBN 312925)
    rebecca@pillsburylaw.com
19 Four Embarcadero Center, 22nd Floor
20 San Francisco, CA 94111-5998
    Telephone: 415.983.1000
21 Facsimile: 415.983.1200
22 *Attorneys for Defendant*

23              SUPERIOR COURT OF THE STATE OF CALIFORNIA

24                         COUNTY OF SANTA CLARA

25

26

27

28

F I L E D

OCT 30 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
  t. turner

Case No. 19-CV-355568

NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING

000116

1  MICHAEL B. ROTHENBERG, AN
   INDIVIDUAL, ROTHENBERG
2  VENTURES, LLC, ROTHENBERG
   VENTURES 2015 FUND, LLC, AND
3  ROTHENBERG VENTURES 2016
   ACCREDITED FUND LP,
4
5                          Plaintiffs,
6        vs.
7  SILICON VALLEY BANK, A
   CORPORATION,
8
9                          Defendant.

CASE NO.  19-CV-355568

**NOTICE OF STIPULATION AND
STIPULATION TO EXTEND TIME FOR
RESPONSIVE PLEADING**

Complaint Filed: August 20, 2018

10

11    **PLEASE TAKE NOTICE THAT:**

12        Pursuant to California Rule of Court 3.110(e) and the Stipulation filed concurrently

13  herewith, Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015

14  Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and

15  Defendant Silicon Valley Bank ("Defendant"), hereby stipulate and request that the Court enter an

16  order extending the deadline for Defendant to respond to the complaint in this action (the

17  "Complaint").

18    <u>**STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**</u>

19        Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate

20  as follows:

21        WHEREAS, this action was transferred from San Francisco County to Santa Clara County

22  on September 25, 2019, and the deadline for Defendant to respond to the Complaint is currently

23  October 25, 2019;

24        WHEREAS, the parties have been actively involved in settlement negotiations to try to

25  resolve this case as well as two other cases involving the parties currently pending in this court:

26  *Silicon Valley Bank v. Michael Rothenberg, Rothenberg Ventures LLC*, Case No. 19-CV-343267

27  and *Silicon Valley Bank v. Rothenberg Ventures LLC*, Case No. 19-CV-343268 (together with this

28  action, "the Actions").  It is anticipated that the Plaintiffs in this action (Michael Rothenberg,

                                          2                    Case No. 19-CV-355568

000117

1  Rothenberg Ventures LLC and the Funds) will respond to Silicon Valley Bank's settlement demand

2  shortly.  Once that offer has been made, the Parties anticipate further discussions and meetings to

3  try and resolve the case;

4        WHEREAS, in light of the complexity of the settlement negotiations and the recent

5  retention of separate counsel for the Funds, the Parties request additional time to pursue settlement.

6  This request is sought exclusively for the purpose of allowing sufficient time to resolve this action

7  through settlement, and not for delay or any other improper purpose;

8        NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to

9  the following:

10        The deadline for Defendant to respond to the Complaint shall be extend from October 25,

11  2019 to January 26, 2020.

12

13  **IT IS SO STIPULATED.**

14

15  DATED:  October 24, 2019        QUINN EMANUEL URQUHART & SULLIVAN, LLP

16

17                         By:   JOHN M. POTTER

18                            Attorneys for Plaintiffs

19                            MICHAEL B. ROTHENBERG, ROTHENBERG

20                            VENTURES, LLC

21  DATED:  October 24, 2019        PILLSBURY WINTHROP SHAW PITTMAN LLP

22

23

24                         By:   KENNETH E. KELLER

25                            Attorneys for Defendant

26                            SILICON VALLEY BANK

27

28

NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING

**000118**

1   DATED:  October 24, 2019                    RIMON PC

2

3

4                                        By:   PAUL JASPER

5                                              Attorneys for ROTHENBERG VENTURES 2015
                                               FUND, LLC AND ROTHENBERG VENTURES
6                                              2016 ACCREDITED FUND LP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   JOHN M. POTTER (SBN 165843)
2  johnpotter@quinnemanuel.com
   JEFFREY W. NARDINELLI (SBN 295932)
3  jeffnardinelli@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, CA 94111-4788
   Telephone: 415.875.6600
5  Facsimile: 415.875.6700
   *Attorneys for Plaintiffs*
6
7  **RIMON LAW**
   PAUL JASPER (SBN 200138)
8  paul.jasper@rimonlaw.com
   SCOTT RABER (SBN 194924)
9  scott.raber@rimonlaw.com
   One Embarcadero Center, Suite 400
10 San Francisco, CA  94111
   Telephone:  415.870.4296
11 *Attorneys for Plaintiffs*
   ROTHENBERG VENTURES 2015 FUND,
12 LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP
13
14 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   KENNETH E. KELLER (SBN 71450)
15 kenneth.keller@pillsburylaw.com
   MONICA A. HERNANDEZ (SBN 280195)
16 monica.hernandez@pillsburylaw.com
   REBECCA S. STEWART (SBN 312925)
17 rebecca@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
18 San Francisco, CA 94111-5998
   Telephone: 415.983.1000
19 Facsimile: 415.983.1200
   *Attorneys for Defendant*
20
21
22          SUPERIOR COURT OF THE STATE OF CALIFORNIA
23                    COUNTY OF SANTA CLARA
24
25
26
27
28

Case No. 19-CV-355568
[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING

FILED
OCT 3 0 2019
BY
Superior Court of CA County of Santa Clara
Chief Executive Officer/Clerk
A. FLORESCA DEPUTY

ORIGINAL


FAXED

| | |
|---|---|
| 1    MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG<br>2    VENTURES, LLC, ROTHENBERG<br>3    VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016<br>4    ACCREDITED FUND LP, | CASE NO. 19-CV-355568 |

1

2

3

4

MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP,

CASE NO. 19-CV-355568

**[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING**

Complaint Filed: August 20, 2018

5                   Plaintiffs,

6         vs.

7    SILICON VALLEY BANK, A CORPORATION,

8

9                   Defendant.

10

11 **PLEASE TAKE NOTICE THAT:**

12      This Court has considered the Stipulation to Extend Time for Responsive Pleading agreed to

by Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund,

13

14 LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant

Silicon Valley Bank ("Defendant"). Good cause appearing:

15      IT IS HEREBY ORDERED THAT the deadline for Defendant to respond to the Complaint

16 has been extended to and includes January 26, 2020.

17

18      IT IS SO ORDERED.

*Case Mgt cof continued to 2/18/20 @ 10:00 Dept 2*

19

20 DATED: *10/30/19*                 _____
                                   JUDGE OF THE SUPERIOR COURT

21

                               Hon. Mark H. Pierce

22

23

24

25

26

27

28

                                        2                          Case No. 19-CV-355568

Hon. Mark H. Pierce

000122

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
JOHN M. POTTER (SBN 165843)
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI (SBN 295932)
jeffnardinelli@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700
*Attorneys for Plaintiffs*
MICHAEL B. ROTHENBERG and
ROTHENBERG VENTURES, LLC

**RIMON LAW**
PAUL JASPER (SBN 200138)
paul.jasper@rimonlaw.com
SCOTT RABER (SBN 194924)
scott.raber@rimonlaw.com
One Embarcadero Center, Suite 400
San Francisco, CA  94111
Telephone:  415.870.4296
*Attorneys for Plaintiffs*
ROTHENBERG VENTURES 2015 FUND,
LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
KENNETH E. KELLER (SBN 71450)
kenneth.keller@pillsburylaw.com
MONICA A. HERNANDEZ (SBN 280195)
monica.hernandez@pillsburylaw.com
REBECCA S. STEWART (SBN 312925)
rebecca@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
*Attorneys for Defendant*

F I L E D

OCT 3 0 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA



Case No. 19-CV-355568

NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING

000123

| | |
|---|---|
| 1 | MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP, |

CASE NO.  19-CV-355568

**PROOF OF SERVICE**

Complaint Filed: August 20, 2018

Plaintiffs,

vs.

SILICON VALLEY BANK, A
CORPORATION,

Defendant.

<u>PROOF OF SERVICE BY ELECTRONIC TRANSMISSION AND MAIL</u>

I, Anna Lau, the undersigned, hereby declare as follows:

1.      I am over the age of 18 years and am not a party to the within cause.  I am employed by Pillsbury Winthrop Shaw Pittman LLP in the County of , State of California.

2.      My email and business addresses area:  anna.lau@pillsburylaw.com; Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

3.      My mailing address is Four Embarcadero Center, 22nd Floor San Francisco, CA 94111-5998.

4.      On October 24, 2019, at Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, I served a true copy of the attached document(s) titled exactly

**EX PARTE APPLICATION SEEKING ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING**

**DECLARATION OF MONICA A. HERNANDEZ IN SUPPORT OF EX PARTE APPLICATION SEEKING ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING**

**NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING**

**[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADING**

2                    Case No. 19-CV-355568

PROOF OF SERVICE

by sending it/them via electronic transmission to the following persons at the electronic-mail

addresses so indicated:

| Quinn Emanuel Urquhart & Sullivan LLP<br>John Potter<br>Jeff Nardinelli<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br>johnpotter@quinnemanuel.com<br>jeffnardinelli@quinnemanuel.com<br><br>Attorneys for Plaintiffs<br>Michel B. Rothenberg and Rothenberg Ventures, LLC | Rimon Law<br>Paul Jasper<br>Scott Raber<br>One Embarcadero Center, Suite 400<br>San Francisco, CA 94111<br>Telephone: (415) 870-4296<br>Facsimile:<br>paul.jasper@rimonlaw.com<br>scott.raber@rimonlaw.com<br><br>Attorneys for Plaintiffs Rothenberg Ventures 2015 Fund, LLC and Rothenberg Ventures 2016 Accredited Fund LLP |
|---|---|

5.     In addition to the electronic transmission, a true copy of the said document(s) was

placed in a sealed envelope, addressed as indicated in the service list above, and deposited in

regularly maintained interoffice mail for collection, postage, and same-day delivery to the United

States Postal Service for delivery to the addressee.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 24th

day of October, 2019, at San Francisco, California.

_____
Anna Lau

Paul S. Jasper (SBN 200138)
    Email: paul.jasper@rimonlaw.com
Scott R. Raber (SBN 194924)
    Email:  scott.raber@rimonlaw.com
RIMON, P.C.
ONE EMBARCADERO CENTER, SUITE 400
San Francisco, California 94111
Telephone:      (415) 683-5472
Facsimile:      (415) 683-5472

Attorneys for Plaintiffs
ROTHENBERG VENTURES 2015, FUND, LLC and
ROTHENBERG VENTURES 2016 ACCREDITED FUND, LP

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/4/2019 11:49 AM
Reviewed By: D Harris
Case #19CV355568
Envelope: 3726150

SUPERIOR COURT OF STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MICHAEL B. ROTHENBERG, an individual; ROTHENBERG VENTURES, LLC; ROTHENBERG VENTURES 2015 FUND, LLC; and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP, <br><br> Plaintiffs, <br><br> vs. <br><br> SILICON VALLEY BANK, a corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  19CV355568 <br><br> **FIRST AMENDED COMPLAINT OF ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP FOR:** <br><br>   1.  **NEGLIGENCE** <br>   2.  **CONCEALMENT** <br>   3.  **BREACH OF FIDUCIARY DUTY** <br>   4.  **CONVERSION** <br>   5.  **WRONGFUL FORECLOSURE** <br>   6.  **UNFAIR AND FRAUDULENT BUSINESS PRACTICE** <br>   7.  **DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed:  August 20, 2019 <br> Trial Date:        None set |

Plaintiffs Rothenberg Ventures 2015 Fund LLC (the "2015 Fund") and Rothenberg Ventures 2016 Accredited Fund LP (the "2016 Fund," and, along with the 2015 Fund, the "Funds") complain separately against Defendant Silicon Valley Bank ("SVB" or the "Bank") as follows:

## INTRODUCTION

1.      The Funds bring this First Amended Complaint for two principal reasons.  First, since the complaint commencing this case was filed on August 20, 2018 (the "Original Complaint"), the interests of the Funds, on the one hand, and those of Plaintiffs Michael B. Rothenberg ("Rothenberg") and Plaintiff Rothenberg Ventures, LLC (as further defined below, "RVMC"), on the other hand, have diverged.  This divergence in interest arises primarily from alleged misconduct by Rothenberg in his capacity as manager of RVMC, an investment advisory firm that manages the Funds.  After being accused by the Securities and Exchange Commission (the "SEC") of misconduct, Rothenberg resigned as manager of RVMC on or about October 19, 2018, and was replaced by current managers Burke Robinson and J.R. Eppler.  Messrs. Robinson and Eppler, in their capacity as managers  of RVMC, now manage the Funds, and have directed that this First Amended Complaint be filed to amend the Funds' claims arising out of the facts alleged in the Original Complaint.[1]

2.      Second, the Funds seek to recover from SVB $4.25 million of cash (the "Cash") that was held in a deposit account maintained by SVB, and wrongfully foreclosed upon by SVB after the Original Complaint was filed.  As described in the Original Complaint, SVB engaged in wrongdoing in connection with the RVMC Loan (as defined below) by making an unauthorized, and self-serving, transfer of $4.25 million of Cash, which belonged to the 2015 Fund, to a deposit account owned by RVMC, in which RVMC granted SVB a security interest to secure the RVMC Loan.  On or about July 1, 2019, approximately ten months after the filing of the Original Complaint, SVB notified RVMC that SVB foreclosed on that deposit account and that all remaining Cash had been applied to

---

[1] Rothenberg's management of RVMC has spawned a handful of related lawsuits, including (i) an action brought by the Securities and Exchange Commission (*SEC v. Rothenberg, et al.*, N.D. Ca. 18-CV-05080), filed August 20, 2018, and (ii)  two separate actions brought by SVB to enforce its rights vis-à-vis loans made by SVB to Rothenberg (*SVB v. Michael Rothenberg and Rothenberg Ventures, LLC*, 19-CV-343267) and a loan (the RVMC Loan, as further defined herein) made to RVMC (*SVB v. Rothenberg Ventures, LLC*, 19-CV-343268).

pay amounts SVB alleges were owed to it by RVMC in connection with the RVMC Loan (as further defined below).

3.      The $4.25 million of Cash that SVB wrongfully transferred belonged to the Funds. None of the Funds was a co-borrower or guarantor of the RVMC Loan, and RVMC had no rights in the Cash.   Therefore, RVMC had no right to use the Funds' Cash as collateral to secure a loan from SVB to RVMC.

4.      SVB wrongfully initiated a transfer of the Cash from an account owned by the 2015 Fund to an account held by RVMC, without requisite consent.  Immediately prior to the closing of the RVMC Loan, the Cash was held in an account owned by the 2015 Fund.  Therefore, to ensure that the account pledged to it was funded and the loan would not be under-secured, SVB transferred the Cash from the account owned by the 2015 Fund to the RVMC account in which SVB held a security interest.  SVB made that transfer for its own benefit, and without obtaining the informed consent of RVMC, Rothenberg, or the Funds.

5.      If not for SVB either deliberately or negligently misleading RVMC and the Funds to believe that the $4.25 million of Cash would be transferred to a collateral account owned by the 2015 Fund, the RVMC Collateral Account in which SVB asserts a security interest would not have been funded, SVB's claims against RVMC would be under-secured, and the Cash would still be in a 2015 Fund account.  In light of its misconduct, the $4.25 million of Cash should be returned by SVB to the 2015 Fund and SVB should be left to pursue its claims against RVMC.

6.      Despite the Cash having been transferred without authorization, thereby causing the Cash to be improperly and defectively pledged to SVB, SVB applied the Cash to pay amounts it alleges were due from RVMC under the RVMC Loan.  On or about July 1, 2019, SVB foreclosed on the remaining $3.7 million of Cash remaining in the account by applying it to the outstanding balance of the RVMC Loan.  On information and belief, the other $550,000 of the Cash had previously been applied by SVB to pay amounts allegedly owed under the RVMC Loan. Before that foreclosure, SVB had been informed that the Funds asserted ownership of the Cash based on the foregoing facts.

1  Nevertheless, SVB exercised dominion over the Cash and proceeded with the foreclosure, thus

2  disregarding the Funds' interests in the Cash.

3      7.      In light of SVB's misconduct, the Funds assert that SVB should disgorge the Cash

4  and return the entire $4.25 million of Cash to the Funds.

5                              **PARTIES**

6      8.      The 2015 Fund is a Delaware limited liability company incorporated on or about

7  December 10, 2014 with its principal place of business in the County of San Francisco, State of

8  California.  The 2015 Fund registered as a foreign limited liability company in the State of California

9  on or about August 14, 2015. The 2015 Fund invests primarily in equity of early-stage technology

10  companies.

11      9.      The 2016 Fund is a Delaware limited partnership with its principal place of business

12  in the County of San Francisco, State of California.

13      10.     Rothenberg Ventures, LLC is a limited liability company organized and existing

14  under the laws of the State of Delaware, with its principal place of business in the County of San

15  Francisco, State of California, and was formerly known at various times after its formation as

16  Rothenberg Ventures Management Company, LLC and Frontier Technology Venture Capital LLC

17  (Rothenberg Ventures LLC, Rothenberg Ventures Management Company, LLC and Frontier

18  Technology Venture Capital LLC are collectively referred to as "RVMC").  RVMC is an investment

19  advisory firm founded by Rothenberg that managed the Funds.

20      11.     The Funds are informed and believe, and based thereon allege, that Rothenberg is an

21  individual who resides in the County of San Francisco, State of California.   Rothenberg founded

22  RVMC and, until his resignation on or about October 19, 2018, was RVMC's manager and chief

23  executive officer.  Since Rothenberg's resignation and through the filing of this First Amended

24  Complaint, RVMC has been managed jointly by Burke Robinson and J.R. Eppler.

25      12.     Defendant SVB is a corporation organized and existing under the laws of the State of

26  California, with its principal place of business in the County of Santa Clara, State of California.

27

28

13.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, are unknown to the Funds, who therefore sue said defendants by such fictitious names.  The Funds will amend this First Amended Complaint to show their true names and capacities when the same have been ascertained.

14.     The Funds are informed and believe, and based thereon allege, that each of the Doe Defendants was the agent, servant and/or employee of each of the other defendants, and in doing and suffering the acts hereinafter alleged, each was acting in such capacity and within the relative scope of his, her, or its authority.

## **FACTUAL BACKGROUND**

15.     The Funds have suffered losses as a result SVB's self-serving, unauthorized transfer of the Cash in 2015, followed ultimately by its subsequent improper foreclosure on such Cash in 2019.

**A.     RVMC Obtained a 2015 Revolver Loan, Secured by Cash Collateral.**

16.     On December 29, 2015, SVB and RVMC entered into a loan and security agreement (the "RVMC Loan Agreement") whereby SVB made a loan to RVMC of up to $4.25 million under a revolving line of credit (the "RVMC Loan").

17.     In connection with the RVMC Loan, RVMC granted SVB a security interest in a collateral account (the "Account" or the "RVMC Collateral Account") which, at the closing and funding of the loan, held the Cash in the amount of $4.25 million.

18.     On December 30, 2015, RVMC drew down $4 million on the RVMC Loan.

**B.     In 2019, SVB Commenced this Action and Foreclosed on the Cash.**

19.     About three years later, on February 12, 2019, SVB commenced two separate actions in this Court to enforce its rights vis-à-vis loans made by SVB to Rothenberg: *SVB v. Michael Rothenberg and Rothenberg Ventures, LLC*, 19-CV-343267 and *SVB v. Rothenberg Ventures, LLC*, 19-CV-343268 (the "RVMC Loan Action").  In its complaint in the RVMC Loan Action (the "RVMC Loan Action Complaint"), SVB alleged, among other things, that RVMC was in default under the RVMC Loan Agreement, and sought declaratory relief that it had a perfected security

1    interest in the Account and had the right to foreclose on the Account and apply the Cash to repay

2    RVMC's obligations under the RVMC Loan.

3        20.      On July 1, 2019, SVB provided notice to RVMC that it had foreclosed on the Account

4    and had applied all of the Cash remaining in the Account to pay amounts overdue under the RVMC

5    Loan. This foreclosure was unexpected because SVB specifically acknowledged in the RVMC Loan

6    Action Complaint that RVMC and Rothenberg disputed SVB's entitlement to foreclose.

7    Accordingly, the RVMC Loan Action Complaint prayed that the Court issue a declaration that "SVB

8    is entitled to foreclose on the Account pursuant to Cal. Commercial Code § 9607)(a)(4), apply the

9    cash to repay the obligations under the RVMC Loan until such obligations are indefeasibly repaid in

10    full, and to remit the remaining balance, if any, to Defendants as may be directed by this Court."

11    RVMC Loan Action Complaint, ¶ 32(c). No such declaration has been issued by the Court in the

12    RVMC Loan Action.

13       **C.**      **The Monies in the Account Belonged to the Funds, Not Borrower RVMC.**

14        21.      The Cash in the Account rightfully belonged (and still belongs) to the Funds, and not

15    RVMC. In December 2015, in order to secure the RVMC Loan, Rothenberg misrepresented to SVB

16    that the $4.25 million of Cash constituted prepaid management fees and expenses owed to RVMC.

17    In fact, at the time Rothenberg made that representation, RVMC already had taken more in fees from

18    the 2015 Fund than RVMC would ever be entitled to earn over the entire 10-year contractual life of

19    the 2015 Fund.

20        22.      Rather, the $4.25 million of Cash is traceable to investments made in the Funds.

21    Specifically, Rothenberg raised $4,125,000 in investments in the 2016 Fund from investors Dolby

22    Family Ventures, CY Capital Limited, and ARChina. These monies were initially deposited into a

23    2016 Fund account (#0574) (the "2016 Fund Account") between December 17 and 28, 2015. This

24    $4.15 million investment in the 2016 Fund was promptly transferred to a 2015 Fund account (#3208)

25    (the "2015 Fund Account"), and recorded as an investment by the 2016 Fund in the 2015 Fund. The

26    remaining $100,000 of the Cash came from a new investment made by Natala Menezes in the 2015

27    Fund during that period, which was deposited into the 2015 Fund Account.

28

23.     The total of $4.25 million of Cash was then transferred from the 2015 Fund Account to a separate collateral account established in the name of the 2015 Fund (#8782) (the "2015 Fund Collateral Account").  RVMC had specifically requested that the 2015 Fund Collateral Account be created for the purpose of holding the Cash.

24.     On December 29, 2015, SVB transferred—without proper consent, as discussed below—the full $4.25 million first from the 2015 Fund Collateral Account to an RVMC account (#8931) (the "RVMC Account") and then into a separate RVMC collateral account (#8797) (the RVMC Collateral Account).  That RVMC Collateral Account was the Account in which SVB was granted a security interest in connection with the RVMC Loan.  A diagram illustrating the flow of Cash between the accounts is attached as **Exhibit A** hereto.

**D.     SVB Never Obtained Proper Consent to Create the RVMC Collateral Account or to Transfer the Cash from the 2015 Fund Collateral Account to the RVMC Collateral Account.**

25.     The circumstances leading up to the transfer of the Cash from the 2015 Fund Collateral Account (in which SVB was not granted a security interest to secure the RVMC Loan) to the RVMC Collateral Account (on which it has foreclosed) reveal that SVB transferred the Cash without appropriate consent or authorization.  Emails exchanged between Rothenberg and SVB in December 2015 reveal deficiencies in SVB's due diligence and communications leading to SVB's unauthorized transfer of the Cash.  (See emails attached hereto as **Exhibit B**). SVB's apparent unilateral decision to transfer such funds, without properly informing Rothenberg, RVMC, or the Funds, enabled SVB to obtain a security interest in an account (i) in which RVMC granted SVB a security interest and (ii) that was funded sufficiently so as to fully secure the RVMC Loan.  The transfer also fundamentally changed the nature of the transaction requested by Rothenberg, and only benefitted SVB.

**i.   Initial Correspondence About the Loan Explicitly Contemplated that the Cash Collateral would be held in the 2015 Fund's Account.**

26.     Emails between Rothenberg / RVMC personnel and SVB on December 23 and 24,

1  2015 discuss the establishment of a "new account for the entity Rothenberg Ventures 2015 Fund,

2  LLC."

3       27.      On December 24, 2015, in the email chain addressing the new 2015 Fund Collateral

4  Account, Rothenberg answered a question from SVB about the 2015 Fund account name and then

5  noted, for the first time, that RVMC would "like to set up a LoC [line of credit] against the cash that

6  is funded **there**."  (emphasis added).

7       28.      In a subsequent email on the same date, SVB noted "In order to move forward [with

8  the LoC Rothenberg requested], the account will need to be opened and funded.  We will then cash

9  secure a line of credit based on the amount funded in **the account**…" (emphasis added).

10      29.      In another following email that same morning, Judy Lee of SVB asked for

11 confirmation of her understanding that the "collateral account will be Rothenberg Ventures 2015

12 Fund, LLC – ████8782?" [Account number partially redacted].  On information and belief, RV

13 either confirmed, or did not dispute, Ms. Lee's understanding as to the appropriate account.  Ms. Lee

14 also inquired about the purpose of the funding, and asked for color as to why the LPs were paying

15 the management fees early.

16      30.      In explaining the claimed purpose of the RVMC Loan, Rothenberg wrote on

17 December 24, 2015 that: "The members have pre-paid somewhere between $1.7-5m of expenses,

18 which we have in cash and will fund the recently opened account. The management company would

19 like to access a LoC for opex secured by these funds that are ultimately owed to the management

20 company."

21              **ii.   SVB Sent a Series of Confusing Emails about Accounts Prior to Closing,
                         But Never Requested or Received Authorization to Transfer Monies to
22                       an RVMC Account.**

23      31.      On December 29, 2015, SVB wrote to Rothenberg noting that the bank was "working

24 on getting the LOC setup."  In connection with that effort, SVB wrote that it needed Rothenberg's

25 "approval for a couple of things in regard to the CMMA (Collateral Money Market Account)."

26 Specifically, SVB wrote that it needed "to transfer the good faith deposit of $4,250,000 from the

27 account ending -8782 to the account ending -8931."  SVB also indicated that once this was complete

28

First Amended Complaint

8

1  the bank would transfer the same $4,250,000 to the new CMMA that the bank was setting up and

2  requested approval by email.

3      32.    Within minutes, SVB followed up to "clarify" that the $4.25 million was "solely for

4  the CMMA" and that SVB already had approval for the $10,000 good faith deposit. SVB further

5  indicated that they would process the CMMA transfers with Rothenberg's approval. SVB's

6  confusion between the good faith deposit (for transaction expenses) and the Cash complicated an

7  already-ambiguous email.

8          **iii. Rothenberg Approved the Transfer to a Collateral Money Market**
           **Account; SVB Never Indicated that it was an RVMC Account.**
9

10     33.    Rothenberg responded to SVB's email and approved the transfer of the Cash to a

11  CMMA, as SVB had outlined.[2]

12     34.    When Rothenberg approved the transfer, he approved moving the Cash into an

13  unspecified "CMMA." There was no reason for Rothenberg or RVMC to suspect—and SVB

14  certainly did not make clear in this exchange—that the CMMA that SVB was referencing was

15  anything other than the recently created 2015 Fund Collateral Account. SVB did not clearly inform

16  Rothenberg that it was intending to transfer the Cash not to the newly-created 2015 Fund Collateral

17  Account but to another newly created collateral account (i.e., the RVMC Collateral Account).  As

18  such, Rothenberg did not authorize the transfer of Cash from the 2015 Collateral Account to the

19  RVMC Collateral Account.[3]

20     35.    Significantly, the only party that benefitted from the transfer of funds to the RVMC

21  Collateral Account was SVB.  At best, even if SVB had no intent to be deceptive or evasive in

22  soliciting Rothenberg's consent, SVB sent a series of confusing emails at the last minute of a rushed

23  transaction to get consent to a transfer that was fundamentally inconsistent with the nature and

24

25  [2] The next day, December 30, 2015, SVB confirmed that a new CMMA had been created and the transfers complete. The Cash was transferred to the RVMC Collateral Account, the only account in which SVB has a security interest.

26  [3] The emails evidence that he believed he was authorizing the transfer of the Cash into the newly created 2015 Fund Collateral Account, which was opened on December 24, 2015.

27

28

1  structure of the transaction.  At worst, SVB was deliberately omitting salient details of the proposed

2  transfer to protect its own interests.

3      36.     Indeed, the raison d'être for the RVMC Loan was for RVMC to borrow against the

4  pre-paid fees that were "ultimately owed" to the management company.  If RVMC had been able to

5  take direct possession of the Cash at the time of the loan, there would have been no need for a loan

6  in the first place.  Moving the monies from the 2015 Fund to RVMC—which is what SVB effectuated

7  when it moved the Cash to the RVMC Collateral Account—would have been a far simpler approach

8  than taking a loan against RVMC's right to payment of the management fees and paying interest on

9  a loan for which it would have had no need.  SVB knew, or should have known, that RVMC's intent

10  was that the Cash would remain in the 2015 Fund Collateral Account.

11      37.     RVMC would not have authorized a transfer of the $4.25 million of Cash to RVMC.

12  Indeed, when RVMC personnel learned of the transfer, they concluded that Rothenberg was

13  embezzling.  Thus, had SVB made clear that the $4.25 million would be transferred from the 2015

14  Fund Collateral Account to an RVMC account, RVMC never would have approved it.

15  **<u>FIRST CAUSE OF ACTION</u>**

16  (Negligence)

17  (By Funds Against SVB)

18      38.     The Funds hereby re-allege, as if set forth fully herein, each of the foregoing

19  allegations.

20      39.     SVB had a duty to act with reasonable care in its transactions with its customers (the

21  Funds, Rothenberg, and RVMC), including, but not limited to, by faithfully documenting its

22  transactions, executing its customer's requests, informing its customers of any deviation from the

23  orders it was given, and refraining from effectuating transactions unauthorized by its customers or

24  inconsistent with its customers' requests.

25      40.     On information and belief, SVB negligently, grossly, and/or willfully breached that

26  duty when it transferred money from an account owned by the 2015 Fund to an account owned by

27

28

1  RVMC, without making clear to RVMC, Rothenberg, and the Funds what it was doing, and

2  without obtaining proper authorization.

3       41.    The Funds suffered losses as a result of this concealment, because the Cash,

4  otherwise held in the 2015 Fund's name and available to that fund, was transferred to a separate

5  account away from 2015 Fund's control, to secure obligations unrelated to the 2015 Fund and then

6  ultimately foreclosed upon by SVB to satisfy those unrelated obligations.  If not for that transfer,

7  the Cash would have remained under the control of the 2015 Fund, and would not have been in the

8  RVMC Collateral Account in which SVB was granted a security interest.

9                        **SECOND CAUSE OF ACTION**

10                              (Concealment)

11                           (By Funds Against SVB)

12       42.    The Funds hereby re-allege, as if set forth fully herein, each of the foregoing

13  allegations.

