United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRENT ROTHENBERG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORPORATION, et al., <br><br> Defendants. | Case No. 23-cv-01603-JST <br><br> **ORDER DENYING MOTIONS FOR STAY** <br><br> Re: ECF No. 13 |
| FEDERAL DEPOSIT INSURANCE CORPORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BRENT ROTHENBERG, <br><br> Defendant. | Case No. 23-cv-01606-JST <br><br> Re: ECF No. 13 |

Before the Court are the Federal Deposit Insurance Commission's ("FDIC") motions to stay these actions. Case No. 23-cv-01603-JST, ECF No. 13; Case No. 23-cv-01606-JST, ECF No. 13. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matters suitable for disposition without a hearing.

FDIC seeks 90-day stays of these proceedings pursuant to 12 U.S.C. § 1821(d)(12)(A), which provides, in relevant part, "After the appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed . . . 90 days." A court is required to grant the stay upon request by the receiver. *See id.* § 1821(d)(12)(B) ("Upon receipt of a request by any . . . receiver . . . for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties."); *Praxis*

*Props, Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 67 (3d Cir. 1991) ("[T]he language of [S]ection 1821(d)(12)(B) is unmistakably mandatory."); *Damiano v. FDIC*, 104 F.3d 328, 333 n.9 (11th Cir. 1997) ("[12 U.S.C. § 1821(d)(12)] allows the [receiver] to request a ninety-day stay in the litigation after its appointment and requires the court to grant such a stay."); *Hunter v. Citibank, N.A.*, No. C 09-02079 JW, 2011 WL 7462143, at *1 n.3 (N.D. Cal. May 5, 2011) ("[12 U.S.C.] Section 1821(d)(12)(A) provides that the FDIC as receiver is entitled to a stay for up to 90 days in any judicial action to which it becomes a party." (alteration in original) (quoting *Cipponeri v. FDIC*, No. 1:09-cv-0688 AWI DLB, 2009 WL 1861837, at *2 (E.D. Cal. June 29, 2009))).

Courts have interpreted Section 1821(d)(12) to entitle the receiver "to a stay whose outer bound is 90 days after the receiver's appointment (no matter when the receiver requests the stay)." *Praxis Props.*, 947 F.2d at 70; *see id.* at 71; *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 293 (3d Cir. 2005) (noting that the Court of Appeals "granted the FDIC's request for a ninety day stay from the date of its appointment as receiver); *Protzmann v. Hist. Real Est. and Finance*, No. CV 08-03385 SJO (JCx), 2009 WL 10672326, at *2 (C.D. Cal. Jan. 23, 2019). "In other words, regardless of when the receiver requests the stay, the 90-day stay . . . must expire 90 days after the receiver's appointment." *Protzmann*, 2009 WL 10672326, at *2.

FDIC, however, requests a stay of 90 days "to commence from the date of" this Court's orders on its motions to stay. *E.g.*, Case No. 23-cv-01606-JST, ECF No. 13-1 at 2. In its motions, FDIC indicates that it was appointed as receiver of Silicon Valley Bank on March 10, 2023. *E.g.*, Case No. 23-cv-01606-JST, ECF No. 13, at 3. The statute thus entitled FDIC to a stay until June 8, 2023. As a result, "FDIC is no longer entitled to a stay of this litigation." *Protzmann*, 2009 WL 10772326, at *2. To conclude otherwise would permit FDIC to "'litigate this case for years and then request a stay for 90 days whenever it pleased,' which would afford the FDIC 'carte blanche to stay a judicial proceeding at any time it feels it needs a 90-day break from the rigors of litigation.'" *Id.* (first quoting *Nassirpour v. FDIC*, No. CV 08-7164-GHK (AJWx), 2008 WL 5412432, at *3 (C.D. Cal. Dec. 29, 2008); and then quoting *Praxis Props.*, 947 F.3d at 69).

/ / /

/ / /

For these reasons, FDIC's motions are denied.

**IT IS SO ORDERED.**

Dated: July 11, 2023



JON S. TIGAR
United States District Judge