14       43.    SVB owed a fiduciary duty to the Funds, its customers, to inform them, when SVB

15  requested approval to transfer the Cash to a collateral account, that the Cash would be transferred to

16  the RVMC Collateral Account, rather than the 2015 Fund Collateral Account, and to obtain their

17  informed authorization to such transfer.

18       44.    On information and belief, SVB intentionally misled Rothenberg and RVMC to

19  believe that they were being asked to approve a transfer to the 2015 Fund Collateral Account,

20  rather than the RVMC Collateral Account, and prevented them from discovering that, in fact, SVB

21  intended to transfer the Cash to the RVMC Collateral Account.

22       45.    Rothenberg and RVMC did not know that SVB intended to transfer the Cash to the

23  RVMC Collateral Account, and justifiably relied on communications from SVB that misled them

24  to believe that the Cash would be transferred to, and remain in, the 2015 Fund Collateral Account

25  and, as a result, were prevented from discovering the unauthorized transfer to the RVMC Collateral

26  Account.

27

28

1    46.    SVB's concealment was a substantial factor in causing losses to the Funds.  As a

2   result of this concealment, the Funds were harmed because the Cash, otherwise held in the 2015

3   Fund's name and available to that fund, was transferred to a separate account away from 2015

4   Fund's control, to secure obligations unrelated to the 2015 Fund and then ultimately foreclosed

5   upon by SVB to satisfy those unrelated obligations.  If not for that transfer, the Cash would have

6   remained under the control of the 2015 Fund, and would not have been in the RVMC Collateral

7   Account in which SVB was granted a security interest, and on which SVB ultimately foreclosed.

8                                **THIRD CAUSE OF ACTION**

9                                (Breach of Fiduciary Duty)

10                               (By Funds Against SVB)

11   47.    The Funds hereby re-allege, as if set forth fully herein, each of the foregoing

12   allegations.

13   48.    SVB owed a fiduciary duty to the Funds, its customers, to inform them, when SVB

14   requested approval to transfer the Cash to a collateral account, that the Cash would be transferred to

15   the RVMC Collateral Account, rather than the 2015 Fund Collateral Account, and to obtain their

16   informed authorization to such transfer.

17   49.    On information and belief, SVB breached its fiduciary duty to the Funds by, among

18   other things, failing to inform the Funds that the Cash would be transferred to the RVMC Collateral

19   Account and to obtain their informed authorization to such transfer.

20   50.    As a result of SVB's breach of its fiduciary duty to the Funds, the Funds were

21   harmed because the Cash, otherwise held in the 2015 Fund's name and available to that fund, was

22   transferred to a separate account away from 2015 Fund's control, to secure obligations unrelated to

23   the 2015 Fund and then ultimately foreclosed upon by SVB to satisfy those unrelated obligations.

24   If not for that transfer, the Cash would have remained under the control of the 2015 Fund, and

25   would not have been in the RVMC Collateral Account in which SVB was granted a security

26   interest, and on which SVB ultimately foreclosed.

27

28

**FOURTH CAUSE OF ACTION**

(Conversion)

(By Funds Against SVB)

51.     The Funds hereby re-allege, as if set forth fully herein, each of the foregoing allegations.

52.     The Funds owned, had an interest in, and/or had a right to control and possess the Cash.

53.     On information and belief, SVB intentionally and substantially interfered with the Funds' property by exercising dominion and control over, and taking possession of, the Cash, and, thus, preventing the Funds from having access to the Cash.

54.     The Funds did not consent to SVB's transfer of, or its subsequent foreclosure upon, the Cash.

55.     The Funds suffered financial losses as a result of SVB's conduct.

**FIFTH CAUSE OF ACTION**

(Wrongful Foreclosure)

56.     The Funds hereby re-allege, as if set forth fully herein, each of the foregoing allegations.

57.     On information and belief, on or about July 1, 2019, SVB foreclosed on the RVMC Account and applied the Cash remaining in the RVMC Collateral Account to satisfy the outstanding balance of the RVMC Loan.   On information and belief, prior to July 1, 2019, SVB had applied another $550,000 of Cash in the RVMC Collateral Account to amounts owing on the RVMC Loan.

58.     Before that foreclosure, SVB had been informed by the Funds that the Funds asserted ownership of such Cash based on the foregoing facts.

59.     At the time of the foreclosure, SVB did not have a valid security interest in the Cash on which it foreclosed, and the 2015 Fund, which owned such Cash at all relevant times, owed no debt nor other obligation to SVB, and had not consented to the transfer of the Cash to the RVMC

Collateral Account, nor pledge of such Cash to secure the debt of RVMC, Rothenberg, or anyone else.

60.     At the time of foreclosure, none of SVB, its borrowers, or its guarantors had any interest in the Cash foreclosed upon, which had been wrongfully transferred by SVB from the 2015 Fund Collateral Account (in which SVB did not have a security interest) to the RVMC Collateral Account.

61.     Nevertheless, SVB exercised dominion over the Cash and proceeded with the foreclosure, thus disregarding the Funds' interests in the Cash.

62.     As a result of such wrongful foreclosure, the Funds have suffered damages including, but not limited to, being deprived of the Cash that belonged to the Funds.

## SIXTH CAUSE OF ACTION

(Unfair and Fraudulent Business Practice)

(By Funds Against SVB)

63.     The Funds hereby re-allege, as if set forth fully herein, each of the foregoing allegations.

64.     Defendant SVB, a business, performed an unfair and fraudulent act by (a) failing to obtain informed consent from the Funds prior to transferring Cash out of the 2015 Fund Collateral Account to the RVMC Collateral Account for SVB's own benefit; and (b) applying such Cash to amounts owing under the RVMC Loan without the Funds' consent.  These actions were unfair, unethical, and substantially injurious to the Funds.

65.     As a result of SVB's unfair and fraudulent actions, the Funds have suffered financial losses.

## SEVENTH CAUSE OF ACTION

(Declaratory Relief)

(By Funds Against SVB)

66.     The Funds hereby re-allege, as if set forth fully herein, each of the foregoing allegations.

67.     There has been and now exists an actual and justiciable controversy between SVB and the Funds, insofar as the Funds allege that (a) at all relevant times, the Funds owned the Cash, (b) at no time did RVMC or Rothenberg have the right, or authority, to pledge the Cash to secure the RVMC Loan, (c) SVB improperly transferred the Cash to the RVMC Collateral Account for its own benefit, and without informed authorization from the Funds, (d) the RVMC Account in which SVB asserts a security interest would have been unfunded if not for that improper transfer, and (e) SVB had no right to apply any of the Cash held in the RVMC Collateral Account to amounts owed under the RVMC Loan.

68.     The Funds are informed and believe, and based thereon, allege, that SVB disputes the foregoing contentions.

69.     The Funds request that the court issue declarations as follows:

(a)     at all relevant times, the Funds owned the Cash, and the $4.25 million of Cash remains the property of the Funds;

(b)     at no time did RVMC or Rothenberg have the right, or authority, to pledge the Cash to secure the RVMC Loan;

(c)     The Cash was not properly or validly pledged to secure any obligation owing to SVB; and

(d)     SVB  has never had the right to apply any of the Cash to amounts owing under the RVMC Loan, nor to any other obligation owing to SVB.

**PRAYER FOR RELIEF**

WHEREFORE the 2015 Fund and the 2016 Fund respectfully request that the Court:

A.     On the First through Sixth Causes of Action:

1.     Order SVB to disgorge the Cash and return the entire $4.25 million to the Funds;

2.     Order SVB to reimburse the Funds for all costs and losses incurred by the Funds as a result of SVB's wrongful, negligent, and unlawful conduct described herein;

3.      Grant the Funds an award of damages in an amount according to proof in excess of $25,000, subject to proof at trial;

4.      Grant the Funds pre-judgment interest on all such damages, monetary or otherwise;

5.      Order SVB to pay the Funds punitive damages according to proof in an amount sufficient to deter SVB from engaging in similar negligent, wrongful, and illegal conduct in the future;

6.      Award the Funds such other and further relief as the Court deems just and proper.

B.      On the Seventh Cause of Action for Declaratory Relief, a declaration of the Court that:

1.      At all relevant times, the Funds owned the Cash, and the Cash remains the property of the Funds;

2.      At no time did RVMC or Rothenberg have the right, or authority, to pledge the Cash to secure the RVMC Loan;

3.      The Cash was not properly or validly pledged to secure any obligation owing to SVB; and

4.      SVB  has never had the right to apply any of the Cash to amounts owing under the RVMC Loan, nor to any other obligation owing to SVB.

## **DEMAND FOR JURY TRIAL**

The Funds hereby request trial by jury.

Dated:  December 4, 2019                    RIMON, P.C.

_____
Paul S. Jasper
Scott R. Raber
Attorneys for Plaintiffs
ROTHENBERG VENTURES 2015, FUND LLC and
ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

# EXHIBIT A

# EXHIBIT A

## TRANSACTION ORDERED BY ROTHENBERG



## TRANSACTION EXECUTED BY THE BANK



# EXHIBIT B

## LYNNE (RV) REQUESTS TO OPEN 2015 FUND ESCROW ACCOUNT

On Dec 23, 2015, at 2:10 PM, Jim Gardner <JGardner@svb.com> wrote:

Hi Lynne,

Nice speaking with you earlier, and I hope you're gearing up for Christmas!  The account is in the works, and we will link this account to the existing profile for Rothenberg Ventures Management Comp, with an account modifier (nickname) of "2015 Fund Escrow Account".

Thanks!

Jim Gardner
Client Service Advisor, Private Equity Services
jgardner@svb.com  / Peselectsupport@svb.com
T 480 557 4923

Hello,

Can you please assist in immediately creating a new account for the entity Rothenberg Ventures 2015 Fund, LLC, with the same features and signers as all of the other Rothenberg Ventures accounts.  Please advise what other information you may need. I know you already have the W9 for the entity, so I'm not aware of other documents you may need. Don't hesitate to give me a call to discuss more.

Sincerely,

Lynne McMillan

……………………………………………………………………………………………

From: lynne@rothenbergventures.com [mailto:lynne@rothenbergventures.com]
Sent: Wednesday, December 23, 2015 3:13 PM
To: Jim Gardner
Cc: Venture Client Service; Ashil Ram; Tom Leep
Subject: Re: New Account for Rothenberg Ventures 2015 Fund

Fantastic, thanks very much Jim. Merry Christmas to the SVB team.

……………………………………………………………………………………………

**JIM (SVB) CONFIRMS 2015 FUND ESCROW ACCOUNT IS OPEN (x8782)**

From: Jim Gardner <JGardner@svb.com>
Date: December 23, 2015 at 4:03:35 PM PST
To: "lynne@rothenbergventures.com" <lynne@rothenbergventures.com>
Cc: Venture Client Service <venturecs@svb.com>, Ashil Ram
<ARam@svb.com>, Tom Leep <tom@rothenbergventures.com>
Subject: RE: New Account for Rothenberg Ventures 2015 Fund

Hi Lynne,

The sub account for Rothenberg Ventures 2015 Fund has been opened. Please
allow 1-2 business for the account to show up online, but the account is available
immediately to receive incoming wires/deposits. I will send a secure email
shortly that includes the account number, as well as the incoming wire
instructions.

Thanks!

...............................................................................................

From: <lynne@rothenbergventures.com>
Date: Wed, Dec 23, 2015 at 4:44 PM
Subject: Fwd: New Account for Rothenberg Ventures 2015 Fund
To: Mike Rothenberg <mike@rothenbergventures.com>

FYI - escrow account is set up for 2015 fund.

...............................................................................................

From: Jim Gardner <JGardner@svb.com>
Date: Thu, Dec 24, 2015 at 10:27 AM
Subject: RE: New Account for Rothenberg Ventures 2015 Fund
To: "lynne@rothenbergventures.com" <lynne@rothenbergventures.com>,
"mike@rothenbergventures.com" <mike@rothenbergventures.com>
Cc: Venture Client Service <venturecs@svb.com>, Ashil Ram
<ARam@svb.com>, Tom Leep <tom@rothenbergventures.com>

Hi Team,

I just had a couple follow-up items on the account that we set up yesterday.

Mike – Lorie Goulart had mentioned that you inquired about setting up a sub

000146

account. Is this in addition to the one we set up yesterday? We're happy to set up another sub account if that's the case, but just want to make sure we're on the same page.

Also – I'm sorry I didn't catch this sooner, but the word "Escrow" is one of the words we can't have on an account modifier, as it does imply fiduciary responsibility. Are we ok to update the account modifier to "2015 Fund Sub Account". Please let me know if this works for you, or if there's something else we could change it to.

Thanks again, and I hope you're enjoying a little break as well!

...........................................................................................................

From: Mike Rothenberg <mike@rothenbergventures.com>
Date: Thu, Dec 24, 2015 at 10:52 AM
Subject: Re: New Account for Rothenberg Ventures 2015 Fund
To: Jim Gardner <JGardner@svb.com>
Cc: "lynne@rothenbergventures.com" <lynne@rothenbergventures.com>,
Venture Client Service <venturecs@svb.com>, Ashil Ram <ARam@svb.com>,
Tom Leep <tom@rothenbergventures.com>

Thanks Jim - it's the same account, so no need for another one, and yes let's name it as you suggest. We'd like to set up a LoC against cash that is funded there. Thank you!

...........................................................................................................

From: Jim Gardner <JGardner@svb.com>
Date: Thu, Dec 24, 2015 at 11:01 AM
Subject: RE: New Account for Rothenberg Ventures 2015 Fund
To: Mike Rothenberg <mike@rothenbergventures.com>
Cc: "lynne@rothenbergventures.com" <lynne@rothenbergventures.com>,
Venture Client Service <venturecs@svb.com>, Ashil Ram <ARam@svb.com>,
Tom Leep <tom@rothenbergventures.com>

Mike,

Good to hear, and we will update the account modifier.

With regards to the LoC, happy to help get this set up for you. What is the timeframe that you're going to need it by?

Thanks,

..................................................................................................

From: Judy Lee <julee@svb.com>
Date: Thu, Dec 24, 2015 at 11:03 AM
Subject: RE: SVB LoC secured by cash
To: Mike Rothenberg <mike@rothenbergventures.com>
Cc: Jeremiah Nevin <JNevin@svb.com>

Hi Mike,

In order to move forward, the account will need to be opened and funded.  We
will then cash secure a line of credit based on the amount funded in the
account.  Is there a set dollar amount that we are looking at? If we are looking at
a moving dollar amount, we would need to further discuss internally as to how
this will be structured…but it may take a bit longer to implement from an
operational standpoint.  The interest rate would be WSJ prime flat.

Let us know if there are any questions.

Thanks,
Judy

..................................................................................................

From: Mike Rothenberg <mike@rothenbergventures.com>
Date: Thu, Dec 24, 2015 at 11:06 AM
Subject: Re: SVB LoC secured by cash
To: Judy Lee <julee@svb.com>
Cc: Jeremiah Nevin <JNevin@svb.com>, Jim Gardner <JGardner@svb.com>

Judy - that sounds good.  We should be funding it Monday and will need to draw
from it by 12/30 b/c we want to establish it in this calendar year.

+ Jim

..................................................................................................

000148.

## JUDY (SVB) CONFIRMS 2015 FUND ESCROW ACCOUNT (x8782) IS THE COLLATERAL ACCOUNT

From: Judy Lee
Sent: Thursday, December 24, 2015 11:54 AM
To: 'Mike Rothenberg'
Cc: Jeremiah Nevin; Jim Gardner
Subject: RE: SVB LoC secured by cash

Hi Mike,

Ok, we will look into the possibility of having a moving dollar amount (cash secured) with a 95% borrowing base. The collateral account will be Rothenberg Ventures 2015 Fund, LLC – ██████8782?

Also, what would be the purpose of the funding (i.e. portfolio investments)? And would you be able to provide some color as to why the LPs are paying the management fees early?

Thanks,
Judy

..........................................................................................................

From: Judy Lee <julee@svb.com>
Date: Thu, Dec 24, 2015 at 2:05 PM
Subject: RE: SVB LoC secured by cash
To: Mike Rothenberg <mike@rothenbergventures.com>
Cc: Jeremiah Nevin <JNevin@svb.com>, Frank Amoroso <famoroso@svb.com>

Hi Mike,

Thanks for taking the time to get on the phone today. As discussed, we will work internally to see what we can do from here.

In the meantime, please send a copy of the signed operating agreement as well as confirm the purpose of the loan (management co opex? Portfolio investment for the fund?).

Regards,
Judy

......................................................................................

From: Mike Rothenberg <mike@rothenbergventures.com>
Date: Thu, Dec 24, 2015 at 3:12 PM
Subject: Re: SVB LoC secured by cash
To: Judy Lee <julee@svb.com>
Cc: Jeremiah Nevin <JNevin@svb.com>, Frank Amoroso <famoroso@svb.com>

Hi Judy - the operating agreement is attached.

The members have pre-paid somewhere between $1.7-5m of expenses, which
we have in cash and will fund the recently opened account.  The management
company would like to access a LoC for opex secured by these funds that are
ultimately owed to the management company.

Thanks!
Mike

......................................................................................

From: Judy Lee <julee@svb.com>
Date: Mon, Dec 28, 2015 at 8:26 PM
Subject: RE: SVB LoC secured by cash
To: Mike Rothenberg <mike@rothenbergventures.com>
Cc: Frank Amoroso <famoroso@svb.com>

Mike,

We can change the maturity to 5.03 years from date of documentation. Also,
please confirm the account # you would like us to debit the good faith deposit
from tomorrow morning.

Thank you,

Judy

......................................................................................

## MIKE (RV) CONFIRMS 2015 FUND ESCROW ACCOUNT (x8782) NOW HAS $4.25M

From: Mike Rothenberg [mike@rothenbergventures.com]
Sent: Monday, December 28, 2015 10:36 PM PST

To: Judy Lee
Cc: Frank Amoroso; Lynne Mcmillan
Subject: Re: SVB LoC secured by cash

Perfect.  Lynne will send account # and we're ready to sign docs and draw.  The $4.25m is funded.

.........................................................................................................................

From: Frank Amoroso <famoroso@svb.com>
Date: Tue, Dec 29, 2015 at 4:13 AM
Subject: RE: SVB LoC secured by cash
To: Mike Rothenberg <mike@rothenbergventures.com>, Judy Lee <julee@svb.com>
Cc: Lynne Mcmillan <lynne@rothenbergventures.com>, Jim Marshall <JMarshall@svb.com>, Mark Lau <mlau@svb.com>

Mike,

I appreciate that you are prepared to execute and fund. However, there are still a number of steps that need to be completed before we are ready to execute documents and fund. To ensure we are all on the same page, before that can happen...

1) Judy will need to complete our loan approval process.

2) We need our attorney to complete their diligence and prepare documentation on an expedited basis.

3) I need to figure out how to fund this loan before the loan is formally "booked" onto our system as "the pattern is full," if you will, in terms of the bank's year-end processing queue. The deadline for our internal QA & loan processing group to process and fund new loans for year-end has already passed, so, we are in uncharted territory / working on an exception / special dispensation basis at this point.

The entire supply-chain outlined above is operating under duress due to year-end volume, staffing levels and imminent deadlines. Hence why I originally characterized our chances of success as a "possibility" versus a "probability" when we spoke on 12/24. For perspective, the typical time to close a similar loan would be three weeks (during a non quarter / year-end).

All of this being said, we continue to work toward your stated goals, but reason, accountability and prudence dictate that I clarify the above for you as it pertains to funding by 12/30.

The Good Faith deposit is intended to cover the fees & costs of SVB's counsel. The borrower is required to cover these costs, regardless of the closing date.

I would also like to confirm your understanding that the cash collateral pledged as security for the facility will be in a restricted account. The borrower will not have access to the cash / account until all obligations are paid in full.

Best,
Frank Amoroso

........................................................................................................

## LYNNE (RV) APPROVES $10K GOOD FAITH DEPOSIT TO BE PAID FROM MGMT CO ACCOUNT (x8931)

From: <lynne@rothenbergventures.com>
Date: Tue, Dec 29, 2015 at 9:06 AM
Subject: Re: SVB LoC secured by cash
To: Mike Rothenberg <mike@rothenbergventures.com>
Cc: Frank Amoroso <famoroso@svb.com>, Judy Lee <julee@svb.com>, Jim Marshall <JMarshall@svb.com>, Mark Lau <mlau@svb.com>

Judy -

Please withdraw the good faith deposit from the Rothenberg Ventures Management Company account (Account #: 3300898931).

Thank you,
Lynne

........................................................................................................

## JIM (SVB) REQUESTS 2 TRANSFERS BEFORE RESCINDING 1 REQUEST 11 MINS LATER:
1) **WANTS TO TRANSFER THE $4.25m FROM 2015 FUND ESCROW ACCOUNT (x8782) TO A NEW CMMA ACCOUNT (x8797)**
2) **WANTS TO TRANSFER A GOOD FAITH DEPOSIT, BUT GETS THE # WRONG AND RESCINDS THIS REQUEST 11 MINS LATER**

From: Jim Gardner <JGardner@svb.com>
Date: Tue, Dec 29, 2015 at 10:50 AM
Subject: RE: New Account for Rothenberg Ventures 2015 Fund
To: Mike Rothenberg <mike@rothenbergventures.com>
Cc: "lynne@rothenbergventures.com" <lynne@rothenbergventures.com>, Venture Client Service <venturecs@svb.com>, Tom Leep <tom@rothenbergventures.com>, Judy Lee <julee@svb.com>, Jeremiah Nevin

000152

&lt;JNevin@svb.com&gt;, Lorie Goulart &lt;lgoulart@svb.com&gt;

Hi Mike,

We're working to get the LOC setup. We will need your approval for a couple things in regards to the CMMA (Collateral Money Market Account).

We need to transfer the good faith deposit of $4,250,000.00 from the account ending in -8782 to the account ending in -8931.

Once that is complete we will be transferring the same $4,250,000.00 to the new CMMA that we are setting up.

Email approval is sufficient to make the transfers on your behalf.

Thanks!

......................................................................................................

**JIM (SVB) CLARIFIES THAT THE GOOD FAITH DEPOSIT HAS ALREADY BEEN APPROVED, LEAVING ONLY ONE REQUEST OUTSTANDING:**
  1) **WANTS TO TRANSFER THE $4.25m FROM 2015 FUND ESCROW ACCOUNT (x8782) TO A NEW CMMA ACCOUNT (x8797)**

From: Jim Gardner &lt;JGardner@svb.com&gt;
Date: Tue, Dec 29, 2015 at 11:01 AM
Subject: RE: New Account for Rothenberg Ventures 2015 Fund
To: Mike Rothenberg &lt;mike@rothenbergventures.com&gt;
Cc: "lynne@rothenbergventures.com" &lt;lynne@rothenbergventures.com&gt;,
Venture Client Service &lt;venturecs@svb.com&gt;, Tom Leep
&lt;tom@rothenbergventures.com&gt;, Judy Lee &lt;julee@svb.com&gt;, Jeremiah Nevin
&lt;JNevin@svb.com&gt;, Lorie Goulart &lt;lgoulart@svb.com&gt;

Mike,

Just to clarify, the $4.25 MM is solely for the CMMA. And we already have the approval for the Good Faith Deposit of $10,000.00 which also be debited.

We will process the CMMA transfers with your approval,

Thanks!

......................................................................................................

000153

**MIKE (RV) APPROVES MOVING $4.25m FROM 2015 FUND ESCROW ACCOUNT (x8782) TO A NEW CMMA ACCOUNT (x8797) (SINCE JIM SAID "WE NEED TO")**

From: Mike Rothenberg <mike@rothenbergventures.com>
Date: Tue, Dec 29, 2015 at 12:43 PM
Subject: Re: New Account for Rothenberg Ventures 2015 Fund
To: Jim Gardner <JGardner@svb.com>
Cc: "lynne@rothenbergventures.com" <lynne@rothenbergventures.com>, Venture Client Service <venturecs@svb.com>, Tom Leep <tom@rothenbergventures.com>, Judy Lee <julee@svb.com>, Jeremiah Nevin <JNevin@svb.com>, Lorie Goulart <lgoulart@svb.com>

Approved to move $4.25m as you outline below.  Thank you.

...................................................................................................

**JIM (SVB) SAYS THE CMMA HAS BEEN CREATED AND THE TRANSFERS COMPLETE (which includes the $10k escrow paid).  JIM DOES NOT ASK FOR APPROVAL FOR THE MGMT CO TO TAKE THE FUNDS, OR TO TITLE THE CMMA (x8797) IN THE MGMT CO'S NAME.  NOR DOES HE DISCLOSE.**

From: Jim Gardner <JGardner@svb.com>
Date: Wed, Dec 30, 2015 at 11:25 AM
Subject: RE: New Account for Rothenberg Ventures 2015 Fund
To: Mike Rothenberg <mike@rothenbergventures.com>
Cc: "lynne@rothenbergventures.com" <lynne@rothenbergventures.com>, Venture Client Service <venturecs@svb.com>, Tom Leep <tom@rothenbergventures.com>, Judy Lee <julee@svb.com>, Jeremiah Nevin <JNevin@svb.com>, Lorie Goulart <lgoulart@svb.com>

Hi Mike,

I just wanted to send a quick update.  The CMMA has been created, and all transfers completed.  This account has also been added to the existing online banking profile so you will see this when you logon.

In speaking with Judy, it looks like they do need a copy of the W9 for ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC  (Tax ID 46-0933520).  Lynne or Tom – perhaps this is something you have on file?

Thanks in advance!

**<u>MIKE (RV), NOT KNOWING WHAT CRIME JIM HAD JUST COMMITTED, IS HAPPY.</u>**

From: mikerothenberg@gmail.com [mailto:mikerothenberg@gmail.com] On Behalf Of Mike Rothenberg
Sent: Wednesday, December 30, 2015 10:11 PM
To: Judy Lee; Jeremiah Nevin; Frank Amoroso
Cc: Lynne McMillan; Jim Marshall
Subject: Re: Rothenberg Ventures / SVB LoC (Secured by cash)

Judy, Frank, and Jeremiah - this was above and beyond incredible work.  Thank you for making this happen!

If there are other folks on your team (managers, etc) that I can express how impressed I am to, please do let me know.

Happy New Year!
Mike

From: Frank Amoroso <famoroso@svb.com>
Date: Thu, Dec 31, 2015 at 8:11 AM
Subject: RE: Rothenberg Ventures / SVB LoC (Secured by cash)
To: Mike Rothenberg <mike@rothenbergventures.com>, Judy Lee <julee@svb.com>, Jeremiah Nevin <JNevin@svb.com>
Cc: Lynne McMillan <lynne@rothenbergventures.com>, Jim Marshall <JMarshall@svb.com>, Mark Lau <mlau@svb.com>

Mike,

When you speak if us... Speak well.

;-)

Thanks! I'm delighted that we were able to get it done and I couldn't be more proud of my team.

Given the urgency, we weren't able to be as thoughtful as I would have liked regarding discussion points for reserve requirements and I think there are some provisions in the loan doc that weren't necessarily required due to the cash

security, etc. So it goes given the constraints we were operating under. Ends up that cash security is a pretty rare bird in our private partnership banking practice.

I'll look forward to connecting with you in 2016 and debriefing then.

Happy new year,
Frank

...............................................................................................................

From: Judy Lee <julee@svb.com>
Date: Thu, Dec 31, 2015 at 8:23 AM
Subject: RE: Rothenberg Ventures / SVB LoC (Secured by cash)
To: Mike Rothenberg <mike@rothenbergventures.com>

You're welcome, Mike.  Glad we were able to get this done before the end of the year.

Happy New Year!
Judy

**PROOF OF SERVICE**

I, LISA L. RANSDALL, am over the age of 18 and not a party to this action.  My place of business is One Embarcadero Center, Suite 400, San Francisco, CA 94111.  On December 4, 2019, I served the following attached document:

1.  **FIRST AMENDED COMPLAINT OF ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP FOR:  NEGLIGENCE; CONCEALMENT; BREACH OF FIDUCIARY DUTY; CONVERSION; WRONGFUL FORECLOSURE; UNFAIR AND FRAUDULENT BUSINESS PRACTICE; DECLARATORY RELIEF - DEMAND FOR JURY TRIAL**

on the person(s) listed below in the following manner/s:

| | |
|---|---|
| ☐ | **BY PERSONAL SERVICE.** I caused the documents to be personally delivered to the person(s) at the address(es) listed below. |
| **X** | **ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.** |
| ☐ | **BY UNITED STATES MAIL**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. |
| ☐ | **BY OVERNIGHT DELIVERY.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for overnight delivery.  On the same day that correspondence is placed for collection and overnight delivery, it is deposited in the ordinary course of business with an overnight delivery service in a sealed envelope with all fees fully prepaid. |
| ☐ | **BY ELECTRONIC MAIL.**  Pursuant to prior agreement of counsel, I sent the persons below copies of the documents via electronic mail at the email addresses below.  Such transmission was complete and without error in that within a reasonable amount of time no error message was received. |

The following parties were served the above-referenced documents:

KENNETH E. KELLER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:  415.983.1000
Facsimile:  415.983.1200

MATTHEW S. WALKER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
12255 El Camino Real, Suite 300
San Diego, CA  92130-4088
Telephone:  858.509.4000
Facsimile:  858.509.4010

MONICA A. HERNANDEZ
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
Telephone:  650.233.4500
Facsimile:  650.233.4545

**Attorneys for Defendant,**
**SILICON VALLEY BANK**

JOHN M. POTTER (SBN 165843)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI
(SBN 295932)
jeffnardinelli@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

**Attorneys for Plaintiffs**
**MICHAEL B. ROTHENBERG and**
**ROTHENBERG VENTURES, LLC**

---

1

2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, dated December 4, 2019, at San Francisco, California.

3

4

_Lisa Ransdall_
Lisa L. Ransdall

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— Paul S. Jasper (SBN 200138)
  Scott R. Raber (SBN 194924)
  RIMON, P.C.
  One Embarcadero Center, #400, San Francisco, CA 94111
TELEPHONE NO.: 415.683.5472          FAX NO.*(Optional):*
E-MAIL ADDRESS *(Optional):*   paul.jasper@rimonlaw.com
ATTORNEY FOR *(Name):* Rothenberg Ventures 2015 Fund, LLC; Rothenberg Ventures 2016 Acc. Fund, LP

**FOR COURT USE ONLY**

E-FILED
12/4/2019 2:52 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV355568
Reviewed By: D Harris

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME:

PLAINTIFF/PETITIONER: MICHAEL B. ROTHENBERG, et al.

DEFENDANT/RESPONDENT: SILICON VALLEY BANK, et al.

| | |
|---|---|
| **NOTICE OF RELATED CASE** | CASE NUMBER:<br>19CV355568 |
| | JUDICIAL OFFICER:<br>Mark H. Pierce |
| | DEPT.:<br>2 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Silicon Valley Bank v. Michael Rothenberg, et al.

    b.  Case number: 19CV343267

    c.  Court:  ☒ same as above
               ☐ other state or federal court *(name and address):*

    d.  Department: 2

    e.  Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date: 2/13/19

    g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☒ No

    h.  Relationship of this case to the case referenced above  *(check all that apply):*
        ☐ involves the same parties and is based on the same or similar claims.
        ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        ☐ involves claims against, title to, possession of, or damages to the same property.
        ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            ☒ Additional explanation is attached in attachment 1h

    i.  Status of case:
        ☒ pending
        ☐ dismissed ☐ with ☐ without prejudice
        ☐ disposed of by judgment

2.  a.  Title: Silicon Valley Bank v. Rothenberg Ventures, LLC

    b.  Case number: 19CV343268

    c.  Court:  ☒ same as above
               ☐ other state or federal court *(name and address):*

    d.  Department: 19

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

CEB | Essential
ceb.com | Forms

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
*www.courtinfo.ca.gov*

**000160**

<div style="text-align:right">**CM-015**</div>

| | |
|---|---|
| PLAINTIFF/PETITIONER: MICHAEL B. ROTHENBERG, et al. <br> DEFENDANT/RESPONDENT: SILICON VALLEY BANK, et al. | CASE NUMBER: <br> 19CV355568 |

**2.** *(continued)*

   e.  Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date: 2/13/19

   g.  Has this case been designated or determined as "complex?" ☐ Yes ☒ No

   h.  Relationship of this case to the case referenced above  *(check all that apply)*:
      ☐ involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☒ involves claims against, title to, possession of, or damages to the same property.
      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☒ Additional explanation is attached in attachment 2h

   i.  Status of case:
      ☒ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

**3.** a.  Title:

   b.  Case number:

   c.  Court:   ☐ same as above
             ☐ other state or federal court  *(name and address):*

   d.  Department:

   e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h.  Relationship of this case to the case referenced above  *(check all that apply)*:
      ☐ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 3h

   i.  Status of case:
      ☐ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

**4.** ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: December 4, 2019

Paul Jasper, Esq.
      (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)      ▶              (SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

CEB® Essential Forms
ceb.com

<div style="text-align:right">**000161**</div>

**CM-015**

| | |
|---|---|
| — PLAINTIFF/PETITIONER: MICHAEL B. ROTHENBERG, et al.<br><br>DEFENDANT/RESPONDENT: SILICON VALLEY BANK, et al. | CASE NUMBER:<br>19CV355568 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1.  I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

    PLEASE SEE THE ATTACHED PROOF OF SERVICE - ELECTRONIC SERVICE VIA ECF.

2.  I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

    a. ☐ deposited the sealed envelope with the United States Postal Service.

    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Related Case* was mailed:

    a. on *(date):*

    b. from *(city and state):*

4.  The envelope was addressed and mailed as follows:

    a. Name of person served:                                c. Name of person served:

       Street address:                                          Street address:

       City:                                                    City:

       State and zip code:                                      State and zip code:

    b. Name of person served:                                d. Name of person served:

       Street address:                                          Street address:

       City:                                                    City:

       State and zip code:                                      State and zip code:

☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 4, 2019

Lisa L. Ransdall
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶   *Lisa Ransdall*
_____
(SIGNATURE OF DECLARANT)

CEB® Essential Forms
ceb.com

**000162**

**ATTACHMENT 1.h.**

**(Additional Explanation)**

There is some overlap in the parties involved and the cases are based on similar claims.

## PROOF OF SERVICE

I, LISA L. RANSDALL, am over the age of 18 and not a party to this action.  My place of business is One Embarcadero Center, Suite 400, San Francisco, CA 94111.  On December 4, 2019, I served the following attached document:

**1.      NOTICE OF RELATED CASE**

on the person(s) listed below in the following manner/s:

| | |
|---|---|
| ☐ | **BY PERSONAL SERVICE.** I caused the documents to be personally delivered to the person(s) at the address(es) listed below. |
| **X** | **ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.** |
| ☐ | **BY UNITED STATES MAIL**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. |
| ☐ | **BY OVERNIGHT DELIVERY.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for overnight delivery.  On the same day that correspondence is placed for collection and overnight delivery, it is deposited in the ordinary course of business with an overnight delivery service in a sealed envelope with all fees fully prepaid. |
| ☐ | **BY ELECTRONIC MAIL.**  Pursuant to prior agreement of counsel, I sent the persons below copies of the documents via electronic mail at the email addresses below.  Such transmission was complete and without error in that within a reasonable amount of time no error message was received. |

The following parties were served the above-referenced documents:

KENNETH E. KELLER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:  415.983.1000
Facsimile:  415.983.1200

MATTHEW S. WALKER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
12255 El Camino Real, Suite 300
San Diego, CA  92130-4088
Telephone:  858.509.4000
Facsimile:  858.509.4010

MONICA A. HERNANDEZ
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
Telephone:  650.233.4500
Facsimile:  650.233.4545

***Attorneys for Defendant,***
***SILICON VALLEY BANK***

JOHN M. POTTER (SBN 165843)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI
(SBN 295932)
jeffnardinelli@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

***Attorneys for Plaintiffs***
***MICHAEL B. ROTHENBERG and***
***ROTHENBERG VENTURES, LLC***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, dated December 4, 2019, at San Francisco, California.

*Lisa Ransdall*

Lisa L. Ransdall

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   JOHN M. POTTER (SBN 165843)
2  JEFFREY W. NARDINELLI (SBN 295932)
3  50 California Street, 22nd Floor
   San Francisco, CA 94111-4788
4  Telephone: 415.875.6600
   *Attorneys for Plaintiffs*
5  MICHAEL B. ROTHENBERG and
   ROTHENBERG VENTURES, LLC
6
7  **RIMON LAW**
   PAUL JASPER (SBN 200138)
8  SCOTT RABER (SBN 194924)
   One Embarcadero Center, Suite 400
9  San Francisco, CA  94111
   Telephone:  415.870.4296
10 *Attorneys for Plaintiffs*
11 ROTHENBERG VENTURES 2015 FUND,
   LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP
12
13 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   KENNETH E. KELLER (SBN 71450)
14 MONICA A. HERNANDEZ (SBN 280195)
   REBECCA S. STEWART (SBN 312925)
15 Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
16 Telephone: 415.983.1000
   Facsimile: 415.983.1200
17 *Attorneys for Defendant*

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/13/2019 9:19 AM
Reviewed By: J. Duong
Case #19CV355568
Envelope: 3766858**

18
19                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
                         COUNTY OF SANTA CLARA
20

| | |
|---|---|
| MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP, <br><br> Plaintiffs, <br><br> vs. <br><br> SILICON VALLEY BANK, A CORPORATION, <br><br> Defendant. | CASE NO.  19-CV-355568 <br><br> **NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR DEFENDANT TO RESPONSE TO THE FIRST AMENDED COMPLAINT OF ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LLP** <br><br> Complaint Filed: August 20, 2018 |

**PLEASE TAKE NOTICE THAT:**

Pursuant to California Rule of Court 3.110(e) and the Stipulation filed concurrently herewith, Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant Silicon Valley Bank ("Defendant"), hereby stipulate and request that the Court enter an order extending the deadline for Defendant to respond to the First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP filed in this action (the "First Amended Complaint").

**STIPULATION TO EXTEND TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, this action was transferred from San Francisco County to Santa Clara County on September 25, 2019;

WHEREAS, on October 24, 2019, Plaintiffs and Defendant filed a stipulation to extend the deadline for Defendant to respond to the Complaint filed by Plaintiffs from October 25, 2019 to January 26, 2020 (the "Stipulation");

WHEREAS, the Court granted the Stipulation on October 30, 2019;

WHEREAS, on December 4, 2019, Rothenberg Ventures 2015 Fund, LLC and Rothenberg Ventures 2016 Accredited Fund LP (collectively, the "Funds") filed their First Amended Complaint.  The deadline for Defendant to respond to the First Amended Complaint is January 3, 2020;

WHEREAS, the parties have been actively involved in settlement negotiations to try to resolve this case as well as two other cases involving the parties currently pending in this court: *Silicon Valley Bank v. Michael Rothenberg, Rothenberg Ventures LLC,* Case No. 19-CV-343267 and *Silicon Valley Bank v. Rothenberg Ventures LLC,* Case No. 19-CV-343268 (together with this action, "the Actions").  The Parties anticipate further discussions and meetings to try and resolve the case;

1    WHEREAS, because of the complexity of the settlement negotiations and the Stipulation

2  entered in the case, the Parties request additional time to pursue settlement.  This request is sought

3  exclusively for the purpose of allowing sufficient time to resolve this action through settlement, and

4  not for delay or any other improper purpose;

5    NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to

6  the following:

7    The deadline for Defendant to respond to the First Amended Complaint shall be extend from

8  January 3, 2020 to January 26, 2020.

9  **IT IS SO STIPULATED.**

10

11  DATED:  December 10, 2019        QUINN EMANUEL URQUHART & SULLIVAN, LLP

12

13                                    _____

14                          By:    JOHN M. POTTER

15                                 Attorneys for Plaintiffs
                                    MICHAEL B. ROTHENBERG, ROTHENBERG
                                    VENTURES, LLC
16

17  DATED:  December 10, 2019        PILLSBURY WINTHROP SHAW PITTMAN LLP

18

19                                    _____

20                          By:  KENNETH E. KELLER

21                                 Attorneys for Defendant
                                    SILICON VALLEY BANK

22
   DATED:  December 10, 2019        RIMON PC
23

24

25  By:  PAUL JASPER

26  Attorneys for ROTHENBERG VENTURES 2015
    FUND, LLC AND ROTHENBERG VENTURES
27  2016 ACCREDITED FUND LP

28

on 12/17/2019 10:28 AM        Reviewed By: A. Nakamoto        Envelope: 3780293        EFS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Kenneth E. Keller (SBN 71450) | | |
| FIRM NAME: Pillsbury Winthrop Shaw Pittman LLP | | |
| STREET ADDRESS: Four Embarcadero Center, 22nd Floor | | |
| CITY: San Francisco    STATE: CA    ZIP CODE: 94111 | | |
| TELEPHONE NO.: (415) 983-1084    FAX NO.: (415) 983-1200 | | |
| E-MAIL ADDRESS: kenneth.keller@pillsburylaw.com | | |
| ATTORNEY FOR (name): Defendant Silicon Valley Bank | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME:

| PLAINTIFF/PETITIONER: Michael Rothenberg, et al. | CASE NUMBER: 19-CV-355568 |
|---|---|
| DEFENDANT/RESPONDENT: Silicon Valley Bank | JUDICIAL OFFICER: Judge Mark H. Pierce |
| OTHER: | |
| **PROPOSED ORDER (COVER SHEET)** | DEPT: 2 |

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:  Defendant Silicon Valley Bank

2. Title of the proposed order:  Stipulation to Extend time for Defendant to Respond to the First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP

3. The proceeding to which the proposed order relates is:

   a. Description of proceeding:  Extension of Time to Respond to First Amended Complaint

   b. Date and time:

   c. Place:

4. The proposed order was served on the other parties in the case.  Yes

Kenneth E. Keller
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,
rules 2.252, 3.1312
www.courts.ca.gov

**000170**

**EFS-020**

| CASE NAME: Rothenberg, et al. v. Silicon Valley Bank | CASE NUMBER: 19-CV-355568 |
|---|---|

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*  Pillsbury Winthrop Shaw Pittman LLP
      Four Embarcadero Center, 22nd Floor
      San Francisco, CA  94111

   b. My electronic service address is *(specify):*  anna.lau@pillsburylaw.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
      John Potter - johnpotter@quinnemanuel.com - attorneys for Plaintiffs
      Jeffrey Nardinelli - jeffnardinelli@quinnemanuel.com - attorneys for Plaintiffs
      Paul Jasper - paul.jasper@rimonlaw.com - attorneys for Plaintiffs
      Scott Raber - scott.raber@rimonlaw.com - attorneys for Plaintiffs
   b. To *(electronic service address of person served):*  see above 2.a.

   c. On *(date):*  December 10, 2019

   [ X ]  Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  December 10, 2019

Anna Lau
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Anna Lau*
_____
(SIGNATURE OF DECLARANT)

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

**000171**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
JOHN M. POTTER (SBN 165843)
JEFFREY W. NARDINELLI (SBN 295932)
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700
*Attorneys for Plaintiffs*

**RIMON LAW**
PAUL JASPER (SBN 200138)
SCOTT RABER (SBN 194924)
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone: 415.870.4296
*Attorneys for Plaintiffs*
ROTHENBERG VENTURES 2015 FUND,
LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
KENNETH E. KELLER (SBN 71450)
MONICA A. HERNANDEZ (SBN 280195)
REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
*Attorneys for Defendant*

Filed
December 19, 2019
Clerk of the Court
Superior Court of CA
County of Santa Clara
19CV355568
By: fmiller

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP,<br><br>Plaintiffs,<br><br>vs.<br><br>SILICON VALLEY BANK, A CORPORATION,<br><br>Defendant. | CASE NO. 19-CV-355568<br><br>[~~PROPOSED~~] ORDER GRANTING STIPULATION TO EXTEND TIME FOR DEFENDANT TO RESPONSE TO THE FIRST AMENDED COMPLAINT OF ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LLP<br><br>Complaint Filed: August 20, 2018 |

1

**PLEASE TAKE NOTICE THAT:**

2      This Court has considered the Stipulation to Extend Time for Defendant to Respond to the

3  First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and Rothenberg Ventures 2016

4  Accredited Fund LLP filed in this action (the "First Amended Complaint") agreed to by Plaintiffs

5  Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC, and

6  Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant Silicon

7  Valley Bank ("Defendant").  Good cause appearing:

8      IT IS HEREBY ORDERED THAT the deadline for Defendant to respond to the First

9  Amended Complaint has been extended to and includes January 26, 2020.

10      IT IS SO ORDERED.

11

Signed: 12/18/2019 02:58 PM

12

DATED: December 18, 2019          _Mark H. Pierce_

13

14                                      JUDGE OF THE SUPERIOR COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED]  ORDER  GRANTING  STIPULATION  TO  EXTEND  TIME  FOR  RESPONSIVE  PLEADING

**000173**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
JOHN M. POTTER (SBN 165843)
JEFFREY W. NARDINELLI (SBN 295932)
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
*Attorneys for Plaintiffs*
MICHAEL B. ROTHENBERG and
ROTHENBERG VENTURES, LLC

**RIMON LAW**
PAUL JASPER (SBN 200138)
SCOTT RABER (SBN 194924)
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone: 415.870.4296
*Attorneys for Plaintiffs*
ROTHENBERG VENTURES 2015 FUND,
LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
KENNETH E. KELLER (SBN 71450)
MONICA A. HERNANDEZ (SBN 280195)
REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
*Attorneys for Defendant*

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/24/2020 3:26 PM
Reviewed By: R. Guillermo
Case #19CV355568
Envelope: 3937532

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP, <br><br> Plaintiffs, <br><br> vs. <br><br> SILICON VALLEY BANK, A CORPORATION, <br><br> Defendant. | CASE NO. 19-CV-355568 <br><br> **NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS** <br><br> Complaint Filed: August 20, 2018 |

**PLEASE TAKE NOTICE THAT:**

Pursuant to California Rule of Court 3.110(e) and the Stipulation filed concurrently herewith, Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant Silicon Valley Bank ("Defendant"), hereby stipulate and request that the Court enter an order extending the deadlines for Defendant to respond to the Complaint filed by Plaintiffs (the "Complaint") and the First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP filed in this action (the "First Amended Complaint").

## STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, this action was transferred from San Francisco County to Santa Clara County on September 25, 2019;

WHEREAS, on October 24, 2019, Plaintiffs and Defendant filed a stipulation to extend the deadline for Defendant to respond to the Complaint from October 25, 2019 to January 26, 2020 (the "First Stipulation");

WHEREAS, the Court granted the First Stipulation on October 30, 2019;

WHEREAS, on December 4, 2019, Rothenberg Ventures 2015 Fund, LLC and Rothenberg Ventures 2016 Accredited Fund LP filed their First Amended Complaint;

WHEREAS, on December 10, 2019, Plaintiffs and Defendant filed a stipulation to extend the deadline for Defendant to respond to the First Amended Complaint from January 3, 2020 to January 26, 2020 (the "Second Stipulation");

WHEREAS, the Court granted the Second Stipulation on December 18, 2019.

WHEREAS, the parties have been actively involved in settlement negotiations to try to resolve this case as well as two other cases involving the parties currently pending in this court: *Silicon Valley Bank v. Michael Rothenberg, Rothenberg Ventures LLC,* Case No. 19-CV-343267

and *Silicon Valley Bank v. Rothenberg Ventures LLC,* Case No. 19-CV-343268 (together with this action, "the Actions").  The Parties anticipate further discussions and meetings to try and resolve the case;

WHEREAS, because of the complexity of the settlement negotiations, the Parties request additional time to pursue settlement.  This request is sought exclusively for the purpose of allowing sufficient time to resolve this action through settlement, and not for delay or any other improper purpose;

NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to the following:

The deadlines for Defendant to respond to the Complaint and the First Amended Complaint shall be extend from January 26, 2020 to February 28, 2020.

**IT IS SO STIPULATED.**

DATED:  January 22, 2020                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                                           By:   JOHN M. POTTER
                                                                 Attorneys for Plaintiffs
                                                                 MICHAEL B. ROTHENBERG, ROTHENBERG
                                                                 VENTURES, LLC


DATED:  January 22, 2020                    PILLSBURY WINTHROP SHAW PITTMAN LLP


                                                           By:   KENNETH E. KELLER
                                                                 Attorneys for Defendant
                                                                 SILICON VALLEY BANK

1 | DATED: January 22, 2020

RIMON PC

By:   PAUL JASPER
Attorneys for ROTHENBERG VENTURES 2015
FUND, LLC AND ROTHENBERG VENTURES
2016 ACCREDITED FUND LP

1   Paul S. Jasper (SBN 200138)
       Email: paul.jasper@rimonlaw.com
2   Scott R. Raber (SBN 194924)
       Email:  scott.raber@rimonlaw.com
3   RIMON, P.C.                                    **Reviewed By: M Reynoso**
    ONE EMBARCADERO CENTER, SUITE 400              **on 2/3/2020 3:04 PM**
4   San Francisco, California 94111                **Envelope: 3976893**
    Telephone:     (415) 683-5472
5   Facsimile:     (415) 683-5472

6   Attorneys for Plaintiffs
    ROTHENBERG VENTURES 2015, FUND, LLC and
7   ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

8                   SUPERIOR COURT OF STATE OF CALIFORNIA

9                          COUNTY OF SANTA CLARA

10

11  MICHAEL B. ROTHENBERG, an individual;      Case No.  19CV355568
    ROTHENBERG VENTURES, LLC;
12  ROTHENBERG VENTURES 2015 FUND,
    LLC; and ROTHENBERG VENTURES 2016          **ROTHENBERG VENTURES 2015 FUND,**
13  ACCREDITED FUND LP,                         **LLC AND ROTHENBERG VENTURES 2016**
                                                **ACCREDITED FUND LP'S NOTICE OF**
14                                              **POSTING JURY FEES**
             Plaintiffs,
15
         vs.
16                                              Complaint Filed:     August 20, 2019
17  SILICON VALLEY BANK, a corporation, and    Trial Date:          None set
    DOES 1 through 10, inclusive,
18
             Defendants.
19

20

21

22

23

24

25

26

27

28

_____
Notice of Posting Jury Fees                            Santa Clara County Superior Court
                                    1                          Case No.: 19CV355568

**000178**

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

        **PLEASE TAKE NOTICE** that Plaintiffs Rothenberg Ventures 2015 Fund LLC (the "2015 Fund") and Rothenberg Ventures 2016 Accredited Fund LP (the "2016 Fund"), hereby submits their jury fee deposit in the amount of $150.00 in the above-entitled action pursuant to California Code of Civil Procedure Section 631(b).

Dated:  February 3, 2020        RIMON, P.C.

                    Paul S. Jasper
                    Scott R. Raber
                    Attorneys for Plaintiffs
                    ROTHENBERG VENTURES 2015, FUND LLC and
                    ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

## PROOF OF SERVICE

I, LISA L. RANSDALL, am over the age of 18 and not a party to this action.  My place of business is One Embarcadero Center, Suite 400, San Francisco, CA 94111.  On February 3, 2020, I served the following attached document:

1.   **ROTHENBERG VENTURES 2015 FUND, LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP'S NOTICE OF POSTING JURY FEES**

on the person(s) listed below in the following manner/s:

| | |
|---|---|
| ☐ | **BY PERSONAL SERVICE.** I caused the documents to be personally delivered to the person(s) at the address(es) listed below. |
| **X** | **ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.** |
| ☐ | **BY UNITED STATES MAIL.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. |
| ☐ | **BY OVERNIGHT DELIVERY.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for overnight delivery.  On the same day that correspondence is placed for collection and overnight delivery, it is deposited in the ordinary course of business with an overnight delivery service in a sealed envelope with all fees fully prepaid. |
| ☐ | **BY ELECTRONIC MAIL.**  Pursuant to prior agreement of counsel, I sent the persons below copies of the documents via electronic mail at the email addresses below.  Such transmission was complete and without error in that within a reasonable amount of time no error message was received. |

The following parties were served the above-referenced documents:

1

2

3

4

5

KENNETH E. KELLER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:  415.983.1000
Facsimile:  415.983.1200

6

7

8

9

MATTHEW S. WALKER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
12255 El Camino Real, Suite 300
San Diego, CA  92130-4088
Telephone:  858.509.4000
Facsimile:  858.509.4010

10

11

12

13

14

15

MONICA A. HERNANDEZ
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
Telephone:  650.233.4500
Facsimile:  650.233.4545
***Attorneys for Defendant,***
***SILICON VALLEY BANK***

16

17

18

19

20

21

22

23

24

JOHN M. POTTER (SBN 165843)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI
(SBN 295932)
jeffnardinelli@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700
***Attorneys for Plaintiffs***
***MICHAEL B. ROTHENBERG and***
***ROTHENBERG VENTURES, LLC***

25

26

27

28

1    I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct, dated February 3, 2020, at San Francisco, California.

3

4

5

6   _____

7   Lisa L. Ransdall

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott R. Raber (SBN 194924)    SEE ATTACHED FOR<br>RIMON, P.C.    ADDITIONAL COUNSEL<br>1 Embarcadero Ctr., Ste. 400<br>San Francisco, CA  94111<br>TELEPHONE NO.: (415-693-9208    FAX NO.*(Optional):*<br>E-MAIL ADDRESS *(Optional):* scott.raber@rimonlaw.com<br>ATTORNEY FOR *(Name):* SEE ATTACHED | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 2/3/2020 3:04 PM**<br>**Reviewed By: System System**<br>**Case #19CV355568**<br>**Envelope: 3976893** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al.

DEFENDANT/RESPONDENT: Silicon Valley Bank, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ UNLIMITED CASE    ☐ LIMITED CASE<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | 19CV355568 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: February 18, 2020  Time: 10:00 am  Dept.: 2    Div.:    Room:
Address of court *(if different from the address above):*

☒  Notice of Intent to Appear by Telephone, by *(name):* Paul S. Jasper, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☐ This statement is submitted by party *(name):*
    b.  ☒ This statement is submitted **jointly** by parties *(names):*
        See Attached

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*  (Amended)12/4/19;8/20/18
    b.  ☐ The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐ The following parties named in the complaint or cross-complaint
        (1)  ☐ have not been served *(specify names and explain why not):*

        (2)  ☐ have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐ have had a default entered against them *(specify names):*

    c.  ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☒ complaint  ☐ cross-complaint    *(Describe, including causes of action):*
        NEGLIGENCE; CONCEALMENT; BREACH OF FIDUCIARY DUTY; CONVERSION;
        WRONGFUL FORECLOSURE; UNFAIR AND FRAUDULENT BUSINESS PRACTICE;
        DECLARATORY RELIEF

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
CEB  Essential
ceb.com  Forms
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720-3.730
www.courts.ca.gov

**000183**

**CM-110**

| PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silicon Valley Bank, et al. | 19CV355568 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

SEE ATTACHMENT 4(b)

☒ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒ days *(specify number):* Six days
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:           f.  Fax number:
e.  E-mail address:             g.  Party represented:
☒ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CEB® **Essential Forms**
ceb.com

**000184**

CM-110

| PLAINTIFF/PETITIONER: Michael Rothenberg, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silicon Valley Bank, et al. | 19CV355568 |

10.   c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CEB® ceb.com | Essential Forms

000185

**CM-110**

| PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al.<br><br>DEFENDANT/RESPONDENT: Silicon Valley Bank, et al. | CASE NUMBER:<br>19CV355568 |
|---|---|

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights:  ☐ Yes  ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy  ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☒ There are companion, underlying, or related cases.

    (1) Name of case:  SEE ATTACHMENT 13

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☒ Additional cases are described in Attachment 13a.

b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

    Plaintiffs may file a motion for consolidation concerning this action and the related cases.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | Per Code |
| Plaintiffs | Document Requests | Per Code |
| Plaintiffs | Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: Michael Rothenberg, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silicon Valley Bank, et al. | 19CV355568 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*   15

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 2/3/2020

Scott R. Raber
_____
(TYPE OR PRINT NAME)                                   ► _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY)

Paul S. Jasper
_____
(TYPE OR PRINT NAME)                                   ► _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY)

☒ Additional signatures are attached.

CEB® ceb.com   Essential Forms

000187

**ATTACHMENT TO CAPTION (CM-110)**

*Additional Counsel at RIMON, P.C.*

Paul S. Jasper, Esq. (SBN 200138)
RIMON, P.C.
One Embarcadero Center, Ste. 400
San Francisco, CA  94111
Tel: (415) 870-4296
Email: paul.jasper@rimonlaw.com

ATTORNEY FOR (Name): Rothenberg Ventures 2015 Fund, LLC; Rothenberg Ventures
2016 Accredited Fund LP

**ATTACHMENT 1.b. TO CM-110**

Scott R. Raber, Esq. (SBN 194924)
RIMON, P.C.
One Embarcadero Center, Ste. 400
San Francisco, CA  94111
Tel: (415) 693-9208
Email: scott.raber@rimonlaw.com

Paul S. Jasper, Esq. (SBN 200138)
RIMON, P.C.
One Embarcadero Center, Ste. 400
San Francisco, CA  94111
Tel: (415) 870-4296
Email: paul.jasper@rimonlaw.com
**ATTORNEYS FOR:  Plaintiffs Rothenberg Ventures 2015 Fund, LLC; Rothenberg Ventures 2016 Accredited Fund LP**

John Potter, Esq.
Jeff Nardinelli, Esq.
QUINN EMANUEL URQUHART & SULLIVAN
50 California Street, Floor 22
San Francisco, CA  94111
Tel:     (415) 875-6600
Fax:     (415) 875-6700
Email: johnpotter@quinnemanuel.com

      jeffnardinelli@quinnemanuel.com
**ATTORNEYS FOR:  Plaintiffs  Michael B. Rothenberg; Rothenberg Ventures, LLC**

**ATTACHMENT 4(b) to CASE MANAGEMENT STATEMENT**

Plaintiffs Michael Rothenberg and Rothenberg Ventures, LLC ("RVMC"), seek damages for fraud and negligence stemming from SVB's unauthorized transfer of $4.25 million.  The unauthorized transfer created a false appearance of wrongdoing and led to the downfall of RVMC.  The funds sat unused in an account until after this litigation commenced, when SVB seized the funds in that account.   Plaintiffs Rothenberg Ventures 2015 Fund, LLC and Rothenberg Ventures 2016 Accredited Fund LP seek disgorgement by Silicon Valley Bank of the seized funds on the ground that SVB's foreclosure was improper, and seek declaratory relief as to (a) who has the right to the cash and (b) that SVB has no enforceable security interest therein.  The cash at issue is also the subject of a related case pending before the Court, No. 19-CV-343268, wherein SVB seeks contradictory declaratory relief concerning the parties' respective rights in the cash.

## ATTACHMENT 8 TO CM-110

*Trial Representation*

Scott R. Raber, Esq. (SBN 194924)
RIMON, P.C.
One Embarcadero Center, Ste. 400
San Francisco, CA  94111
Tel:     (415) 693-9208
Email: scott.raber@rimonlaw.com


Paul S. Jasper, Esq. (SBN 200138)
RIMON, P.C.
One Embarcadero Center, Ste. 400
San Francisco, CA  94111
Tel:     (415) 870-4296
Email: paul.jasper@rimonlaw.com


John Potter, Esq.
Jeff Nardinelli, Esq.
QUINN EMANUEL URQUHART & SULLIVAN
50 California Street, Floor 22
San Francisco, CA  94111
Tel:     (415) 875-6600
Fax:     (415) 875-6700
Email: johnpotter@quinnemanuel.com
        jeffnardinelli@quinnemanuel.com

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul S. Jasper (SBN 200138)<br>Scott R. Raber (SBN 194924)<br>RIMON, P.C.<br>One Embarcadero Center, #400, San Francisco, CA 94111<br>TELEPHONE NO.: 415.683.5472   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: paul.jasper@rimonlaw.com<br>ATTORNEY FOR *(Name)*: Rothenberg Ventures 2015 Fund, LLC; Rothenberg Ventures 2016 Acc. Fund, LP | E-FILED<br>12/4/2019 2:52 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>19CV355568<br>Reviewed By: D Harris |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

| PLAINTIFF/PETITIONER: MICHAEL B. ROTHENBERG, et al.<br><br>DEFENDANT/RESPONDENT: SILICON VALLEY BANK, et al. | CASE NUMBER:<br>19CV355568 |
|---|---|
| | JUDICIAL OFFICER:<br>Mark H. Pierce |
| **NOTICE OF RELATED CASE** | DEPT.:<br>2 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Silicon Valley Bank v. Michael Rothenberg, et al.

   b. Case number: 19CV343267

   c. Court: ☒ same as above

      ☐ other state or federal court *(name and address):*

   d. Department: 2

   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: 2/13/19

   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

   h. Relationship of this case to the case referenced above   *(check all that apply):*
      ☐ involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☒ Additional explanation is attached in attachment 1h

   i. Status of case:
      ☒ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title: Silicon Valley Bank v. Rothenberg Ventures, LLC

   b. Case number: 19CV343268

   c. Court: ☒ same as above
      ☐ other state or federal court *(name and address):*

   d. Department: 19

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | CEB<br>ceb.com | Essential<br>Forms | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>*www.courtinfo.ca.gov* |
|---|---|---|---|---|

CM-015

| | |
|---|---|
| — PLAINTIFF/PETITIONER: MICHAEL B. ROTHENBERG, et al.<br><br>DEFENDANT/RESPONDENT: SILICON VALLEY BANK, et al. | CASE NUMBER:<br>19CV355568 |

2. *(continued)*

   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: 2/13/19

   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

   h. Relationship of this case to the case referenced above *(check all that apply):*
     ☐ involves the same parties and is based on the same or similar claims.
     ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
     ☒ involves claims against, title to, possession of, or damages to the same property.
     ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       ☒ Additional explanation is attached in attachment 2h

   i. Status of case:
     ☒ pending
     ☐ dismissed ☐ with ☐ without prejudice
     ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above
        ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*
     ☐ involves the same parties and is based on the same or similar claims.
     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
     ☐ involves claims against, title to, possession of, or damages to the same property.
     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       ☐ Additional explanation is attached in attachment 3h

   i. Status of case:
     ☐ pending
     ☐ dismissed ☐ with ☐ without prejudice
     ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: December 4, 2019

Paul Jasper, Esq.
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

CEB® Essential Forms
ceb.com

**CM-015**

| | |
|---|---|
| — PLAINTIFF/PETITIONER: MICHAEL B. ROTHENBERG, et al.<br><br>DEFENDANT/RESPONDENT: SILICON VALLEY BANK, et al. | CASE NUMBER:<br>19CV355568 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
NOTICE OF RELATED CASE

***(NOTE: You cannot serve the*** *Notice of Related Case* ***if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   PLEASE SEE THE ATTACHED PROOF OF SERVICE - ELECTRONIC SERVICE VIA ECF.

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:

      City:

      State and zip code:

   b. Name of person served:

      Street address:

      City:

      State and zip code:

   c. Name of person served:

      Street address:

      City:

      State and zip code:

   d. Name of person served:

      Street address:

      City:

      State and zip code:

☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 4, 2019

Lisa L. Ransdall
(TYPE OR PRINT NAME OF DECLARANT)

▶  *Lisa Ransdall*
(SIGNATURE OF DECLARANT)

| | | |
|---|---|---|
| CM-015 [Rev. July 1, 2007]  | **NOTICE OF RELATED CASE** | **Page 3 of 3** |

**000194**

ATTACHMENT 1h. / 2h.

(Additional Explanation)


There is some overlap in the parties involved and the cases are based on similar claims.

## PROOF OF SERVICE

I, LISA L. RANSDALL, am over the age of 18 and not a party to this action.  My place of business is One Embarcadero Center, Suite 400, San Francisco, CA 94111.  On December 4, 2019, I served the following attached document:

**1.      NOTICE OF RELATED CASE**

on the person(s) listed below in the following manner/s:

| | |
|---|---|
| ☐ | **BY PERSONAL SERVICE.** I caused the documents to be personally delivered to the person(s) at the address(es) listed below. |
| **X** | **ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.** |
| ☐ | **BY UNITED STATES MAIL**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. |
| ☐ | **BY OVERNIGHT DELIVERY.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for overnight delivery.  On the same day that correspondence is placed for collection and overnight delivery, it is deposited in the ordinary course of business with an overnight delivery service in a sealed envelope with all fees fully prepaid. |
| ☐ | **BY ELECTRONIC MAIL.**  Pursuant to prior agreement of counsel, I sent the persons below copies of the documents via electronic mail at the email addresses below.  Such transmission was complete and without error in that within a reasonable amount of time no error message was received. |

The following parties were served the above-referenced documents:

KENNETH E. KELLER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:  415.983.1000
Facsimile:  415.983.1200

MATTHEW S. WALKER
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
12255 El Camino Real, Suite 300
San Diego, CA  92130-4088
Telephone:  858.509.4000
Facsimile:  858.509.4010

MONICA A. HERNANDEZ
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
2550 Hanover Street
Palo Alto, CA  94304-1115
Telephone:  650.233.4500
Facsimile:  650.233.4545

**Attorneys for Defendant,**
**SILICON VALLEY BANK**

JOHN M. POTTER (SBN 165843)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI
(SBN 295932)
jeffnardinelli@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

**Attorneys for Plaintiffs**
**MICHAEL B. ROTHENBERG and**
**ROTHENBERG VENTURES, LLC**

1

2

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, dated December 4, 2019, at San Francisco, California.

3

4

*Lisa Ransdall*
_____
Lisa L. Ransdall

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT 20 TO CM-110

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:   2/3/2020

John Potter, Esq.
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY)

Date:   2/3/2020

Jeff Nardinelli, Esq.
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY)

## PROOF OF SERVICE

I, LISA L. RANSDALL, am over the age of 18 and not a party to this action.  My place of business is One Embarcadero Center, Suite 400, San Francisco, CA 94111.  On February 3, 2020, I served the following attached document:

1.      **CASE MANAGEMENT STATEMENT**

on the person(s) listed below in the following manner/s:

| | |
|---|---|
| ☐ | **BY PERSONAL SERVICE.** I caused the documents to be personally delivered to the person(s) at the address(es) listed below. |
| **X** | **ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.** |
| ☐ | **BY UNITED STATES MAIL.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. |
| ☐ | **BY OVERNIGHT DELIVERY**.  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) below and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for overnight delivery.  On the same day that correspondence is placed for collection and overnight delivery, it is deposited in the ordinary course of business with an overnight delivery service in a sealed envelope with all fees fully prepaid. |
| ☐ | **BY ELECTRONIC MAIL.**  Pursuant to prior agreement of counsel, I sent the persons below copies of the documents via electronic mail at the email addresses below.  Such transmission was complete and without error in that within a reasonable amount of time no error message was received. |

The following parties were served the above-referenced documents:

Case Management Statement

Santa Clara County Superior Court
Case No.: 19CV355568

**000200**

1

2    KENNETH E. KELLER
     PILLSBURY WINTHROP SHAW
3    PITTMAN, LLP
     Four Embarcadero Center, 22nd Floor
4    San Francisco, CA  94111-5998
     Telephone:  415.983.1000
5    Facsimile:  415.983.1200

6    MATTHEW S. WALKER
     PILLSBURY WINTHROP SHAW
7    PITTMAN, LLP
     12255 El Camino Real, Suite 300
8    San Diego, CA  92130-4088
     Telephone:  858.509.4000
9    Facsimile:  858.509.4010

10
     MONICA A. HERNANDEZ
11   PILLSBURY WINTHROP SHAW
     PITTMAN, LLP
12   2550 Hanover Street
     Palo Alto, CA  94304-1115
13   Telephone:  650.233.4500
     Facsimile:  650.233.4545
14   ***Attorneys for Defendant,***
     ***SILICON VALLEY BANK***
15

16   JOHN M. POTTER (SBN 165843)
     QUINN EMANUEL URQUHART &
17   SULLIVAN, LLP
     johnpotter@quinnemanuel.com
18   JEFFREY W. NARDINELLI
     (SBN 295932)
19   jeffnardinelli@quinnemanuel.com
     50 California Street, 22nd Floor
20   San Francisco, CA 94111-4788
     Telephone: 415.875.6600
21   Facsimile: 415.875.6700
     ***Attorneys for Plaintiffs***
22   ***MICHAEL B. ROTHENBERG and***
     ***ROTHENBERG VENTURES, LLC***
23

24

25

26

27

28

---

Case Management Statement                    Santa Clara County Superior Court
                                             Case No.: 19CV355568

**000201**

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct, dated February 3, 2020, at San Francisco, California.

3

4

5

6    _____

7    Lisa L. Ransdall

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19CV355568
Santa Clara – Civil

System System
CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kenneth E. Keller (SBN 71450) and Laura Hurtado (SBN 267044)<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>TELEPHONE NO.: (415) 983-1000   FAX NO. *(Optional):* (415) 983-1200<br>E-MAIL ADDRESS *(Optional):* kenneth.keller@pillsburylaw.com<br>ATTORNEY FOR *(Name):* Silicon Valley Bank | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 2/3/2020 11:18 AM<br>Reviewed By: System System<br>Case #19CV355568<br>Envelope: 3974434** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al.

DEFENDANT/RESPONDENT: Silicon Valley Bank, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 19CV355568 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 2/18/20   Time: 10:00 a.m.   Dept.: 21   Div.:   Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone,** by *(name):*  Kenneth E. Keller and Laura Hurtado

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Silicon Valley Bank
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* Amended - 12/4/19
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action):*

      Negligence; Concealment; Breach of Fiduciary Duty; Conversion; Wrongful Foreclosure; Unfair and Fraudulent Business Practice; and and Declaratory Relief

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**000203**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Silicon Valley Bank, et al. | 19CV355568 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs claim negligence by the Defendants in the preparation of loan to Plaintiff RVMC.  Defendants deny the allegations and intend to cross-claim against certain plaintiffs.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

Defendants will move for judicial reference and if that motion is not granted, the case should be a non-jury trial.

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* 6-7 days
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☑  by the attorney or party listed in the caption    ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                    f.   Fax number:
e.  E-mail address:                                       g.   Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☑ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**000204**

CM-110

| PLAINTIFF/PETITIONER: Michael B. Rothenberg, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silicon Valley Bank, et al. | 19CV355568 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

000205

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | Michael B. Rothenberg, et al. | 19CV355568 |
| DEFENDANT/RESPONDENT: | Silicon Valley Bank, et al. | |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
      Defendant may file a cross-complaint and will file a motion for judicial reference pursuant to the loan agreement.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|
   | Defendant | Interrogatories | Per Code |
   | Defendant | Document Requests | Per Code |
   | Defendant | Depositions | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

000206

CM-110

| PLAINTIFF/PETITIONER: | Michael B. Rothenberg, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Silicon Valley Bank, et al. | 19CV355568 |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*   0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:   January 29, 2020

Kenneth E. Keller, Attorneys for Silicon Valley Bank
          (TYPE OR PRINT NAME)

▶ _____
          (SIGNATURE OF PARTY OR ATTORNEY)

_____
          (TYPE OR PRINT NAME)

▶ _____
          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**000207**

**PROOF OF SERVICE BY EMAIL**

**Santa Clara Superior Court, Case No.: 19-CV-355568**

I, Anna Lau, the undersigned, hereby declare as follows:

1.      I am over the age of 18 years and am not a party to the within cause.  I am employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State of California.

2.      My email and business addresses are:  anna.lau@pillsburylaw.com; Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

3.      On February 3, 2020, at Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, I served a true copy of the attached document(s) titled:

**CASE MANAGEMENT CONFERENCE STATEMENT (CMC HRG 2/18/2)**

by sending it/them via electronic transmission to the following persons at the electronic-mail addresses so indicated via ONE LEGAL:

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN LLP<br>John M. Potter<br>Jeffrey Nardinelli<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788<br>Telephone:  (415) 875-6600<br>Email: johnpotter@quinnemanuel.com<br>jeffnardinelli@quinnemanuel.com | Attorneys for Plaintiffs MICHAEL B. ROTHENBERG, ROTHENBERG VENTURES, LLC |
| RIMON LAW<br>Paul Jasper<br>Scott Raber<br>One Embarcadero Center, Suite 400<br>San Francisco, CA  94111<br>Telephone:  (415) 870-4297<br>Email: paul.jasper@rimonlaw.com<br>scott.raber@rimonlaw.com | Attorneys for Plaintiffs ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP |

I declare under penalty of perjury that the foregoing is true and correct.  Executed this February 3, 2020, at San Francisco, California.

Anna Lau

Anna Lau

on 1/24/2020 3:26 PM
Reviewed By: R. Guillermo
Envelope: 3937532

QUINN EMANUEL URQUHART & SULLIVAN, LLP
JOHN M. POTTER (SBN 165843)
JEFFREY W. NARDINELLI (SBN 295932)
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
*Attorneys for Plaintiffs*
MICHAEL B. ROTHENBERG and
ROTHENBERG VENTURES, LLC

Filed
February 10, 2020
Clerk of the Court
Superior Court of CA
County of Santa Clara
19CV355568
By: fmiller

RIMON LAW
PAUL JASPER (SBN 200138)
SCOTT RABER (SBN 194924)
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone: 415.870.4296
*Attorneys for Plaintiffs*
ROTHENBERG VENTURES 2015 FUND,
LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

PILLSBURY WINTHROP SHAW PITTMAN LLP
KENNETH E. KELLER (SBN 71450)
MONICA A. HERNANDEZ (SBN 280195)
REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
*Attorneys for Defendant*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

MICHAEL B. ROTHENBERG, AN
INDIVIDUAL, ROTHENBERG
VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND, LLC, AND
ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,

Plaintiffs,

vs.

SILICON VALLEY BANK, A
CORPORATION,

Defendant.

CASE NO. 19-CV-355568

[PROPOSED] ORDER GRANTING
STIPULATION TO EXTEND TIME FOR
RESPONSIVE PLEADINGS

Complaint Filed: August 20, 2018

Case No. 19-CV-355568

1    **PLEASE TAKE NOTICE THAT:**

2        This Court has considered the Stipulation to Extend Time for Defendant to Respond to the

3    Complaint filed by Plaintiffs (the "Complaint") and the First Amended Complaint of Rothenberg

4    Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP filed in this action

5    (the "First Amended Complaint").  The Stipulation was agreed to by Plaintiffs Michael B.

6    Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg

7    Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant Silicon Valley Bank

8    ("Defendant").  Good cause appearing:

9        IT IS HEREBY ORDERED THAT the deadlines for Defendant to respond to the Complaint

10   and the First Amended Complaint have been extended to and include February 28, 2020.

11       IT IS SO ORDERED.

12                                                     Signed: 2/7/2020 10:21 AM

13

     DATED:   February 7, 2020                         _____

14

15                                                     JUDGE OF THE SUPERIOR COURT
                                                       Thang Nguyen Barrett
16

17

18

19

20

21

22

23

24

25

26

27

28



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SANTA CLARA

## MINUTE ORDER

| Michael Rothenberg et al vs Silicon Valley Bank | Hearing Start Time: | 10:00 AM |
|---|---|---|
| | Hearing Type: | Conference: Case Management |
| 19CV355568 | | |
| Date of Hearing:  02/18/2020 | Comments: | Line 28 |

| Heard By: | Barrett, Thang N | Location: | Department 21 |
|---|---|---|---|
| Courtroom Reporter: | - No Court Reporter | Courtroom Clerk: | Catherine Pham |
| | | Court Interpreter: | |
| | | Court Investigator: | |

**Parties Present:**          **Future Hearings:**

  Nardinelli, Jeffrey W.          Attorney
**Exhibits:**

---

- The following attorney(s) appear via CourtCall:

Laura C. Hurtado For: Defendant(s), Silicon Valley Bank

Paul S Jasper for Plaintiff(s), Rothenberg Ventures 2015 Fund, LLC and Rothenberg Ventures 2016 Accredited Fund LP

Set for further Case Management Conference on 7/28/20 at 10:00 a.m. in Department 21.

---

**000211**

1
2
3
4
5
6

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
JOHN M. POTTER (SBN 165843)
JEFFREY W. NARDINELLI (SBN 295932)
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
*Attorneys for Plaintiffs*
MICHAEL B. ROTHENBERG and
ROTHENBERG VENTURES, LLC

7
8
9
10
11
12

**RIMON, P.C.**
PAUL JASPER (SBN 200138)
SCOTT RABER (SBN 194924)
One Embarcadero Center, Suite 400
San Francisco, CA  94111
Telephone:  415.870.4296
*Attorneys for Plaintiffs*
ROTHENBERG VENTURES 2015 FUND,
LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

13
14
15
16
17

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
KENNETH E. KELLER (SBN 71450)
MONICA A. HERNANDEZ (SBN 280195)
REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
*Attorneys for Defendant*

18
19

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

20
21
22
23
24
25
26
27
28

MICHAEL B. ROTHENBERG, AN
INDIVIDUAL, ROTHENBERG
VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND, LLC, AND
ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,

                    Plaintiffs,

        vs.

SILICON VALLEY BANK, A
CORPORATION,

                    Defendant.

CASE NO.  19-CV-355568

**NOTICE OF STIPULATION AND
STIPULATION TO EXTEND TIME FOR
RESPONSIVE PLEADINGS**

Complaint Filed: August 20, 2018

Case No. 19-CV-355568
NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

**000212**

1    **PLEASE TAKE NOTICE THAT:**

2         Pursuant to California Rule of Court 3.110(e) and the Stipulation filed concurrently

3    herewith, Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015

4    Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and

5    Defendant Silicon Valley Bank ("Defendant"), hereby stipulate and request that the Court enter an

6    order extending the deadlines for Defendant to respond to the Complaint filed by Plaintiffs (the

7    "Complaint") and the First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and

8    Rothenberg Ventures 2016 Accredited Fund LLP filed in this action (the "First Amended

9    Complaint").

10        **STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS**

11        Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate

12   as follows:

13        WHEREAS, this action was transferred from San Francisco County to Santa Clara County

14   on September 25, 2019;

15        WHEREAS, on October 24, 2019, Plaintiffs and Defendant filed a stipulation to extend the

16   deadline for Defendant to respond to the Complaint from October 25, 2019 to January 26, 2020 (the

17   "First Stipulation");

18        WHEREAS, the Court granted the First Stipulation on October 30, 2019;

19        WHEREAS, on December 4, 2019, Rothenberg Ventures 2015 Fund, LLC and Rothenberg

20   Ventures 2016 Accredited Fund LP filed their First Amended Complaint;

21        WHEREAS, on December 10, 2019, Plaintiffs and Defendant filed a stipulation to extend

22   the deadline for Defendant to respond to the First Amended Complaint from January 3, 2020 to

23   January 26, 2020 (the "Second Stipulation");

24        WHEREAS, the Court granted the Second Stipulation on December 18, 2019.

25        WHEREAS, on January 22, 2020, Plaintiffs and Defendant filed a stipulation to extend the

26   deadline for Defendant to respond to the Complaint and the First Amended Complaint from January

27   26, 2020 to February 28, 2020 (the "Third Stipulation");

28

1    WHEREAS, the Court granted the Third Stipulation on February 7, 2020;

2    WHEREAS, the parties have been discussing settlement of this case and related litigation

3    between the parties, but those negotiations have not resulted in a settlement;

4    WHEREAS, Defendant contacted Plaintiffs to request that they file a second amended

5    complaint to cure purported procedural issues arising from the filing of the First Amended

6    Complaint by only two of the four Plaintiffs that filed the Complaint;

7    WHEREAS, the parties met and conferred on the issues raised by Defendant but have been

8    unable to agree on a resolution;

9    WHEREAS, in light of the time spent meeting and conferring, Defendant requested, and

10   Plaintiffs agreed, to extend the time for Defendant to respond to the Complaint and First Amended

11   Complaint; and

12   WHEREAS, Defendant has not yet prepared a response to the Complaint or the First

13   Amended Complaint.  Defendant requires additional time to adequately respond to the Complaint

14   and the First Amended Complaint.  This request is sought exclusively for the purpose of allowing

15   sufficient time for Defendant to adequately respond to the Complaint and First Amended

16   Complaint, and not for delay or any other improper purpose;

17   NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to

18   the following:

19   The deadlines for Defendant to respond to the Complaint and the First Amended Complaint

20   shall be extend from February 28, 2020 to March 5, 2020.

21   **IT IS SO STIPULATED.**

22

23   DATED:  February 28, 2020            QUINN EMANUEL URQUHART & SULLIVAN, LLP

24

25

26                                        By:   JOHN M. POTTER
                                               Attorneys for Plaintiffs
27                                             MICHAEL B. ROTHENBERG, ROTHENBERG
                                               VENTURES, LLC
28

1

2  DATED: February 28, 2020                    PILLSBURY WINTHROP SHAW PITTMAN LLP

3

4

5                                             By: KENNETH E. KELLER

6                                             Attorneys for Defendant
                                              SILICON VALLEY BANK

7  DATED: February 28, 2020                    RIMON, P.C.

8

9

10                                            By:  PAUL JASPER

11                                            Attorneys for ROTHENBERG VENTURES 2015
                                              FUND, LLC AND ROTHENBERG VENTURES
12                                            2016 ACCREDITED FUND LP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**000215**

1

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
JOHN M. POTTER (SBN 165843)

2

JEFFREY W. NARDINELLI (SBN 295932)

3

50 California Street, 22nd Floor
San Francisco, CA 94111-4788

4

Telephone: 415.875.6600
*Attorneys for Plaintiffs*

5

MICHAEL B. ROTHENBERG and
ROTHENBERG VENTURES, LLC

6

7

**RIMON, P.C.**
PAUL JASPER (SBN 200138)

8

SCOTT RABER (SBN 194924)
One Embarcadero Center, Suite 400

9

San Francisco, CA  94111
Telephone:  415.870.4296

10

*Attorneys for Plaintiffs*

11

ROTHENBERG VENTURES 2015 FUND,
LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

12

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

13

KENNETH E. KELLER (SBN 71450)
MONICA A. HERNANDEZ (SBN 280195)

14

REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor

15

San Francisco, CA 94111-5998
Telephone: 415.983.1000

16

Facsimile: 415.983.1200

17

*Attorneys for Defendant*

18

SUPERIOR COURT OF THE STATE OF CALIFORNIA

19

COUNTY OF SANTA CLARA

20

21

MICHAEL B. ROTHENBERG, AN
INDIVIDUAL, ROTHENBERG

22

VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND, LLC, AND

23

ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,

24

|   |   |
|---|---|
| Plaintiffs, | |

25

26

vs.

27

SILICON VALLEY BANK, A
CORPORATION,

28

Defendant.

CASE NO.  19-CV-355568

**[PROPOSED] ORDER GRANTING
STIPULATION TO EXTEND TIME FOR
RESPONSIVE PLEADINGS**

Complaint Filed: August 20, 2018

**PLEASE TAKE NOTICE THAT:**

This Court has considered the Stipulation to Extend Time for Defendant to Respond to the Complaint filed by Plaintiffs (the "Complaint") and the First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP filed in this action (the "First Amended Complaint"). The Stipulation was agreed to by Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant Silicon Valley Bank ("Defendant"). Good cause appearing:

IT IS HEREBY ORDERED THAT the deadlines for Defendant to respond to the Complaint and the First Amended Complaint have been extended to and include March 5, 2020.

IT IS SO ORDERED.


DATED: _____

_____
JUDGE OF THE SUPERIOR COURT

[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

**000217**

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   JOHN M. POTTER (SBN 165843)
2  JEFFREY W. NARDINELLI (SBN 295932)
   50 California Street, 22nd Floor
3  San Francisco, CA 94111-4788
   Telephone: 415.875.6600
4  *Attorneys for Plaintiffs*
5  MICHAEL B. ROTHENBERG and
   ROTHENBERG VENTURES, LLC
6
7  **RIMON, P.C.**
   PAUL JASPER (SBN 200138)
8  SCOTT RABER (SBN 194924)
   One Embarcadero Center, Suite 400
9  San Francisco, CA  94111
   Telephone:  415.870.4296
10 *Attorneys for Plaintiffs*
   ROTHENBERG VENTURES 2015 FUND,
11 LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP
12
13 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   KENNETH E. KELLER (SBN 71450)
14 MONICA A. HERNANDEZ (SBN 280195)
   REBECCA S. STEWART (SBN 312925)
15 Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
16 Telephone: 415.983.1000
   Facsimile: 415.983.1200
17 *Attorneys for Defendant*
18
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
19                        COUNTY OF SANTA CLARA
20 MICHAEL B. ROTHENBERG, AN            CASE NO.  19-CV-355568
   INDIVIDUAL, ROTHENBERG
21 VENTURES, LLC, ROTHENBERG           PROOF OF SERVICE
   VENTURES 2015 FUND, LLC, AND
22 ROTHENBERG VENTURES 2016            Complaint Filed: August 20, 2018
   ACCREDITED FUND LP,
23
24              Plaintiffs,
25        vs.
26 SILICON VALLEY BANK, A
   CORPORATION,
27
28              Defendant.

                    PROOF OF SERVICE BY EMAIL

1

**PROOF OF SERVICE BY EMAIL**

2

**Santa Clara Superior Court, Case No.: 19-CV-355568**

3   I, Anna Lau, the undersigned, hereby declare as follows:

4   1.   I am over the age of 18 years and am not a party to the within cause.  I am

5   employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State

6   of California.

7   2.   My email and business addresses are:  anna.lau@pillsburylaw.com; Four

8   Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

9   3.   On February 28, 2020, at Four Embarcadero Center, 22nd Floor, San

10   Francisco, CA 94111-5998, I served a true copy of the attached document(s) titled**:**

11   **NOTICE AND STIPULATION AND STIPULATION TO
    EXTEND TIME FOR RESPONSIVE PLEADINGS**

12

13   **[PROPOSED] ORDER GRANTING STIPULATION TO
    EXTEND TIME FOR RESPONSIVE PLEADINGS**

14
   by sending it/them via electronic transmission to the following persons at the

15   electronic-mail addresses so indicated via ONE LEGAL:

16

| QUINN EMANUEL URQUHART & SULLIVAN LLP<br>John M. Potter<br>Jeffrey Nardinelli<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788<br>Telephone:  (415) 875-6600<br>Email: johnpotter@quinnemanuel.com<br>    jeffnardinelli@quinnemanuel.com | Attorneys for Plaintiffs MICHAEL B. ROTHENBERG, ROTHENBERG VENTURES, LLC |
| RIMON LAW<br>Paul Jasper<br>Scott Raber<br>One Embarcadero Center, Suite 400<br>San Francisco, CA  94111<br>Telephone:  (415) 870-4297<br>Email: paul.jasper@rimonlaw.com<br>    scott.raber@rimonlaw.com | Attorneys for Plaintiffs ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP |

PROOF OF SERVICE BY EMAIL
2

4833-0363-7426.v1

**000219**

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed

2  this 28th of February 28, 2020, at San Francisco, California.

3  _____

Anna Lau

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4833-0363-7426.v1

**000220**

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    KENNETH E. KELLER (SBN 71450)
2   kenneth.keller@pillsburylaw.com
    LAURA C. HURTADO (SBN 267044)
3   laura.hurtado@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
4   San Francisco, CA 94111-5998
    Telephone: 415.983.1000
5   Facsimile: 415.983.1200
    *Attorneys for Defendant*
6   SILICON VALLEY BANK
7
8   [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

**FILED**

MAR 0 9 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY S. VERA                          DEPUTY

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
11                        COUNTY OF SANTA CLARA

12   MICHAEL B. ROTHENBERG, AN                CASE NO.  19-CV-355568
13   INDIVIDUAL, ROTHENBERG
     VENTURES, LLC, ROTHENBERG              **EX PARTE APPLICATION SEEKING**
14   VENTURES 2015 FUND, LLC, AND           **ORDER GRANTING STIPULATION TO**
     ROTHENBERG VENTURES 2016               **EXTEND TIME FOR RESPONSIVE**
15   ACCREDITED FUND LP,                    **PLEADINGS**
16                      Plaintiffs,         Complaint Filed: August 20, 2018
17           vs.
18   SILICON VALLEY BANK, A
19   CORPORATION,
20                      Defendant.
21
22
23
24
25
26
27
28

                                                        Case No. 19-CV-355568
    *EX PARTE* APPLICATION SEEKING ORDER GRANTING STIPULATION TO EXTEND TIME FOR
                            RESPONSIVE PLEADINGS

1    The parties hereby ask the Court *ex parte* to grant the Stipulation to Extend Time for
2    Responsive Pleadings agreed to by Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC,
3    Rothenberg Ventures 2015 Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP
4    (collectively, "Plaintiffs") and Defendant Silicon Valley Bank ("Defendant"). The parties have
5    discussed the stipulation at length. Plaintiffs join this *ex parte* application and do not oppose it.
6    The parties agree that adequate notice of this *ex parte* application has been provided. This *ex parte*
7    application is based on the Stipulation to Extend Time for Responsive Pleadings and the
8    Declaration of Laura C. Hurtado in Support of *Ex Parte* Application Seeking Order Granting
9    Stipulation to Extend Time for Responsive Pleadings.

10   DATED:  March 6, 2020                    PILLSBURY WINTHROP SHAW PITTMAN LLP

11

12

13                                       By:  KENNETH E. KELLER
14                                            LAURA C. HURTADO
                                              Attorneys for Defendant
15                                            SILICON VALLEY BANK

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             2
                                                                    Case No. 19-CV-355568
     *EX PARTE* APPLICATION SEEKING ORDER GRANTING STIPULATION TO EXTEND TIME FOR
                                   RESPONSIVE PLEADINGS

000222

1  DATED:  March 6, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP
JOHN M. POTTER (SBN 165843)
johnpotter@quinnemanuel.com
JEFFREY W. NARDINELLI (SBN 295932)
jeffnardinelli@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

By:  JOHN M. POTTER
     JEFF W. NARDINELLI
     Attorneys for Plaintiffs
     MICHAEL B. ROTHENBERG and
     ROTHENBERG VENTURES, LLC

DATED:  March 6, 2020

RIMON LAW
PAUL JASPER (SBN 200138)
paul.jasper@rimonlaw.com
SCOTT RABER (SBN 194924)
scott.raber@rimonlaw.com
One Embarcadero Center, Suite 400
San Francisco, CA  94111
Telephone: 415.870.4296

By:  PAUL JASPER
     SCOTT RABER
     Attorneys for Plaintiffs
     ROTHENBERG VENTURES 2015 FUND,
     LLC and ROTHENBERG VENTURES 2016
     ACCREDITED FUND LP

3

Case No. 19-CV-355568

*EX PARTE* APPLICATION SEEKING ORDER GRANTING STIPULATION TO EXTEND TIME FOR
RESPONSIVE PLEADINGS

1 | PILLSBURY WINTHROP SHAW PITTMAN LLP
KENNETH E. KELLER (SBN 71450)
2 | kenneth.keller@pillsburylaw.com
LAURA C. HURTADO (SBN 267044)
3 | laura.hurtado@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
4 | San Francisco, CA 94111-5998
5 | Telephone: 415.983.1000
Facsimile: 415.983.1200
6 | *Attorneys for Defendant*
SILICON VALLEY BANK
7

**F I L E D**

MAR 0 9 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____
DEPUTY

8 | [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

9

SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

COUNTY OF SANTA CLARA

11

12 | MICHAEL B. ROTHENBERG, AN
INDIVIDUAL, ROTHENBERG
13 | VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND, LLC, AND
14 | ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,
15

16 |             Plaintiffs,

17 |       vs.

18 | SILICON VALLEY BANK, A
CORPORATION,
19

20 |             Defendant.

CASE NO.  19-CV-355568

**DECLARATION OF LAURA C. HURTADO
IN SUPPORT OF *EX PARTE* APPLICATION
SEEKING ORDER GRANTING
STIPULATION TO EXTEND TIME FOR
RESPONSIVE PLEADINGS**

Complaint Filed: August 20, 2018

Case No. 19-CV-355568
DECLARATION OF LAURA C. HURTADO IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME
FOR RESPONSIVE PLEADINGS

000224

1        I, Laura C. Hurtado, declare as follows:

2        1.     I am a member of the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel for

3  Defendant Silicon Valley Bank. I am a member of the bar of the State of California and admitted

4  before this Court. I have personal knowledge of the facts set forth in this declaration, and if called

5  as a witness I would testify competently to those facts.

6        2.     The parties require additional time to meet and confer on the bases for Defendant's

7  demurrers to the Complaint and the First Amended Complaint. This request is sought exclusively

8  for the purpose of allowing sufficient time for the parties to meet and confer in order to determine

9  whether an agreement can be reached that would resolve the objections to be raised in the

10  demurrers, and not for delay or any other improper purpose. Attached hereto as Exhibit A is the

11  Stipulation to Extend Time for Responsive Pleadings.

12       3.     On March 5, 2020 during a meet and confer call with counsel for Plaintiffs Michael

13  B. Rothenberg, Rothenberg Ventures, LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg

14  Ventures 2016 Accredited Fund LP ("Plaintiffs"), the parties discussed this *ex parte* application and

15  agreed the parties needed to seek *ex parte* relief from the Court to extend the deadline to respond to

16  the pleadings. I informed counsel for Plaintiffs via email on March 6, 2020 at approximately 2PM

17  that counsel for Defendant agreed to prepare the *ex parte* application, and I transmitted the *ex parte*

18  application to Plaintiffs' counsel for review and signature at that time. Plaintiffs consented to this

19  filing and agreed that the notice provided of this *ex parte* application was adequate.

20        I declare under penalty of perjury under the laws of the State of California that the foregoing

21  is true and correct. Executed on this 6th day of March 2020, at San Francisco, California.

22

23

24                                       Laura C. Hurtado

25

26

27

28                       2                   Case No. 19-CV-355568

000225

# EXHIBIT A

1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
JOHN M. POTTER (SBN 165843)
2 | JEFFREY W. NARDINELLI (SBN 295932)
50 California Street, 22nd Floor
3 | San Francisco, CA 94111-4788
Telephone: 415.875.6600
4 | *Attorneys for Plaintiffs*
MICHAEL B. ROTHENBERG and
5 | ROTHENBERG VENTURES, LLC
6 |
7 | **RIMON, P.C.**
PAUL JASPER (SBN 200138)
8 | SCOTT RABER (SBN 194924)
One Embarcadero Center, Suite 400
9 | San Francisco, CA 94111
Telephone: 415.870.4296
10 | *Attorneys for Plaintiffs*
ROTHENBERG VENTURES 2015 FUND,
11 | LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP
12 |
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
13 | KENNETH E. KELLER (SBN 71450)
MONICA A. HERNANDEZ (SBN 280195)
14 | REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor
15 | San Francisco, CA 94111-5998
Telephone: 415.983.1000
16 | Facsimile: 415.983.1200
17 | *Attorneys for Defendant*
18 |
SUPERIOR COURT OF THE STATE OF CALIFORNIA
19 | COUNTY OF SANTA CLARA

| | |
|---|---|
| 20 MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP, <br><br> Plaintiffs, <br><br> vs. <br><br> SILICON VALLEY BANK, A CORPORATION, <br><br> Defendant. | CASE NO. 19-CV-355568 <br><br> **NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS** <br><br> Complaint Filed: August 20, 2018 |

Case No. 19-CV-355568
NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

000227

1    **PLEASE TAKE NOTICE THAT:**

2       Pursuant to California Rule of Court 3.110(e) and the Stipulation filed concurrently

3    herewith, Plaintiffs Michael B. Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015

4    Fund, LLC, and Rothenberg Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and

5    Defendant Silicon Valley Bank ("Defendant"), hereby stipulate and request that the Court enter an

6    order extending the deadlines for Defendant to respond to the Complaint filed by Plaintiffs (the

7    "Complaint") and the First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and

8    Rothenberg Ventures 2016 Accredited Fund LLP filed in this action (the "First Amended

9    Complaint").

10                **STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS**

11      Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate

12   as follows:

13      WHEREAS, this action was transferred from San Francisco County to Santa Clara County

14   on September 25, 2019;

15      WHEREAS, on October 24, 2019, Plaintiffs and Defendant filed a stipulation to extend the

16   deadline for Defendant to respond to the Complaint from October 25, 2019 to January 26, 2020 (the

17   "First Stipulation");

18      WHEREAS, the Court granted the First Stipulation on October 30, 2019;

19      WHEREAS, on December 4, 2019, Rothenberg Ventures 2015 Fund, LLC and Rothenberg

20   Ventures 2016 Accredited Fund LP filed their First Amended Complaint;

21      WHEREAS, on December 10, 2019, Plaintiffs and Defendant filed a stipulation to extend

22   the deadline for Defendant to respond to the First Amended Complaint from January 3, 2020 to

23   January 26, 2020 (the "Second Stipulation");

24      WHEREAS, the Court granted the Second Stipulation on December 18, 2019.

25      WHEREAS, on January 22, 2020, Plaintiffs and Defendant filed a stipulation to extend the

26   deadline for Defendant to respond to the Complaint and the First Amended Complaint from January

27   26, 2020 to February 28, 2020 (the "Third Stipulation");

28

1    WHEREAS, the Court granted the Third Stipulation on February 7, 2020;

2    WHEREAS, the parties have been discussing settlement of this case and related litigation

3    between the parties, but those negotiations have not resulted in a settlement;

4    WHEREAS, Defendant contacted Plaintiffs to request that they file a second amended

5    complaint to cure purported procedural issues arising from the filing of the First Amended

6    Complaint by only two of the four Plaintiffs that filed the Complaint;

7    WHEREAS, the parties met and conferred on the issues raised by Defendant but have been

8    unable to agree on a resolution;

9    WHEREAS, in light of the time spent meeting and conferring, Defendant requested, and

10   Plaintiffs agreed, to extend the time for Defendant to respond to the Complaint and First Amended

11   Complaint;

12   WHEREAS, on February 28, 2020, Plaintiffs and Defendant filed a stipulation to extend the

13   deadline for Defendant to respond to the Complaint and the First Amended Complaint from

14   February 28, 2020 to March 5, 2020;

15   WHEREAS, the parties require additional time to meet and confer on the bases for

16   Defendant's demurrers to the Complaint and First Amended Complaint. This request is sought

17   exclusively for the purpose of allowing sufficient time for the parties to meet and confer in order to

18   determine whether an agreement can be reached that would resolve the objections to be raised in the

19   demurrers, and not for delay or any other improper purpose;

20   NOW THEREFORE, Plaintiffs and Defendant through their counsel of record stipulate to

21   the following:

22   The deadlines for Defendant to respond to the Complaint and the First Amended Complaint

23   shall be extend from March 5, 2020 to March 18, 2020.

24   **IT IS SO STIPULATED.**

25

26

27

28

3                                                    Case No. 19-CV-355568

000229

1
2   DATED: March 5, 2020                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4
                                           By:    JOHN M. POTTER
5                                                 Attorneys for Plaintiffs
                                                  MICHAEL B. ROTHENBERG, ROTHENBERG
6                                                 VENTURES, LLC

7

8   DATED: March 5, 2020                    PILLSBURY WINTHROP SHAW PITTMAN LLP

9

10

11  By: KENNETH E. KELLER
                                                  Attorneys for Defendant
12                                                SILICON VALLEY BANK

13  DATED: March 5, 2020                        RIMON, P.C.

14

15

16  By:    PAUL JASPER
                                                  Attorneys for ROTHENBERG VENTURES 2015
17                                                FUND, LLC AND ROTHENBERG VENTURES
                                                  2016 ACCREDITED FUND LP
18

19

20

21

22

23

24

25

26

27

28
                                           4                              Case No. 19-CV-355568
    NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    KENNETH E. KELLER (SBN 71450)
2   kenneth.keller@pillsburylaw.com
    LAURA C. HURTADO (SBN 267044)
3   laura.hurtado@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
4   San Francisco, CA 94111-5998
5   Telephone: 415.983.1000
    Facsimile: 415.983.1200
6   *Attorneys for Defendant*
    SILICON VALLEY BANK
7

**F I L E D**

MAR 0 9 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____
                    DEPUTY
S. VERA

8   [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SANTA CLARA

11

12   MICHAEL B. ROTHENBERG, AN          CASE NO.  19-CV-355568
     INDIVIDUAL, ROTHENBERG
13   VENTURES, LLC, ROTHENBERG          **PROOF OF SERVICE RE**
     VENTURES 2015 FUND, LLC, AND       ***EX PARTE* APPLICATION**
14   ROTHENBERG VENTURES 2016           **SEEKING ORDER GRANTING**
     ACCREDITED FUND LP,                **STIPULATION TO EXTEND TIME**
15                                      **FOR RESPONSIVE PLEADINGS**
16              Plaintiffs,
                                        Complaint Filed: August 20, 2018
17        vs.

18   SILICON VALLEY BANK, A
19   CORPORATION,

20              Defendant.

21

22        I, Anna Lau, the undersigned, hereby declare as follows:

23        1.    I am over the age of 18 years and am not a party to the within cause.  I am

24   employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State

25   of California.

26        2.    My email and business addresses are:  anna.lau@pillsburylaw.com, Four

27   Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

28

                                      1
                        PROOF OF SERVICE BY EMAIL

4833-0363-7426.v1

**000231**

1      3.    On March 6, 2020, at Four Embarcadero Center, 22nd Floor, San Francisco,

2  CA 94111-5998, I served a true copy of the attached document(s) titled:

3      **EX PARTE APPLICATION SEEKING ORDER GRANTING
      STIPULATION TO EXTEND TIME FOR RESPONSIVE**
4      **PLEADINGS**

5      **DECLARATION OF LAURA C. HURTADO IN SUPPORT
      OF EX PARTE APPLICATION SEEKING ORDER**
6      **GRANTING STIPULATION TO EXTEND TIME FOR**
7      **RESPONSIVE PLEADINGS**

8      **NOTICE OF STIPULATION AND STIPULATION TO
      EXTEND TIME FOR RESPONSIVE PLEADINGS**
9

10     **[PROPOSED] ORDER GRANTING STIPULATION TO
      EXTEND TIME FOR RESPONSIVE PLEADINGS**

11     by sending it/them via electronic transmission to the following persons at the

12  electronic-mail addresses listed below:

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN LLP<br>John M. Potter<br>Jeffrey Nardinelli<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br>Telephone: (415) 875-6600<br>Email: johnpotter@quinnemanuel.com<br>     jeffnardinelli@quinnemanuel.com | Attorneys for Plaintiffs MICHAEL B. ROTHENBERG, ROTHENBERG VENTURES, LLC |
| RIMON LAW<br>Paul Jasper<br>Scott Raber<br>One Embarcadero Center, Suite 400<br>San Francisco, CA 94111<br>Telephone: (415) 870-4297<br>Email: paul.jasper@rimonlaw.com<br>     scott.raber@rimonlaw.com | Attorneys for Plaintiffs ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP |

    I declare under penalty of perjury that the foregoing is true and correct.  Executed

this March 6, 2020, at San Francisco, California.

                       _Anna Lau_

                        Anna Lau

4833-0363-7426.v1

**000232**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
JOHN M. POTTER (SBN 165843)
JEFFREY W. NARDINELLI (SBN 295932)
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: 415.875.6600
*Attorneys for Plaintiffs*
MICHAEL B. ROTHENBERG and
ROTHENBERG VENTURES, LLC

**RIMON LAW**
PAUL JASPER (SBN 200138)
SCOTT RABER (SBN 194924)
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone: 415.870.4296
*Attorneys for Plaintiffs*
ROTHENBERG VENTURES 2015 FUND,
LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
KENNETH E. KELLER (SBN 71450)
MONICA A. HERNANDEZ (SBN 280195)
REBECCA S. STEWART (SBN 312925)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
*Attorneys for Defendant*

**FILED**

MAR 0 9 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

| | |
|---|---|
| MICHAEL B. ROTHENBERG, AN INDIVIDUAL, ROTHENBERG VENTURES, LLC, ROTHENBERG VENTURES 2015 FUND, LLC, AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>SILICON VALLEY BANK, A CORPORATION,<br><br>                    Defendant. | CASE NO.  19-CV-355568<br><br>~~[PROPOSED]~~ **ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS**<br><br>Complaint Filed: August 20, 2018 |

Case No. 19-CV-355568
[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

1    **PLEASE TAKE NOTICE THAT:**

2          This Court has considered the Stipulation to Extend Time for Defendant to Respond to the

3    Complaint filed by Plaintiffs (the "Complaint") and the First Amended Complaint of Rothenberg

4    Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP filed in this action

5    (the "First Amended Complaint"). The Stipulation was agreed to by Plaintiffs Michael B.

6    Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg

7    Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant Silicon Valley Bank

8    ("Defendant"). Good cause appearing:

9          IT IS HEREBY ORDERED THAT the deadlines for Defendant to respond to the Complaint

10   and the First Amended Complaint have been extended to and include March 18, 2020.

11          IT IS SO ORDERED.

12

13   DATED: 3-9-20

14                                                        JUDGE OF THE SUPERIOR COURT

15                                                        Thang Nguyen Barrett

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              2                          Case No. 19-CV-355568
     [PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

System System

PILLSBURY WINTHROP SHAW PITTMAN LLP
KENNETH E. KELLER (71450)
kenneth.keller@pillsburylaw.com
LAURA C. HURTADO (267044)
laura.hurtado@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    415.983.1000
Facsimile:    415.983.1200

Attorneys for Defendant
SILICON VALLEY BANK

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/11/2020 4:14 PM
Reviewed By: System System
Case #19CV355568
Envelope: 4156824**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MICHAEL B. ROTHENBERG, an individual; ROTHENBERG VENTURES, LLC; ROTHENBERG VENTURES 2015 FUND, LLC; ROTHENBERG VENTURES 2016 ACCREDITED FUND LP,<br><br>                       Plaintiffs,<br><br>       vs.<br><br>SILICON VALLEY BANK, a corporation, and DOES 1 through10, inclusive,<br><br>                       Defendants. | Case No. 19CV355568<br><br>**NOTICE OF ENTRY OF ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS**<br><br><br><br>Judge:Hon. Thang N. Barrett |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 9, 2020, the Court entered an Order Granting

Stipulation to Extend Time for Responsive Pleadings.  A copy of the Order is attached hereto as

Exhibit A.

Dated:  March 10, 2020                    PILLSBURY WINTHROP SHAW PITTMAN LLP

By:    KENNETH E. KELLER
       LAURA C. HURTADO
       Attorneys for Defendants
       SILICON VALLEY BANK

1

NOTICE OF ENTRY OF ORDER GRANTING STIPULATION
TO EXTEND TIME FOR RESPONSIVE PLEADINGS

**000235**

4843-1446-7511.v1

# EXHIBIT A

1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   JOHN M. POTTER (SBN 165843)

2  JEFFREY W. NARDINELLI (SBN 295932)
   50 California Street, 22nd Floor

3  San Francisco, CA 94111-4788

4  Telephone: 415.875.6600
   *Attorneys for Plaintiffs*

5  MICHAEL B. ROTHENBERG and
   ROTHENBERG VENTURES, LLC

6

7  **RIMON LAW**
   PAUL JASPER (SBN 200138)

8  SCOTT RABER (SBN 194924)
   One Embarcadero Center, Suite 400

9  San Francisco, CA  94111
   Telephone:  415.870.4296

10 *Attorneys for Plaintiffs*

11 ROTHENBERG VENTURES 2015 FUND,
   LLC and ROTHENBERG VENTURES 2016 ACCREDITED FUND LP

12

13 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   KENNETH E. KELLER (SBN 71450)

14 MONICA A. HERNANDEZ (SBN 280195)
   REBECCA S. STEWART (SBN 312925)

15 Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998

16 Telephone: 415.983.1000
   Facsimile: 415.983.1200

17 *Attorneys for Defendant*

18

19                SUPERIOR COURT OF THE STATE OF CALIFORNIA
                       COUNTY OF SANTA CLARA

20

21 MICHAEL B. ROTHENBERG, AN          CASE NO.  19-CV-355568
   INDIVIDUAL, ROTHENBERG

22 VENTURES, LLC, ROTHENBERG          [PROPOSED] ORDER GRANTING
   VENTURES 2015 FUND, LLC, AND       STIPULATION TO EXTEND TIME FOR

23 ROTHENBERG VENTURES 2016           RESPONSIVE PLEADINGS
   ACCREDITED FUND LP,

24                                     Complaint Filed: August 20, 2018
                    Plaintiffs,

25

26             vs.

27 SILICON VALLEY BANK, A
   CORPORATION,

28
                    Defendant.

---

Case No. 19-CV-355568

[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

**000237**

1   **PLEASE TAKE NOTICE THAT:**

2       This Court has considered the Stipulation to Extend Time for Defendant to Respond to the

3   Complaint filed by Plaintiffs (the "Complaint") and the First Amended Complaint of Rothenberg

4   Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LLP filed in this action

5   (the "First Amended Complaint"). The Stipulation was agreed to by Plaintiffs Michael B.

6   Rothenberg, Rothenberg Ventures LLC, Rothenberg Ventures 2015 Fund, LLC, and Rothenberg

7   Ventures 2016 Accredited Fund LP (collectively, "Plaintiffs") and Defendant Silicon Valley Bank

8   ("Defendant"). Good cause appearing:

9       IT IS HEREBY ORDERED THAT the deadlines for Defendant to respond to the Complaint

10  and the First Amended Complaint have been extended to and include March 18, 2020.

11      IT IS SO ORDERED.

12

13

14  DATED: 3-9-20

                                                              _____

15                                           JUDGE OF THE SUPERIOR COURT

                                               Thang Nguyen Barrett

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS

**000238**

**PROOF OF SERVICE BY EMAIL**

**Santa Clara Superior Court, Case No.: 19-CV-355568**

I, Anna Lau, the undersigned, hereby declare as follows:

1.     I am over the age of 18 years and am not a party to the within cause.  I am employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State of California.

2.     My email and business addresses are:  anna.lau@pillsburylaw.com; Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

3.     On March 11, 2020, at Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, I served a true copy of the attached document(s) titled**:**

**NOTICE OF ENTRY OF ORDER GRANTING STIPULATION TO EXTEND TIME FOR RESPONSIVE PLEADINGS**

by sending it/them via electronic transmission to the following persons at the electronic-mail addresses so indicated via ONE LEGAL:

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN LLP<br>John M. Potter<br>Jeffrey Nardinelli<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111-4788<br>Telephone:  (415) 875-6600<br>Email: johnpotter@quinnemanuel.com<br>       jeffnardinelli@quinnemanuel.com | Attorneys for Plaintiffs MICHAEL B. ROTHENBERG, ROTHENBERG VENTURES, LLC |
| RIMON LAW<br>Paul Jasper<br>Scott Raber<br>One Embarcadero Center, Suite 400<br>San Francisco, CA  94111<br>Telephone:  (415) 870-4297<br>Email: paul.jasper@rimonlaw.com<br>       scott.raber@rimonlaw.com | Attorneys for Plaintiffs ROTHENBERG VENTURES 2015 FUND LLC AND ROTHENBERG VENTURES 2016 ACCREDITED FUND LP |

I declare under penalty of perjury that the foregoing is true and correct.  Executed this March 11, 2020, at San Francisco, California.

_____
Anna Lau

PROOF OF SERVICE BY EMAIL

4833-0363-7426.v1

**000239**

1    PILLSBURY WINTHROP SHAW PITTMAN LLP
     KENNETH E. KELLER (71450)
2    kenneth.keller@pillsburylaw.com
     LAURA C. HURTADO (267044)
3    laura.hurtado@pillsburylaw.com
     Four Embarcadero Center, 22nd Floor
4    San Francisco, CA 94111-5998
     Telephone:    415.983.1000
5    Facsimile:    415.983.1200

6    Attorneys for Defendants
     SILICON VALLEY BANK

7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/18/2020 8:25 PM
Reviewed By: P. Lai
Case #19CV355568
Envelope: 4186396**

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SANTA CLARA

10

11    MICHAEL B. ROTHENBERG, an individual;
     ROTHENBERG VENTURES, LLC;
12    ROTHENBERG VENTURES 2015 FUND,
     LLC; ROTHENBERG VENTURES 2016
13    ACCREDITED FUND LP,

14                    Plaintiffs,

15       vs.

16    SILICON VALLEY BANK, a corporation, and
     DOES 1 through10, inclusive,
17
                   Defendants.
18

Case No. 19CV355568

**NOTICE OF HEARING ON
DEMURRERS OF SILICON VALLEY
BANK TO COMPLAINT OF MICHAEL
B. ROTHENBERG, ROTHENBERG
VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND LLC, AND
ROTHENBERG VENTURES 2016
ACCREDITED FUND LP**

             **08/27/2020**
Date:    ~~June 23, 2020~~
Time:    9:00 a.m.
Dept:    21

Judge: Hon. Thang N. Barrett

19

20

21

22

23

24

25

26

27

28

**000240**

1    To all parties and to their attorneys of record:

2    PLEASE TAKE NOTICE that on June 23, 2020 at 9:00 a.m., or as soon thereafter as counsel

3    may be heard in Department 21 of the above-entitled Court, which is located at 161 North First

4    Street, San Jose, California 95113, Defendant Silicon Valley Bank ("SVB") will and hereby does

5    demurrer pursuant to subsections (b), (e), and (f) of Code of Civil Procedure section 430.10, to the

6    complaint ("Complaint") filed by plaintiffs Michael B. Rothenberg, Rothenberg Ventures, LLC,

7    Rothenberg Ventures 2015 Fund LLC, and Rothenberg Ventures 2016 Accredited Fund LP

8    (collectively "Plaintiffs") on August 20, 2018 on the following grounds:

9    1.    The Complaint and each cause of action alleged therein by Rothenberg Ventures,

10   LLC and Rothenberg Ventures 2016 Accredited Fund LP fails for lack of capacity to sue and

11   maintain the lawsuit.  (First through Fifth Causes of Action).

12   2.    The Complaint and each and every cause of action alleged therein by each of

13   Plaintiffs is uncertain.  (First through Fifth Causes of Action).

14   3.    The Complaint does not state facts sufficient to constitute a cause of action by any of

15   the Plaintiffs against SVB for negligence.  (First Cause of Action).

16   4.    The Complaint does not state facts sufficient to constitute a cause of action by any of

17   the Plaintiffs against SVB for deceit.  (Second Cause of Action).

18   5.    The Complaint does not state facts sufficient to constitute a cause of action by any of

19   the Plaintiffs against SVB for fraud and deceit based on concealment.  (Third Cause of Action).

20   6.    The Complaint does not state facts sufficient to constitute a cause of action by any of

21   the Plaintiffs against SVB for negligent interference with prospective economic advantage.  (Fourth

22   Cause of Action).

23   7.    The Complaint does not state facts sufficient to constitute a cause of action by any of

24   the Plaintiffs against SVB for unfair and fraudulent business practices.  (Fifth Cause of Action).

25   The demurrers are based on this Notice, as well as the Demurrers of Defendant Silicon

26   Valley Bank to Complaint; Memorandum of Points and Authorities in Support of Defendant Silicon

27   Valley Bank's Demurrers to Complaint; and the Declaration of Laura C. Hurtado Regarding

28

NOTICE OF HEARING ON SILICON VALLEY BANK'S DEMURRERS TO COMPLAINT

000241

1   Compliance with Code of Civil Procedure Section 430.41 in Support of Demurrers to Complaint

2   served and filed herewith; and on all of the records and files in this action.

3

4   Dated: March 18, 2020                    PILLSBURY WINTHROP SHAW PITTMAN LLP

5

6                                           By:     KENNETH E. KELLER
                                                    LAURA C. HURTADO
7
                                            Attorneys for Defendants
8                                           SILICON VALLEY BANK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF HEARING ON SILICON VALLEY BANK'S DEMURRERS TO COMPLAINT

1

PILLSBURY WINTHROP SHAW PITTMAN LLP
KENNETH E. KELLER (71450)
kenneth.keller@pillsburylaw.com
LAURA C. HURTADO (267044)
laura.hurtado@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    415.983.1000
Facsimile:    415.983.1200

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/18/2020 8:25 PM
Reviewed By: P. Lai
Case #19CV355568
Envelope: 4186396**

2

3

4

5

6

Attorneys for Defendants
SILICON VALLEY BANK

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF SANTA CLARA

10

11

MICHAEL B. ROTHENBERG, an individual;
ROTHENBERG VENTURES, LLC;
ROTHENBERG VENTURES 2015 FUND,
LLC; ROTHENBERG VENTURES 2016
ACCREDITED FUND LP,

Plaintiffs,

vs.

SILICON VALLEY BANK, a corporation, and
DOES 1 through10, inclusive,

Defendants.

Case No. 19CV355568

**DEMURRERS OF SILICON VALLEY
BANK TO COMPLAINT OF MICHAEL
B. ROTHENBERG, ROTHENBERG
VENTURES, LLC, ROTHENBERG
VENTURES 2015 FUND LLC, AND
ROTHENBERG VENTURES 2016
ACCREDITED FUND LP**

Date: ~~June 23, 2020~~  **08/27/2020**
Time: 9:00 a.m.
Dept: 21

Judge: Hon. Thang N. Barrett

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SILICON VALLEY BANK'S DEMURRERS TO COMPLAINT

Pursuant to subsections (b), (e) and (f) of Code of Civil Procedure section 430.10, Defendant Silicon Valley Bank ("SVB") will and hereby does demurrer to the complaint ("Complaint") filed by plaintiffs Michael B. Rothenberg ("Rothenberg"), Rothenberg Ventures, LLC (the "Management Company"), Rothenberg Ventures 2015 Fund LLC (the "2015 Fund"), and Rothenberg Ventures 2016 Accredited Fund LP (the "2016 Fund") (collectively "Plaintiffs") on August 20, 2018 on the following grounds:

### Demurrer to First Cause of Action

#### (Negligence)

1.      The Complaint and each and every cause of action alleged therein by the Management Company and the 2016 Fund fails for lack of capacity to sue and maintain the lawsuit. Code of Civ. Proc. § 430.10(b).

2.      The Complaint and each and every cause of action alleged therein by each of Plaintiffs, including the First Cause of Action for Negligence, is uncertain owing to the filing of the First Amended Complaint on behalf of only the 2015 Fund and 2016 Fund and Rothenberg and the Management Company's position that the original Complaint survives the filing of the First Amended Complaint and remains operative at least as to Plaintiff Rothenberg and the Management Company.  Code Civ. Proc. § 430.10(f).

3.      The Complaint does not state facts sufficient to constitute a cause of action by any of the Plaintiffs against SVB for negligence because Plaintiffs fail to plead causation.  Code Civ. Proc. § 430.10(e).

### Demurrer to Second Cause of Action

#### (Deceit)

4.      The Complaint and each and every cause of action alleged therein by the Management Company and the 2016 Fund fails for lack of capacity to sue and maintain the lawsuit. Code of Civ. Proc. § 430.10(b).

5.      The Complaint and each and every cause of action alleged therein by each of Plaintiffs, including the Second Cause of Action for Deceit, is uncertain owing to the filing of the First Amended Complaint on behalf of only the 2015 Fund and 2016 Fund and Rothenberg and the

4816-1723-2054.v1
000244

1  Management Company's position that the original Complaint survives the filing of the First

2  Amended Complaint and remains operative at least as to Plaintiff Rothenberg and the Management

3  Company.  Code Civ. Proc. § 430.10(f).

4       6.     The Complaint does not state facts sufficient to constitute a cause of action by any of

5  the Plaintiffs against SVB for deceit because Plaintiffs have failed to plead fraud with the requisite

6  level of specificity.  Code Civ. Proc. § 430.10(e).

7              **Demurrer to Third Cause of Action**

8              (Fraud and Deceit Based on Concealment)

9       7.     The Complaint and each and every cause of action alleged therein by the

10  Management Company and the 2016 Fund fails for lack of capacity to sue and maintain the lawsuit.

11  Code of Civ. Proc. § 430.10(b).

12       8.     The Complaint and each and every cause of action alleged therein by each of

13  Plaintiffs, including the Third Cause of Action for Fraud and Deceit Based on Concealment, is

14  uncertain owing to the filing of the First Amended Complaint on behalf of only the 2015 Fund and

15  2016 Fund and Rothenberg and the Management Company's position that the original Complaint

16  survives the filing of the First Amended Complaint and remains operative at least as to Plaintiff

17  Rothenberg and the Management Company.  Code Civ. Proc. § 430.10(f).

18       9.     The Complaint does not state facts sufficient to constitute a cause of action by any of

19  the Plaintiffs against SVB for fraud and deceit based on concealment because Plaintiffs have failed

20  to plead fraud with the requisite level of specificity.  Code Civ. Proc. § 430.10(e).

21              **Demurrer to Fourth Cause of Action**

22              (Negligent Interference with Prospective Economic Advantage)

23       10.    The Complaint and each and every cause of action alleged therein by the

24  Management Company and the 2016 Fund fails for lack of capacity to sue and maintain the lawsuit.

25  Code of Civ. Proc. § 430.10(b).

26       11.    The Complaint and each and every cause of action alleged therein by each of

27  Plaintiffs, including the Fourth Cause of Action for Negligent Interference with Prospective

28  Economic Advantage, is uncertain owing to the filing of the First Amended Complaint on behalf of

only the 2015 Fund and 2016 Fund and Rothenberg and the Management Company's position that the original Complaint survives the filing of the First Amended Complaint and remains operative at least as to Plaintiff Rothenberg and the Management Company.  Code Civ. Proc. § 430.10(f).

12.     The Complaint does not state facts sufficient to constitute a cause of action by any of the Plaintiffs against SVB for negligent interference with prospective economic advantage because Plaintiffs fail to plead causation.  Code Civ. Proc. § 430.10(e).

### Demurrer to Fifth Cause of Action

(Unfair and Fraudulent Business Practice)

13.     The Complaint and each and every cause of action alleged therein by the Management Company and the 2016 Fund fails for lack of capacity to sue and maintain the lawsuit. Code of Civ. Proc. § 430.10(b).

14.     The Complaint and each and every cause of action alleged therein by each of Plaintiffs, including the Fifth Cause of Action for Unfair and Fraudulent Business Practice, is uncertain owing to the filing of the First Amended Complaint on behalf of only the 2015 Fund and 2016 Fund and Rothenberg and the Management Company's position that the original Complaint survives the filing of the First Amended Complaint and remains operative at least as to Plaintiff Rothenberg and the Management Company.  Code Civ. Proc. § 430.10(f).

15.     The Complaint does not state facts sufficient to constitute a cause of action by any of the Plaintiffs against SVB for unfair and fraudulent business practice because Plaintiffs have failed to plead fraud with the requisite level of specificity.  Code Civ. Proc. § 430.10(e).

Wherefore, SVB prays that its demurrers be sustained without leave to amend, and for such other and further relief as this court may deem just and proper.

Dated:  March 18, 2020                              PILLSBURY WINTHROP SHAW PITTMAN LLP


                                                    By:      _____
                                                             KENNETH E. KELLER
                                                             LAURA C. HURTADO

                                                             Attorneys for Defendants
                                                             SILICON VALLEY BANK

4816-1723-2054.v1
**000246**

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   KENNETH E. KELLER (71450)
2  kenneth.keller@pillsburylaw.com
   LAURA C. HURTADO (267044)
3  laura.hurtado@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA 94111-5998
   Telephone:    415.983.1000
5  Facsimile:    415.983.1200

6  Attorneys for Defendants
   SILICON VALLEY BANK
7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/18/2020 8:25 PM
Reviewed By: P. Lai
Case #19CV355568
Envelope: 4186396**

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  MICHAEL B. ROTHENBERG, an individual;          Case No. 19CV355568
    ROTHENBERG VENTURES, LLC;
12  ROTHENBERG VENTURES 2015 FUND,                 **MEMORANDUM OF POINTS AND**
    LLC; ROTHENBERG VENTURES 2016                  **AUTHORITIES IN SUPPORT OF**
13  ACCREDITED FUND LP,                            **DEMURRER OF SILICON VALLEY**
                                                   **BANK TO COMPLAINT OF MICHAEL**
14                          Plaintiffs,            **B. ROTHENBERG, ROTHENBERG**
                                                   **VENTURES, LLC, ROTHENBERG**
15          vs.                                    **VENTURES 2015 FUND LLC AND**
                                                   **ROTHENBERG VENTURES 2016**
16  SILICON VALLEY BANK, a corporation, and        **ACCREDITED FUND LP**
    DOES 1 through10, inclusive,
17                                                 Date:   ~~June 23, 2020~~ **08/27/2020**
                            Defendants.            Time:   9:00 a.m.
18                                                 Dept:   21

19                                                 Judge:  Hon. Thang N. Barrett

20

21

22

23

24

25

26

27

28

1

2

# **<u>TABLE OF CONTENTS</u>**

Page

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF THE CASE................................................................................2

     A.     The Parties ...................................................................................................2

     B.     The Loan at Issue .........................................................................................2

     C.     Procedural History .......................................................................................4

     D.     The SEC Action Against Rothenberg and the Management Company ......................4

III.   ARGUMENT .........................................................................................................6

     A.     The Demurrer Should Be Sustained for Lack of Capacity .........................7

     B.     The Demurrer Should Be Sustained as to Each Cause of Action in the
            Complaint Due to Uncertainty .....................................................................7

     C.     The Demurrer Should be Sustained As to the Three Causes of Action
            Sounding in Fraud Because Plaintiffs Fail to Plead Fraud with the Requisite
            Specificity ....................................................................................................9

           1.     Deceit (Second Cause of Action).....................................................10

           2.     Fraud and Deceit Based on Concealment (Third Cause of Action)..............12

           3.     Unfair and Fraudulent Business Practices (Fifth Cause of Action)..............13

     D.     The Demurrer Should Be Sustained as to the Cause of Action for Negligent
            Interference with Prospective Economic Advantage Because Plaintiffs Fail to
            Plead Causation (Fourth Cause of Action) .................................................14

     E.     The Demurrers Should Be Sustained as to the Cause of Action for Negligence
            Because Plaintiffs Fail to Plead Causation (First Cause of Action) ......................15

IV.    CONCLUSION......................................................................................................15

1

# TABLE OF AUTHORITIES

2

<u>Cases</u>

3

*Anmaco, Inc. v. Bohlken*
(1993) 13 Cal. App. 4th 891 .......................................................................................... 8

4

5

*Blank v. Kirwan*
(1985) 39 Cal. 3d 311 .................................................................................................... 7

6

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*
(2008) 162 Cal. App. 4th 858 ....................................................................................... 8

7

8

*Careau & Co. v. Security Pacific Business Credit, Inc.*
(1990) 222 Cal. App. 3d 1371 ....................................................................................... 7

9

*Drake v. Morris Plan Co.*
(1975) 53 Cal. App. 3d 208 ........................................................................................... 8

10

11

*Ford v. Superior Court*
(1873) 34 Cal. App. 3d 338 ........................................................................................... 8

12

*Foreman & Clark Corp. v. Fallon*
(1971) 3 Cal. 3d 875 ...................................................................................................... 8

13

14

*Goldrich v. Natural Y Surgical Specialties, Inc.*
(1994) 25 Cal. App. 4th 772, *as modified* (June 15, 1994) .......................................... 9

15

16

*Goodman v. Kennedy*
(1976) 18 Cal. 3d 335 .................................................................................................. 12

17

*Hahn v. Mirda*
(2007) 147 Cal. App. 4th 740 ..................................................................................... 12

18

19

*Hendy v. Losse*
(1991) 54 Cal. 3d 723 .................................................................................................... 7

20

21

*Kasky v. Nike, Inc.*
(2002) 27 Cal. 4th 939 ................................................................................................. 13

22

*Kwikset Corp. v. Superior Court*
(2011) 51 Cal. 4th 310 ................................................................................................. 13

23

24

*Ladd v. Cty. of San Mateo*
(1996) 12 Cal. 4th 913 ........................................................................................... 10, 15

25

*Lazar v. Superior Court*
(1996) 12 Cal. 4th 631 ............................................................................................ 9, 10

26

27

28

*Metzenbaum v. Metzenbaum*
  (1948) 86 Cal. App. 2d 750 ................................................................................................. 6

*People ex rel. Bill Lockeyr v. Fremont Life Ins. Co.*
  (2002) 104 Cal. App. 4th 508 ............................................................................................ 14

*Redfearn v. Trader Joe's Co.*
  (2018) 20 Cal. App. 5th 989, *as modified on denial of reh'g* (Mar. 16, 2018) ............................ 14

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*
  (1999) 72 Cal. App. 4th 861 ............................................................................................ 13

*Schifando v. City of Los Angeles*
  (2003) 31 Cal. 4th 1074 ..................................................................................................... 7

*Stansfield v. Starkey*
  (1990) 220 Cal. App. 3d 59 ............................................................................................... 10

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
  (1991) 2 Cal. App. 4th 153 ............................................................................................... 10

*Timberline, Inc. v. Jaisinghani*
  (1997) 54 Cal. App. 4th 1361 ............................................................................................. 7

*United Med. Mgmt. Ltd. v. Gatto*
  (1996) 49 Cal. App. 4th 1732 .......................................................................................... 6, 7

*Youst v. Longo*
  (1987) 43 Cal. 3d 64 ........................................................................................................ 14

<u>Statutes and Codes</u>

Business and Professions Code
  Section 17200 ............................................................................................................. 13

California Code of Civil Procedure
  Section 430.10(b) ....................................................................................................... 6, 7
  Section 430.10(e) .......................................................................................................... 6
  Section 430.10(f) .......................................................................................................... 6
  Section 430.30(a) .......................................................................................................... 7

California Corporations Code
  Section 2105 ................................................................................................................. 7
  Section 2203 ................................................................................................................. 7

California Revenue and Taxation Code
  Section 23301 ............................................................................................................... 7

Defendant Silicon Valley Bank ("SVB") submits this memorandum of points and authorities in support of its demurrer to the Complaint ("Compl.") filed by plaintiffs Michael B. Rothenberg ("Rothenberg"), Rothenberg Ventures, LLC (formerly Rothenberg Ventures Management Company, LLC) (referred to herein as the "Management Company" or "RVMC"), Rothenberg Ventures 2015 Fund LLC ("2015 Fund"), and Rothenberg Ventures 2016 Accredited Fund LP ("2016 Fund") (together, the "Funds Plaintiffs").

## I. INTRODUCTION

On August 20, 2018, the four Plaintiffs, Rothenberg, RVMC, the 2015 Fund and the 2016 Fund (collectively "Plaintiffs") filed this Complaint against SVB. RVMC was not in good standing at the time it filed this lawsuit and its status with the California Secretary of State remains "FTB Forfeited." The status of the 2015 Fund was "SOS Forfeited" as of March 12, 2020 and did not become "Active" until March 13, 2020. The 2016 Fund has never been registered in California.

The four Plaintiffs alleged that contrary to Plaintiff Rothenberg's instructions to SVB to place $4.25 million of funds that would serve as collateral for a line of credit for the Management Company (the RVMC Line of Credit) into an account owned by the 2015 Fund, SVB transferred those funds "without authorization" into an account owned by the Management Company causing damage to Plaintiffs' "reputation" in excess of $100 million. Most of the factual allegations in the Complaint are not true, but for purposes of the demurrer, the Court must accept them. The timing of the Complaint was not coincidental since that same day, the Securities and Exchange Commission ("SEC") filed an action (the "SEC Action") against Plaintiffs Rothenberg and RVMC for misappropriation of funds, including apparently the funds that Rothenberg and RVMC pledged as collateral for the RVMC Line of Credit, in violation of the federal securities laws (the "SEC Complaint"). Clearly, Rothenberg and RVMC were attempting to deflect the negative publicity from the SEC Complaint against them. However, as soon as the SEC Complaint was filed, Rothenberg and RVMC consented to the entry of judgment in the SEC Action and judgments were ultimately entered against Rothenberg and RVMC. Thereafter, the court in the SEC Action ordered Rothenberg to disgorge and pay fines and penalties in an amount of approximately $30,000,000.

Nearly a year later, in December 2019, the Funds Plaintiffs retained separate counsel and

1  filed a "First Amended Complaint" amending the claims that the Funds Plaintiffs had originally

2  asserted against SVB in the Complaint.  However, Plaintiffs Rothenberg and the Management

3  Company did not join the FAC and have taken the position that the original Complaint remains

4  operative as to them and the FAC is the operative complaint with respect to the Funds Plaintiffs.

5        Each cause of action in the Complaint brought by RVMC and the 2016 Fund fails for lack of

6  capacity to sue and maintain the lawsuit given that RVMC's current status in California is "SOS

7  Forfeited" and the 2016 Fund has never been registered in California.  The Complaint and each

8  cause of action therein also fails due to uncertainty owing to the filing of the FAC on behalf of only

9  the Funds Plaintiffs.  The Second Cause of Action for Deceit, Third Cause of Action for Fraud and

10  Deceit Based on Concealment, and Fifth Cause of Action for Unfair and Fraudulent Business

11  Practices fail for failure to plead fraud with the requisite specificity.  The First Cause of Action for

12  Negligence and the Fourth Cause of Action for Negligent Interference with Prospective Economic

13  Advantage fail for failure to allege facts sufficient to show causation in light of the SEC judgment

14  against Rothenberg and RVMC.

15  **II.     STATEMENT OF THE CASE**

16        **A.     The Parties**

17        Defendant SVB is a California corporation with its principal place of business in Santa Clara

18  County.  (Compl ¶ 9.)  Plaintiff Rothenberg is a venture capitalist.  He founded the Management

19  Company, "a venture capital firm that raises funds from investors to invest in high-tech startup

20  companies" while attending Harvard Business School.  (Compl. ¶ 13.)  The Management Company,

21  also a Plaintiff, is a Delaware LLC with its principal place of business in San Francisco.  (Compl.

22  ¶ 6.)  The Complaint alleges that Forbes labeled the Management Company the "VC For the

23  Millenial Set."  (Compl. ¶ 15.)  The Management Company "closed an initial investment fund in

24  September 2013 and raised increasingly larger funds in 2014, 2015, and 2016."  (Compl. ¶ 13.)  The

25  2015 Fund and 2016 Fund, both named as Plaintiffs in the Complaint, are a Delaware limited

26  liability company and a Delaware limited partnership, respectively.  (Compl. ¶¶ 7, 8.)

27        **B.     The Loan at Issue**

28        According to Plaintiffs, "[a]s part of its efforts to gain additional business from the

MEM. OF POINTS AND AUTHORITIES ISO DEMURRER OF SILICON VALLEY BANK TO COMPLAINT

4839-1884-2806

1   Management Company, SVB offered to open a line of credit for the Management Company."

2   (Compl. ¶ 17.)   "On December 23, 2015, acting personally and on behalf of the Management

3   Company and the Funds, Mr. Rothenberg directed the Bank to create the 2015 Fund Collateral

4   account, which would hold the collateral to support the line of credit."  (Compl. ¶ 18)  In connection

5   with securing this line of credit, Plaintiff Rothenberg represented to SVB that "members have pre-

6   paid somewhere between $1.7-5m of expenses, which we have in cash and will fund the recently

7   opened account.  The management company would like to access a LoC for opex secured by these

8   funds that are ultimately owed to the management company."  (Compl. ¶ 19.)  Plaintiffs allege that

9   "Mr. Rothenberg instructed the Bank on multiple occasions that the Prepaid Fees would be held by

10  the 2015 Fund, not the Management Company."  (Compl. ¶ 19.)

11          Even though Rothenberg did not contact SVB to secure this line of credit until December 23,

12  2015, the "transaction was supposed to be completed by year's end."  (Compl. ¶ 20.)  "Confronted

13  by this time constraint" – of Plaintiff Rothenberg's own creation – Plaintiffs allege that SVB "took a

14  shortcut – without Mr. Rothenberg's approval and to his everlasting detriment."  (Compl. ¶ 20.)  "To

15  set up the line of credit by the end of the year," per Plaintiff Rothenberg's request, Plaintiffs allege

16  that SVB "upended the structure of the transaction."  (Compl. ¶ 22.)  "Instead of transferring the

17  $4.25 million in Prepaid Fees into the 2015 Collateral Account as Mr. Rothenberg directed, the Bank

18  transferred the money into a new Management Company account."  (Compl. ¶ 22.)

19          Plaintiffs allege that "[b]y moving the Prepaid Fees into an account controlled by the

20  Management Company, the Bank created the false appearance that the Management Company and

21  Mr. Rothenberg had wrongfully misappropriated millions in investor funds."  (Compl. ¶ 4.)  Plaintiff

22  points to this claimed unauthorized transfer as the wellspring for a series of difficulties, ranging from

23  "employees beg[inning] to view Mr. Rothenberg's and the Management Company's otherwise

24  legitimate transactions through a deep prism of suspicion," (Compl. ¶ 28), to resignations from the

25  Management Company (Compl. ¶ 28), to the collapse of the Management Company.  (Compl. ¶ 29.)

26          However, Rothenberg knew when he filed the Complaint that the "facts" that he alleged were

27  not true.  He deliberately misquoted emails in the Complaint.  He knew when he filed the Complaint

28  that he had misappropriated monies from the Funds and, once the SEC filed its complaint against

3

000253
4839-1884-2806

1   him, alleging this misappropriation, he quickly admitted and did not contest the SEC's claims.

2   **C.     Procedural History**

3   On August 20, 2018, Plaintiffs Rothenberg, the Management Company, the 2015 Fund, and

4   the 2016 Fund filed this Complaint against SVB in San Francisco Superior Court but did not serve it

5   until October 17, 2018—the day the district court entered judgment against Rothenberg and the

6   Management Company in the SEC Action against them.  (*See infra* Section II.D.)

7   The parties filed multiple stipulations to extend the time to respond to the Complaint to

8   afford the parties additional time to investigate their claims and defenses.  In or around December

9   2018, the parties engaged in settlement discussion and in January 2019, the parties noted in one of

10   the stipulations that Plaintiffs were in the process of preparing a response to SVB's settlement offer,

11   that the 2015 Fund and the 2016 Fund recently retained Rimon, P.C. to represent their interests in the

12   settlement negotiations, and that the limited partners of the 2015 Fund and 2016 Fund were then

13   forming an "LP Oversight Committee" to evaluate SVB's settlement offer.

14   On June 18, 2019, SVB filed an unopposed stipulated motion to change venue to Santa Clara

15   County, which is SVB's principal place of business.  The Court granted the motion, and the action

16   was transferred to this Court on September 25, 2019.  The parties filed additional stipulations to

17   extend the time to respond to the Complaint in order to give them time to work out a settlement.

18   On December 4, 2019, the Funds' new lawyers, filed the FAC only on behalf of the Funds

19   Plaintiffs.  (Request for Judicial Notice ("RJN"), filed concurrently herewith, Ex. F [FAC].)  The

20   FAC alleges different causes of action against SVB than the original Complaint.  As part of the meet

21   and confer on SVB's anticipated demurrers, SVB offered to stipulate to the four Plaintiffs filing a

22   second amended complaint that consolidated their claims against SVB.  Plaintiffs refused to do so.

23   The parties stipulated that SVB had until March 18, 2020 to respond to both complaints.

24   **D.     The SEC Action Against Rothenberg and the Management Company**

25   On August 20, 2018—the same day Plaintiffs filed this action—the SEC filed a complaint

26   against Rothenberg and his Management Company in the United States District Court for the

27   Northern District of California.  (*See* RJN, Ex. A [SEC Complaint].)  The SEC Action arose out of

28   Rothenberg and the Management Company's scheme to defraud the venture capital funds they

4

000254
4839-1884-2806

managed, including the 2015 Fund and the 2016 Fund and the investors in those funds.  The SEC

alleged that Rothenberg and the Management Company began misappropriating funds they managed

as early as 2015 and that the scheme continued at least through 2017.  (RJN, Ex. A ¶ 3.)  In its order

granting the SEC's motion for disgorgement, the district court summarized the allegations against

Rothenberg and the Management Company as follows:

> Rothenberg managed, owned, and operated RVMC, which served as an
> investment advisor to a series of venture capital funds.  Rothenberg also initiated
> a series of personal business ventures under the umbrella of the 'River' brand,
> including a car racing team and an online store.  Though Defendants marketed the
> River brand to potential venture capital fund investors 'as a vehicle that would
> benefit them by creating synergies between technology startups, entrepreneurs,
> and investors,' Defendants did not adequately disclose that the Funds would
> invest in the River brand companies—Rothenberg's personal business ventures—
> themselves.  When the River brand companies began to lose money, RVMC's
> finance director warned Rothenberg that he needed to cut costs.  **Instead,**
> **Defendants continued to improperly funnel money from the Funds into**
> **Rothenberg's personal ventures and to 'fund . . . his lifestyle.'**
>
> In 2016, Defendants developed a proposed pooled investment fund, the Co-Fund,
> to invest in a privately held technology company by purchasing its common
> shares.  **Pursuant to Defendants' marketing of the Co-Fund, they received**
> **$1.35 million in investments intended for the Co-Fund, which they promptly**
> **funneled into RVMC accounts, Rothenberg's personal ventures, and**
> **Rothenberg's personal bank account.**  When Defendants ultimately had to
> repay $1 million to a Co-Fund investor, they did so by liquidating assets of two of
> the Funds and misappropriating the profits.
>
> **During this period, Defendants also misappropriated money from the Funds**
> **by knowingly withdrawing at least $7 million more in fees than was**
> **authorized by their agreements with investors.  Rothenberg used this money**
> **to pay expenses for River brand companies and his personal expenses.**
> **Defendants further engaged in a series of deceptive and self-dealing**
> **transactions to conceal all of the above misconduct.**

(RJN, Ex. G at 1:19-2:14 [Disgorgement Order] [internal citations omitted] [emphasis added].)

Rothenberg and the Management Company consented to the entry of judgment against them in the

SEC Action the same day the SEC Action was filed, which means they knew the SEC would be

filing that Action against them.  (RJN, Exs. B [Consent by Michael B. Rothenberg to Judgement]; C

[Consent by Management Company to Judgment].)  On October 17, 2018, the day Plaintiffs served

this Complaint, judgment was entered as to Rothenberg and the Management Company.  (RJN, Exs.

D [Judgment as to Michael B. Rothenberg]; E [Judgment as to Management Company].)  Both

Rothenberg and the Management Company also consented to an entry of judgment of permanent

1   injunction.  (*See* RJN, Exs. D at 2:4-28 and E at 2:5-3:7.)  As part of this judgment, Rothenberg

2   agreed to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty.

3   (*See* RJN D at 3:6-9.)  On December 20, 2019, the district court issued the Order Granting Plaintiff's

4   Motion for Disgorgement and Penalties.  (RJN, Ex. G.)  For purposes of the motion for

5   disgorgement and civil penalties, Rothenberg agreed that (RJN, Ex. G at 2:25-3:2.):

6           (a) Defendant is precluded from arguing that he did not violate the federal securities
        laws as alleged in the Complaint; (b) Defendant may not challenge the validity of
7           the Consent or this Judgment; (c) solely for the purposes of such motion, the
        allegations of the Complaint shall be accepted as and deemed true by the Court; and
8           (d) the Court may determine the issues raised in the motion on the basis of
        affidavits, declarations, excerpts of sworn deposition or investigative testimony, and
9           documentary evidence, without regard to the standards for summary judgment
        contained in Rule 56(c) of the Federal Rules of Civil Procedure.

10

11   The district court entered its order granting the motion for disgorgement and penalties and ordered

12   Rothenberg to pay disgorgement of $18,776,800, plus prejudgment interest of $3,663,323.47, for a

13   total of $22,440,123.47 and an additional civil penalty of $9,000,000.  (Ex. G at 8:23-9:2.)[1]

14   **III.   ARGUMENT**

15         A complaint is subject to demurrer on the grounds that the plaintiff does not have legal

16   capacity to sue or maintain a lawsuit.  (Code Civ. Proc., § 430.10(b); *see United Med. Mgmt. Ltd. v.*

17   *Gatto* (1996) 49 Cal. App. 4th 1732, 1740 ["Once a nonqualified foreign corporation commences an

18   action regarding intrastate business, the defendant may assert by demurrer or as an affirmative

19   defense in the answer the lack of capacity to maintain an action arising out of intrastate business."].)

20         A complaint is also subject to demurrer for "uncertainty."  (Code Civ. Proc., § 430.10(f).)

21   "As used in this subdivision, 'uncertain' includes ambiguous and unintelligible."  (*Ibid.*)  "A plaintiff

22   is required to set forth in his complaint the essential facts of his case with reasonable precision and

23   with sufficient clarity and particularity that the defendant may be apprised of the nature, source and

24   extent of his cause of action."  (*Metzenbaum v. Metzenbaum* (1948) 86 Cal. App. 2d 750, 753.)

25         A complaint deficient on its face is subject to demurrer for failure to allege facts sufficient to

26   state a cause of action.  (*See* Code Civ. Proc. § 430.10(e).)  In ruling on a demurrer, the Court

27

28   [1] Rothenberg is now representing himself in the SEC Action and has filed an appeal of the order
imposing fines, penalties and disgorgement.

1   accepts as true all material facts properly pleaded in the complaint, but need not accept contentions,

2   deductions, or conclusions.  (*See Blank v. Kirwan* (1985) 39 Cal. 3d 311, 318.)  The Court may also

3   consider facts of which it may take judicial notice.  (Code Civ. Proc. § 430.30(a).)  A general

4   allegation will not suffice if it is contradicted by specific allegations.  (*Careau & Co. v. Security*

5   *Pacific Business Credit, Inc.* (1990) 222 Cal. App. 3d 1371, 1389-90.)  If there is no "reasonable

6   possibility that the defect in a complaint can be cured by amendment," the court need not grant leave

7   to amend.  (*Hendy v. Losse* (1991) 54 Cal. 3d 723, 742.)  Plaintiff bears the burden of proving that

8   defects in the complaint are curable by amendment (*Ibid.*; *Schifando v. City of Los Angeles* (2003)

9   31 Cal. 4th 1074, 1081.)

10      **A.      The Demurrer Should Be Sustained for Lack of Capacity**

11          An "FTB Forfeited" corporation may not prosecute or defend an action in a California court.

12   (*Timberline, Inc. v. Jaisinghani* (1997) 54 Cal. App. 4th 1361, 1365-66 [stating a suspended

13   corporation is disqualified from exercising any right, power, or privilege, including prosecuting or

14   defending an action, or appealing a judgment]; *see also* Rev. & Tax Code § 23301.)  RVMC's

15   current status is "FTB Forfeited."  (RJN, Ex. H [print out from Secretary of State website].)

16          A  "foreign corporation," like the 2016 Fund, doing business in California does not have the

17   capacity to maintain any action in California courts unless it satisfies Corporations Code section

18   2105.  (Corp. Code §  2203.)  Section 2105 requires all foreign corporations that conduct business in

19   California to obtain a certificate of qualification from the California Secretary of State.  (*See United*

20   *Med. Mgmt. Ltd.*, *supra* 49 Cal. App. 4th at 1739 ["A foreign corporation transacting intrastate

21   business which has failed to qualify may not, however, maintain an action commenced prior to

22   qualification, except upon the satisfaction of certain conditions."].)  The 2016 Fund has never

23   registered with the California Secretary of State.  (RJN, Ex. I [print out from Secretary of State

24   website].)  The claims brought by RVMC and the 2016 Fund each fail for lack of capacity.  (Civ.

25   Proc. § 430.10(b).)

26      **B.      The Demurrer Should Be Sustained as to Each Cause of Action in the Complaint
                  Due to Uncertainty**

27

28          The Complaint and each cause of action therein fails due to uncertainty owing to the filing of

                                                          7
                                                ─────────────────────────
MEM. OF POINTS AND AUTHORITIES ISO DEMURRER OF SILICON VALLEY BANK TO COMPLAINT

1  the FAC on behalf of only the Funds Plaintiffs and Rothenberg and the Management Company's

2  unsubstantiated position that the original Complaint survives the filing of the FAC and remains

3  operative at least as to Rothenberg and the Management Company.  As the case now stands, there

4  are two operative "complaints", the Complaint and the FAC.  This confusion and uncertainty has

5  solely been caused by the Plaintiffs and is easily rectified by the filing of a second amended

6  compliant which would combine all claims into one operative pleading.

7       SVB is aware of no authority supportive of Plaintiffs Rothenberg and the Management

8  Company's position that the original Complaint remains operative even after an amended complaint

9  is filed.  To the contrary, it is well established that an amended pleading "supersedes the original

10  one, which ceases to perform any function as a pleading." (*Foreman & Clark Corp. v. Fallon*

11  (1971) 3 Cal. 3d 875, 884; *Anmaco, Inc. v. Bohlken* (1993) 13 Cal. App. 4th 891, 901 ["An amended

12  complaint supersedes the original and furnishes the sole basis for the cause of action.  The original

13  complaint is dropped out of the case and ceases to have any effect as a pleading, or as a basis for a

14  judgment."]; *Ford v. Superior Court* (1873) 34 Cal. App. 3d 338, 343 ["There is but one complaint

15  in a civil action."] [internal quotations omitted].)  Plaintiffs' insistence, in the face of well-

16  established authority to the contrary, of proceeding with two operative complaints in this single

17  action creates procedural uncertainty.  SVB does not know which set of allegations governs.  SVB

18  does not know which allegations in the original Complaint, if any, are made only on behalf of the

19  Funds Plaintiffs; any such allegations would be superseded by the FAC filed by the Funds Plaintiffs.

20       This uncertainty is underscored by the fact that the causes of action alleged in the complaints

21  are different[2] and certain allegations are contradictory.  Pleading facts in the alternative is generally

22  not permitted, as the defendant is entitled to a distinct statement of facts claimed by the plaintiff.

23  (*Drake v. Morris Plan Co.* (1975) 53 Cal. App. 3d 208, 210-11 [affirming sustaining of demurrer for

24  uncertainty where plaintiff pled facts in the alternative]; *see Blickman Turkus, LP v. MF Downtown*

25

26  _____

[2] The Complaint alleges the five causes of action against SVB: (1) negligence; (2) deceit; (3) fraud
and deceit based on concealment; (4) negligent interference with prospective economic advantage;
and (5) unfair and fraudulent business practice.  The FAC alleges seven causes of action against SVB:

27

28  (1) negligence; (2) concealment; (3) breach of fiduciary duty; (4) conversion; (5) wrongful
foreclosure; (6) unfair and fraudulent business practice; and (7) and declaratory relief.

1  *Sunnyvale, LLC* (2008) 162 Cal. App. 4th 858, 886 (the law permits pleading mutually inconsistent

2  bases of liability "so long as the differing grounds are . . . free of self-contradiction.".)

3    For example, the Complaint, which was brought on behalf of all four Plaintiffs alleges:  "On

4  December 24, 2015, Bank representative Judy Lee emailed Mr. Rothenberg **confirming** that the

5  collateral account for the line of credit would be 'Rothenberg Ventures 2015 Fund, LLC –

6  [xxxxxxx]8782'– the 2015 Fund Collateral Account that the Bank had just opened."  (Compl. ¶ 19

7  [emphasis added].)  To the contrary, the FAC alleges:  "Judy Lee of SVB **asked for confirmation** of

8  her understanding that the 'collateral account will be Rothenberg Ventures 2015 Fund, LLC—

9  [redacted]8782**?**" (*See* RJN, Ex. F ¶ 29 [emphasis added].)

10    Further, the original Complaint does not contain a single allegation about Rothenberg's

11  wrongdoings in connection with securing the line of credit for the Management Company.  By

12  contrast, the Funds Plaintiffs allege in the FAC that they filed it because since the filing of the

13  Complaint, "the interests of the Funds, on the one hand, and those of [Rothenberg] and [RVMC], on

14  the other hand, have diverged."  (RJN, Ex. F ¶ 1.)  According to the Funds Plaintiffs, "[t]his

15  divergence in interest arises primarily from alleged misconduct by Rothenberg in his capacity as

16  manager of RVMC, an investment advisory firm that manages the Funds."  (*Ibid*.)  The Funds

17  Plaintiffs allege in the FAC, but not in the original Complaint, that "Rothenberg misrepresented to

18  SVB that the $4.25 million of Cash constituted prepaid management fees and expenses owed to [the

19  Management Company]" and that at the time Rothenberg made that representation, [the

20  Management Company] already had taken more in fees from the 2015 Fund than [it] would ever be

21  entitled to earn over the entire 10-year contractual life of the 2015 Fund."  (RJN, Ex. F ¶ 21.)

22    In addition to the uncertainty caused by Plaintiffs' position that there are two operative

23  complaints in this single action, by pleading such inconsistent facts, Plaintiffs render the complaints

24  defective and subject to demurrer for uncertainty.

25    **C.**  **The Demurrer Should be Sustained As to the Three Causes of Action Sounding in Fraud Because Plaintiffs Fail to Plead Fraud with the Requisite Specificity**

26    To survive demurrer, California requires that plaintiff plead specific facts establishing every

27  essential element of a claim of fraud with particularity.  *Goldrich v. Natural Y Surgical Specialties,*

28  *Inc.* (1994) 25 Cal. App. 4th 772, 782, *as modified* (June 15, 1994); *see also Lazar v. Superior Court*

1  (1996) 12 Cal. 4th 631, 645 [the "particularity requirement necessitates pleading *facts* which show

2  how, when, where, to whom, and by what means the representations were tendered."] [emphasis in

3  original].)  This particularity requirement exists because "allegations of fraud involve a serious

4  attack on character, and fairness to the defendant demands that he should receive the fullest possible

5  details of the charge in order to prepare his defense."  *Stansfield v. Starkey* (1990) 220 Cal. App. 3d

6  59, 73 [citation and quotation marks omitted].)

7       Plaintiffs are held to an even higher standard when alleging a fraud claim against a corporate

8  defendant, as they do here.  "The requirement of specificity in a fraud action against a corporation

9  required the plaintiff to allege the names of the persons who made the allegedly fraudulent

10  representations, their authority to speak, to whom they spoke, what they said or wrote, and when it

11  was said or written." (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal. App. 4th 153, 157.)

12          **1.    Deceit (Second Cause of Action)**

13       Plaintiffs fail to plead the claim for deceit with the requisite specificity.  Their theory of

14  deceit is that "the Bank misrepresented the owner of the account into which the Bank transferred

15  $4.25 million of fees prepaid by the 2015 Fund." (Compl. ¶ 39.)  The elements of fraud that give

16  rise to the tort action for deceit are;  (a) misrepresentation; (b) knowledge of falsity; (c) intent to

17  defraud; (d) justifiable reliance; and (e) damage. (*Lazar, supra*, 12 Cal. 4th at p. 984.)

18       Plaintiffs' allegations in support of this cause of action are conclusory.  While a court must

19  accept "facts" plead in the complaint as true, the court need not accept conclusory statements.

20  Plaintiffs allege that "the Bank deliberately concealed from Mr. Rothenberg that it would place the

21  Prepaid Fees into an account controlled by the Management Company in order to induce Mr.

22  Rothenberg, on behalf of himself, the Management Company, and the Funds, to approve the

23  transaction, so that the Bank could grow its relationship with an up-and-coming venture capitalist."

24  (Compl. ¶ 40.)  They further allege that "Mr. Rothenberg justifiably relied on the Bank's statements

25  to him that the 2015 Fund Collateral Account would hold the collateral backing the line of credit"

26  and that "Mr. Rothenberg justifiably believed that the Bank had placed $4.25 million in Prepaid Fees

27  into the 2015 Fund Collateral Account that Mr. Rothenberg had opened days earlier expressly for

28  that purpose." (Compl. ¶ 41.)  Plaintiffs claim that they were damaged "based on the false

<center>10</center>

000260
4839-1884-2806

1   appearance of misappropriation created by the Bank's actions." (Compl. ¶ 42.)

2        What is conspicuously absent from these allegations are particularized facts regarding the

3   specific misrepresentation SVB was alleged to have made to Plaintiffs, when those statements were

4   made, by whom, to whom, and whether the speaker had the authority to make the claimed

5   statements.  Plaintiffs also fail to offer specific facts to support their conclusory allegation that

6   unspecified false statements made by unspecified individuals were in fact known by their makers to

7   be false when they were made.[3]  Plaintiffs' allegations about SVB's purported intent to defraud are

8   also conclusory.  They claim SVB concealed the unauthorized transfer from Plaintiff Rothenberg so

9   he would approve the transaction, "so that the Bank could grow its relationship with an up-and-

10   coming venture capitalist." (Compl. ¶ 41.)  That makes no sense and is contradicted and undermined

11   by their allegation that the unauthorized transfer was a result of SVB rushing to close the transaction.

12   (*See, e.g.*, Compl. ¶ 3 ["owing to time pressures that put the Bank 'in unchartered territory' and

13   dealing with a blown internal bank deadline, SVB went ahead and transferred the 2015 Fund's $4.25

14   million into an account maintained by the Management Company"]; Compl. ¶ 21 ["in its zeal to

15   close the transactions with Mr. Rothenberg, the Bank abandoned its own internal controls and

16   structured a transaction that would have left other banks 'queasy'"].  Further, Plaintiffs do not allege

17   any facts to explain how taking an action they claim was unauthorized would accomplish the goal

18   they ascribe to SVB because clearly it would not.  Plaintiffs also fail to allege particularized facts to

19   support a reasonable conclusion that reliance by each of them on the unspecified and purported

20   misrepresentations was reasonable.  For example, Plaintiffs do not allege and cannot allege that they

21   were somehow prevented from accessing the relevant bank accounts online, which would identify

22   the account number and account name.  Such vague and conclusory allegations are not sufficient to

23   state a claim for deceit.  Plaintiffs have failed to state a cause of action for deceit with the requisite

24

25

26

27

28

---

[3] The only statement Plaintiffs identify is the following:  "Judy Lee emailed Mr. Rothenberg confirming that the collateral account for the line of credit would be "Rothenberg Ventures 2015 Fund, LLC – [xxxxxxx]8782'—the 2015Fund Collateral Account that the Bank had just opened." (Compl. ¶ 19.)  That statement does not appear in the section of the Complaint devoted to the cause of action for deceit, so it is unclear if it serves as a basis for that cause of action.  Regardless, this allegation is false and misleading and contradicts a similar allegation in the FAC.  (*See, supra* Section III.B [regarding demurrer for uncertainty].)

1   particularity and SVB's demurrer as to this cause of action should be sustained.

2          **2.**      **Fraud and Deceit Based on Concealment (Third Cause of Action)**

3        "[T]he elements of an action for fraud and deceit based on concealment are:  (1) the

4   defendant must have concealed or suppressed a material fact, (2) the defendant must have been

5   under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed

6   or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been

7   unaware of the fact and would not have acted as he did if he had known of the concealed or

8   suppressed fact, and (5) as a result of the concealment or suppression of fact, the plaintiff must have

9   sustained damage."  (*Hahn v. Mirda* (2007) 147 Cal. App. 4th 740, 748 [citations omitted]; *see*

10  *Goodman v. Kennedy* (1976) 18 Cal. 3d 335, 347 [affirming ruling sustaining demurrer to fraudulent

11  concealment claim, describing as "conclusory" the complaint's allegations that the purported

12  omissions by defendant were intentional; that they were for the purpose of deceiving plaintiffs and

13  inducing them to purchase stock; and that plaintiffs relied on the omissions in purchasing stock].)

14       Here, Plaintiffs allege that the Bank had a "duty to faithfully perform the requested

15  transaction" (Compl. ¶ 44) but "intentionally concealed and suppressed the material fact that the

16  Prepaid Fees were placed in the Management Company Collateral Account, not the 2015 Fund

17  Collateral Account." (Compl. ¶ 44.)  They further allege that none of the Plaintiffs were aware that

18  the fees had been placed in the RVMC account and that Rothenberg relied on his "communications

19  with the Bank to believe that the Prepaid Fees would be placed in the 2015 Fund Collateral Account,

20  and would not have proceeded with the transaction had he known otherwise." (Compl. ¶ 47.)  They

21  claim damage resulting from the purported unauthorized transfer.  (Compl. ¶ 48.)

22       This cause of action fails because Plaintiffs do not allege any specific facts about SVB's

23  alleged acts or omissions in particular.  For example, Plaintiffs do not allege that SVB concealed

24  from Plaintiffs the account number into which the collateral would be held.  Plaintiffs do not allege

25  what, if any steps, SVB took to actively conceal material information from Plaintiffs.  Plaintiffs do

26  not and cannot identify a single person at SVB that they claim had an intent to defraud any of the

27  Plaintiffs.  Further, Plaintiffs do not allege facts to explain why SVB would make an unauthorized

28

1  transfer if the goal was to grow their business with Rothenberg.  (*See* Compl. ¶ 40.)[4]

2      Plaintiffs' cause of action for fraud and deceit is based on conclusory and vague allegations

3  and does not satisfy the required specificity to amount to an actual fraud claim against SVB.

4  Therefore, this Court should sustain the demurrer as to this cause of action.

5         **3.**    **Unfair and Fraudulent Business Practices (Fifth Cause of Action)**

6      To bring an action under the Unfair Competition Law ("UCL"), a plaintiff must have

7  suffered an economic injury in fact caused by defendant's unlawful, unfair, or fraudulent conduct.

8  (Bus. & Prof. Code § 17200; *Kwikset Corp. v. Superior Court* (2011) 51 Cal. 4th 310.)  Plaintiffs

9  appear to allege a violation of both the "fraudulent" and "unfair" prong of the UCL based on the

10  same set of deficient allegations.

11      Plaintiffs have failed to allege with the requisite specificity a violation under the "fraudulent"

12  prong.  It is essential to such a claim that the plaintiff show that members of the public are likely to

13  be deceived by the purportedly fraudulent practice.  (*Kasky v. Nike, Inc.* (2002) 27 Cal. 4th 939, 951;

14  *see S. Bay Chevrolet v. Gen. Motors Acceptance Corp.* (1999) 72 Cal. App. 4th 861, 888 [fraudulent

15  as used in Section 17200, does not refer to the common law tort of fraud, but rather requires a

16  showing that members of the public are likely to be deceived].)  Here, Plaintiffs fail to allege a single

17  fact about how members of the public would be deceived if, as Plaintiff alleges (and SVB disputes),

18  SVB "conceal[ed] and suppress[ed] the structure of the Unauthorized Transfer."  (FAC ¶56.)

19      Plaintiffs likewise have failed to plead facts sufficient to state a claim under the "unfair

20  prong."  Plaintiffs are not competitors of SVB, so they cannot and do not state a cause of action

21  based on that theory.  Nor is this a consumer case within the meaning of the UCL.  Plaintiffs'

22  allegations ignore the primary purpose of the UCL—the preservation of fair business competition

23  and the right of the public to protection from fraud.  (*People ex rel. Bill Lockeyr v. Fremont Life Ins.*

24  

---

25  [4] In the portion of the Complaint that precedes this cause of action, Plaintiffs appear to allege that
SVB transferred the funds into the RVMC account without authorization because "the structure that

26  Mr. Rothenberg proposed would have put the Bank in the position of holding collateral in the name
of a party not signatory to the line of credit agreement" but by placing the money in the RVMC

27  account, the "Bank advanced its own interest by creating a more easily-enforceable collateral
obligation."  (Compl. ¶ 22.)  To the extent Plaintiffs rely on this allegation in support of the Third
Cause of Action – which is unclear – Plaintiffs do not make any allegations explaining why SVB

28  would enter into a credit agreement that would put SVB at risk.  That makes no sense.

000263
4839-1884-2806

1    *Co.* (2002) 104 Cal. App. 4th 508, 514.)  The demurrer to this cause of action should be sustained.

2    **D.    The Demurrer Should Be Sustained as to the Cause of Action for Negligent**
3    **Interference with Prospective Economic Advantage Because Plaintiffs Fail to**
     **Plead Causation (Fourth Cause of Action)**

4    To state a cause of action for negligent interference with prospective economic advantage, a

5    plaintiff must plead and prove:  "(1) the existence of an economic relationship between the plaintiff

6    and a third party containing the probability of future economic benefit to the plaintiff; (2) the

7    defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that

8    the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the

9    defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6)

10   economic harm proximately caused by the defendant's negligence."  (*Redfearn v. Trader Joe's Co.*

11   (2018) 20 Cal. App. 5th 989, 1005, *as modified on denial of reh'g* (Mar. 16, 2018).)

12   To establish the tort of negligent interference with prospective economic advantage, there is a

13   threshold causation requirement:  proof that it is reasonably probable that the lost economic

14   advantage would have been realized but for the defendant's interference.  (*Youst v. Longo* (1987) 43

15   Cal. 3d 64, 71.)[5]  Causation was not found when a horse was allegedly interfered with during a

16   harness race because of the speculative nature of the outcome of a horse race.  (*Youst, supra* 43 Cal.

17   3d at pp. 75-77.)  Likewise, the causation requirement was not met when the city refused to grant

18   plaintiff a license to operate a poker club in that plaintiff could not show any real expectation of

19   economic advantage because the city council's discretion to grant or deny applications for a poker

20   club license was broad and negated any expectancy as a matter of law.  (*Ibid.*)

21   Here, Plaintiffs do not and cannot allege facts sufficient to show that they suffered economic

22   harm that was proximately caused by SVB.  Plaintiffs allege that SVB's concealment of its

23   placement of the $4.25 million into an account owned by the Management Company "created the

24   false appearance of misappropriation that spread perniciously both inside and outside Rothenberg

25   Ventures, disrupting all economic relationship between the Funds, the limited partner investors, and

26   the Management Company."  (Compl. ¶ 52.)  Plaintiffs further claim that they were "damaged as a

___

[5] "The difference between intentional interference and negligent interference with prospective economic advantage relates to the defendant's intent."  (*Redfearn, supra* 20 Cal. App. 5th at 1006.)

28

14

1   result of this disruption, through the decimation of the Management Company, the destruction of Mr.

2   Rothenberg's good will and reputation, and losses to the Funds including losses in existing and

3   future investments." (Compl. ¶ 53.)

4         These allegations deliberately overlook the SEC judgment and approximately $22 million

5   disgorgement order against Rothenberg for violation of the federal securities laws. (RJN Exs. D, E,

6   and G.) The actions by Rothenberg and the Management Company that served as the basis for the

7   judgments spanned the time period 2015 through at least 2017. (RJN, Ex. A ¶ 3.) Plaintiffs

8   conveniently ignore these facts regarding Plaintiff Rothenberg's own misappropriation of funds and

9   violations of the federal securities laws and, instead, point to SVB's placement of funds into an

10  account owned by the Management Company as the action that destroyed Rothenberg's reputation

11  and decimated the Management Company. Plaintiffs utterly fail to plead facts sufficient to show that

12  they would not have suffered the claimed economic harm – which is unspecified and speculative –

13  but for SVB's placement of the funds into an account owned by the Management Company. This

14  Court should sustain SVB's demurrer to the Fourth Cause of Action for failure to state a claim.

15      **E.**    **The Demurrers Should Be Sustained as to the Cause of Action for Negligence Because Plaintiffs Fail to Plead Causation (First Cause of Action)**

16        Plaintiffs' cause of action for negligence rests on the same theory as their cause of action for

17  negligent interference with prospective economic advantage. To state a cause of action for

18  negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the

19  defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of

20  the resulting injury; and (4) damage to the plaintiff. (*Ladd v. Cty. of San Mateo* (1996) 12 Cal. 4th

21  913, 917.) Plaintiffs fails to state a cause of action for negligence because they do not and cannot

22  plead facts sufficient to show that SVB's action proximately caused Plaintiffs' harm.

23  **IV.**    **CONCLUSION**

24        For the foregoing reasons, SVB respectfully submits that its demurrers should be sustained.

25  Dated: March 18, 2020           PILLSBURY WINTHROP SHAW PITTMAN LLP

26                        By: _____

27                        KENNETH E. KELLER
                      LAURA C. HURTADO

28                        Attorneys for Defendants
                      SILICON VALLEY BANK

15

000265
4839-1884-2806

1    PILLSBURY WINTHROP SHAW PITTMAN LLP
     KENNETH E. KELLER (71450)
2    kenneth.keller@pillsburylaw.com
     LAURA C. HURTADO (267044)
3    laura.hurtado@pillsburylaw.com
     Four Embarcadero Center, 22nd Floor
4    San Francisco, CA 94111-5998
     Telephone:    415.983.1000
5    Facsimile:    415.983.1200

6    Attorneys for Defendants
     SILICON VALLEY BANK
7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/18/2020 8:25 PM
Reviewed By: P. Lai
Case #19CV355568
Envelope: 4186396**

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11   MICHAEL B. ROTHENBERG, an individual;       Case No. 19CV355568
     ROTHENBERG VENTURES, LLC;
12   ROTHENBERG VENTURES 2015 FUND,              **REQUEST FOR JUDICIAL NOTICE IN
     LLC; ROTHENBERG VENTURES 2016               SUPPORT OF DEMURRER OF SILICON
13   ACCREDITED FUND LP,                         VALLEY BANK TO THE COMPLAINT
                                                 OF MICHAEL B. ROTHENBERG,
14                        Plaintiffs,            ROTHENBERG VENTURES, LLC,
                                                 ROTHENBERG VENTURES 2015 FUND
15        vs.                                    LLC AND ROTHENBERG VENTURES
                                                 2016 ACCREDITED FUND LP**
16   SILICON VALLEY BANK, a corporation, and
     DOES 1 through10, inclusive,                Date:   ~~June 23, 2020~~  **08/27/2020**
17                                               Time:   9:00 a.m.
                          Defendants.            Dept:   21
18
19                                               Judge:  Hon. Thang N. Barrett
20
21
22
23
24
25
26
27
28

     ───────────────────────────────────────────────────────────────
        REQUEST FOR JUDICIAL NOTICE ISO DEMURRER OF SILICON VALLEY BANK TO COMPLAINT

                                                           4818-1015-1094.v1
                                                           **000266**

1      To all parties and to their attorneys of record:

2      PLEASE TAKE NOTICE that, pursuant to subdivisions (d) and (h) of Evidence Code section

3 452, Defendant Silicon Valley Bank ("SVB") hereby requests that, in connection with its ruling on

4 SVB's demurrers to the Complaint filed by plaintiffs Michael B. Rothenberg ("Rothenberg"),

5 Rothenberg Ventures, LLC (formerly Rothenberg Ventures Management Company, LLC) (both

6 referred to herein as the "Management Company"), Rothenberg Ventures 2015 Fund LLC ("2015

7 Fund"), and Rothenberg Ventures 2016 Accredited Fund LP ("2016 Fund"), the Court take judicial

8 notice of the following records, true and correct copies of which are attached hereto as indicated

9 below:

| Exhibit | Description |
|---------|-------------|
| A | Complaint filed in *Securities and Exchange Commission v. Michael B. Rothenberg, et al.*, Case No. 18-cv-05080 (N.D. Cal.) ("SEC Action") (Dkt. No. 1) on August 20, 2018. |
| B | Consent by Michael B. Rothenberg to Judgment filed in SEC Action (Dkt. No. 5) on August 20, 2018. |
| C | Consent by Rothenberg Ventures LLC to Judgment filed in SEC Action (Dkt. No. 6) on August 20, 2018. |
| D | Judgment as to Defendant Michael B. Rothenberg filed in SEC Action (Dkt. No. 19) on October 17, 2018. |
| E | Judgment as to Defendant Rothenberg Ventures LLC filed in SEC Action (Dkt. No. 20) on October 17, 2018. |
| F | First Amended Complaint of Rothenberg Ventures 2015 Fund LLC and Rothenberg Ventures 2016 Accredited Fund LP (minus exhibits), filed in this action on December 4, 2019. |
| G | Order Granting Plaintiff's Motion for Disgorgement and Penalties, issued in SEC Action (Dkt. No. 100) on December 20, 2019. |
| H | California Secretary of State, Business Search -Entity Detail for Rothenberg Ventures LLC, dated March 18, 2020, https://businesssearch.sos.ca.gov/CBS/Detail. |
| I | California Secretary of State, Business Search -Entity Detail for Rothenberg Ventures 2016 Accredited Fund LP, dated March 18, 2020, https://businesssearch.sos.ca.gov/CBS/Detail. |

Under Evidence Code section 452(d), this Court may properly take judicial notice of records

of any California or federal court.  This Court may also properly take judicial notice of pleadings

REQUEST FOR JUDICIAL NOTICE ISO DEMURRER OF SILICON VALLEY BANK TO COMPLAINT

1   filed in California courts or federal courts, including its own files.  *See, e.g.*, *In re A.B.*, 164 Cal.

2   App. 4th 832, 839 (2008) (observing that under section 452(d), judicial notice may be taken "of a

3   record of any court in this state").  The Court may also take judicial notice of "[f]acts and

4   propositions that are not reasonably subject to dispute and are capable of immediate and accurate

5   determination by resort to sources of reasonably indisputable accuracy."  Evid. Code § 452(h); *see*

6   *also Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2016) 6 Cal. App. 5th

7   1207, 1215 (granting judicial notice of business entity information from the California Secretary of

8   State's website).

9        Exhibit A is the complaint filed by the Securities and Exchange Commission ("SEC") against

10   Plaintiffs Rothenberg and the Management Company in the Northern District of California ("SEC

11   Action").  Exhibit B is Plaintiff Rothenberg's consent to judgment in the SEC Action.  Exhibit C is

12   Plaintiff the Management Company's consent to judgment in the SEC Action.  Exhibits D and E are

13   the judgments entered in the SEC Action against Plaintiff Rothenberg and the Management

14   Company, respectively.  Exhibit F is the First Amended Complaint (minus exhibits) of the 2015

15   Fund and the 2016 Fund filed in this action on December 4, 2019.  Exhibit G is the order granting

16   the SEC's motion for disgorgement and penalties against Plaintiff Rothenberg in connection with the

17   SEC Action.  Exhibit H is a print out from the California Secretary of State website regarding the

18   status of the Management Company.  Exhibit I is a print out from the California Secretary of State

19   website regarding the status of the 2016 Fund.  Accordingly, Exhibits A through G are properly

20   subject to judicial notice pursuant to Evidence Code section 452(d), and Exhibits H and I are

21   properly subject to judicial notice pursuant to Evidence Code section 452 (h), as explained above.

22

23   Dated:  March 18, 2020                          PILLSBURY WINTHROP SHAW PITTMAN LLP

24

25                                                        By:        KENNETH E. KELLER
                                                                    LAURA C. HURTADO

26                                                               Attorneys for Defendants
                                                                 SILICON VALLEY BANK

27

28

REQUEST FOR JUDICIAL NOTICE ISO DEMURRER OF SILICON VALLEY BANK TO COMPLAINT

4818-1015-1094.v1
**000268**

# EXHIBIT A

JINA L. CHOI (N.Y. Bar No. 2699718)
C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov
E. BARRETT ATWOOD (Cal. Bar No. 291181)
  atwoode@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
T: (415) 705-2500
F: (415) 705-2501

ERIC M. BROOKS (Cal. Bar No. 209153)
  brookse@sec.gov
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street, 23rd Floor
Boston, MA 02110-1424
(617) 573-8900

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| MICHAEL B. ROTHENBERG, and ROTHENBERG VENTURES LLC (f/k/a FRONTIER TECHNOLOGY VENTURE CAPITAL LLC and ROTHENBERG VENTURES MANAGEMENT COMPANY, LLC), | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission") alleges the following against Defendants Michael B. Rothenberg ("Rothenberg") and Rothenberg Ventures LLC (f/k/a/ Frontier Technology Venture Capital LLC and Rothenberg Ventures Management Company, LLC) ("RVMC") (collectively, "Defendants"):

## SUMMARY OF THE ACTION

1.     This case arises out of Defendants' scheme to defraud both the venture capital funds they manage and the investors in those funds.  According to documents filed with the Commission, the venture capital funds have nearly 200 investors and over $64 million of assets under management.  The venture capital funds were established with the purpose of investing primarily in equity of early-stage technology companies.

2.     In furtherance of their scheme, Rothenberg, an investment adviser, and RVMC, the investment advisory firm Rothenberg founded and managed, used various deceptive acts to both (i) misappropriate fund and fund investor money; and (ii) create the false appearance that the money was used for legitimate fund expenses or investments or had otherwise been paid back.  Defendants used the misappropriated funds to finance Rothenberg's personal business ventures, and their deceptive acts have allowed them to continue their scheme for years.

3.     Defendants began misappropriating money from the funds they managed in 2015.  Over the course of 2015, the amounts Defendants took increased and Defendants engaged in increasingly frequent acts of concealment to hide their scheme.  Defendants' scheme continued at least through 2017. Based on accounting records obtained from RVMC, it is estimated that by April 2017, Defendants had misappropriated millions of dollars from the venture capital funds and fund investors.

4.     Defendants' scheme included numerous deceptive acts, including (among others things) the following:  (i) taking fees from the venture capital funds (which were the Defendants' advisory clients) before they were owed to RVMC; (ii) taking fees in excess of what they could be entitled to earn over the entire life of the venture capital funds they managed; (iii) misappropriating investor money intended for a single-investment fund; (iv) improperly using money from one of the venture capital funds to collateralize a bank line of credit extended to RVMC, which Defendants then used to conceal their prior misappropriation from the fund; (v) entering into undisclosed transactions to paper over

misappropriated investor money; and (vi) misappropriating proceeds from the sales of successful fund investments to conceal prior misappropriation.

5.      As a result of their fraudulent conduct and breaches of fiduciary duty to their advisory clients, Defendants have violated and will continue to violate the federal securities laws.  In order to protect the clients, investors and the public, the Commission seeks an order enjoining Defendants from further violations of the federal securities laws, ordering Defendants to disgorge any ill-gotten gains or benefits derived as a result of their violations, and prejudgment interest thereon, to pay civil money penalties, and providing for other equitable and related relief as may be appropriate.

## VIOLATIONS

6.      Rothenberg has engaged in, and unless enjoined, will continue to engage, directly or indirectly, in transactions, acts, practices, and courses of business that constitute violations of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), (2), and (4)], and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

7.      RVMC has engaged in, and unless enjoined, will continue to engage, directly or indirectly, in transactions, acts, practices, and courses of business that constitute violations of Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. § 80b-6(1), (2), and (4)], and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

## JURISDICTION AND VENUE

8.      The Commission brings this action pursuant to the authority conferred on it by Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)].  The Commissions seeks an order permanently restraining and enjoining Defendants from engaging in the conduct, acts, practices, and courses of business alleged herein, and for such other equitable relief as may be appropriate or necessary for the benefit of investors.  The Commission also seeks a final judgment ordering Defendants to disgorge their ill-gotten gains and pay prejudgment interest thereon, and to pay civil money penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9(e)].

9.      The Court has jurisdiction over this action, and venue lies in this District, pursuant to Sections 209(d), 209(e), and 214 of the Advisers Act [15 U.S.C. §§ 80b-9(d), 80b-9(e), 80b-14], and 28 U.S.C. § 1391.

10. Defendants, directly or indirectly, have made use of the means or instruments of transportation or communication in, and the means or instrumentalities of, interstate commerce, or of the mails, in connection with the transactions, acts, practices, and courses of business alleged herein. Certain transactions, acts, practices and courses of business that form the basis for the violations alleged in this Complaint occurred in San Francisco, California.

### INTRADISTRICT ASSIGNMENT

11. Under Civil Local Rule 3-2(d), this case should be assigned to the San Francisco Division because a substantial part of the events or omissions that give rise to the claims alleged herein occurred in San Francisco County, and Defendant Rothenberg resides in San Francisco.

### DEFENDANTS

12. **Michael B. Rothenberg**, 34, resides in San Francisco, California and is the founder of RVMC. Rothenberg has referred to himself as the manager, owner, and operator of RVMC. Rothenberg has been responsible for making all final decisions regarding the strategy, investments, and operations of the funds managed by RVMC.

13. **Rothenberg Ventures LLC** is an exempt reporting adviser that files a Form ADV (Uniform Application for Investment Adviser Registration and Report by Exempt Reporting Advisers) annually with the Commission. Rothenberg Ventures LLC was formed as a Delaware limited liability corporation on or about September 5, 2012. At the time, it was named Rothenberg Ventures Management Company, LLC. It registered as a foreign limited liability corporation with the State of California on or about August 8, 2013. On or about September 12, 2016, this entity changed its name in Delaware to Frontier Technology Venture Capital LLC and on or about December 15, 2016, filed this name change in California. On or about March 31, 2017, this entity changed its name in Delaware to Rothenberg Ventures LLC and on or about October 16, 2017, filed this name change in California. According to its April 2, 2018 filing with the Commission, this entity conducts business under the name Rothenberg Ventures Management Company, LLC, and its principal place of business is in San Francisco, California. This entity is referred to herein as "RVMC."

## **RELEVANT ENTITIES**

14.     **Rothenberg Ventures 2013 Fund, LLC** ("2013 Fund") is a Delaware limited liability company incorporated on or about September 4, 2012, as Rothenberg Ventures Fund I, LLC. Rothenberg Ventures Fund I, LLC registered as a foreign limited liability company in the State of California on or about October 6, 2014.  On or about May 16, 2016, this entity changed its name in Delaware to Rothenberg Ventures 2013 Fund, LLC, and on or about April 26, 2017, registered in California under the same name.  The 2013 Fund invests primarily in equity of early-stage technology companies.  According to documents filed with the Commission, by November 2013, the 2013 Fund had raised approximately $4.77 million from 23 investors.

15.     **Rothenberg Ventures 2014 Fund, LLC** ("2014 Fund") is a Delaware limited liability company incorporated on or about September 4, 2013, as Rothenberg Ventures Fund II, LLC. Rothenberg Ventures Fund II, LLC registered as a foreign limited liability company in the State of California on or about December 26, 2013.  On or about May 16, 2016, this entity changed its name in Delaware to Rothenberg Ventures 2014 Fund, LLC, and on or about April 26, 2017, registered in California under the same name.  The 2014 Fund also invests primarily in equity of early-stage technology companies.  According to documents filed with the Commission, by May 2015, the 2014 Fund had raised approximately $11.75 million from 96 investors.

16.     **Rothenberg Ventures 2015 Fund, LLC** ("2015 Fund") is a Delaware limited liability company incorporated on or about December 10, 2014.  The 2015 Fund registered as a foreign limited liability company in the State of California on or about August 14, 2015.  The 2015 Fund also invests primarily in equity of early-stage technology companies.  According to documents filed with the Commission, by May 2016, the 2015 Fund had raised approximately $24.62 million from 62 investors.

17.     **Rothenberg Ventures 2016 Fund, LP** is a Delaware limited partnership organized in 2015, which is affiliated with a Cayman Islands exempted limited partnership, **Rothenberg Ventures 2016 Feeder Fund, LP**, which RVMC intended to utilize for the facilitation of investment by non-U.S. investors.  Together, these funds are referred to herein as the "2016 Fund."  The 2016 Fund invests primarily in equity of early-stage "frontier technology" companies.  According to documents filed with the Commission, by May 2016, the 2016 Fund had raised approximately $23.18 million from 17

1  investors.

2      18.  **Rothenberg Ventures 2016 Fund Co-Fund Unity LLC** ("Co-Fund") was, according to

3  RVMC's promotional materials, formed as a Delaware limited liability company in 2016. According to

4  the promotional materials, it was formed with the intent to invest in a special purpose vehicle that would

5  purchase the securities of a privately held technology company, and RVMC was to be the manager of

6  the Co-Fund.

7      19.  **River Studios LLC** ("River Studios") is a Delaware limited liability company. It was

8  originally incorporated as Bend Reality, LLC in the State of Delaware on or about December 18, 2014.

9  On or about April 20, 2016, this entity changed its name to River Studios LLC. According to RVMC's

10 promotional materials and offering memoranda, this entity has conducted business as River Studios,

11 River Racing, River Store, and River House. Rothenberg is Chief Executive Officer, founder, and

12 majority owner of River Studios.

<div align="center">

**FACTUAL ALLEGATIONS**

</div>

13

14     **A.  Background**

15     20.  RVMC is the investment adviser to a number of venture capital funds, including the 2013

16 Fund, 2014 Fund, 2015 Fund, and 2016 Fund (collectively, the "Rothenberg Funds" or "Funds"). In the

17 promotional materials and offering memoranda for the Rothenberg Funds, RVMC is identified as the

18 manager of the Funds.

19     21.  Rothenberg purports to control RVMC and he has held himself out to the Rothenberg

20 Funds' investors as its control person. For example, in the promotional materials of the 2013 Fund, the

21 Fund's manager is identified as RVMC, "an entity controlled by Michael Rothenberg." The offering

22 memoranda of the 2013 Fund, 2014 Fund, and 2015 Fund identify Rothenberg as the founder of these

23 funds, owner of RVMC, and the final decision-maker for the "strategy, investments, and day-to-day

24 operations of the Fund[s] on behalf of [RVMC]."

25     22.  Rothenberg utilized a number of legal entities throughout the relevant time period.

26 Certain entities are discussed in the promotional materials and offering memoranda for the Rothenberg

27 Funds, which identify Rothenberg as the entities' manager. Such entities include "Rothenberg

28 Investments Inc., a Texas corporation with real estate holdings in Texas;" "Rothenberg Ventures LLC, a

Delaware corporation [] involved in real estate transactions in California;" and "Bend Reality LLC, a Delaware corporation, also doing business as River Studios, River Racing, River Store, and River House, formed for the purpose of enhancing [RVMC's] branding and positioning in the virtual reality sector..."

23.     In 2012, Rothenberg founded RVMC and formed the 2013 Fund while attending Harvard Business School.  Defendants raised over $4 million for the 2013 Fund.

24.     In 2013, Rothenberg moved his investment advisory business to the San Francisco Bay Area.  Defendants also formed the 2014 Fund, which raised almost $12 million.

25.     While the 2013 and 2014 Funds focused on an array of early-stage technology companies, over time, Defendants began to focus their attention on investments in the virtual reality sector.

26.     In 2014, Rothenberg formed the 2015 Fund, which ultimately raised more than $20 million.  According to the Fund's offering memorandum, the invested funds were to be used "to invest in one or more 'early-stage' companies … focused on technology-enabled companies such as e-commerce, mobile, digital media, social networking and software."

27.     In 2015, Rothenberg formed the 2016 Fund to invest primarily in equity of early-stage "frontier technology" companies.  Defendants purportedly raised over $23 million for the 2016 Fund.

**B.      Rothenberg's "River" Brand**

28.     In addition to growing his investment advisory business, Rothenberg sought to create his own business ventures.  Rothenberg often referred to his commercial enterprise as the "River Ecosystem" or the "River brand."  While Rothenberg's business concepts appear to have been amorphous and evolving over time, RVMC's marketing materials for the 2015 and 2016 Funds state that Rothenberg manages businesses under "the River brand, which includes a virtual reality accelerator, a production studio, a racing team, an online store, and other business ventures."  The River brand at least included several business ventures Rothenberg founded and operated, including River Studios and the "River Accelerator."

29.     River Studios, which Rothenberg formed in late 2014, consisted of a number of Rothenberg's personal commercial projects, including a car racing team and an online store.  The

000276

1    primary focus of the entity conducting business as River Studios, however, was a studio that created

2    original virtual reality content.

3          30.      Defendants marketed the River Accelerator as an incubator for early-stage technology

4    companies (*i.e.*, "startups"). In exchange for providing these startups with office space, guidance,

5    networking connections to venture capitalists and fellow entrepreneurs, and at times, capital, the startups

6    would provide "Rothenberg Ventures" with equity and/or warrants in themselves.[1] The startups that

7    were admitted to the River Accelerator typically entered into agreements formalizing their relationships

8    with "Rothenberg Ventures." Rothenberg executed these agreements on behalf of "Rothenberg

9    Ventures," usually defined in the agreements as RVMC, RVMC's managers (which would include

10   Rothenberg personally), any fund RVMC managed, or any investor approved by "Rothenberg Ventures"

11   and the startup.

12          31.      Defendants marketed River Accelerator as a unique investment opportunity for the

13   RVMC-managed venture capital funds. RVMC advertised the opportunity to invest in the River

14   Accelerator startups (sometimes identified as the "River Investments"), and in certain promotional

15   materials for the 2015 and 2016 Funds, specific capital amounts were disclosed as being allocated to

16   investing in such companies.

17          32.      Rothenberg and RVMC marketed the River brand to potential venture capital fund

18   investors as a vehicle that would benefit them by creating synergies between technology startups,

19   entrepreneurs, and investors. RVMC's promotional materials extolled the virtues of its Silicon Valley

20   connections and marketed itself as the venture capital firm for millennials; claiming to be the venture

21   capital "firm most uniquely positioned to find talented, Millennial founders."

22          33.      While Defendants highlighted the River brand as a means to increase the profile of

23   RVMC and its branding in the virtual reality sector, Defendants did not adequately disclose to the

24   Funds' investors that the Rothenberg Funds would invest in the River brand companies themselves (*e.g.*,

25   River Studios or the business ventures Rothenberg operated using that entity's legal name).

26

_____

27   [1] Warrants are a security that gives their holder the right, but not the obligation, to purchase equity in

28   a company under certain conditions in the future.

34.     In 2014, Rothenberg moved his investment adviser business to the technology-centric neighborhood of South of Market (also known as SOMA) in San Francisco, California.  Rothenberg also used one of his entities to purchase a large three-story commercial building in SOMA.  RVMC moved its principal place of business to this location and leased its office space from Rothenberg's entity.  Rothenberg also offered office space to startups that joined River Accelerator.

35.     Unfortunately, Rothenberg's expenditures greatly outpaced that of the River brand's income.  In 2015, RVMC's finance director began warning Rothenberg that he must cut expenses at RVMC and River Studios.

36.     Rather than heeding that advice, Defendants continued (and in many ways accelerated) their scheme to defraud the Rothenberg Funds and the Co-Fund.  Rothenberg misused the money taken from his clients to fund his personal business ventures (primarily by sinking millions into River Studios) and his lifestyle.  And all the while, in furtherance of this scheme, Defendants continued to employ various deceptive acts and practices to hide their misappropriation and to create the false appearance that they were legitimate fund expenses or investments.  Defendants' deceptive acts and practices in furtherance of this scheme, and in breach of their fiduciary duties to their clients, include the following: (i) misappropriating money from the Rothenberg Funds in excess of the amount of fees that RVMC could possibly earn over the contractual lifetimes of the Funds; (ii) misappropriating over $1 million of investor capital intended for the Co-Fund in order to pay expenses, personally benefit Rothenberg, and invest in the 2016 Fund; (iii) improperly using money from the 2015 Fund to secure a bank line of credit to RVMC; and (iv) entering into a series of undisclosed self-dealing transactions to paper these fraudulent transactions as supposed investments.

**C.     Defendants Misappropriated Money from the Rothenberg Funds**

37.     When they formed the 2013 Fund, Defendants created a front-loaded fee structure, which was disclosed to investors in the 2013 Fund offering memorandum.  In the first year of the Fund, each investor would provide all of their committed capital at the time they invested, and at the same time, each investor would be charged a one-time management fee consisting of 17.75% of their invested capital.

38.     In the 2013 Fund's offering memorandum, Defendants represented that this 17.75%

000278

1   management fee was "equal to the median cumulative management fee of venture capital firms

2   according to research … on 94 venture capital funds with a median size of $225 million." They further

3   represented that the management fee would be used to cover the management company's expenses

4   incurred "in connection with the Fund's activities (including, without limitation, salaries, overhead and

5   the costs and expenses incurred in connection with the organization of and the offering of Interests in the

6   Fund)."

7         39.     While continuing to use a front-loaded fee structure, Defendants modified the fee

8   structure that would be used for the 2014 Fund to reduce the amount of fees that were front loaded.

9   Each investor was again required to provide all of their committed capital at the time each invested in the

10   Fund.  But, as disclosed in the 2014 Fund offering memorandum, the management fee was to be (i) 2%

11   of each investor's capital contribution per quarter for a period of two years, and (ii) 0.5% of each

12   investor's capital contribution per year for a period of the remaining eight years of the Fund's

13   contractual life.  This equates to each investor paying management fees equaling 16% of their invested

14   capital over the first two years of the Fund plus 4% of their invested capital over the remaining eight

15   years of the Fund (*i.e.*, 20% of invested capital during the 10-year contractual lifetime of the Fund).

16         40.     In the 2014 Fund's offering memorandum, Defendants represented that because each

17   investor makes its full capital contribution on the date they invest, the 2014 Fund:

18        will be responsible for making the payments over time as provided above….  The schedule for

19        payment of the [management fee] reflects the business model of the Fund, which is to complete

20        diligence and make investments during the first two years of the Fund and to administer the Fund

21        the final eight years.

22   The 2014 Fund's management agreement with RVMC also provided that the Fund would "be

23   responsible for making the [fee] payments over time as provided above."  Defendants also represented in

24   the 2014 Fund's offering memorandum that the management company would pay all expenses incurred

25   on behalf of the 2014 Fund except that the Fund would pay for expenses relating to its investment

26   actions (*e.g.*, the costs incurred in acquiring, holding, or selling of Fund assets) and the costs of financial

27   statements and other reports.

28         41.     Defendants again changed their fee structure when forming the 2015 Fund, further

1   reducing the amount of fees that were front loaded.  According to the amended and restated operating

2   agreement between the 2015 Fund and RVMC dated March 2015, each investor is to pay a yearly

3   management expense fee equal to 1.75% of their invested capital for 10 years, which equals a total

4   management fee of 17.5% over the Fund's 10-year contractual life.  However, two years' worth of

5   management fees was to be paid upfront.  The operating agreement also provides that each investor is to

6   pay a yearly administrative expense fee equal to 1% of their invested capital for a period of 10 years,

7   which is payable in the first year of the Fund.  In sum, under the 2015 Fund's operating agreement with

8   RVMC, investors were to pay 13.5% of their capital contribution in fees during the first year of the Fund

9   and 1.75% per year between the third and tenth year of the Fund, totaling 27.5% of fees over the 10-year

10  life of the Fund.

11        42.     The amended and restated management agreement between the 2015 Fund and RVMC

12  provides that the management company would use the collected management expense and

13  administrative expense fees to pay all expenses incurred on behalf of the 2015 Fund except for certain

14  distinct exceptions:  (i) legal, auditing and accounting services provided to the 2015 Fund; (ii) fees for

15  investment banking, custodial and registration services provided to the 2015 Fund; and (iii) fees and

16  expenses with respect to litigation and threatened litigation against the 2015 Fund.  While their language

17  differs, the various offering memoranda for the 2015 Fund similarly provide that RVMC would use the

18  administrative and management expense fees to cover most expenses incurred by RVMC on behalf of

19  the Fund.

20        43.     Defendants again changed the fee structure when forming the 2016 Fund.  This Fund,

21  however, did not front load the fees.  Instead, the Fund was to pay annually 2.5% of each investor's

22  committed capital to RVMC, totaling 25% over the 10-year life of the Fund.  The collected fees for

23  management and administrative expenses were to be used by RVMC to cover most expenses incurred on

24  behalf of the Fund, with certain exceptions similar to those outlined above for the 2015 Fund.

25        44.     Defendants took money from the Funds in excess of what was permitted by the terms of

26  the Funds' agreements.  During 2015, Defendants began taking larger and larger amounts of excess

27  RVMC fees.  Throughout the year, Defendants continued to raise money from investors for the 2015

28  Fund, but never disclosed that they were misappropriating money from the 2015 Fund.  By December

COMPLAINT
*SEC v. ROTHENBERG, ET AL.*                                    10

2015, RVMC's finance director calculated that Rothenberg caused RVMC to take more in fees from the 2015 Fund then RVMC would ever be able to earn in fees over the 10-year contractual lifetime of the Fund.

45. By April 2017, Rothenberg and RVMC had also reached this limit in the 2013 and 2014 Funds, withdrawing more from each of the Funds than they were entitled to earn in fees. While the precise amounts will be determined by evidentiary proof, based on accounting records obtained from RVMC, it is estimated that Defendants took over $7 million cumulative from the 2013, 2014, and 2015 Funds than what RVMC was entitled to earn in fees.

46. Rothenberg frequently commingled the money he took from the RVMC-managed funds, channeling it through various entities and bank accounts, including Rothenberg's personal accounts. Contemporaneous internal RVMC emails show that Rothenberg knew that he was taking more money from the Funds than RVMC was entitled to earn.

47. Since April 2017, Defendants have continued to take money from certain Rothenberg Funds in excess of what they are entitled to earn in fees under each of the Fund's respective agreements.

**D. Defendants Misappropriated Over One Million Dollars Intended for the Co-Fund**

48. In the first half of 2016, Rothenberg and RVMC sought to invest in a privately held technology company ("Private Company") by purchasing its common shares.

49. In early July 2016, Defendants agreed to tentative terms with Private Company on a proposed purchase of common shares and Private Company agreed to begin drafting a secondary stock purchase agreement for RVMC's review. The tentative deal required RVMC, through an investment vehicle of Defendants' creation, to purchase approximately $14 million worth of Private Company's shares.

50. Defendants represented to prospective investors that they intended to fund the proposed deal through a pooled investment fund, the Co-Fund, which was to invest in a special purpose vehicle that would purchase the Private Company shares. At Rothenberg's direction, in early July 2016, RVMC created marketing materials for the Co-Fund, which Rothenberg reviewed and revised. In those materials, RVMC was identified as the manager of the Co-Fund.

51. Several RVMC employees began marketing the opportunity to invest in the Co-Fund.

As instructed by Rothenberg, these employees impressed upon the prospective investors that time was of the essence in order to participate in the Co-Fund. Rothenberg suggested to these employees that any prospective investor that wanted to participate in the Co-Fund immediately wire their money to a bank account RVMC established for the purported purpose of capitalizing the Co-Fund.

52.    On or about Thursday, July 13, 2016, a RVMC employee reached out to an existing investor group in the 2015 Fund (the "Co-Fund Investor") to solicit its investment in the Co-Fund. On or about July 14, the RVMC employee relayed Rothenberg's request that any prospective investor in the Co-Fund immediately wire their investment into the bank account RVMC purportedly opened for the Fund and suggested that the Co-Fund Investor wire its capital that same evening.

53.    That same Thursday evening, Rothenberg emailed the Co-Fund Investor directly to highlight the investment opportunity presented by the Co-Fund. Rothenberg stated that the Co-Fund Investor could secure its spot "if we receive your wire in our account before the weekend." Less than an hour later, the Co-Fund Investor agreed to invest $1 million in the Co-Fund and stated it would wire the money the following morning.

54.    The next morning, Friday, July 15, 2016, the Co-Fund Investor wired $1 million to the bank account RVMC identified for investing in the Co-Fund (the "Co-Fund Account"). The Co-Fund Investor emailed Rothenberg and the RVMC employee to confirm receipt of the wire. Rothenberg responded personally and confirmed receipt of the wire from the Co-Fund Investor.

55.    That very same day, Defendants misappropriated the money by transferring the Co-Fund Investor's $1 million from the Co-Fund Account to RVMC's bank account. From there, and on the same day, Defendants funneled $450,000 to the 2016 Fund, $50,000 to River Studios, and over $80,000 to two other entities controlled by Rothenberg. None of these transfers involved an investment in Private Company.

56.    Between July 14 and August 1, 2016, RVMC raised another $350,000 from investors in the Co-Fund, bringing the total amount raised to $1.35 million. At the same time RVMC was raising this money, Defendants misappropriated all of the investment capital raised for the Co-Fund. On July 21, Rothenberg directed the transfer of $200,000 to his personal bank account, and by July 25, he had directed the transfer of over $500,000 dollars to the account of a limited liability company believed to be

Rothenberg's personal entity. By August 1, all of the $1.35 million raised for the Co-Fund had been misappropriated by Defendants.

57.     Meanwhile, RVMC continued negotiating with Private Company. Rothenberg failed to tell the Co-Fund Investor and other Co-Fund investors that the proposed agreement with Private Company had not yet been consummated.

58.     On or about August 3, 2016, RVMC informed the Co-Fund Investor only that it "expect[ed] the deal to close soon."

59.     On or about August 18, 2016, the Co-Fund Investor requested that Defendants return its $1 million provided for investment in the Co-Fund over one month prior. At the time, the Co-Fund Investor stated that it was still interested in investing in the Co-Fund, but it would keep the money until Defendants confirmed that the proposed transaction with Private Company had closed.

60.     On or about August 21, 2016, Rothenberg told the Co-Fund Investor that its capital had been invested in the 2016 Fund, falsely claiming that was what the Co-Fund Investor purportedly intended all along.

61.     The following day, on or about August 22, 2016, the Co-Fund Investor demanded the immediate return of its $1 million, and Rothenberg personally acknowledged receipt of its demand. The Co-Fund Investor reiterated its demand on or about August 24.

62.     In the ensuing weeks, other investors that provided capital to RVMC for the purpose of investing in the Co-Fund demanded the return of their money.

63.     Defendants failed to return the Co-Fund Investor's $1 million for nearly one year even though on or about August 30, 2016, Private Company told Rothenberg it was no longer interested in an investment deal with Defendants. Eventually, on or about August 31, 2017, Rothenberg caused RVMC to wire $1 million to the Co-Fund Investor.

64.     Defendants misappropriated the $1 million used to repay the Co-Fund Investor from the 2013 and 2015 Funds. Specifically, the source of the $1 million was from the liquidation of assets held by the 2013 and 2015 Funds. Defendants improperly used this money instead of either using the assets for the benefit of the 2013 or 2015 Funds or making distributions to the 2013 and 2015 Funds' investors, as the Funds' investment agreements provided.

      **E.**    **Rothenberg Used Misappropriated Funds to Finance River Studios, the River Brand, and His Lifestyle**

65.     As set forth above in Paragraphs 37 to 47, based on accounting records obtained from RVMC, it is estimated that by April 2017, Defendants took excess management fees of $7 million from the 2013, 2014, and 2015 Funds. Rothenberg used the excess management fees to support his River brand entities, primarily River Studios, and to support his very public lifestyle.

66.     Beginning in April 2015, Rothenberg began using money misappropriated from three of the Rothenberg Funds to pay expenses for River Studios. The money came primarily from the 2015 Fund, but by the end of 2015, Rothenberg was also taking money from the 2013 and 2014 Funds to cover both River Studios' and RVMC's growing expenses.

67.     Consistent with River Studios being Rothenberg's wholly owned company, Rothenberg represented to prospective investors in River Studios that the company was his—saying it was "self-funded." At the same time, however, Defendants were improperly taking money from the Funds to finance River Studios' operations.

68.     In 2016, Rothenberg continued to funnel cash from the Rothenberg Funds into River Studios. Throughout 2016, Defendants continued to raise money from investors for the 2016 Fund, which was contractually obligated to invest in the 2015 Fund, but Defendants never disclosed that they were improperly taking 2015 Fund money.

69.     In addition to taking money from the Rothenberg Funds for River Studios, Rothenberg misappropriated money from the Funds for his other commercial endeavors and the River brand. He sent money to numerous entities he owned and operated, including financing a car racing team. These were not expenses or investments authorized by the Funds and Rothenberg never disclosed these transactions to the Funds' investors.

70.     As discussed above, Rothenberg also took cash from the Funds to pay for RVMC expenses and his personal expenses. Even after Rothenberg became aware of the Commission's investigation, he continued taking Fund money to pay off his legal bills and personal credit cards.

71.     In a purported effort to raise the profile of his River brand, Rothenberg caused his entities—which were funded in part with money misappropriated from the RVMC-managed venture capital funds—to spend hundreds of thousands of dollars on sporting events and other entertainment,

1   including (i) leasing a suite at the home arena of the Golden State Warriors for multiple seasons; (ii)

2   leasing a suite at Super Bowl 50; (iii) leasing the home stadium of the San Francisco Giants for

3   "Founders Field Days;" (iv) financing a racing car and crew; and (v) throwing private parties and events

4   at high-end resorts.  Rothenberg comingled and funneled cash through a network of bank accounts and

5   entities to pay these expenses, with most of the cash coming from the Rothenberg Funds, much of which

6   Defendants had misappropriated under the guise of management fees, administrative expenses,

7   advances, and so-called "carry fees" purportedly due to RVMC.

8              **F.      Defendants Have Engaged in Deceptive Acts To Hide Their Misappropriation**

9              72.      Throughout 2015 and continuing through December 2017 (and possibly later), in

10  furtherance of their scheme to defraud investors in the Funds, Defendants have engaged in numerous

11  deceptive acts to hide their misappropriation from the Funds' investors.  These deceptive acts included,

12  among others, (i) improperly using cash from the 2015 Fund so RVMC could secure a line of credit

13  from a bank, and then using the proceeds from the line of credit to mask the 2015 Fund's "overpayment"

14  of fees; (ii) entering into self-dealing transactions in which the Rothenberg Funds purportedly purchased

15  securities from RVMC under terms set by Rothenberg; (iii) misappropriating cash received from the

16  sales of Fund investments to pay for Defendants' expenses and hide the overpayment of fees (one

17  example above set forth above in paragraph 64); and (iv) falsely claiming that portions of the

18  misappropriated money were investments in River Studios.

19             73.      The deceptive acts regarding the line of credit with the bank began in December 2015

20  when Rothenberg entered into negotiations with a bank for RVMC to obtain a line of credit using $4.25

21  million as collateral.  Rothenberg represented to the bank that the $4.25 million was cash that RVMC

22  was entitled to earn as management fees.  Once the parties reached agreement on the terms for the line of

23  credit, on or about December 29, 2015, referencing the bank account numbers, the bank requested that

24  Rothenberg approve the transfer of $4.25 million from the 2015 Fund's bank account to RVMC's bank

25  account.  That same day, Rothenberg approved in writing the requested transfer and the next day, he

26  acknowledged to the bank that the transfer had occurred.  The $4.25 million was subsequently moved

27  into a collateral account.

28             74.      At the end of December 2015, the bank provided RVMC with a $4 million line of credit.

COMPLAINT
*SEC V. ROTHENBERG, ET AL.*

15

RVMC immediately drew down the entire $4 million line of credit and transferred the proceeds to the 2015 Fund's bank account. Rothenberg's actions, timed to the 2015 Fund's fiscal year-end, created the illusion that Rothenberg was returning excess fees that RVMC had taken during 2015.

75.     The primary deceptive acts regarding the above-referenced self-dealing transactions involve certain Rothenberg Funds purportedly purchasing securities from RVMC. Defendants used these self-dealing transactions to mask the overpayment of fees and Defendants' use of the Funds' money to finance Rothenberg's personal business ventures.

76.     These self-dealing transactions primarily involved the River Accelerator. In particular, in exchange for the River Accelerator providing early-stage startups with resources, the startups agreed to provide warrants to "Rothenberg Ventures." As discussed above, Rothenberg executed these agreements on behalf of "Rothenberg Ventures," usually defined in the agreements as RVMC, RVMC's managers (which would include Rothenberg personally), any fund RVMC managed, or any investor approved by "Rothenberg Ventures" and the startup. While "Rothenberg Ventures" entered into agreements with the startups in exchange for warrants, Defendants later sold these warrants to the 2015 Fund (and possibly the 2016 Fund) to justify their earlier misappropriation.

77.     For example, throughout the first quarter of 2016, Defendants took over $1.4 million from the 2015 Fund in a series of transfers, which at the time, were not recorded as investments. According to a May 2015 agreement RVMC provided to the Commission, the 2015 Fund agreed to advance money to RVMC at no cost in order for RVMC to purchase warrants in unspecified companies at a later date. The terms of this agreement, which was executed by Rothenberg on behalf of both RVMC and the 2015 Fund, were not disclosed to the investors of the 2015 Fund.

78.     RVMC provided to the Commission, but not the 2015 Fund's investors, purchase and sale agreements between the 2015 Fund and RVMC. Each of these agreements are dated December 31, 2016, and purport to reflect the 2015 Fund's purchase of warrants in specific River Accelerator startups from RVMC. The agreements are incomplete and reference valuation schedules that are not included and do not appear to exist. The purchase amounts match dollar amounts Defendants previously misappropriated from the 2015 Fund and used for their benefit. Rothenberg executed the purchase and sale agreements on behalf of both RVMC and the 2015 Fund.

79.     Defendants did not disclose the terms of these purported transactions to investors (or those of similar warrant transactions purportedly made between RVMC and the 2016 Fund) even though in October 2017, certain investors in each of the Rothenberg Funds demanded that RVMC provide them access to such documents, invoking their contractual rights and those provided them under applicable state law.

80.     In July 2016, Rothenberg was notified of the Commission's investigation.  After press reports regarding the Commission's investigation, Rothenberg emailed the Rothenberg Funds' investors on or about August 21, 2016, and represented that "$5m[illion] over 2 years has been invested in River Studios" by the Rothenberg Funds.  Rothenberg did not identify which of the Funds made the purported investments or how much each of them purportedly invested in River Studios.  Rothenberg's representation that the Rothenberg Funds had invested $5 million in River Studios over two years was false as it was contrary to Defendants' past conduct, including (i) RVMC's contemporaneous accounting records, (ii) Rothenberg's prior representations to investors that Rothenberg wholly-owned River Studios, and (iii) annual reports Defendants previously provided to the Funds' investors, which did not identify any investment in River Studios.  Had the Funds invested $5 million in River Studios as Defendants claimed, it would have, by many orders of magnitude, represented the single largest investment by any of the Rothenberg Funds.

## FIRST CLAIM FOR RELIEF

*Violations of Sections 206(1) and 206(2) of the Advisers Act*

*by Rothenberg and RVMC*

81.     The Commission repeats and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82.     Defendants at all relevant times were investment advisers within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

83.     Defendants, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly have (a) with scienter, employed devices, schemes, and artifices to defraud any client or prospective client; and (b) engaged in transactions, acts, practices and courses of business which operated as a fraud or deceit upon any client or prospective client.

84.     As investment advisers to the Rothenberg Funds and the Co-Fund, Defendants owed the Funds fiduciary duties of utmost good faith, loyalty, and care to make full and fair disclosure to them of all material facts concerning the Funds, including any conflicts or potential conflicts of interests, as well as the duty to act in the Funds' best interests, and not to act in Defendants' own interests to the detriment of the Funds.

85.     Defendants breached their fiduciary duties to the Rothenberg Funds and the Co-Fund, engaged in fraudulent conduct, and engaged in a scheme to violate Sections 206(1) and 206(2) of the Advisers Act.

86.     By reason of the foregoing, the Defendants subject to this count directly and indirectly violated, and unless enjoined, are reasonably likely to continue to violate, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

### SECOND CLAIM FOR RELIEF

*Violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 Thereunder*

*by Rothenberg and RVMC*

87.     The Commission repeats and incorporates by reference Paragraphs 1 through 80 of this Complaint as if fully set forth herein.

88.     Defendants at all relevant times were investment advisers within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

89.     Defendants, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, engaged in acts, practices, and courses of business which were fraudulent, deceptive, or manipulative.  Defendants made untrue statements of material fact or omitted to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a RVMC-managed fund, and otherwise engaged in acts, practices, or courses of business that were fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a RVMC-managed fund.

90.     By reason of the foregoing, the Defendants subject to this count directly and indirectly violated, and unless enjoined, are reasonably likely to continue to violate, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

1 **PRAYER FOR RELIEF**

2      WHEREFORE, the Commission respectfully requests that this Court find the Defendants

3 committed the violations alleged, and:

4 **I.**

5      Enter an order enjoining all Defendants permanently from directly or indirectly violating

6 Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. § 80b-6(1), (2), and (4)], and Rule

7 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

8 **II.**

9      Enter an order requiring Defendants to disgorge their ill-gotten gains according to proof, plus

10 prejudgment interest thereon.

11 **III.**

12      Enter an order requiring Defendants to pay civil penalties pursuant to Sections 209(e) of the

13 Advisers Act [15 U.S.C. § 80b-9(e)].

14 **IV.**

15      Retain jurisdiction of this action in accordance with the principles of equity and the Federal

16 Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that

17 may be entered, or to entertain any suitable application or motion for additional relief within the

18 jurisdiction of this Court.

19 **V.**

20      Grant such other and further relief as this Court may determine to be just, equitable, and

21 necessary.

22

23

    Dated: August 20, 2018         Respectfully submitted,

24

25

26

27                ERIC M. BROOKS

               Attorney for Plaintiff

28                SECURITIES AND EXCHANGE COMMISSION

000289

# EXHIBIT B

1  JINA L. CHOI (N.Y. Bar No. 2699718)
   C. DABNEY O'RIORDAN (Cal. Bar No. 205158)
2  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
     schneidere@sec.gov
3  JEREMY E. PENDREY (Cal. Bar No. 187075)
     pendreyj@sec.gov
4  E. BARRETT ATWOOD (Cal. Bar No. 291181)
     atwoode@sec.gov
5  ANDREW J. HEFTY (Cal. Bar No. 220450)
     heftya@sec.gov
6  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
7  San Francisco, CA 94104
   T: (415) 705-2500
8  F: (415) 705-2501

9  ERIC M. BROOKS (Cal. Bar No. 209153)
     brookse@sec.gov
10 SECURITIES AND EXCHANGE COMMISSION
   33 Arch Street, 23rd Floor
11 Boston, MA 02110-1424
   (617) 573-8900

12

13                  **UNITED STATES DISTRICT COURT**

14                 **NORTHERN DISTRICT OF CALIFORNIA**

15                   **SAN FRANCISCO DIVISION**

16

17 SECURITIES AND EXCHANGE COMMISSION,        Case No.

18              Plaintiff,

19        vs.                                 **CONSENT BY MICHAEL B.**
                                              **ROTHENBERG TO JUDGMENT**
20 MICHAEL B. ROTHENBERG, and
   ROTHENBERG VENTURES LLC (f/k/a
21 FRONTIER TECHNOLOGY VENTURE CAPITAL
   LLC and ROTHENBERG VENTURES
22 MANAGEMENT COMPANY, LLC),

23              Defendants.

24

25

26

27

28

CONSENT TO JUDGMENT                           1
*SEC V. ROTHENBERG, ET AL.*

1.     Defendant Michael B. Rothenberg ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 15 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment as to Defendant Michael B. Rothenberg in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violation of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder.

3.     Defendant agrees to permit the SEC Division of Enforcement to initiate against Defendant a new Administrative Proceeding with the Commission pursuant to Section 203(f) of the Advisers Act and Section 9(b) of the Investment Company Act of 1940, and to which Defendant agrees to waive all constitutional, timeliness, and procedural objections.  Defendant further agrees that in the Administrative Proceeding, he will agree to be barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization and will be prohibited from serving or acting as an employee, officer, director, member of an advisory board, investment advisor or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment advisor, depositor, or principal underwriting with the right to apply for reentry after five (5) years.

4.     For the above-described Administrative Proceeding, Defendant agrees that (a) he may not argue that he did not violate the above described provisions of the Advisers Act; and (b) for the purposes of the Administrative Proceeding, the allegations in the Complaint shall be accepted as and deemed true.

5.     Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 209(e)(2)(c) of the Advisers Act.  Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from April 1, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal

1    income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the

2    Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a)

3    Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in

4    the complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely

5    for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by

6    the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits,

7    declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence,

8    without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of

9    Civil Procedure.  In connection with the Commission's motion for disgorgement and civil penalties, the

10    parties may take discovery, including discovery from appropriate non-parties.

11          6.      Defendant acknowledges that the civil penalty paid pursuant to any order of the Court or

12    judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-

13    Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, any civil penalty

14    shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To

15    preserve the deterrent effect of any civil penalty, Defendant agrees that he shall not, after offset or

16    reduction of any award of compensatory damages in any Related Investor Action based on Defendant's

17    payment of any disgorgement in this action, argue that he is entitled to, nor shall he further benefit by,

18    offset or reduction of such compensatory damages award by the amount of any part of Defendant's

19    payment of any civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action

20    grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order

21    granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the

22    Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a

23    payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount

24    of any civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action"

25    means a private damages action brought against Defendant by or on behalf of one or more investors

26    based on substantially the same facts as alleged in the Complaint in this action.

27          7.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or

28    indemnification from any source, including but not limited to payment made pursuant to any insurance

CONSENT TO JUDGMENT
SEC V.ROTHENBERG, ET AL

3

policy, with regard to any civil penalty amounts that Defendant is required to pay pursuant to any order of the Court or judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to any order of the Court or judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

8.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

10.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

11.    Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

12.    Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13.    Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

14.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts